**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **Case No. 1:14-cv-1611 (LOG/JFA)** |
| COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., COXCOM.LLC | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

Defendants Cox Enterprises, Inc., Cox Communications, Inc., and Coxcom, LLC (collectively, "Defendants"), by and through their counsel, hereby answer the First Amended Complaint ("FAC") of Plaintiffs BMG Rights Management (US) LLC and Round Hill Music LP (collectively, "Plaintiffs") as follows:

1.      Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 1 of the FAC and on that basis deny those allegations.

2.      Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of the FAC and on that basis deny those allegations.

3.      Defendants deny the allegations of Paragraph 3 of the FAC.

4.      Defendants deny the allegations of Paragraph 4 of the FAC.

5.      Defendants deny the allegations of Paragraph 5 of the FAC.

6.      In answer to Paragraph 6 of the FAC, Defendants admit only that this is a civil action seeking damages and injunctive relief.  Otherwise, Defendants deny the allegations of Paragraph 6 of the FAC in their entirety.

7.      Defendants admit the allegations of Paragraph 7 of the FAC.

8.      Defendants admit the allegations of Paragraph 8 of the FAC.

9.      Defendants admit the allegations of Paragraph 9 of the FAC.

10.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 10 of the FAC and on that basis deny those allegations.

11.     In answer to Paragraph 11 of the FAC, Defendants admit only that venue is proper in this District.  Otherwise, Defendants deny the allegations of Paragraph 11 of the FAC in their entirety.

12.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 12 of the FAC and on that basis deny those allegations.

13.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 13 of the FAC and on that basis deny those allegations.

14.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 14 of the FAC and on that basis deny those allegations.

15.     Defendants admit the allegations in the first sentence of Paragraph 15 of the FAC. Defendants deny the allegations in the second sentence of Paragraph 15 of the FAC.

16.     Defendants admit the allegations in the first sentence of Paragraph 16 of the FAC. Defendants deny the allegations in the second and third sentences of Paragraph 16 of the FAC.

17.     Defendants admit the allegations of Paragraph 17 of the FAC.

18.     Defendants admit the allegations of Paragraph 18 of the FAC.

19.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 19 of the FAC and on that basis deny those allegations.  Defendants deny the allegations in the second, third, and fourth sentences of Paragraph 19 of the FAC.  Defendants admit the allegations in the final sentence of Paragraph 19 of the FAC.

20.     Defendants deny the allegations of Paragraph 20 of the FAC.

21.     Defendants deny the allegations of Paragraph 21 of the FAC.

22.     Defendants deny the allegation, in Paragraph 22 of the FAC, that "Plaintiffs request that the notice be sent to the Cox subscriber since only the ISP can identify and contact directly the proper account holder."  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 22 of the FAC and on that basis deny those allegations.

23.     Defendants deny the allegations of Paragraph 23 of the FAC.

24.     Defendants deny the allegations of Paragraph 24 of the FAC.

25.     Defendants deny the allegations of Paragraph 25 of the FAC

26.     Defendants deny the allegations of Paragraph 26 of the FAC.

27.     Defendants deny the allegations of Paragraph 27 of the FAC.

28.     Defendants deny the allegations in the first sentence of Paragraph 28 of the FAC. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 28 of the FAC and on that basis deny those allegations.

29.     Defendants deny the allegations of Paragraph 29 of the FAC.

30.     Defendants deny the allegations in the first and second sentence of Paragraph 30 of the FAC.  In answer to the final sentence of Paragraph 30 of the FAC, Defendants state only

that the original complete referenced communication speaks for itself and deny any remaining allegations, and they otherwise deny the allegations of that sentence.

31.     Defendants deny the allegations of Paragraph 31 of the FAC.

32.     Defendants deny the allegations of Paragraph 32 of the FAC.

33.     Defendants deny the allegations of Paragraph 33 of the FAC.

34.     Defendants deny the allegations in the first, second, and third sentences of Paragraph 34 of the FAC.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the final sentence of Paragraph 34 of the FAC and on that basis deny those allegations.

35.     Defendants deny the allegations of Paragraph 35 of the FAC.

36.     Defendants hereby incorporate their answers to Paragraphs 1 through 35 of the FAC, respectively, in this answer to Paragraph 36 of the FAC.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 37 of the FAC and on that basis deny those allegations.  Otherwise, Defendants deny the remaining allegations of Paragraph 37 of the FAC in their entirety.

38.     Defendants deny the allegations of Paragraph 38 of the FAC.

39.     Defendants deny the final sentence of Paragraph 39 of the FAC.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 39 of the FAC and on that basis deny those allegations.

40.     Defendants deny the allegations of Paragraph 40 of the FAC.

41.     Defendants deny the allegations of Paragraph 41 of the FAC.

42.     Defendants deny the allegations of Paragraph 42 of the FAC.

43.     Defendants deny the allegations of Paragraph 43 of the FAC.

44.     Defendants deny the allegations of Paragraph 44 of the FAC.

45.     Defendants deny the allegations of Paragraph 45 of the FAC.

46.     Defendants hereby incorporate their answers to Paragraphs 1 through 45 of the

FAC, respectively, in this answer to Paragraph 46 of the FAC.

47.     Defendants deny the allegations of Paragraph 47 of the FAC.

48.     Defendants deny the allegations of Paragraph 48 of the FAC.

49.     Defendants deny the allegations of Paragraph 49 of the FAC.

50.     Defendants deny the allegations of Paragraph 50 of the FAC.

51.     Defendants deny the allegations of Paragraph 51 of the FAC.

52.     Defendants deny the allegations of Paragraph 52 of the FAC.

53.     Defendants deny the allegations of Paragraph 53 of the FAC.

54.     Defendants deny the allegations of Paragraph 54 of the FAC.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby assert the following defenses without regard to whether they are "affirmative" or other defenses.

1.     The First Amended Complaint fails to state facts sufficient to constitute a cause of action.

2.     Each claim within the First Amended Complaint fails to state facts sufficient to constitute a cause of action.

3.     Defendants' lack of specific knowledge of alleged underlying infringements bars the claims against Defendants.

4.      Defendants' lack of intent to induce, cause, or materially contribute to underlying infringements bars the claims against Defendants.

5.      Defendants' lack of any *respondeat superior* or similar relationship with any alleged direct infringers bars vicarious liability of Defendants.

6.      Defendants' lack of direct financial interest in the alleged underlying infringements bars the claims against Defendants.

7.      Defendants' lack of direct financial benefit from alleged underlying infringements bars the claims against Defendants.

8.      Plaintiffs' claims of secondary liability of Defendants must fail to the extent they do not affirmatively prove the underlying infringements they allege.

9.      Plaintiffs' claims are barred to the extent they do not own copyrights in the works underlying their claims.

10.      The Court lacks subject matter jurisdiction over claims that depend upon works for which Plaintiffs have not obtained copyright registrations.

11.      Plaintiffs' failure to mitigate damages bars their claims.

12.      The doctrine of unclean hands bars Plaintiffs' claims.

13.      The doctrine of copyright misuse bars Plaintiffs' claims.

14.      Waiver and estoppel bar Plaintiffs' claims.

15.      The safe harbors under 17 U.S.C. § 512 bar the relief against Defendants that the Plaintiffs seek.

16.      To the extent that Plaintiffs or their predecessors did not register copyrights before alleged infringements or within three months of first publication of published works, the failure to register timely bars Plaintiffs' claims for statutory damages and attorneys' fees.

17.     To the extent that Plaintiffs rely upon copyright registrations that rest upon misstatements or fraud, those misstatements or fraud bar Plaintiffs' claims.

18.     The First, Fifth, and Eighth Amendments to the United States Constitution prohibit the remedies that Plaintiffs seek.

19.     The lack of statutory causes of action for contributory infringement and vicarious liability bars Plaintiffs' claims for statutory damages for those alleged causes of action.

20.     Application of the Copyright Act and its remedies to the conduct of Defendants and their customers as Plaintiffs request would violate due process.

21.     The statute of limitations bars Plaintiffs' claims to the extent Plaintiffs allege infringements earlier than three years before Plaintiffs began this lawsuit.

22.     Laches bars Plaintiffs' claims to the extent Plaintiffs allege infringements earlier than three years before Plaintiffs began this lawsuit.

WHEREFORE, Defendants request relief against Plaintiffs as follows:

a.     Judgment against Plaintiffs and in favor of Defendants on the claims set forth in the FAC and dismissal of such claims with prejudice;

b.     An award of Defendants attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

c.     Such other and further relief in Defendants' favor as the Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

Defendants hereby request a trial by jury on all issues so triable.

Dated:  January 20, 2015 /s/ Craig C. Reilly
Craig Crandall Reilly, VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
Telephone:    (703) 549-5354
Facsimile:    (703) 549-5355
Email:  craig.reilly@ccreillylaw.com

Andrew Bridges*
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California  94041
Telephone:    (650) 988-8500
Facsimile:    (650) 938-5200

*Attorneys for Defendants*
COX ENTERPRISES, INC., COX
COMMUNICATIONS, INC., COXCOM, LLC

*    To Be Admitted Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this <u>20th</u> day of January 2015, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, on all counsel of record:

<u>/s/ Craig C. Reilly</u>
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL: (703) 549-5354
FAX: (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com
*Counsel for Defendants*
