**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **BMG RIGHTS MANAGEMENT** | ) | |
| **(US) LLC, and ROUND HILL** | ) | |
| **MUSIC LP** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  1:14-cv-1611(LOG/JFA) |
| | ) | |
| **COX ENTERPRISES, INC.,** | ) | |
| **COX COMMUNICATIONS, INC.,** | ) | |
| **COXCOM, LLC** | ) | |
| Defendants. | ) | |
| | ) | |

## PROPOSED JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26 of the Local

Rules of the United States District Court for the Eastern District of Virginia, and the Court's

February 3, 2015 Order, Plaintiffs BMG Rights Management (US) LLC and Round Hill Music

LP ("Plaintiffs") and Cox Enterprises, Inc., Cox Communications, Inc., and CoxCom, LLC

("Defendants") submit this Joint Discovery Plan.

Concurrently with this discovery plan, the parties will file a joint Motion to Extend

Discovery Deadlines and Continue Final Pretrial Conference, requesting a 60-day extension of

the current deadlines.  If that motion is granted, it will resolve certain timing disputes and permit

a more reasonable phasing of discovery.

**I. MEETING**

On February  17, 2015, the parties conferred to consider the nature and basis of their

claims and defenses, the possibility of a prompt settlement or resolution of the case, and trial

1

before a magistrate judge; to arrange for the disclosures required by Rule 26(a)(1); and to

develop this discovery plan.

## II. INITIAL DISCLOSURES

The parties have agreed to serve their initial disclosures pursuant to Federal Rule of Civil

Procedure 26(a)(1) on or before March 6, 2015.

## III. DISCOVERY PLAN

The parties jointly propose the following discovery plan:

**A.** *Subjects*:

The scope of discovery will be governed by Federal Rule of Civil Procedure 26(b) and

this Court's February 3, 2015 Order. (ECF No. 36.)

**B. Parties' Discovery*:

1.  The Party with the burden of proof on an issue will serve opening expert report(s), as

required by Fed. R. Civ. P. 26, no later than April 30, 2015.

2.  Any party intending to file expert reports opposing the opening expert reports will

serve the opposition reports, in accordance with Fed. R. Civ. P. 26, no later than May 14, 2015.

3.  Any party intending to file reply expert reports will serve them no later than May 28,

2015.

4.  All expert depositions must be completed by June 12, 2015.

5.  June 12, 2015: Deadline for completion of Fact Discovery and Fact Depositions

pursuant to this Court's February 3, 2015 Order.

**C. Pre-Trial Conference*

In accordance with this Court's Order dated February 3, 2015, the final pre-trial

conference will be held on June 18, 2015 at 10:00 a.m.

## IV. STIPULATIONS

### A.  *Rolling Production*

Plaintiffs propose that the parties' document production shall be on a rolling basis, and document productions shall be substantially complete by April 3, 2015, except for productions responsive to document requests served after March 4, 2015.  This date will allow Plaintiff 27 days to review the completed document production and prepare expert reports, which are due on April 30, 2015.  If the date for the substantial completion of document discovery is on April 23, 2015, as the Defendants suggest, then there is only one week between the substantial completion of document production and the exchange of expert reports.  Plaintiffs respectfully submit that one week is not enough time to adequately review the fact discovery and prepare the expert reports.

Defendants propose that the parties' document production will occur on a rolling basis, and document productions will be substantially complete by April 23, 2015, except for productions responsive to document requests served after March 24, 2015.  Defendants do not believe that they can substantially complete their document production prior to April 23, 2015, and it will be extremely difficult if not impossible to meet that date.  Given the current schedule, it is not reasonable or logical for Plaintiffs to expect 27 days between the completion of document production and expert reports.  And because documents will be produced on a rolling basis, Plaintiffs will be receiving documents in advance of the substantial completion date.

If the parties' joint Motion to Extend Discovery Deadlines and Continue Final Pretrial Conference  is granted, it will resolve these timing disputes and permit a more reasonable phasing of discovery.

### B. *Privilege Logs*

Each party shall deliver its first privilege log three (3) weeks before the date that document productions will be substantially complete, a second privilege log on the date that document productions will be substantially complete, and a final privilege log within 14 days of substantial completion of its document production.  Additional privilege logs must accompany any straggling document productions after substantial completion.  Privileged communications, or attorney work product, created on or after the commencement of this action do not need to be included on the log.  For purposes of creation of a privilege log, the parties may log attachments with the parent emails or documents.  In addition, regarding emails that are part of an uninterrupted dialogue, the parties may only log the top email in the dialogue so long as the entry discloses that the e-mails are part of an uninterrupted dialogue.

### C. *Electronically Stored Information:*

The parties have agreed to preserve all electronically stored information ("ESI") that may be relevant to this matter and will cooperatively attempt to agree on specific terms for the production of ESI.

The parties agree that documents will be produced as single-page TIFFs with an .opt load file if requested by the receiving party.  Extracted text files will be produced for all images.  If extracted text is not available, images shall be OCR'ed and searchable whenever practicable.  Parent-child relationships (association between an attachment and its parent document) must be preserved except where the attachment is otherwise not relevant to this litigation.  Data will be de-duplicated across custodians.  Each page of an imaged document must be Bates-stamped.

Any document that cannot be converted to TIFF, and any document that would become illegible or unusable when converted to TIFF, such as Microsoft Excel documents, must be

4

produced in native format.  Documents produced in native format must be re-named to reflect the

production number and any confidentiality designation under the Protective Order to be entered

in this action.  If documents produced in native format are printed for use in this litigation, the

party printing the document must label each page of the file that is printed with the

corresponding production number and a sequencing page number and any confidentiality

designation under the Protective Order.

### D.  *Documents Received from Non-Parties*

Any Party which receives documents from a non-party pursuant to a subpoena shall make

those documents available to any other Party, at the other Party's cost.

### E.  *Service:*

For all motions and other Court filings, the parties will serve each other via e-mail.  The

parties agree that e-mail service prior to 7:00 p.m. ET will count as hand service only for the

purpose of calculating any applicable response dates.  Any service made by email will be

followed up with next-business-day delivery.  In the case that email service is made after the

close of business, the follow-up overnight mail service may occur by delivering the material to a

courier the next business day for delivery on the next business day after that.  The parties agree

to exchange Word copies of all discovery requests on the date the discovery is served.

### F.  *Protective Order:*

The parties shall confer on the terms of an appropriate protective order that may be

deemed necessary to protect confidential, proprietary information that may be exchanged during

the course of discovery.  The parties will file an appropriate motion for entry of a protective

order on or before March 6, 2015.

### G. *Amendments to Pleadings*

Any motion to join parties or amend pleadings shall be filed on or before March 28, 2015.

### H. *Settlement Negotiations:*

The parties will discuss settlement opportunities and consider the possibility of a settlement conference as the case progresses.

### I. *Trial:*

A jury trial has been demanded. The Plaintiffs expect the trial of this matter to last between seven and ten days. The Defendants expect the trial of this matter to last nine to ten days. The parties have not consented to trial before a Magistrate Judge.

Dated: March 4, 2015

Respectfully submitted,

/s/_____

Walter D. Kelley, Jr. (VSB No. 21622)
Hausfeld
1700 K Street, NW
Washington, DC 20006
202-540-7200

Paul Gennari (VSB No. 46890)
pgennari@steptoe.com
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

*Of Counsel*

/s/_____

Craig C. Reilly (VSB No. 20942)
111 Oronoco Street
Alexandria, VA 22314
Tel: (703) 549-5354
craig.reilly@ccreillylaw.com

*Of Counsel*

Andrew P. Bridges (admitted *pro hac vice*)
David L. Hayes (admitted *pro hac vice*)
Brian D. Buckley (admitted *pro hac vice*)
Marybeth Milionis (admitted *pro hac vice*)
Armen N. Nercessian (admitted *pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300
Fax: (415) 281-1350

*Counsel for Defendants*

Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
Elizabeth McKenzie (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia  30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com


/s/_____
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902