**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **BMG RIGHTS MANAGEMENT** )<br>**(US) LLC, and ROUND HILL** )<br>**MUSIC LP** )<br>  ) <br>    Plaintiffs, ) <br>  ) <br>  v. ) <br>  ) <br>**COX ENTERPRISES, INC.,** ) <br>**COX COMMUNICATIONS, INC.,** ) <br>**COXCOM, LLC** ) <br>    Defendants. ) <br> _____ ) | Case No. 1:14-cv-1611(LOG/JFA) |

**JOINT MOTION TO EXTEND**
**SUBSTANTIAL COMPLETION DATE AND EXPERT DEADLINES**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, and Rule 16 of the Local Civil Rules, the parties jointly move for entry of an order modifying the Rule 16(b) Scheduling Order (the "Scheduling Order") (Doc. 49) and the Proposed Joint Discovery Plan Pursuant to Rule 26(f) (the "Discovery Plan") (Doc. 42-1). As explained below, these proposed modifications will not impact either the close of discovery or the final pretrial conference date. This scheduling relief is sought on the following grounds:

1. Under Rule 16, the Court may enter an order that sets the schedule for completion of discovery tasks and other pretrial events, and service of expert disclosures under Rule 26(a)(2). FED. R. CIV. P. 16(b)(3)(A) & (B); *accord* E.D. VA. CIV. R. 16(B). Once set, these dates may be modified only for "good cause." FED. R. CIV. P. 16(b)(4); *accord* E.D. VA. CIV. R. 16(B). The parties respectfully submit that good cause exists for modification and extension of several dates for pretrial events as described below.

2. The Discovery Plan, which is incorporated by reference into the Scheduling Order, provides that the parties will produce documents on a rolling basis and will be substantially complete with document production by May 7, 2015. Defendants (collectively "Cox") engaged an outside vendor to host Cox's electronically stored information (ESI) in this case. Several weeks into Cox's review of ESI for production in this case, Cox learned that its hosting vendor experienced a serious technical error when it originally loaded Cox's ESI into the vendor's hosting platform. As a result, late in the rolling-production process, approximately 500,000 additional documents were identified for review. Review of those additional, unexpected documents has required substantial additional staffing. By the current May 7, 2015 deadline, Cox will have produced over 30,000 documents, but the hosting vendor's unforeseen technical error will force Cox to produce documents (hopefully fewer than 5,000) after May 7, 2015.

3. Cox is requesting an extension of the substantial-completion deadline by one week, to **May 14, 2015**. As part of this stipulation, and in exchange for the additional conditions described below, the Plaintiffs support that request.

4. The Scheduling Order sets forth deadlines for the parties' expert reports. Opening reports are due June 5, 2015; rebuttal reports are due June 26, 2015; and reply reports are due July 10, 2015. The parties jointly request that those deadlines be extended to **June 19**, **July 10**, and **July 24** respectively. In light of the requested extension of the substantial-completion deadline, the volume of documents produced by both sides, and the need to conduct fact depositions in advance of the expert deadlines, these reasonable extensions of the expert deadlines are warranted.

5. As part of the stipulation, the parties also agree as follows with respect to certain of the Plaintiffs' discovery requests to Cox. These stipulated concessions do not preclude Plaintiffs' from seeking to further enforce its discovery requests or seek additional discovery. By stipulating to these concessions, Cox does not waive and expressly reserves its right to object to or resist any

2

other discovery efforts by Plaintiffs. By the extended substantial completion deadline of May 14, 2015, Cox agrees to produce:

(a) Marketing reports, plans, studies and consumer research related to how Cox's customers use the internet, what benefits and attributes Cox's customers wish to receive from the Internet, and the types of customers that use the Internet, from January 2012 to present.

(b) All non-privileged documents in Cox's possession involving, mentioning, or related to third-party Rightscorp.

(c) Reports pertaining to Internet usage on Cox's network by its subscribers, including the volume of BitTorrent and/or P2P Internet traffic on Cox's network and how it compares to other usage categories, as well as communications, memos, and studies discussing BitTorrent or P2P Internet traffic on the Cox network, from January 2012 to present.

(d) Documents reflecting Cox's policies for assigning IP addresses to its subscribers, the length of time of such assignments, and the geographic scope, if any, of specific IP addresses, from January 2012 to present.

(e) With respect to Cox's voice and video business lines, the same profit-and-loss information Cox previously agreed to provide with respect to its Internet business line.

(f) On or before May 8, 2015, Cox will inform Plaintiffs whether Cox intends to rely on an advice-of-counsel defense in this case. If Cox elects to rely on an advice-of-counsel defense, all responsive privileged documents that Cox has identified related to the asserted defense(s) will be produced by May 14, 2015.

6. When necessary, and as circumstances warrant, the Court may reexamine the original schedule if good cause justifies an extension or modification of dates previously set for completion of trial preparation: "An initial determination of a reasonable time allowance [for completing pretrial tasks] must be subject to redetermination … for the results of the pretrial

processes frequently will disclose that the issues and the proof are far more complex, or much less so, than the Court and counsel had foreseen." *Freehill v. Lewis*, 355 F.2d 46, 48 (4th Cir. 1965). The parties respectfully submit that good cause for this scheduling relief has been shown based upon the unanticipated technical error with respect to Cox's ESI, which significantly increased Cox's review and production burden, and created a ripple-effect on the expert deadlines.

7. Except as requested herein or as previously modified by Court order, no other terms of the Scheduling Order or Discovery Plan would be modified.

8. *The parties respectfully submit that good cause for the relief requested has been shown, and they respectfully request that the Court grant this motion on the papers, without a hearing, and enter the proposed order submitted herewith*.

Respectfully submitted this 2nd day of May 2015,

| For Plaintiffs | For Defendants |
|---|---|
| /s/ Walter D. Kelley, Jr. | /s/ Craig C. Reilly |
| Walter D. Kelley, Jr. (VSB No. 21622) | Craig Crandall Reilly (VSB No. 20942) |
| HAUSFELD | 111 Oronoco Street |
| 1700 K Street, NW | Alexandria, VA 22314 |
| Washington, DC 20006 | Tel: (703) 549-5354 |
| 202-540-7200 | craig.reilly@ccreillylaw.com |
| wkelley@hausfeld.com | |

**ADDITIONAL COUNSEL ON NEXT PAGE**

4

| For Plaintiffs | For Defendants |
|---|---|
| Paul Gennari (VSB No. 46890)<br>pgennari@steptoe.com<br>Jeremy D. Engle (VSB No. 72919)<br>jengle@steptoe.com<br>STEPTOE & JOHNSON, LLP<br>1330 Connecticut Ave, NW<br>Washington, DC 20036<br><br>*Of Counsel*<br><br>Michael J. Allan (admitted *pro hac vice*)<br>William G. Pecau (admitted *pro hac vice*)<br>John M. Caracappa (admitted *pro hac vice*)<br>Stephanie L. Roberts (admitted *pro hac vice*)<br>Elizabeth McKenzie (admitted *pro hac vice*)<br>STEPTOE & JOHNSON, LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC  20036<br>Tel.:  (202) 429-3000<br>Fax:  (202) 429-3902<br><br>Michael O. Crain<br>Crain Law Group, LLC<br>The Bottleworks<br>297 Prince Avenue, Suite 24<br>Athens, Georgia  30601<br>Tel. (706) 548-0970<br>Fax: (706) 369-8869 | *Of Counsel*<br><br>Andrew P. Bridges (admitted *pro hac vice*)<br>David L. Hayes (admitted *pro hac vice*)<br>Brian D. Buckley (admitted *pro hac vice*)<br>Marybeth Milionis (admitted *pro hac vice*)<br>Armen Nercessian (admitted *pro hac vice*)<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Tel:  (415) 875-2300<br>Fax:  (415) 281-1350 |