UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  1:14-cv-1611(LOG/JFA) |
| | ) | |
| COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., COXCOM, LLC | ) ) ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' OPPOSITION TO THE MOTION TO QUASH OR MODIFY

Plaintiffs BMG Rights Management (US) LLC ("BMG") and Round Hill Music LP

("Round Hill") (BMG and Round Hill collectively "Plaintiffs") respectfully submit this

opposition to the Motion to Quash or Modify filed by John Doe (Dkt. No. 81) ("Motion").  John

Doe's sole basis in support of the procedurally improper Motion is obviated by the protective

order in this case.  John Doe's personal information will be treated as "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under the protective order in

this case.

## INTRODUCTION

Contrary to Jon Doe's statements, there is no risk of harassment of John Doe – which is

the only stated basis in support of the requested relief.  As Plaintiffs made clear in its Motion to

Compel (Dkt. No. 72), the identity of the Cox subscribers is not being requested for any

nefarious purposes, and certainly not to harass or bring suit against any of Cox's individual

subscribers.  Indeed, Cox is producing the requested customer information as "Highly

Confidential – Attorneys' Eyes Only" under the protective order in this case.  Thus, there is no

risk of any of Plaintiffs' employees or their agent obtaining access to John Doe's identity (or any

of Cox's subscribers' identities) or contacting John Doe or any of Cox's subscribers.  For the

reasons set forth below and in Plaintiffs' Motion to Compel (Dkt. Nos. 71, 72, and 76), this

Motion should be denied.

<div align="center">ARGUMENT</div>

### A.  A Motion to Quash or Modify a Subpoena is Not Proper

As an initial matter, a Motion to Quash or Modify a subpoena is not proper in this case

because no subpoena has been issued to either Cox or its subscribers.  Plaintiffs understand that

John Doe is unrepresented, but submit that there is no reason to prevent John Doe's identity from

being disclosed.  As discussed in Plaintiffs' Motion to Compel, the identity of Cox's subscribers

was requested because it was likely to lead to relevant and admissible evidence (*i.e.* any

discussions Cox had with these subscribers regarding infringement), not for harassment of

individual subscribers or to bring suit against any of Cox's subscribers.  *See* Dkt. No. 72 at 4-5.

Plaintiffs have the right, which supersedes any privacy concerns, to know the names and contact

information of the direct infringers of their copyrights and explore the communications Cox had

with these direct infringers.  *See, e.g., Hard Drive Productions v. John DOES 1-30*, 2011 WL

2634166, *3 (E.D. Virginia July 1, 2011) ("Defendants do not have an expectation of privacy in

the reproduction and distribution of the electronic media without the permission of the copyright

holder.")

### B.  John Doe's Identity Will be Shielded by the Protective Order

The identities of Cox's subscribers, including John Doe, have and will be produced under

the protective order, limiting the number of people that are able to obtain the identity of Cox's

<div align="center">2</div>

subscribers.  For the subscriber identities that Cox has produced, it produced those identities as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order.

Accordingly, only the attorneys entitled to access under the protective order will see the

identities of the Cox subscribers, including John Doe's identity.  None of the employees of BMG

(with the exception of two in-house counsel), Round Hill, or its agent Rightscorp, Inc.

("Rightscorp") will be privy to the identities of the subscribers.  As Plaintiffs made clear in its

briefing relating to their Motion to Compel the identity of Cox's subscribers (Dkt. Nos. 71, 72,

and 76), Plaintiffs have no intention of harassing Cox's subscribers.

      This case is about Cox's liability as an ISP for its admitted, intentional and deliberate

decision to refuse to curb its subscribers' infringing activity by completely ignoring Plaintiffs'

infringement notice letters.  It is not about harassing the individual subscribers or filing suit

against any of the individual subscribers.  Thus, the disclosure of John Doe's identity will not

result in any harassment of John Doe.

      Plaintiffs categorically deny any nefarious actions or wrongdoings alleged in the Motion.

Further, contrary to the allegations in the Motion, neither BMG or Round Hill have been

involved in previous suits of this nature and neither BMG or Round Hill have sent demand letters

requesting $2,000 to $4,000 to an ISP's customer to avoid a lawsuit.  The infringement notices

sent by Plaintiffs' agent request a settlement of the infringement in the amount of $20.  However,

none of this is relevant to this case.  Cox does not forward the notices sent by Rightscorp to its

subscribers and Plaintiffs will not be sending notices directly to Cox's subscribers after receiving

their identity.  The disclosure of John Doe's identity will not result in harassment, and as such,

the Motion should be denied.

### C.  IP Address 70.181.75.196 has Directly Infringed Plaintiffs' Copyrights and was Not Misidentified by Plaintiffs

Direct infringement of a copyright requires proof of ownership of the copyright and that at least one the copyright holders' rights under 17 U.S.C. § 106 was violated.  *See, e.g., A&M Records, Inc. et al. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).  The act of uploading songs and uploading the titles of songs that are available for download violates Plaintiffs' exclusive rights.  *Id.* at 1014 ("users who upload file names to the search index for others to copy violate plaintiffs' distribution rights.").  The user having IP address 70.181.75.196 from October 11, 2014 to October 18, 2014 violated Plaintiffs' copyrights by making certain of Plaintiffs' copyrights available for download on BitTorrent websites.

Contrary to the assertions in the Motion, the evidence collected by Rightscorp's system shows that IP address 70.181.75.196 (which Cox identified as belonging to John Doe) infringed Plaintiffs' copyrights 371 times from October 11, 2014 to October 18, 2014, and infringed the asserted copyrights 232 times during that period.  *See* Exhibits 1 and 2, respectively.  Plaintiffs either own or have exclusive rights to administer the copyrights in Exhibits 1 and 2.  The Motion does not challenge Plaintiffs' ownership of these copyrights.  Further, Exhibits 1 and 2 show the dates and times that the Cox subscriber having IP address 70.181.75.196 made Plaintiffs' copyrights available for download without the permission of Plaintiffs.  Thus, it is clear from this evidence that the Cox subscriber having IP address 70.181.75.196 from October 11, 2014 to October 18, 2014 directly infringed Plaintiffs' copyrights.  John Doe has not contended that he was not the subscriber of that IP address during the dates in question, nor has Cox indicated that to be case.  As such, Plaintiffs must assume that John Doe is the Cox subscriber and the direct infringer during the dates in question, and, therefore, his information should be disclosed.

4

**CONCLUSION**

As discussed above and in the briefing for its Motion to Compel (Dkt. Nos. 72 and 76), none of Cox's subscribers, including John Doe, will be subjected to harassment by Plaintiffs or their agent. The interests of Plaintiffs in discovery related to the direct infringers of their copyrights outweigh any privacy concerns John Doe may have. Accordingly, this Motion should be denied.

<div style="margin-left:45%">

Respectfully submitted,

/s/ Paul Gennari

Walter D. Kelley, Jr. (VSB No. 21622)
HAUSFELD, LLP
1700 K Street, NW
Washington, DC 20006
Tel:  (202) 540-7157
Fax:  (202) 540-7201

Paul Gennari (VSB No. 46890)
pgennari@steptoe.com
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902

*Of Counsel*

Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
Elizabeth McKenzie (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902

</div>

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia  30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

/s/ Paul Gennari
Paul Gennari (VSB No. 46890)
pgennari@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902