UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP<br><br>      Copyright Holders,<br><br>v.<br><br>COX ENTERPRISES, INC.,<br>COX COMMUNICATIONS, INC.,<br>COXCOM, LLC<br>      Defendants. | Case No. 1:14-cv-1611(LOG/JFA) |

**BMG RIGHTS MANAGEMENT (US) LLC AND ROUND HILL MUSIC LP'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Plaintiffs BMG Rights Management (US) LLC and Round Hill Music LP (collectively "Copyright Holders") respectfully submit this memorandum in opposition to Defendants Cox Communications Inc., CoxCom, LLC, and Cox Enterprises, Inc.'s (collectively "Cox") Motion to Compel Plaintiffs to produce documents or appropriately respond to certain of Cox's discovery requests (Dkt No. 91) (the "Motion").

### I.   INTRODUCTION AND SUMMARY

By its motion, Cox seeks two categories of information – (a) broad financial documents from the Copyright Holders purportedly for statutory damages purposes, and (b) all documents that relate to Rightscorp Inc. ("Rightscorp"). *See Defendant's Memorandum in Support of Motion to Compel* (Dkt No. 92) (hereinafter "Mem."). With respect to the first category, Copyright Holders have produced historical data showing the revenues generated by the copyrights at issue. The remaining broad financial categories that Cox requests are not relevant

1

to any issue in this case. With respect to the second category of documents concerning Rightscorp, Copyright Holders have produced all relevant, non-privileged documents in their possession after a reasonable search. For these reasons, as more fully set forth below, Cox's motion should be denied.

I. COX IS NOT ENTITLED TO FURTHER FINANCIAL INFORMATION IN THIS STATUTORY DAMAGES CASE

A. The Legal Framework

The Copyright Act provides that a copyright owner may elect to recover an award of statutory damages *instead of* actual damages and profits at any time before final judgment is entered. *See* 17 U.S.C. 504(c). Statutory damages do not function as a direct substitute for actual damages and are not intended to be a merely restitutionary or compensatory remedy. *See Yurman Design, Inc*. v. PAJ, Inc., 262 F.3d 101, 113 (2d Cir. 2001); *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) ("statutory damages may serve completely different purposes than actual damages."). Instead, statutory damages exist precisely because of the difficulty of "proving - and providing compensation for - actual harm in copyright infringement actions" and to ensure that the financial penalties for infringement are sufficiently high to serve as a deterrent. *See Lowry's Reports, Inc. v. Legg Mason, Inc*., 302 F. Supp. 2d 455, 460 (D. Md. 2004); *see also Douglas v. Cunningham,* 294 U.S. 207, 209, 55 S. Ct. 365, 366, 79 L. Ed. 862 (1935) (difficulty and ineffectiveness of proving actual damages and lost profits resulted in passage of statutory damages provision of Copyright Act); *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (noting availability of statutory damages due to actual damages and lost profits "often [being] virtually impossible to prove").

A court has broad discretion to fix statutory damages as it "considers just" within the damages range set forth in 17 U.S.C. § 504(c)(1),[1] taking into account the amount of damages necessary to serve a deterrent effect and the degree of willfulness of the infringer. *See EMI Apr. Music, Inc. v. Garland Enterprises, LLC,* No. CIV.A. DKC 11-3352, 2012 WL 1986529, at *3 (D. Md. June 1, 2012) (noting broad discretion to fix damages within statutory range); *Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 511 (E.D. Va. 2003) ("statutory damages are intended not merely for the restitution of profit or reparation of injury, but to deter wrongful conduct."). Thus, a determination of the appropriate amount of statutory damages is a multifaceted inquiry focusing not only any actual damages, which often times cannot be proven, but also on:

> any evidence that the defendants have a history of copyright infringement; any evidence that the defendants are apparently impervious to either deterrence or rehabilitation; the extent of the defendant's knowledge of the copyright laws; any misleading or false statements made by the defendants; ... and any factor which the jury believes evidences the defendants knew, had reason to know, or recklessly disregarded the fact that its conduct constituted copyright infringement.

*Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496 (4th Cir. 1996), (*citing F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 234, 73 S.Ct. 222, 226, 97 L.Ed. 276 (1952); *Chi–Boy Music*, 930 F.2d at 1229). Courts in this Circuit may also consider the expenses saved and profits reaped by the defendants in connection with the infringement, revenue lost by the plaintiffs, and whether the infringement was willful or innocent. *See EMI Apr. Music, Inc.*, 2012 WL 1986529, at *3.

---

[1] 17 U.S.C. 504(c) provides that a Court should award a sum of not less than $750 or more than $30,000 for each work infringed "as the court considers just" and may increase the award of statutory damages up to $150,00 per work, in its discretion, where infringement was committed willfully.

### B. Accounting and Financial Data Related to Copyright Holders' Overall Business Are Not Relevant When Determining Statutory Damages Under the Copyright Act.

Cox seeks to compel Copyright Holders to produce a broad swath of financial related information, including "financial data relating to their overall businesses, including but not limited to [Copyright Holders'] annual revenues, costs, expenses, and incremental profit margins." Mem. at 4. This information is not relevant to any claim or defense, including statutory damages, and Copyright Holders should not be made to produce these types of financial documents.

First, even Cox's document requests at issue in this motion (*See* Request Nos. 106, 107 and 108, attached hereto as Exhibit A) did not seek such overly broad financial information. Second, even if Cox had properly requested the Copyright Holders' broad financial and accounting documents, which it did not, such documents are not relevant in this matter given Copyright Holders' decision to elect statutory damages in this case. *See Io Grp., Inc v. GLBT Ltd.*, No. C-10-01282, 2011 WL 3443773, at *3 (N.D. Cal. Aug. 8, 2011) (citing 17 U.S.C. § 504(a)) (plaintiff's profits from infringed works and overall "operations" not relevant to statutory damages); *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 926, 929 (N.D. Cal. 2009) ("[Plaintiff] is not obliged to provide proof of its own profits when it has elected to seek statutory damages").

In fact, it is the *Defendants'* profits and revenues from the rampant infringement that it has allowed on its network that are most relevant to statutory damages. *See e.g. EMI*, 2012 WL 1986529, at *3 (noting relevance of defendants' profits and their expenses saved from infringement); *Apple*, 673 F. Supp. 2d at 928 ("the factors include the *profits reaped by defendant* and the *revenues lost* by plaintiff, not the plaintiff's profits"); *M.L.E. Music v. Kimble, Inc.*, 109 F. Supp. 2d 469, 474 (S.D.W. Va. 2000) (court may consider defendant's history of

4

infringement, the expenses saved and profits reaped by defendant in connection with infringement, and whether defendant acted willfully).

Cox has not proven that its requests for financial data relating to Copyright Holders overall businesses, including annual revenues, costs, expenses, and incremental profit margins are relevant to any issues in this case.

### C. The Detailed Revenue Information is Overreaching and Irrelevant.

In addition to the request for documents related to Copyright Holders' general finances discussed above, Cox also seeks additional information related to revenue data produced to date. Copyright Holders produced spreadsheets showing the revenues earned for each of the nearly 1,500 copyrighted works at issue in this case dating back to 2012 on a copyright by copyright basis.  But Cox wants more and continues to overreach by seeking a host of invasive and highly unnecessary information – including "revenues per channel, units underlying revenue per channel, metrics used to calculate units per channel, average price or royalty per channel, associated costs per channel, and incremental profit margins per channel." *See* Mem. at 4. Cox's apparent justification for its request is to analyze the "hypothetical actual damages" at issue in this case.  *Id.* Given that Copyright Holders have elected to recover statutory damages and need not prove any lost revenue or other damage in order to recover statutory damages, and that the Copyright Act explicitly provides that such awards may be provided even where no evidence of actual damages is presented, the information Cox seeks is not relevant.  *See* 17 U.S. Code § 504(c);  *see also Gnossos Music v. Mitken, Inc*., 653 F.2d 117, 118 (4th Cir. 1981) ("A plaintiff […] who seeks only […] statutory damages is, of course, relieved of the often difficult burden of proving actual damages or infringer's profits."); *Apple*, 673 F. Supp. 2d at 928 (plaintiff may seek statutory damages "regardless of the adequacy of the evidence offered as to its actual

5

damages and the amount of defendant's profits, and even if it has intentionally declined to offer such evidence, although it was available") .

But to the extent Cox wants to argue a "hypothetical actual damages" model, it can do so with the information that has already been produced. In addition, any relevance of these requests is far outweighed by the burden of producing copious amounts of sensitive financial information. *See* Fed. R. Civ. P. 26(b)(2)(c). Cox cannot justify how its detailed and granular financial requests are at all relevant to this case and the damages sought, and why the information that has already been produced is not sufficient. *See Io*, 2011 WL 3443773, at *3 (finding that revenues *earned* by Copyright Holders for works at-issue were not relevant to statutory damages); *Apple,* 673 F. Supp. 2d at 928-9 (denying motion to compel plaintiff's profit margins based on lack of relevance in statutory damages case). Likewise, "[b]ecause statutory damages are an alternative to actual damages, there has never been a requirement that statutory damages must be strictly related to actual injury." *See Lowry's Reports, Inc. v. Legg Mason, Inc*., 302 F. Supp. 2d 455, 459 (D. Md. 2004). Cox's need for this information is misguided.

B.     **Copyright Holders Have Produced All Relevant, Non-Privileged Information Related to Rightscorp Inc.**

Following a reasonable search of their records, Copyright Holders have produced all non-privileged documents that concern its relationship with its agent Rightscorp in general, and specifically with respect to Cox and infringement on the Cox network. Rightscorp has separately produced similar documentation as well as the millions of infringement notices that it sent to Cox, relevant source code related to its technical systems, and the dashboard of Cox infringements. All told, over *23 million* documents have been produced between Copyright Holders and their agent, an amount that far surpasses in volume the production made by Cox.

6

By its motion, Cox asks Copyright Holders to produce *every* document related to Rightscorp, *every* communication with *any* infringer of *any* copyright through *any* ISP, and *every* communication with *any other* ISP. Mem. at 6. As purported justification for these requests, Cox contends it must have all discovery related to Copyright Holders "efforts to monitor, supervise, direct, or approve all of the activities of Rightscorp taken on their behalf." Mem at 6. Among other things, Cox contends that these documents "inform Plaintiffs' knowledge of, or independent efforts to investigate, Rightscorp's activities and the accuracy or validity of its processes for identifying alleged infringement." *Id.*

Copyright Holders (and Rightscorp) have produced all such information related to Cox and the widespread infringement ongoing through Cox's network. Copyright Holders have also produced general information related to Rightscorp that is not specific to Cox or any other ISP. Specifically, Copyright Holders produced the representation agreements between Rightscorp and the Copyright Holders, which defines the specific scope of the parties' relationship, and thousands of responsive emails that indicate the day-to-day relationship between the parties and Copyright Holders' oversight of Rightscorp.

Not only is the additional information that Cox seeks irrelevant, but if both Copyright Holders and Rightscorp were ordered to produce documents related to every communication with an infringer, regardless of the copyright at issue and regardless of the ISP, as well as every document related to each of the hundreds of additional ISPs Rightscorp corresponds with, the burden and expense of compliance would be immense. Such burden is overwhelming when compared to any perceived relevance by Cox and its need for such information. Cox provides no authority or any compelling reason for requiring Copyright Holders to search for documents that discuss third parties and copyrights not at issue in this lawsuit. Cox does not provide any

authority for the proposition that a copyright holder must produce *all* documents concerning any and all entities that they may have communicated with through their agent. And, documents concerning other internet service providers have no bearing on these claims or any of Cox's defenses.

Copyright Holders have produced relevant non-privileged information sought by the challenged Requests, as discussed above, and any remaining non-produced information is not relevant to the claims at issue in this case. Accordingly, Cox's motion should be denied

### III. CONCLUSION

For all the foregoing reasons, Copyright Holders respectfully requests that the Court deny Cox's motion.

June 25, 2015

                                         Respectfully submitted,

                                         /s/ Paul Gennari

                                         Paul Gennari (VSB No. 46890)
                                         pgennari@steptoe.com
                                         Jeremy D. Engle (VSB No. 72919)
                                         jengle@steptoe.com
                                         STEPTOE & JOHNSON, LLP
                                         1330 Connecticut Ave, NW
                                         Washington, DC 20036
                                         Tel.: (202) 429-3000

                                         Walter D. Kelley, Jr. (VSB No. 21622)
                                         HAUSFELD, LLP
                                         1700 K Street, NW
                                         Washington, DC 20006
                                         Tel: (202) 540-7157
                                         Fax: (202) 540-7201

                                         *Of Counsel*

                                         Michael J. Allan (admitted *pro hac vice*)
                                         William G. Pecau (admitted *pro hac vice*)

John M. Caracappa (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
Elizabeth McKenzie (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia  30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Copyright Holders*

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 25, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

              /s/ Paul Gennari
              Paul Gennari (VSB No. 46890)
              pgennari@steptoe.com
              Jeremy D. Engle (VSB No. 72919)
              jengle@steptoe.com
              STEPTOE & JOHNSON, LLP
              1330 Connecticut Ave, NW
              Washington, DC 20036
              Tel.: (202) 429-3000
              Fax: (202) 429-3902