**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

BMG RIGHTS MANAGEMENT (US) LLC, and
ROUND HILL MUSIC LP,

                 Plaintiff,

     v.

COX ENTERPRISES, INC., COX
COMMUNICATIONS, INC., and
COXCOM, LLC,

               Defendants.

Case No. 1:14-cv-1611 (LOG/JFA)


**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION**
**TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS**

## INTRODUCTION

Cox's Motion (Doc. 92) seeks two discrete and highly relevant categories of information that Plaintiffs refuse to produce.  The opposition fails show that these documents are not discoverable.  Production should be ordered.

*First*, Cox seeks more detailed financial information that will allow Cox's expert to calculate Plaintiffs' actual damages—*e.g.*, lost profits, associated with the copyrighted works that Plaintiffs claim have been infringed by Cox subscribers.  In response, Plaintiffs confuse their own burden of proof on damages with Cox's right to rebut any claim for statutory damages.  Plaintiffs have produced only top-line revenue for the works at issue, in a form prepared specifically for this litigation, but have produced none of the detail required to calculate expenses, profits, and other financial metrics associated with those works.  In this district, it is beyond dispute that the threshold inquiry in assessing statutory damages is their relation to the plaintiffs' actual damages.  Plaintiffs cannot thwart Cox's right to analyze actual damages as part of its defense.

*Second*, Cox seeks all information in Plaintiffs' possession related to Rightscorp.  In the parties' meet-and-confer call on June 18, Plaintiffs' counsel admitted that all of this information was gathered as part of Plaintiffs' document collection and preservation process.  Yet Plaintiffs then unilaterally decided to withhold all Rightscorp-related documents that did not "concern [Plaintiffs'] relationship with its agent Rightscorp in general, and specifically with respect to Cox and infringement on the Cox network."  Plaintiffs' relationship with Rightscorp and Rightscorp's actions on Plaintiffs' behalf are central to this lawsuit.  There is no justification for Plaintiffs to withhold any documents that relate to Rightscorp, particularly given that those documents were already identified and collected.

In light of the expedited schedule in this case, and the July 10 deadline for Cox's rebuttal expert reports, Plaintiffs should be ordered to immediately produce the above information.

## ARGUMENT

**I.     DETAILED FINANCIAL DATA REGARDING THE VALUE OF PLAINTIFFS' COPYRIGHTED WORKS IS DIRECTLY RELEVANT TO DAMAGES.**

Ignoring the law of this district and the Fourth Circuit, Plaintiffs instead purport to provide a background on the history of statutory damages under the Copyright Act.  Plaintiffs note that they may elect statutory damages as an alternative to actual damages, and that courts have discretion to consider a number of factors in the determination of appropriate statutory damages.  Cox does not dispute those rather obvious points, but they are irrelevant.  The issue on this motion is *not* Plaintiffs' burden to prove statutory damages, but what information *Cox* may introduce (and the Court may consider) in assessing Plaintiffs' statutory damages claim.

The prevailing law in this district (which Plaintiffs conspicuously ignore) is that statutory damages bear a relationship to actual damages suffered.  *Seoul Broad. Sys. Int'l, Inc. v. Young Min Ro*, No. 1:09CV433 LMB/IDD, 2011 WL 3207024, at *8 (E.D. Va. July 27, 2011) (in assessing the amount of statutory damages in copyright infringement cases, courts begin by considering actual damages suffered); *Dae Han Video Production, Inc. v. Chun*, No. Civ.A. No. 89-1470-A, 1990 WL 265976, at *7 (E.D. Va. June 18, 1990) ("When awarded, statutory damages should bear some relation to the actual damages suffered.").  Plaintiffs' opposition offers no relevant authority from this district or the Fourth Circuit to the contrary.[1]  And the

---

[1]  Plaintiffs cite an out-of-district opinion, *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459 (D. Md. 2004), noting that "there has never been a requirement that statutory damages must be strictly related to actual injury."  But that holding is not at odds with the law in this district that actual damages are *relevant to* the statutory damages inquiry, even if they do not bear a 1:1 relationship.  Similarly, Plaintiffs cite *Gnossos Music v. Mitken, Inc.*, 653 F.2d 117, 118 (4th Cir. 1981), for the uncontroversial proposition that "[a] plaintiff [] who seeks only

relevant authority Plaintiffs do cite confirms that evidence of actual damages is relevant to the

statutory damages inquiry.  *See Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply*

*Co.,* 74 F.3d 488, 496 (4th Cir. 1996) (actual damages are one element of a court's multifaceted

inquiry into statutory damages).  Thus, Plaintiffs legal analysis entirely misses the target.

Here, Plaintiffs have each produced just a single spreadsheet showing total "income

generated" purportedly for each copyrighted work at issue.  BMG's income-by-song data does

not include all of the works at issue listed in BMG's response to Cox's Interrogatory No. 1, and

does not include all years of the damages period (2015 income figures are omitted).  Round

Hill's income-by-song data also do not include all of the works at issue and does not provide a

breakdown of data by year.  Plaintiffs blithely assert that Cox can use this information to

calculate actual damages.  Plaintiffs are wrong.

Income generated, by itself, is not sufficient for a calculation of actual damages,

including lost revenues due to allegedly infringing activity.  How and from where the income is

generated, which may bear no relation to the allegedly infringing activities, is relevant to identify

precisely Plaintiff's alleged lost revenues.  By way of example, Plaintiffs receive income from

different channels (*i.e.*, income derived from physical album sales, digital downloads, streaming

royalties and licensing royalties); in order for Cox to perform an accurate evaluation of lost

profits, Cox must know the share of income by channel.  Units by channel, including metrics

used to calculate units for each channel, can be used to calculate prices within each channel

specific to Plaintiffs' works, in order to calculate lost revenue associated with the alleged

conduct.  Average price by channel for each of the works at issue can be used to directly

---

[] statutory damages is, of course, relieved of the often difficult burden of proving actual
damages or infringer's profits.").  But, again, the issue here is not what burden *Plaintiffs* bear to
prove damages.  The issue is what information Cox may explore and introduce in defense of a
claim for statutory damages.

calculate Plaintiffs' lost revenue by channel associated with the works.  Incremental profits by channel can be used to calculate Plaintiffs' lost profits by channel associated with lost revenues attributable to each channel.  Finally, absent incremental profit margin information, Cox can use costs by channel to validate incremental profit margins attributable to each channel.[2]

Basic financial data relating to Plaintiffs' overall businesses, including but not limited to Plaintiffs' annual revenues, costs, expenses, and incremental profit margins, is also relevant. In lieu of specific data for each song at issue by channel, information relating to Plaintiffs' overall financial performance would be an alternative to Plaintiffs' incremental profit margins for calculating lost profits from the works at issue.

In addition to being clearly relevant under the law of this district, the financial information Cox seeks should not be burdensome.  Plaintiffs obviously track not just revenues but costs, profits, and other financial metrics related to their copyrighted works.  There is a protective order in place in this case, so Plaintiffs' information (to the extent it is confidential) will not be at risk.  Plaintiffs brought this lawsuit and cannot now claim to be unfairly "burdened" by legitimate discovery requests that relate directly to Plaintiffs' damages claims.

## II.    ALL DOCUMENTS RELATED TO RIGHTSCORP ARE RELEVANT.

Plaintiffs claim they have produced "all non-privileged documents that concern [Plaintiffs'] relationship with its agent Rightscorp in general, and specifically with respect to Cox

---

[2]  In fact, Plaintiffs' own authority supports that Cox is entitled to more detailed financial information than Plaintiffs have provided.  For example, in *Io Grp. Inc. v. GLBT Ltd.*, No. C-10-01282 MMC DMR, 2011 WL 3443773, at *3 (N.D. Cal. Aug. 8, 2011), the court recognized that it had "wide discretion in assessing statutory damages for copyright infringement, and may consider such factors as … the revenues lost by the plaintiff."  The *Io* court also found that information regarding total "revenues earned" — *i.e.*, precisely the sort of aggregate, top-line information Plaintiffs have provided here — is not sufficient to reflect lost revenues.  *Id.* ("documents evidencing revenues *earned* by Plaintiffs … is not the same thing [as documents evidencing lost revenues]").

and infringement on the Cox network." Opp. (Doc. 104) at 6. Plaintiffs are deliberately vague with respect to what information they have produced and what they mean by their "relationship with" "Rightscorp in general." When counsel for the parties conferred on June 18, Plaintiffs' counsel refused to specify what other Rightscorp-related documents have been withheld. At a minimum, those documents presumably relate to communications and agreements with Rightscorp with respect to ISPs other than Cox.

Plaintiffs exaggerate Cox's position as requesting "*every* document related to Rightscorp, *every* communication with *any* infringer of *any* copyright through *any* ISP, and *every* communication with *any other* ISP." To be clear, in this motion Cox is seeking information in Plaintiffs' possession related specifically to Rightscorp. That information, whether it relates directly to Cox or not, is plainly relevant, responsive, and discoverable in this case. At a minimum, those documents inform: Plaintiffs' efforts to monitor, supervise, direct, or approve all of the activities of Rightscorp (*qua* "agent") taken on Plaintiffs' behalf; the nature, scope, and operation of the principal-agency relationship; and Plaintiffs' knowledge of, or independent efforts to investigate, Rightscorp's activities and the accuracy or validity of its processes for identifying alleged infringement; and Cox's affirmative defenses, such as Plaintiffs' unclean hands. Such documents are responsive, at a minimum, to Cox's RFP Nos. 54, 56, 81, 86, 111-112, 119. These documents are relevant and should be produced.

In addition to being discoverable, the documents Cox seeks impose little or no burden on Plaintiffs. Plaintiffs' counsel has represented that all Rightscorp-related documents were already collected. Plaintiffs then reviewed those documents and made affirmative calls regarding which documents were (in Plaintiffs' unilateral view) responsive. It should require very little effort for Plaintiffs to produce the remaining Rightscorp-related documents that were improperly withheld.

## CONCLUSION

Given the expedited schedule in this case, and the looming July 10 deadline for Cox's

rebuttal expert reports, Cox requires immediate relief.  The information sought in this motion,

particularly Plaintiffs' financial data, is absolutely critical to Cox's expert reports.  Cox

respectfully urges the Court to require Plaintiffs to produce all responsive information by

Monday, June 29, 2015.


Dated: June 25, 2015                         /s/ Craig C. Reilly
                                             Craig C. Reilly, Esq. (VSB # 20942)
                                             111 Oronoco Street
                                             Alexandria, Virginia 22314
                                             TEL (703) 549-5354
                                             FAX (703) 549-5355
                                             craig.reilly@ccreillylaw.com

                                             *Counsel for Defendants*
                                             COX ENTERPRISES, INC.,
                                             COX COMMUNICATIONS, INC., and
                                             COXCOM, LLC

*Of Counsel for Defendants:*

Andrew P. Bridges (*pro hac vice*)
Brian D. Buckley (*pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
TEL (415) 875-2389
FAX (415) 281-1350
abridges@fenwick.com

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2015, the foregoing was filed and served electronically by

the Court's CM/ECF system upon all registered users:

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Defendants*
COX ENTERPRISES, INC., COX
COMMUNICATIONS, INC., and
COXCOM, LLC