**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP,<br><br>                Plaintiff,<br><br>v.<br><br>COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., and COXCOM, LLC,<br><br>                Defendants. | Case No. 1:14-cv-1611 (LOG/JFA) |

**DEFENDANT COXCOM, LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL RIGHTSCORP, INC. TO PRODUCE DOCUMENTS**

## INTRODUCTION

In its motion to compel against Rightscorp (Doc. 95), Cox identified two categories of responsive documents that Rightscorp has failed to produce: (1) critical components of Rightscorp's source code that do not appear to have been produced, and (2) certain categories of documents specifically identified by Rightscorp's CTO, Robert Steele.

Rightscorp labels Cox's request for source code as "ridiculous," yet simultaneously agrees that the source code is relevant and must be produced. Throughout the discovery process, Rightscorp and its counsel have repeatedly represented that Rightscorp has produced "all the source code." But each previous time Cox's expert has identified missing components of the code, Rightscorp has then belatedly produced it (including belatedly producing components on which Rightscorp's own expert had relied). Yet, now that Rightscorp again affects certitude that "all the source code has been produced," it is hardly "ridiculous" for Cox to doubt Rightscorp's representation.

In fact, when the parties met and conferred on this subject on June 18, Rightscorp's counsel stated she "understood" that all the code had been produced, *based on a conversation with Plaintiffs' retained expert*. When pressed further, however, Rightscorp's counsel (who also is Plaintiffs' counsel) acknowledged that the only two people at Rightscorp knowledgeable about the code were "on vacation" for two full weeks and "could not be reached."

Rightscorp repeats that untenable "on vacation" excuse in opposition to this motion. Yet, it was Plaintiffs (having been recruited by Rightscorp) who sued here, seeking to benefit from the Court's efficient docket, and surely they must have known that their "agent" Rightscorp would be the primary source of information and source code during discovery. The "on vacation" excuse, therefore, carries no more weight than "my dog ate my homework." Given

that Cox's rebuttal expert reports are due July 10, Cox could not wait out those ill-timed vacations before seeking relief.

Cox is not asking Rightscorp or its lawyers to help Cox or its experts analyze the source code. Cox is merely asking Rightscorp to confirm that specific components of the source code have been produced, to produce those components immediately if they have not in fact been produced, and to identify those components in the existing code if they have. These are simple, uncontroversial requests that would not have required motion practice if Rightscorp were acting in good faith.

On the second category of documents, Rightscorp claims the issue is now moot because Rightscorp has recently produced some responsive documents. That may be, and Cox asks only that the Court order Rightscorp to certify that all responsive documents have been, or will immediately be, produced.

## ANALYSIS

### I. RIGHTSCORP MUST PRODUCE OR IDENTIFY ALL COMPONENTS OF ITS SOURCE CODE.

Rightscorp's shrill opposition brief attempts to paint Cox as making unreasonable and "ridiculous" demands. All Cox has requested, from the commencement of discovery, is a complete copy of the Rightscorp source code. That code, of course, is at the very heart of this case because it is the method by which Rightscorp purportedly identifies "repeat infringers" on the Internet on behalf of Plaintiffs and other clients.

Rightscorp claims that source code has "been available" to Cox since April, which is flatly not true. Rightscorp did not actually produce the code to Cox until late May, and then it was demonstrably incomplete. Cox was forced to repeatedly ask Rightscorp to provide critical code components that should have been, but were not, produced. And these were not trivial

2

omissions.  Notably, the vast majority of the Rightscorp code that Plaintiffs' own code expert analyzed comprised components that Rightscorp withheld until Cox specifically asked for them.[1]

Notwithstanding its inflammatory condemnations of Cox and its lawyers, Rightscorp does not deny that the source code is relevant and "does not object to producing additional source code in response to Cox's request, to the extent that the code has not already been produced."  Opp. (Doc. 103) at 2.  Cox is not asking Rightscorp to guess about which code components are missing; to the contrary, Cox has identified very specific files that do not appear to have been produced.  *See* Cox's Motion (Doc. 95) at 7-8.  Counsel met and conferred on June 18, 2015, and Cox repeated these specific requests.  Rightscorp's counsel stated that they "understood" that all those specific code components had been produced, but when pressed acknowledged that they had spoken only to Plaintiffs' retained code expert, and *not* to anyone at Rightscorp.  Rightscorp's counsel then claimed that the two individuals who understand the code — Mr. Steele and Mr. Boswell — are on vacation the entire two weeks of June 15 and 22 and "cannot be reached."  In this Internet-age, no one is *that* inaccessible – particularly a key witness in an ongoing case with a tight discovery deadline.

Remarkably, Rightscorp now repeats the claim that it is incapable of confirming the completion of its source code production because Mr. Steele and Mr. Boswell are "on vacation."  As a threshold matter, it has already been established that Mr. Steele lacks detailed knowledge of

---

[1]  Rightscorp and its counsel are surprisingly brash about making questionable statements to the Court.  Rightscorp claims that "Cox could have [asked] questions about the code at the deposition of Robert Steele, which occurred on June 11, 2015, and was attended by four of Cox's attorneys and Cox's technical expert, but it did not."  *See* Opp. (Doc. 103) at 5.  In truth, Cox questioned Mr. Steele extensively about the source code.  He disclaimed virtually any specific knowledge of the code or its operation, stating that he "created the specification" while Greg Boswell wrote the entirety of the code.  *See*, *e.g*., Steele Depo. at 129:15-23.  Mr. Steele testified that Mr. Boswell would be the individual with the best information about the operation of the source code.  *See, e.g.,* Steele Depo. at 106:22-25, 107:18-108:2, 109:5-10, 115:1-8, 125:18-126:4.

the source code (see note 1 above), so *his* availability is irrelevant.  Although Mr. Boswell is supposedly entirely unreachable until June 26, on June 23 Rightscorp's counsel confirmed Mr. Boswell's availability to be deposed on July 3.  Evidently Mr. Boswell can be reached on administrative matters but neither he nor Rightscorp's counsel can be bothered to address critical aspects of the source code production that are the subject of a pending motion to compel.  Even if Mr. Boswell's "on vacation" excuse was credible, the schedule in this case and the July 10 deadline for Cox's rebuttal expert reports simply do not permit Rightscorp to ignore its discovery obligations for a two-week period.

What Cox requests is not controversial.  There are specific files — which Cox has identified repeatedly to Rightscorp in correspondence and again in Cox's motion — that Cox's expert believes are missing from the source code production (and Cox's expert has been right in the past).[2]  If Cox's expert is wrong, Cox merely asks Rightscorp to identify the files, which is an easy task.  For example, one of the files Cox was seeking was the "Infringement Finder" module — after the parties' meet-and-confer on June 18, Rightscorp responded that the file has been produced under another name.  If the other files Cox seeks have similarly been produced, Rightscorp need only identify them.  And if not, Rightscorp must immediately make good on its commitment to produce those files.  Indeed, Rightscorp's opposition hints that the production may not, in fact, be complete.  *See* Opp. (Doc. 103) at 3 ("[E]ven if additional code exists that is responsive and relevant to Cox's requests, Rightscorp is not in a position to produce it until these two individuals are back from vacation on June 26th.").

Rightscorp complains that Cox is seeking a "technical analysis" of the Rightscorp code, which is simply not true.  Cox has merely requested confirmation that the source code executing

---

[2]  For instance, while Rightscorp has produced some code reading data *from* the "tracks" table, it does not appear to have produced any code for creating this table or populating the data within it.

4

certain very specific functions has been produced. If it has, Rightscorp should state that unequivocally and, if that turns out not to be true, suffer the consequences of that misrepresentation. Rightscorp also argues that Cox can simply wait and depose Mr. Boswell or others for answers regarding the code. But Rightscorp has already strung out its piecemeal production of the source code so long that there is no more time. If Rightscorp continues to stonewall, and if Cox learns on July 3, when deposing Mr. Boswell, that the code production is in fact incomplete, there will not be sufficient time before July 10 to remedy that deficiency. (Whatever happens in the next two weeks, Cox of course reserves its rights to seek relief based on Rightcorp's failure to produce relevant code or other information.)

On one point Cox and Rightscorp agree: this motion should not have been necessary. Whether this is gamesmanship or a legitimate delay, Cox should not be deprived of critical discovery by Rightscorp's delayed response.

## II. RIGHTSCORP SHOULD CONFIRM IT HAS PRODUCED ALL OTHER RESPONSIVE DOCUMENTS.

The second category of responsive information Cox seeks with this motion are various documents Mr. Steele discussed in his deposition. See Cox's Motion (Doc. 95) at 9-10. Rightscorp claims that request is now "moot" because, after forcing Cox to file this motion, Rightscorp then produced a set of responsive documents. What Rightscorp has *not* done, however, is certify that it has produced *all* documents responsive to the categories. The Court should require Rightcorp to make that certification, in which case Cox agrees this portion of the motion appears to be moot.

## CONCLUSION

Cox cannot wait any longer for Rightscorp to honor its discovery obligations. Cox has just over two weeks to submit expert rebuttal reports, and the information sought in this motion,

in particular the source code, is critical to that effort. As such, Cox respectfully requests that the Court forego the normal eleven-day period to comply with a discovery order and compel Rightscorp to respond to this motion and produce any remaining responsive information by Monday, June 29, 2015.

Dated: June 25, 2015

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Defendants*
COX ENTERPRISES, INC.,
COX COMMUNICATIONS, INC., and
COXCOM, LLC

*Of Counsel for Defendants:*

Andrew P. Bridges (*pro hac vice*)
Brian D. Buckley (*pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
TEL (415) 875-2389
FAX (415) 281-1350
abridges@fenwick.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2015, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users:

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Defendants*
COX ENTERPRISES, INC., COX
COMMUNICATIONS, INC., and
COXCOM, LLC