UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| *v.* | ) ) | No. 1:14cv1611 (LO / JFA) |
| COX ENTERPRISES, INC. *et al.*, | ) ) ) | |
| *Defendants*. | ) ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL

Defendants (collectively, "Cox") filed a motion for further instructions regarding a discovery order (Doc. 86). Plaintiffs have opposed that motion (Doc. 101), and filed a motion to seal certain exhibits attached to their opposition (Doc. 102). Cox hereby responds in support of that sealing motion because the information involved is either confidential business information or private personal identifying information ("PII") of Cox's subscribers.

### STATEMENT OF THE CASE

Plaintiffs have sued Cox, an ISP, for secondary copyright infringement based upon alleged direct infringement purportedly committed by certain Cox subscribers. To facilitate discovery, which would necessarily involve the exchange of confidential private and business information, the parties filed a stipulated protective order, which the Court entered (Doc. 46). That protective order permits the parties (and non-parties) to make confidentiality designations regarding the discovery materials they (and non-parties) were producing. The protective order then imposed certain use and disclosure restrictions with respect to any confidential discovery materials. Among those restrictions is the obligation to file confidential discovery materials

under seal, accompanied by an appropriate motion under Local Civil Rule 5.  In reliance on those provisions, the parties and non-party Rightscorp, Inc. have made productions of confidential business information and private information, including Cox Subscriber PII.

In opposing Cox's discovery motion seeking further instructions, Plaintiffs have attached certain confidential discovery materials as exhibits (Doc. 101) and filed an accompanying sealing motion (Doc. 102).  Cox supports that request for sealing those exhibits.

## ARGUMENT

During the pretrial discovery period, protecting the confidential discovery materials of parties and non-parties is of paramount concern for the litigants, non-parties, and the Court.  Discovery is liberally permitted to facilitate the search for truth at trial, but often involves the production of highly confidential information of litigants and non-parties that may be irrelevant the ultimate issues at trial, or never be used to adjudicate substantive rights.  When the parties brief and argue non-dispositive pretrial motions—particularly discovery motions—they sometimes attach confidential discovery materials to their briefs and seek to seal them.  As shown below, sealing non-dispositive pretrial motions generally is proper, and certainly is proper here.

It is well-settled that there is a public right of access to "judicial records."  *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978).  The public right of access may be based on the common law or the First Amendment.  The common law right of access applies to "all judicial records and documents," while the First Amendment right of access applies "only to particular judicial records and documents"—such as exhibits filed in connection with plea hearings and sentencing hearings in criminal cases, and trial proceedings and dispositive motions in civil cases.  *Stone v. University of Maryland Medical Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir.

1988).  However, the public right of access is merely a presumptive right that may be overcome upon a proper showing.

If the First Amendment right of access applies to the judicial records, then access can be denied only if—and only to the extent—necessary to advance "a compelling government interest." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984).  To overcome the common law right of access, the party must show "some significant interest" in maintaining the privacy of the information.  *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  A significant private interest may be sufficient, such as the need to protect privacy interests or confidential business information.  *Warner Communications*, 435 U.S. at 598.  The question here is which standard applies to sealing materials filed in connection with non-dispositive pretrial discovery motions.

Civil discovery materials are not inherently "judicial records."  "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).  Moreover, civil discovery generally is "conducted in private," *id*. at 33, and discovery materials are not filed, FED.R.CIV.P. 5(d).  Therefore, the "raw fruits" of civil discovery are not "judicial records" in which a public right of access inheres.

Furthermore, the discovery rules "do not distinguish between public and private information;" therefore, discovery "may seriously implicate privacy interests of parties and third parties."  *Seattle Times*, 467 U.S. at 35.  The discovery rules permit litigants to obtain information "that not only is irrelevant but if publicly released could be damaging to reputation or privacy.  The government clearly has a substantial interest in preventing this sort of abuse of its processes."  *Id*. at 35.  Since discovery materials are not inherently judicial records, the Court

may enter appropriate orders to ensure that confidentiality is maintained. *Seattle Times*, *supra*. Accordingly, during the pretrial discovery period, the confidentiality interests of parties and non-parties should be protected by the Court.

When discovery materials are filed with the Court in connection with a pretrial motion, however, a tension arises between the parties' interests in keeping civil discovery confidential and the public's common law or First Amendment right of access to "judicial records." *See generally Rushford*, *supra*. That tension has arisen here because confidential discovery materials have been filed in connection with a pretrial motion.

The nature of the right of access (and the showing to justify sealing) varies with the nature of the motion. When discovery materials are filed in connection with a dispositive motion, a First Amendment right of access applies, and a party must meet a higher standard to seal the record. *Rushford*, *supra*. By contrast, confidential discovery materials filed with the district court to permit determination of a non-dispositive discovery motion would not give rise to a First Amendment right of access. *E.g.*, *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 10-13 (1st Cir. 1986). Therefore, only a common law right of access arises in connection with pretrial discovery motions.

It is well-settled that the need to protect confidential business information and privacy interests implicated during the pretrial discovery period will overcome the common law right of access and justify sealing. The protection of confidential, competitively sensitive business information has long been recognized as overcoming the common law right of access to judicial records and justifying sealing. *Warner Communications*, 435 U.S. at 598; *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (sealing court records permissible to prevent others from "gaining a business advantage" from materials filed with court). Thus, the commercially

sensitive information submitted with Plaintiffs' filing may be sealed. Similarly, the Court may exercise its supervisory power over its judicial records when necessary to protect a party or non-party's "privacy" interests. *Warner Communications*, 435 U.S. at 598. As Cox has previously shown, the PII of its subscribers are protectable privacy interests (Doc. 74). Therefore, the PII of Cox subscribers may be sealed, as well.

The interests of the parties, non-parties, and the Court in protecting confidential discovery materials during the pretrial period are of paramount concern. Just as the use of pretrial protective orders facilitates the discovery process, so too does permitting sealing facilitate the discovery motions process when selected confidential discovery materials are submitted in connection with non-dispositive matters. Accordingly, the Court should grant Plaintiffs' motion to seal.

Dated: June 25, 2015

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-5355
craig.reilly@ccreillylaw.com
*Counsel for Defendants*

*Of Counsel for Defendants:*

Andrew P. Bridges (*pro hac vice*)
FENWICK & WEST LLP
555 California Street
San Francisco, California 94104
TEL (415) 875-2389
FAX (415) 281-1350
abridges@fenwick.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2014, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users:

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-5355
craig.reilly@ccreillylaw.com
*Counsel for Defendants*