**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **BMG RIGHTS MANAGEMENT** | ) | |
| **(US) LLC, and ROUND HILL** | ) | |
| **MUSIC LP** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  1:14-cv-1611(LOG/JFA) |
| | ) | |
| **COX ENTERPRISES, INC.,** | ) | |
| **COX COMMUNICATIONS, INC.,** | ) | |
| **COXCOM, LLC** | ) | |
| Defendants. | ) | |
| | ) | |

**BMG RIGHTS MANAGEMENT (US) LLC AND ROUND HILL MUSIC LP'S**
**OPPOSITION TO DEFENDANTS' MOTION FOR EVIDENTIARY SANCTIONS**
**REGARDING EVIDENCE OF OWNERSHIP**

Defendants ("Cox") motion for evidentiary sanctions regarding copyright ownership arises from Cox's realization that it has no evidence and no basis to dispute the Plaintiffs' ("Copyright Holders") ownership of their asserted copyrighted works.  In furtherance of this realization, Cox seeks sanctions for Copyright Holders' putative failure to produce documents in response to document requests that Cox **never made**.  Most fundamentally, Copyright Holders fully responded to the Cox discovery requests, Request Nos. 1 – 4, concerning ownership of their works that Cox **actually** made and that are the sole basis for Cox's motion for sanctions.  Indeed, the sufficiency of Copyright Holders' response to those requests is demonstrated by the fact that not once during the six months of discovery did Cox complain about Copyright Holders' production with respect to those requests.

Now two weeks after the close of discovery, Cox has realized that with Copyright Holders' production of their copyright registrations and other evidence that Copyright Holders have title or have rights to the works in those registrations, it is "impossible for Cox to rebut the presumption" of ownership that those registrations and evidence afford.[1]  Cox Memorandum in Support of Motion for Evidentiary Sanctions Based on Plaintiffs' Failure to Produce Evidence of Ownership ("Cox Memo") (Dkt. No. 249) at 2.  But as far as proof of ownership, Cox only asked for "Documents *sufficient* to establish your legal title in which you claim a copyright right."  Cox Request No. 4 (emphasis added).  And that is exactly what it received – copyright registrations and proof of title or rights to the works in those registrations. Cox simply never asked for the hypothetical "underlying documents" that speculatively may allow Cox to attack the presumptions afforded by the copyright registrations, which Cox now claims that Copyright Holders improperly withheld. Cox Memo at 7-8.

So, instead, Cox filed this motion for sanctions against Copyright Holders for additional discovery that Cox never sought.  Cox's motion should be denied.

## ARGUMENT

Cox had six months during discovery to raise any concerns it had about Copyright Holders' production of copyright ownership documents responsive to Request Nos. 1- 4.  Now, without any previous objection and without any attempt to meet and confer, Cox filed two weeks

---

[1] In any event, Cox has no ability to challenge ownership here.  As this Court has previously recognized, "when there is no dispute between the original copyright owner and his licensee or assignee, it would be anomalous to permit a third-party infringer" to challenge ownership.  *X-It Products, L.L.C. v. Kidde Portable Equip., Inc.*, 155 F. Supp.2d 577, 604 (E.D. Va. 2001) (internal quotation marks and citations omitted); *accord Capital Concepts, Inc. v. Mountain Corp.,* Civil Action No. 3:11-cv-0036, 2012 U.S. Dist. LEXIS 182874, *24-*27 (W.D. Va. Dec. 30, 2012).

after the close of discovery a motion for evidentiary sanctions claiming that Copyright Holders

failed to produce documents responsive to the copyright ownership Request Nos. 1- 4.  But,

Copyright Holders' production and Cox's requests demonstrate that in fact, Copyright Holders

completely satisfied those document requests.

 Cox's Request No. 1 asks for documents "sufficient to identify all works in which you

claim a copyright right" that are at issue in the case.  In response, Copyright Holders produced a

list of all copyrights at issue in the case (*see* Ex. A, Plaintiffs' Responses to Defendants'

Interrogatory No. 1) as well as certified copies of the copyright registration certificates for each

of the asserted copyrights, thus responding fully to Request No. 1.

 Contrary to Cox's complaint, Copyright Holders early on identified the more than 1,400

copyrighted works at issue in its discovery responses – with very few changes (80 deletions and

1 addition) in the course of discovery.  On March 9, 2015, in response to Cox's discovery

requests, Copyright Holders provided Cox with a list of the copyrights at issue in the lawsuit.

Since that date, according to Cox's own charts, Copyright Holders have merely removed

approximately 80 copyrighted works from those at issue in the case and added a single work.

*See* Ex. 5 and 7 attached to Cox Memo.[2]  The *removal* of 80 works, and addition of a single

work, from a list of identified works has not confounded Cox's ability to ascertain the ownership

of the copyrights at issue.  The registrations listed in the Complaint and Amended Complaint are

irrelevant to Cox's motion.  They only included a "representative sample" of musical

compositions to which they own the copyrights.  Compl. ¶14 (Dkt. No. 1); Am. Compl. ¶14

---

[2] Cox included columns for both the Complaint and Amended Complaint to misleadingly suggest
that Copyright Holders substantially added to the list of works at issue. However, as Cox well
knows, the list of copyright works accompanying the Complaints was merely an exemplary list
of copyrights that Copyright Holders own, and not all the works at issue in the case – the list of
works at issue was produced to Cox early in response to its discovery requests.

(Dkt. No. 16).  The Complaint and Amended Complaints did not purport to provide a list of copyrights at issue in the case, as Cox is well aware.

Cox's Request No. 2 asks for "All copyright registrations on which you base this lawsuit."  Copyright Holders produced the copyright registrations for the copyrights at issue, which as Cox admits "is prima facie evidence of the validity of the copyright and of the facts stated in the certificate such as ownership." Cox Memo at 7.

Cox's Request No. 3 asks for "All applications for registrations of copyrights, on which copyrights you base this lawsuit."  Copies of the applications or the data from the applications are contained within the copyright registrations, which Copyright Holders produced in full as noted above.  *See, e.g.*, copyright registrations Bates Nos. BMG00009826- BMG00009827, BMG00009760- BMG00009763, and BMG00010479- BMG00010481, attached as Ex. B. Further, Copyright Holders produced any separate applications in their possession.

Cox's Request No. 4 asks for "Documents sufficient to establish your legal title in which you claim a copyright right" at issue in this case.  As Cox notes, there are two "categories" of copyrighted works that are at issue in this lawsuit:  (1) copyrighted works for which Copyright Holders are named on the copyright registrations and (2) copyrighted works for which Copyright Holders are not specifically named on the registrations.  Copyright Holders produced the documents "sufficient to establish [their] legal title" for both categories of copyrighted works.

With respect to category one – the copyrighted works for which Copyright Holders are named on the copyright registrations – Copyright Holders produced the certified copyright registrations.  These copyright registrations are, as Cox admits, *prima facie* evidence that Copyright Holders own the copyrights.  Cox Memo at 7 and *see Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010) (observing that copyright

4

registrations identifying the claimant as the owner were "presumptive proof" of the plaintiffs'

ownership).  Nothing else is required for Copyright Holders to prove their ownership of the

copyrights at issue, unless Cox rebuts that presumption.  *See Thomas v. Artino*, 723 F. Supp. 2d

822, 830 (D. Md. 2010) (holding that there was "uncontradicted evidence that Plaintiff owns the

copyright" where the plaintiff produced the certificate of registration); *MOB Music Pub. v.

Zanzibar on the Waterfront, LLC*, 698 F. Supp. 2d 197, 203-04 (D.D.C. 2010) ("Because

plaintiffs are listed as the copyright claimants on the certificates of registration, they have

satisfied their initial burden of demonstrating copyright ownership."); *Yash Raj Films (USA) v.

Kumar*, No. 05-CV-3811(FB)(KAM), 2006 WL 3257215, at *1 (E.D.N.Y. Nov. 9, 2006)

("Defendants have not provided any evidence to rebut the presumption of validity demonstrated

by plaintiff's certificates of copyright (which have been provided to defendants) and have not

shown why the Court should compel the chain of title information for over one hundred works

listed in Exhibit A of the Complaint, given the significant burden that this would place on

plaintiff.").[3]  Thus, Copyright Holders have produced documents "sufficient to establish [their]

legal title" to the copyrighted works in category one, as specifically requested by Document

---

[3] Cox claims that the court *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1097
(N.D. Cal. 202) ruled that "copyright registrations alone were insufficient to establish ownership
where lack of evidence called ownership into question."  Cox. Memo at 7.  The court in that case
made no such ruling.  In that case, discovery was still open, and the court was considering only
whether to allow discovery beyond the copyright registrations.  *In re Napster, Inc. Copyright
Litig.*, 191 F. Supp. 2d at 1097.  The court allowed limited discovery into the documentation
relevant to the ownership of the works listed as "works for hire," and noted that it would not
"permit Napster to engage in a 'fishing expedition.'"  *Id.*  Contrary to Cox's description of the
case, there is nothing in the case to suggest that copyright registrations are not *prima facie*
evidence of ownership by the named registrant.  In fact, the court expressly stated the opposite -
"[u]nless Napster can show that plaintiffs defrauded the Copyright Office in a manner that
prejudiced Napster, the alleged inconsistencies in plaintiffs' certificates *do not rebut the
presumption of ownership*." *Id.* at 1100 (emphasis added).

Request No. 4.  If Cox wanted to search for something else, it could have asked during the six months of discovery.

Nonetheless, Cox complains that it is "prevented from discovery or introducing evidence to rebut that presumption" because Copyright Holders have failed to produce "any documents related to Plaintiffs' underlying ownership of the works at issue." Cox Memo at 7.  Cox does not identify what documents it thinks would rebut the presumption of ownership of the copyrights, but any inability to rebut that presumption is not due to a failure by Copyright Holders to produce responsive documents.  Cox never asked for whatever hypothetical "documents related to Plaintiffs' underlying ownership of the works at issue" that it now speculates could rebut Copyright Holders' presumptive ownership of the copyrights at issue.  Rather, Cox specifically asked for documents "sufficient to establish [Copyright Holders'] legal title" to the copyrights. That is precisely what Copyright Holders produced.   Cox had six months to ask for additional documents, depose witnesses about ownership, and seek other discovery on the topic.  It cannot now fault Copyright Holders for failing to produce documents for which Cox never actually asked.

With respect to category two – works for which Copyright Holders are not specifically named on the registrations as a claimant – as Cox acknowledges, Copyright Holders produced approximately 150 assignment agreements and chain of title documents, as well as the certificates of copyright registrations.  Those agreements and chain of title documents go back to the original registration, and thus establish ownership of the copyrights.  *See Montgomery Cnty. Ass'n of Realtors, Inc. v. Realty Photo Master Corp.*, 878 F. Supp. 804, 809-10 (D. Md. 1995) aff'd, 91 F.3d 132 (4th Cir. 1996) ("If a plaintiff possesses a copyright registration certificate, 'the only evidence required of the plaintiff to establish prima facie ownership ... is evidence of

plaintiff's chain of title from the original copyright registrant.'" (quoting 3 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 13.01[A] (1993)).[4]  Nevertheless, Cox asks the Court to impose sanctions based on Cox's assessment that the production of chain of title documents are "disorganized" and that the ownership evidence for some of the works is "deficient."  Cox Memo at 8.

First, Copyright Holders' production of chain of title documents is not disorganized. Copyright Holders produced the documents as they are kept in the ordinary course of business. Cox had months to explore discovery regarding ownership of the copyrights, and never asked Copyright Holders to organize them in any other way.  At the BMG corporate deposition regarding chain of title and copyright ownership, BMG, with no obligation to do so, even provided Cox with a "cheat sheet," a chart that describes the chain of title for each of the copyrights at issue.[5]  *See* Copyright "Cheat Sheet" attached as Ex. 10 to Cox Memo.  Cox's description of the chain of title documents as a "disorganized hodge-podge of documents" is simply a post-hoc attempt to justify the ridiculous sanctions it seeks.

Again, Cox had six months to conduct discovery regarding the ownership of the copyrights if it believed that ownership was a disputable issue in this case.  Instead, Cox chose to focus on discovery to third parties.  Cox did not even serve its notice of corporate deposition to

[4] Cox inaccurately cites to Nimmer, with no explanatory parenthetical, for the incorrect proposition that chain of title must be proven back to the original *author*, rather than the original *registrant*.  Cox Memo at 8.  Nimmer says the opposite – "Once plaintiff satisfies his burden (by submitting the certificate that he himself filed, or proving his chain of title from the previous registrant), the burden shifts to the defendant to establish the invalidity of plaintiff's title from the author."   3. Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 12.11(C) (Matthew Bender, Rev. Ed.).
[5] Cox misleadingly suggests in its memorandum that BMG belatedly produced the Copyright Cheat Sheet "for the first time" on August 12, 2015.  The Copyright Cheat Sheet was created during the litigation with counsel, and BMG had no obligation to produce the document at all. BMG produced it to simplify the corporate deposition regarding ownership.

Copyright Holders regarding copyright ownership until June 30 – nearly five months after discovery started.  *See* Notices of Corporate Depositions, attached as Ex. C.  Now weeks after the close of discovery, Cox is attempting to use this motion to conduct discovery it apparently regrets having not done.

Second, if Cox thinks there is insufficient evidence to prove that Copyright Holders own the copyrights to some of the copyrights at issue, Cox can argue that on summary judgment or at trial (in fact, Cox's brief indicates that it intends to file a summary judgment motion regarding ownership).  The sufficiency of the evidence regarding ownership is simply not an issue to be decided in a discovery motion (no less a belated discovery motion).  Cox attempts to do so anyway, arguing that the chain of title documents contain "deficiencies and anomalies" regarding Copyright Holders' ownership to some of the works at issue.  *See* Cox Memo at 5-6.  A belated discovery motion is not a proper vehicle to determine Copyright Holders' ownership of its works.

Further, Cox cannot challenge the Copyright Holder's ownership based on so-called "deficiencies and anomalies" in the chain of title documents where none of the original copyright holders has disputed Copyright Holders' ownership.  *See X-It Products, L.L.C.,* 155 F. Supp.2d at 604 ("[W]hen there is no dispute between the original copyright owner and his licensee or assignee, 'it would be anomalous to permit a third-party infringer to invoke this [writing] provision against the licensee.'" (quoting *Eden Toys, Inc. v. Florelee Undergarment Co.,* 697 F.2d 27, 36 (2d Cir. 1982) (modification in original)); *Capital Concepts, Inc.,* Civil Action No. 3:11-cv-0036, 2012 U.S. Dist. LEXIS 182874, *24-*27 (same).

The issue before the Court is whether Copyright Holders produced the documents responsive to Cox's Document Request Nos. 1- 4.  As appears above, they did.  If Cox actually

thought that Copyright Holders had not produced the responsive document to its requests, then the appropriate action would have been for Cox to meet and confer with Copyright Holders during discovery and then, if deemed necessary, file a motion to compel or to have conducted discovery concerning these putative deficiencies.  Cox did not.  The Court should deny Cox's motion to impose drastic sanctions on Copyright Holders for Cox's failure to conduct whatever discovery Cox now thinks it should have done.

Finally, not only does Cox have no basis to seek any relief for discovery it never sought, the sanctions it seeks are inappropriate even if Cox had asked for the discovery.  Cox asks the Court to dismiss 12% of the copyrights from the case and preclude Copyright Holders from introducing testimony or other evidence at trial regarding the rest.  Cox Memo at 8-9.  Such draconian sanctions are reserved for "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules."  *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989).  They are clearly inappropriate here.

## CONCLUSION

Cox's belated and unfounded motion for discovery sanctions regarding copyright ownership should be denied for the reasons stated above.

September 8, 2015

Respectfully submitted,

/s/ *Jeremy D. Engle*

Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
Paul Gennari (VSB No. 46890)
pgennari@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-3000

9

Fax:  (202) 429-3902

Walter D. Kelley, Jr. (VSB No. 21622)
HAUSFELD, LLP
1700 K Street, NW
Washington, DC 20006
Tel:  (202) 540-7157
Fax:  (202) 540-7201


*Of Counsel*
Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Roger E. Warin (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia  30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

*/s/ Jeremy D. Engle*
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902