**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP, <br><br>         Plaintiff, <br><br>     v. <br><br> COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., and COXCOM, LLC, <br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 1:14-cv-1611 (LOG/JFA) |

**DECLARATION OF ANDREW P. BRIDGES IN SUPPORT**
**OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**REDACTED VERSION SOUGHT TO BE SEALED**

I, Andrew P. Bridges, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a member of the bars of the States of California and Georgia, and I am also admitted to practice as *pro hac vice* in this case.  I am a partner at the law firm of Fenwick & West LLP ("Fenwick"), counsel of record for Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox").  I submit this declaration in support of Defendants' Motion for Summary Judgment.  I have personal knowledge of the matters in this declaration.

### Plaintiffs' Position on Their Burden to Show Direct Infringement

2.      On May 8, 2015, Plaintiffs brought a motion to compel Cox to disclose the identities of certain Cox account holders.  *See* Dkt. 71.  In the memorandum in support of that motion, Plaintiffs claimed that they wanted "the ability to seek third party discovery of certain direct infringers concerning their distribution of Copyright Holders' works, their communications, if any, with Cox concerning the same, or other issues relevant to the case." Dkt. 72 at 4.  At no point during this litigation did Plaintiffs propound or request any third party discovery of any Cox account holders.

3.      The motion to compel sought the identities of account holders for a small subset of IP addresses Plaintiffs claim are relevant to this case.  *See* Dkt. 72-4.  In the May 15, 2015 hearing on the motion, Plaintiffs confirmed that they did not intend to use the information to show direct infringement, stating "it's not required for us to prove direct infringement."  Relevant excerpts of the May 15, 2015 Hearing Transcript are **Exhibit 1** to this declaration; page 24, at lines 5-6, contains that statement.

### Excerpts and Exhibits from Depositions of Plaintiffs' Witnesses

*Neil Gillis (**Round Hill**)*

4.      **Exhibit 2** consists of excerpts from the transcript of the deposition of Neil Gillis, President of Plaintiff Round Hill Music, LP ("Round Hill"), on July 22, 2015:

      a.  **41:17 – 42:19:** ████████████████████████████

           ████████████████████████



b. **105:22 – 106:4:**

c. **107:23 – 108:16:**

d. **115:8 – 25:**

e. **116:1 – 117:6:**

f. **117:11 – 18:** Mr. Gillis identified deposition exhibit 3 as

Deposition

exhibit 3 is **Exhibit 3** to this declaration.

g. **151:9—151:22:**

h. **152:4 – 153:9:**

i. **153:18 – 154:1:**

j. **155:4 – 11:**

k. **165:8 – 16:** Mr. Gillis identified exhibit 6 to his deposition



In deposition exhibit 6, ████████████████████████

████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████ Deposition

exhibit 6 is **Exhibit 4** to this declaration.

l.   **186:2 – 16:** ████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████

m.  **226:15 – 229:5:** Mr. Gillis identified exhibit 11 to his deposition as ██

████████████████████████████████████████████

███████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

Deposition exhibit 11 is **Exhibit 5** to this declaration.

n.   **229:10 – 230:6:** Mr. Gillis identified exhibit 12 to his deposition as ██

█████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████ ███████████████████████████████████████████████████

Deposition exhibit 12 is **Exhibit 6** to this declaration.

o. **230:11 – 9:** Mr. Gillis identified exhibit 13 to his deposition as ███████

███████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

████████████████████ Deposition exhibit 13 is **Exhibit 7** to this

declaration.

p. **230:24 – 232:11:** Mr. Gillis identified exhibit 14 to his deposition as ██

███████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

Deposition exhibit 14 is **Exhibit 8** to this declaration.

q. **232:16 – 235:6:** Mr. Gillis identified deposition exhibit 15 as ████████

████████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

████████████████████ Deposition exhibit 15 is **Exhibit 9**

to this declaration.

r. **235: 18- 238:7:** Mr. Gillis identified deposition exhibit 16 as ████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████ Deposition exhibit 16 is **Exhibit 10** to this declaration.

s. **238:12 –16:** Mr. Gillis testified that ███████████████████

████████████████████████████████████████████

t. **245:22 – 246:5:** █████████████████████████████████

████████████████████████████████████████████

███████████████████████

u. **248:6 – 25:** Mr. Gillis identified deposition exhibit 17 as ████

███████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Deposition exhibit 17 is **Exhibit 11**

to this declaration.

v. **252:7 – 19:** Mr. Gillis identified deposition exhibit 18 ███████

████████████████████████████████████████████

██████████████████████████████████████ Deposition

exhibit 18 is **Exhibit 12** to this declaration.



w. **255:23 – 256:14:** Mr. Gillis identified deposition exhibit 19 as ███████ ████████████████████ ████████████████████ ███████████████████████ ████████████████ Deposition exhibit 19 is **Exhibit 13** to this declaration.

x. **258:22 – 259:1:** ███████████████████ ███████████

y. **264:21 – 265:6:** Mr. Gillis identified deposition exhibit 22 to his deposition as ████████████████████ ███████████████████ ████████████████████ ███████████████████ ████ Deposition exhibit 22 is **Exhibit 14** to this declaration.

z. **267:2 – 271:4:** Mr. Gillis identified deposition exhibit 23 ████████ ████████████████ ██████████████ ████████████████ ████████████████ ████ Deposition exhibit 23 is **Exhibit 15** to this declaration.

aa. **273:7 – 276:20:** Mr. Gillis identified deposition exhibit 24 as ███████ ████████████████ ██████████████ █████████████ ████████████████ ██████████████ Deposition exhibit 24 is **Exhibit 16** to this declaration.



6

5.    **Exhibit 17** consists of excerpts from the transcript of the deposition of Neil Gillis as Round Hill's corporate representative, on July 29, 2015:



a.  **29:9 – 30:5:** Mr. Gillis identified Exhibit 2 to his deposition as ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ The body of the notice begins with a "NOTE TO ISP" to "PLEASE FORWARD THE ENTIRE NOTICE" and contains the line, "Re:  Unauthorized use of Copyrights Owned Exclusively by Round Hill Music."  The notice then says, further below, "Dear Sir or Madam:  Your ISP has forwarded you this notice.  This is not spam.  Your ISP account has been used to download, upload or offer for upload copyrighted content in a manner that infringes on the rights of the copyright owner."  The notice also says, "Your ISP service could be suspended if this matter is not resolved."  Additionally, the notice states, "This notice is an offer of settlement.  If you click on the link below and login to the Rightscorp, Inc. automated settlement system, for $10.00 per infringement, you will receive a legal release form the copyright owner."  Deposition exhibit 2, the notice, is **Exhibit 18** to this declaration.

b.  **59:22-60:22:** Mr. Gillis identified deposition exhibit 5 as ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮  Deposition exhibit 5 is **Exhibit 19** to this declaration.

c.  **64:1 –21:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮

d.  **88:20 – 89:2:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮

e. **90:14 – 22:** 

f. **90:24 – 98:16:**

This excerpt contains substantial colloquy of counsel, but the testimony at the end of the excerpt requires context.

g. **117:4 – 12:**

h. **119:4 – 120:8:**

i. **148:4 – 152:6:**

j. **152:8 – 20:**



k. **155:17 – 156:10:** ██████████████████████

l. **160:8 – 161:10:** ████████████████████████

m. **161:22 – 162:9:** ██████████████████████

n. **165:18 – 166:7:** ████████████████████████

o. **166:9 – 166:20:** ████████████████████████

p. **177:1 – 179:13:** ████████████████████████

q. **217:6 – 17:** ██████████████████████

r. **232:4 – 233:11:** Mr. Gillis identified deposition exhibit 10 as ██████████████████████████████████████

Deposition exhibit 10 is **Exhibit 20** to this declaration.

*Keith Hauprich (BMG)*

6.     **Exhibit 21** consists of excerpts from the transcript of the deposition of Keith Hauprich, Vice President, Business and Legal Affairs, and now Deputy General Counsel of Plaintiff BMG Rights Management (US), LLC's ("BMG"), on July 17, 2015:



a.  **148:20 – 150:25:**

b.  **168:3 – 169:17:**

c.  **176:2 – 176:14; 207:18 – 208:7:**

d.  **177:7 – 178:4:**

e.  **186:19 – 187:21**:

f.  **189:22 – 192:15:**

g.  **193:10 – 194:9:**



h.  **195:15 – 196: 22:**

i.  **231:2 – 18:**

j.  **270:9 – 273:25:**

k.  **277:16 – 279:6:**

l.  **279:19 – 285:25:**

m.  **288:8 – 25:**

n.  **291:13 – 292:7:**

o.  **306:7 – 308:16:**

p.  **313:17 – 321:2:** Mr. Hauprich identified deposition exhibit 7 as  Deposition

exhibit 7 is **Exhibit 21A** to this declaration.

q.  **246:5 – 22, 257:18 – 259:12, 268:14 – 270:4**: Mr. Hauprich identified

deposition exhibit 4

Deposition exhibit 4 is **Exhibit 21B** to this declaration.

7.      **Exhibit 22** consists of excerpts from the transcript of the deposition of Keith

Hauprich as BMG's corporate representative, on July 31, 2015:

a.  **53:14 – 58:16:**

b.  **71:10 –72:10:** 

c.  **72:11 – 81:19:**

d.  **75:25 –77:6:**

e.  **85:9 – 85:20:**

f.  **86:18 – 91:8:**

g.  **91:9 – 92:6:**

h.  **95:12 – 96:14:**

i.  **100:10 – 101:4; 101:19 – 102:20:**

Mr. Hauprich



j. **103:15 – 104:9:**

k. **123:13 – 124:5; 125:8 – 126:2; 126:12 – 127:1:** Mr. Hauprich identified

deposition exhibits 1 and 2

Deposition exhibits 1 and 2 are **Exhibits 23** and **24** to this declaration.

l. **231:1 – 232:25:** Mr. Hauprich identified deposition exhibit 5

Deposition exhibit 5 is

**Exhibit 25** to this declaration.

m. **240:3 – 241:24:** Mr. Hauprich identified deposition exhibit 6 as

Deposition exhibit 6 is **Exhibit 26** to this

declaration.



n.  **242:23 – 243: 17:**

o.  **245:14 – 246: 18:**

p.  **247:2 – 248:12:** Mr. Hauprich identified deposition exhibit 7 as

Deposition exhibit 7 is **Exhibit 27** to this declaration.

q.  **252:19 – 254:1:** Mr. Hauprich identified deposition exhibit 8 as

Deposition exhibit 8 is **Exhibit 28** to this declaration.

<u>**Excerpts and Exhibits from Depositions of Rightscorp Witnesses**</u>

*Gregory Boswell*

8.      **Exhibit 29** consists of excerpts from the transcript of the deposition of Gregory

Boswell,  Lead Developer of Rightscorp, as Rightscorp's corporate representative, on July 3, 2015:



a.  **60:11 – 63:10:**

b.  **64:2 – 65:22:**

c.  **66:5 – 67:13:**

d.  **80:15 – 84:5:**

e.  **104:9 – 105:13:** Rightscorp produced                          at

the July 3, 2015 deposition of Greg Boswell.  Mr. Boswell admitted that

f.  **112:11 – 20:**

g. **113:10 – 19:** 

h. **120:1 – 121:13:**

i. **122:15 – 123:3:**

j. **128:21 – 132:16:**

k. **129:8 – 130:19:**

l. **206:22 – 207:24; 208:14 – 209:9:** Mr. Boswell identified deposition exhibits 5 and 6 as

 He also
identified deposition exhibits 7 and 8 to his deposition as ███████

Deposition exhibits 5
and 7, each bearing "Timestamp:  2014-11-13 00:00:17.0 GMT", are
**Exhibits 30** and **31** to this declaration, respectively.  Deposition exhibits 6
and 8, each bearing the "Timestamp:  2014-11-13 07:13:06.0 GMT" are
**Exhibits 32** and **33** to this declaration, respectively.

m.  **210:4 – 13; 211:23 – 212:7:** Mr. Boswell identified deposition exhibit 9  as

Deposition exhibit 9 is
**Exhibit 34** to this declaration.

n.  **249:11 – 253:17:**

o.  **251:4 – 252:10:**

p.  **259:2 – 260:14:**

9.  **Exhibit 35** consists of excerpts from the transcript of the deposition of Gregory
Boswell as Rightscorp's corporate representative, on July 29, 2015:

18



a. **399:22 – 401:18, 405:21 – 25:** ▮▮▮▮▮▮▮

b. **401:19 – 405:20:** Mr. Boswell ▮▮▮▮▮▮

c. **441:22 – 442:4, 445:21 – 448:7:** ▮▮▮▮▮▮

***Christopher Sabec***

10.    **Exhibit 36** consists of excerpts from the transcript of the deposition of Christopher

Sabec, CEO of Rightscorp, Inc., as Rightscorp's corporate representative, on July 7, 2015:

a. **55:21 – 56:25:** ▮▮▮▮▮▮

b. **94:4 – 102:6:** ▮▮▮▮▮▮

c. **133:2 – 138:20, 172:7 – 180:20**: Mr. Sabec identified deposition exhibit 2

to his deposition as ▮▮▮▮▮▮

█████████████████████████████████████

█████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

████████████████████ Deposition exhibit 2 is **Exhibit 37** to this

declaration.

d. **215:5 – 216:5:** Mr. Sabec identified deposition exhibit 6 as a ██████████

████████████████████████████████████████████

██████████████████████████████████████

███████████████████ Deposition exhibit 6 is **Exhibit 38** to this

declaration.

e. **286:20 – 287:13**: Mr. Sabec identified deposition exhibit 11 to his

deposition ██████████████████████████

█████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

███████  Deposition exhibit 11 is **Exhibit 39** to this declaration.

    f.  **309:15 – 310:3:** ██████████████████████████████

████████████████████

11.    **Exhibit 40** consists of excerpts from the transcript of the deposition of Christopher

Sabec, CEO of Rightscorp, Inc., as Rightscorp's corporate representative, on July 8, 2015:

    a.  **27:6 – 28:2:** Mr. Sabec identified Exhibit 18 to his deposition as ██████

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

Deposition exhibit 18 is **Exhibit 41** to this declaration.

12.    **Exhibit 42** consists of excerpts from the transcript of the deposition of Christopher

Sabec, CEO of Rightscorp, Inc., as Rightscorp's corporate representative, on August 21, 2015:

    a.  **55:17 – 56:1:** ████████████████████████████████████

█████████████████████████████

***Robert Steele***

13.    **Exhibit 43** consists of excerpts from the transcript of the deposition of Robert

Steele, President and Chief Technology Officer of Rightscorp, Inc., on June 11, 2015:

    a.  **21:16 – 26:13:** ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

21

███████████████████████████████████████████████

████████████████████

    b. **114:2 – 9:** A██████████████████████████████████

██████████████████████████

    c. **129:15 – 23:** Mr. Steele testified that only he and Mr. Boswell participated in the development of the code for Rightscorp's Infringement Finder software; Mr. Boswell wrote the code itself, and Mr. Steele "created the specifications."

    d. **130:6 – 11:** Rightscorp did not send notifications of claimed infringement to any ISPs before Mr. Boswell wrote the Infringement Finder software.

    e. **136:19 – 22:** ████████████████████████████████

████████████████████████████████████

███████████████████████████████████

    f. **146:8 –16:** ███████████████████████████████████

██████████████████████████████████

████████████████████████████████████

    g. **152:2 – 154:4:** ███████████████████████████

█████████████████████████████████████

████████████████████████████████████

██████████████████████████

    h. **194:25 – 195:12:** Mr. Steele identified deposition exhibit 2 to his deposition

████████████████████████████████████████

Deposition exhibit 2 is **Exhibit 44** to this declaration.

    i. **217:15 – 218:11:** Mr. Steele admits that ██████████████████

███████████████████████████████

    j. **229:10 – 16:** ███████████████████████████████████

█████████████████████████

k. **250:8 – 18**: Mr. Steele identified deposition exhibit 9 as  Deposition exhibit 9 is **Exhibit 45** to this declaration.

l. **251:5 –14**: Mr. Steele identified deposition exhibit 10 as  Deposition exhibit 10 is **Exhibit 46** to this declaration.

m. **251:23 – 252:17**: Mr. Steele identified deposition exhibit 11 as  Deposition exhibit 11 is **Exhibit 47** to this declaration.

23

n. **260:10 – 21:** Mr. Steele identified deposition exhibit 13 as ███████

███████████████████████████████████

█████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████ Deposition exhibit 13 is

**Exhibit 48** to this declaration.

o. **261:16 – 262:3:** ████████████████████

███████████████████████████████████

████████████████████████████████████████

████████████████

p. **265:1 – 272:5:** Mr. Steele identified deposition exhibit 15 ██████

████████████████████████████████

████████████████████████████████

██████████████████████████████

██████████████████████████████████████████

██████████████████████████████

███████████████████████████████████

████████████ Deposition exhibit 15 is **Exhibit 49** to this declaration.

█████████████████████████████

██████████████████████████████████

████████████████████████████

q. **279:2 – 280:20:** ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████

r. **293:18 – 297:5:** Mr. Steele identified deposition exhibits 19 and 20 as



Deposition exhibits 19 and 20 are **Exhibits 50** and **51** this declaration, respectively.

s. **297:15 – 300:14:** Mr. Steele identified deposition exhibit 21 as a ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That exhibit is **Exhibit 52** to this declaration.

t. **300:7 – 20:** Rightscorp does not know an ISP account holder is the person who has committed alleged infringing acts "until they contact us."  Any such contact occurs after Rightscorp send a notification of claimed infringement.

14.    **Exhibit 53** consists of excerpts from the transcript of the deposition of Robert Steele, Chief Technology Officer of Rightscorp, Inc., as Rightscorp's corporate representative on July 29, 2015:

a. **22:15 – 28:12:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

b. **31:25 – 32:13:** Rightscorp did not develop or maintain any tutorials or other documentation for its manual processes for identifying what songs a given torrent payload purportedly contains.

   c. **47:20 – 48:25:** Mr. Steele testified that he does not recall representing to

   Ms. Frederiksen-Cross that Rightscorp used a sampling ratio to collect full

   file samples for some percentage of the notices Rightscorp generates.

   **Excerpts and Exhibits from Depositions of Plaintiffs' Experts**

15. **Exhibit 54** consists of excerpts from the transcript of the deposition of Barbara

Frederiksen-Cross, an expert witness for Plaintiffs, on August 12, 2015:

   a. **16:7 – 17:5:** Ms. Frederiksen-Cross identified deposition exhibit 1 as



exhibit 1 is **Exhibit 55**

   to this declaration.

   b. **87:8 – 22, 303:1 – 304:2:**

   c. **146:8 – 147:21, 153:10 – 157:19:**

   d. **260:4 – 261:9:** Because Rightscorp implements a 10% bitfield threshold by

   an "ancillary process," after the core Test5.java Infringement Finder

functionality is run, there would be no reason to even know it existed unless one had specific knowledge of the stored procedure's existence.

e. **312:15 – 314:8:** 

f. **314:21 – 317:20:**

g. **318:8 – 321:1:** Ms. Frederiksen-Cross testified to her belief that

and admitted that

She also admitted that

16.    **Exhibit 56** consists of excerpts from the transcript of the deposition of Dr. Terrence P. McGarty, an expert witness for Plaintiffs, on August 7, 2015:

a. **112:7 – 15, 113:3 – 114:19:** Dr. McGarty testified that, short of disabling internet access, Cox cannot control any computer using a subscriber's network connection.  Dr. McGarty also stated that the term "control" means only that Cox can cut the service.  That's it.

b. **177:23 – 178:22:** Dr. McGarty discussed the propriety of throttling or blocking BitTorrent traffic, stating that it would be inappropriate to

27

arbitrarily and capriciously block or throttle specific user traffic on the network and that network traffic should be handled fairly and equally.

17. **Exhibit 57** consists of excerpts from the transcript of the deposition of Ralph Oman, an expert witness for Plaintiffs, on August 10, 2015:

    a.  **90:18 – 91:17:** Mr. Oman identified Exhibit 4 to his deposition as the WIPO Copyright Treaty (WCT).  Deposition exhibit 4 is **Exhibit 58** to this declaration.

    b.  **188:23 – 193:15**:  Mr. Oman was unable to identify the types of objects to which the Section 106(3) distribution right applies, other than a copy of a sound recording, without reviewing the text of Section 106(3).

    c.  **199:7 – 200:20:** Outside "[t]he sale of books over the Internet," Mr. Oman was "not prepared to answer" what other types of transactions Section 106(3) covered.  He was not aware of any sales Rightscorp identified by any Cox subscribers, nor did he believe that Rightscorp's technological system could determine whether a sale took place or not.

    d.  **209:16 – 21:** Mr. Oman admitted that the right of public display under Section 106(5) of the U.S. Copyright Act corresponds to Article 8's right of communications to the public, "though [he has] not studied that issue in detail."

    e.  **210:14 – 211:23:** It is Mr. Oman's "understanding" that the right of public performance under Section 106 corresponds to Article 8's right of communications to the public, "but [he has] not studied this issue recently at any depth."

    f.  **211:24 – 212:6:** Mr. Oman admitted he was "not sure" that the WCT refers to the right of making available.

g. **213:1 – 218:17:** Mr. Oman admitted that Article 6 of the WCT pertains to a right of distribution that involves a making available of tangible objects to the public through sale or other transfer of ownership.

h. **225:21 – 226:3:** Mr. Oman admitted that he "can't point to" any exception from the definition of "copies" as requiring material objects in the Copyright Act.

i. **228:21 – 232:25:** Mr. Oman was aware of no evidence of any sale, other transfer of ownership, rental, lease or lending of anything by Cox subscribers in this case.

**Plaintiffs Produced Settlements That They Executed With a Single Cox Account Holder Along With a Declaration by the Subscriber.**

18.     **Exhibit 59** to this declaration is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Exhibit 60** to this declaration is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which Round Hill President Neil Gillis identified at his deposition on July 29, 2015, *see supra* **Exhibit 2** at 111:1 – 112:9.  At his deposition, Mr. Gillis testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19.     Plaintiffs both produced the same declaration from the account holder who entered into the agreements in Exhibits 59 and 60 above with Plaintiffs.  **Exhibits 61** and **62**  are two copies of the declaration that BMG and Round Hill produced. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



**The Musical Compositions Plaintiffs Assert Against Cox**

20.     **Exhibit 63** is a copy of Plaintiff Round Hill's response to Cox's Interrogatory Number 1. The response contains Schedule B, which lists the works Round Hill alleges to underlie its claims against Cox.

21.     **Exhibit 64** is a copy of Plaintiff BMG's response to Cox's Interrogatory Number 1. The response contains Schedule C, which lists the works BMG alleges to underlie its claims against Cox.

**Plaintiffs' Responses to Cox's Requests for Admission**

22.     **Exhibit 65** is a copy of Plaintiff Round Hill's Objections and Responses to Defendants' Corrected First Set of Requests for Admissions.

23.     **Exhibit 66** is a copy of Plaintiff BMG's Objections and Responses to Defendants' Corrected First Set of Requests for Admissions.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 21, 2015.

_Andrew P. Bridges_
Andrew P. Bridges

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2015, the foregoing was filed and served

electronically by the Court's CM/ECF system upon all registered users.


*/s/ Craig C. Reilly*
Craig C. Reilly (VSB No. 20942)
111 Oronoco Street
Alexandria, VA  22314
Tel:  703-549-5354
Fax:  (703) 549-5355
Email:  craig.reilly.@ccreillylaw.com

*Counsel for Defendants*

31