# EXHIBIT 3

EXHIBIT: 4
DEPONENT Steele
DATE 6-11-15
LORI BARKLEY CSR #6426

# REPRESENTATION AGREEMENT

This Representation Agreement ("Agreement") is entered into as of January 17, 2012, by and between Rightscorp, Inc. d/b/a DigitalRights, a Delaware corporation ("DigitalRights") located at 3100 Donald Douglas Loop North, Santa Monica CA 90405 and Round Hill Music, LLC. (hereinafter, "You" or "Your") located at 667 Madison Avenue, 2nd Floor, New York, NY 10065.

## Background of Agreement

A. DigitalRights is in the business of identifying and monitoring illegal downloads of music, videos and other copyrighted content, forwarding Digital Millennium Copyright Act ("DMCA") notices, and providing a settlement collections model for copyright owners and administrators for online peer-to-peer ("P2P") infringements of their content.

B. You own or control copyrights in and to certain musical compositions and desire to appoint DigitalRights as Your exclusive representative and agent within the territory and during the Term to monitor infringements resulting from unauthorized downloads and uploads (each an "Infringement") by individual infringers (each an "Infringer") on P2P networks (e.g. Limewire, BitTorrent, eDonkey) via the internet of Protected Copyrights, to collect data regarding such infringements, to offer settlements to Infringers on Your behalf and to collect all monies paid in settlement thereof.

## Agreement

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, and intending to be legally bound hereby, the parties hereto agree as follows:

1. You hereby appoint and authorize DigitalRights as your agent throughout the universe (the "Territory") solely to monitor the Internet for Infringements by Infringers of your owned and/or controlled copyrights in and to the musical compositions and master recordings set forth on the attached Schedule A ("Protected Copyrights")(which may be amended from time to time via an addendum to Schedule A, to be sent by You to DigitalRights) and to do the following:

    a. Collect data as to Infringements of the Protected Copyrights;
    b. Send notices (including, without limitation, DMCA notices and takedown letters in the form required by law, if appropriate) to the Internet Service Providers ("ISPs") of infringements by the Infringers, and to negotiate settlements on Your behalf to each Infringer for each identified Infringement of the Protected Copyrights (each a "Settlement");
    c. Collect all amounts from Settlements; and

REPRESENTATION AGREEMENT for Round Hill
Music final.docx
1/24/2012 12:05 PM

Page 1 of 6

HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY

RGHTS00001787



Gillis
EXHIBIT NO. 3
DATE: 7|22|15
Reporter - Cathi Irish

    d. Pay You fifty percent (50%) of the Net Revenues collected by DigitalRights, payable pursuant to Paragraph 6, below. "Net Revenues" shall mean the gross settlement DigitalRights actually receives ("Gross Collection Amount") from Infringers, less fees actually paid to third parties for credit card processing, transaction fees and potential fees to ISPs, but in no event less than 88% of Gross Collection Amounts.

2. This Agreement shall continue for a period of one (1) year and automatically renew in (1) month increments unless either party provides prior written notice of termination to the other party thirty (30) days (the "Term"). The parties agree and acknowledge that no representations, warranties, estimates, or predictions have been made by or on behalf of DigitalRights as to the success of the services provided herein or the extent that it will generate Settlements, if any.

3. You represent that You legally own, control and/or administer the Protected Copyrights.

4. You may consent to adding additional Protected Copyrights to Schedule A or deleting Protected Copyrights from Schedule A in writing (via facsimile, mail or e-mail) requesting such action, and DigitalRights shall timely confirm each modification to the Protected Copyrights upon receipt of any such writing.

5. During the Term DigitalRights shall have the exclusive right to collect settlements for Infringements of the Protected Copyrights. It is contemplated that DigitalRights shall collect settlements of $20.00 for each Infringement, but DigitalRights may accept lower amounts in settlement if in the reasonable judgment of Digital Rights, accepting such lower amount is a prudent business decision. You acknowledge and agree that Digital Rights often offers incentives (in the form of reduced settlement amounts) to Infringers that are guilty of multiple Infringements.

6. DigitalRights shall send You quarterly reports setting forth the Gross Collection Amount for each Protected Copyright, the deductions therefrom and the Net Revenues due You. Payments shall be made on a quarterly basis, with payment being made within forty-five 45 days after the end of each quarterly period. DigitalRights shall keep complete, detailed, and accurate books and records of all Gross Collection Amounts and all deductions therefrom resulting in Net Revenues, during the Term, as well as any amounts received after the Term. You shall have the right to inspect, examine and copy DigitalRights' books and records (an "Audit"), with respect to any statement received by you during the Term and for twelve (12) months thereafter, (the "Audit Period"). You may conduct an Audit: (1) At any time within twelve (12) months following the receipt by You of a statement from DigitalRights during the Audit Period; (2) only with reasonable, advance written notice to DigitalRights; (3) only for the purpose of verifying

HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY     RGHTS00001788

the amounts collected and due to You hereunder; (4) only once with respect to each statement; (5) during regular business hours at DigitalRights' normal place of business; (6) at Your sole cost and expense.

7. You recognize that DigitalRights is providing the service described herein to You on a non-exclusive basis, and accordingly, DigitalRights may perform for others services similar or identical to the service provided to You under this Agreement, and this Agreement does not prevent DigitalRights from providing such services or developing materials that are competitive with those developed or provided hereunder regardless of any similarity to the service provided herein. In the event that You determine in Your sole but reasonable judgment that DigitalRights' interests have become conflicted or otherwise adverse to Your interests, you may terminate the Term at any time on thirty (30) days' written notice to DigitalRights.

8. You hereby represent, warrant and covenant that, with respect to this Agreement: (i) the execution, delivery and performance by You of this Agreement has been or as of the date of execution will have been, duly authorized by all necessary corporate or other required action; (ii) the individual executing such documents on Your behalf was duly authorized to do so; (iii) the Agreement constitutes a legal, valid and binding agreement and is enforceable in accordance with its terms; and (iv) the Protected Copyrights, to Your knowledge, do not violate, misappropriate or infringe upon the intellectual property or other rights of any third party.

9. (a) This Agreement has been entered into in the State of New York, and the validity, interpretation and legal effect of this Agreement shall be governed by the laws of the State of New York applicable to contracts entered into and performed entirely within the State of New York. The state courts of the State of New York in New York County, and the Federal Courts for the Southern District of New York, shall have sole and exclusive jurisdiction and venue of any and all controversies regarding or arising from this Agreement (a "Related Action"). Any Related Action will be brought in those courts, and not elsewhere. In connection with any Related Action, the parties hereto expressly consent to personal jurisdiction in the State of New York and hereby agree to waive any objections based upon lack of personal jurisdiction, lack of subject matter jurisdiction, forum non conveniens or any similar ground.

(b) The prevailing party in any legal action (after all appeals have been taken or the time for taking such appeals has expired) brought by one party against the other and arising out of this Agreement shall be entitled, in addition to any other rights and remedies available to it at law or in equity, to reimbursement for its costs and expenses (including court costs and reasonable fees for attorneys and expert witnesses) incurred with respect to bringing and maintaining any such action. The term "prevailing party" for the purposes

HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY

RGHTS00001789

of this paragraph shall. include a defendant who has by motion, judgment, verdict or dismissal by the court, successfully defended against any claim that has been asserted against it.

10. This Agreement contains the entire understanding and agreement between the parties hereto with respect to the subject matter and supersedes any prior or contemporaneous written or oral agreements, representations, understandings, or warranties between them. No change, modification, waiver, discharge, amendment, or addition to this Agreement shall be binding unless it is in writing and signed by the parties hereto.

11. The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions of this Agreement, and this Agreement shall be construed in all respects as if such invalid or unenforceable provision were omitted.

12. No delay, forbearance, or neglect by either party in the enforcement of any of the conditions, rights or remedies provided for in this Agreement shall constitute a waiver thereof in any instance or for the future.

13. This Agreement may be executed in any number of counterparts each of which shall be enforceable against the parties executing such counterparts, and all of which together shall constitute a single document. Except as otherwise stated herein, in lieu of the original documents, a facsimile transmission, copy or scan of the original documents shall be as effective and enforceable as the original.

14. Any notice given under this Agreement shall be addressed to the parties at their respective addresses as first set forth hereinabove and shall be sufficient if in writing and if personally delivered, or if sent registered or certified mail, return receipt requested, or by reputable overnight courier with proof of delivery, to the following addresses (or at such other addresses as the Parties may designate in writing), all notices shall be deemed given when sent except that a notice of change of address shall only be effective upon its receipt.  Copies of all notices sent hereunder shall be sent as follows, provided that a failure to send any such copy shall not impair the effectiveness of the notice delivered:

| If to You: | If to DigitalRights: |
|---|---|
| Selverne & Company, Pllc<br>83 Riverside Drive – 4th Floor<br>New York, New York 10024<br>Attn: Michael Selverne, Esq.<br>P – 212-259-3900<br>F – 888-709-8533<br>mselverne@selverne.com | As first above written. |

15. DigitalRights and its personnel or agents, in performance of this Agreement, are acting as independent contractors and not as employees or agents of You. Under no circumstance will either party have the right or authority to enter into any contracts or assume any obligations for the other or to give any warranty to or make any representation on behalf of the other, except as expressly set forth herein.

IN WITNESS WHEREOF, the parties have executed this Agreement in Los Angeles, California as of the date set forth above.

| ACCEPTED AND AGREED TO: | ACCEPTED AND AGREED TO: |
|---|---|
| ROUND HILL MUSIC, LLC | RIGHTSCORP, INC. d/b/a DIGITALRIGHTS: |
| By: _____ An Authorized Signatory | By: _____ Christopher Sabec |
| Title: CEO | Title: CEO |
| Date: January 17, 2012 | Date: January 17, 2012 |

HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY

RGHTS00001791

SCHEDULE A annexed to and forming a part of the Representation Agreement by and between Rightscorp, Inc. d/b/a DigitalRights, and Round Hill Music, LLC, dated as of January 17, 2012.

## SCHEDULE OF PROTECTED COPYRIGHTS

HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY

RGHTS00001792