# EXHIBIT 65

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 1:14-cv-1611(LOG/JFA) |
| COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., COXCOM, LLC ) ) ) ) | |
| Defendants. ) ) | |

<u>PLAINTIFF ROUND HILL MUSIC LP'S RESPONSES TO DEFENDANTS'
CORRECTED FIRST SET OF REQUESTS FOR ADMISSIONS</u>

**PROPOUNDING PARTY:**     Defendant COX ENTERPRISES, INC., COX
COMMUNICATIONS, INC., AND COXCOM, LLC

**RESPONDING PARTY:**     Plaintiff ROUND HILL MUSIC LP

**SET NUMBER:**     ONE (Nos. 1 – 58)

Pursuant to Rule 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Round Hill

Music LP ("Round Hill" or "Plaintiff") hereby submits its Objections and Responses to

Defendants Cox Enterprises, Inc., Cox Communications, Inc., and CoxCom, LLC (collectively

"Cox" or "Defendants") Corrected First Set of Requests for Admission ("Requests" or singularly

"Request") to Plaintiff Round Hill Music LP.

<u>PRELIMINARY STATEMENT</u>

Round Hill will respond to each and every Request subject to the general objections set

forth in Plaintiff Round Hill Music LP's Objections to Defendants' Corrected First Set of

- 1 -

Requests for Admission, served on Defendants on or about July 30, 2015. These objections form

a part of the response to each and every Request for Admission set forth herein. Various

objections may be specifically referred to in a response for purposes of clarity. However, failure

to incorporate specifically a general objection should not be construed as a waiver of any such

objection. To the extent that any portion of any Request for Admission is not explicitly

admitted, it is hereby denied.

Round Hill's response to Defendants Requests is subject to and does not waive any

objection to the competency, relevancy, materiality, privilege, or admissibility of these

responses.

Discovery in this case is ongoing. The responses and objections to the Requests provided

herein are based on information known to Round Hill following a reasonable investigation.

Round Hill reserves the right to amend, modify or supplement its responses as it learns of new

information.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Admit that no court has adjudged any subscriber, account holder, or customer of

Defendants to be a repeat infringer.

### RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below,

Round Hill responds as follows: Plaintiff lacks sufficient knowledge or information to answer

this request, and on that basis it is specifically denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections,

Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on

the ground that the terms "court" and "adjudged" are undefined, vague and ambiguous.  Plaintiff

further objects to this request to the extent that the term "repeat infringer" calls for a legal

conclusion.  Plaintiff objects to this request to the extent it seeks information that is protected by

the attorney-client privilege, work product doctrine, common interest privilege, or other

applicable privilege, from disclosure.  Plaintiff further objects to this request on the ground that

Defendants have millions of "subscribers," "account holders" and "customers" and that this

Request is thus overly broad, unduly burdensome and harassing.  Plaintiff further objects to this

request to the extent it requires that Plaintiff search all court records to be able to provide an

answer and is therefore overly broad, unduly burdensome and harassing.  Plaintiff further objects

to this request given that the identity of Defendants' "subscribers," "account holders" or

"customers" is information known to Defendants and unknown to Plaintiff.

### REQUEST FOR ADMISSION NO. 2

Admit that You have no evidence that any court has ever adjudged any subscriber,

account holder, or customer of Defendants to be a repeat infringer.

### RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below,

Round Hill responds as follows:  Plaintiff admits that it is not specifically aware that a court has

ever adjudged any subscriber, account holder, or customer of Defendants to be a repeat infringer,

but Plaintiff lacks sufficient knowledge or information to confirm or deny whether a court has

done so.

Notwithstanding the foregoing response, in order to preserve its applicable objections,

Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on

the ground that the terms "court" and "adjudged" are undefined, vague and ambiguous.  Plaintiff

further objects to this request to the extent that the term "repeat infringer" calls for a legal conclusion. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request on the ground that Defendants have millions of "subscribers," "account holders" and "customers" and that this Request is thus overly broad, unduly burdensome and harassing. Plaintiff further objects to this request to the extent it requires that Plaintiff search all court records to be able to provide an answer and is therefore overly broad, unduly burdensome and harassing. Plaintiff further objects to this request given that the identity of Defendants' "subscribers," "account holders" or "customers" is information known to Defendants and unknown to Plaintiff.

## REQUEST FOR ADMISSION NO. 3

Admit that no court has adjudged any subscriber, account holder, or customer of Defendants to have infringed any copyrighted works that You claim infringement of in this action.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff lacks sufficient knowledge or information to answer this request, and on that basis it is specifically denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "court" and "adjudged" are undefined, vague and ambiguous. Plaintiff further objects to this request to the extent that the term "infringed any copyrighted works" calls for a legal conclusion. Plaintiff objects to this request to the extent it seeks information that is

- 4 -

protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request on the ground that Defendants have millions of "subscribers," "account holders" and "customers" and that this Request is thus overly broad, unduly burdensome and harassing. Plaintiff further objects to this request to the extent it requires that Plaintiff search all court records to be able to provide an answer and is therefore overly broad, unduly burdensome and harassing. Plaintiff further objects to this request given that the identity of Defendants' "subscribers," "account holders" or "customers" is information known to Defendants and unknown to Plaintiff.

## REQUEST FOR ADMISSION NO. 4

Admit that You have no evidence that any court has ever adjudged any subscriber, account holder, or customer of Defendants to have infringed any copyrighted works that You claim infringement of in this action.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff admits that it is not specifically aware that a court has ever adjudged any subscriber, account holder, or customer of Defendants to have infringed any copyrighted works that Plaintiff claims infringement of in this action, but Plaintiff lacks sufficient knowledge or information to confirm or deny whether a court has done so.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "court" and "adjudged" are undefined, vague and ambiguous. Plaintiff further objects to this request to the extent that the term "infringed any copyrighted works" calls for a legal conclusion. Plaintiff objects to this request to the extent it seeks information that is

protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request on the ground that Defendants have millions of "subscribers," "account holders" and "customers" and that this Request is thus overly broad, unduly burdensome and harassing. Plaintiff further objects to this request to the extent it requires that Plaintiff search all court records to be able to provide an answer and is therefore overly broad, unduly burdensome and harassing. Plaintiff further objects to this request given that the identity of Defendants' "subscribers," "account holders" or "customers" is information known to Defendants and unknown to Plaintiff.

**REQUEST FOR ADMISSION NO. 5**

Admit that no court has issued a decision regarding the notifications of claimed infringement that Rightscorp submitted to Defendants on Your behalf.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff lacks sufficient knowledge or information to answer this request, and on that basis it is specifically denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "court," "decision," "regarding" and "notifications of claimed infringement" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent it requires that Plaintiff search all court records to be able to provide an answer and is therefore overly broad, unduly burdensome and harassing. Plaintiff

further objects to this request because it seeks information that is equally available to Defendants. Plaintiff further objects to this request because the identities of all Cox subscribers are unknown to Plaintiff.

## REQUEST FOR ADMISSION NO. 6

Admit that You have no evidence that any court has ever issued any decision regarding any notifications of claimed infringement that Rightscorp submitted to Defendants on Your behalf.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff admits that it is not specifically aware that any court has issued any decision regarding any notifications of claimed infringement that Rightscorp submitted to Defendants on Plaintiff's behalf; but Plaintiff lacks sufficient knowledge or information to confirm or deny whether a court has done so.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "court," "decision," "regarding" and "notifications of claimed infringement" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent it requires that Plaintiff search all court records to be able to provide an answer and is therefore overly broad, unduly burdensome and harassing. Plaintiff further objects to this request because the identities of all Cox subscribers are unknown to Plaintiff.

## REQUEST FOR ADMISSION NO. 7

Admit that no court has ruled on the propriety of the notifications of claimed infringement that Rightscorp submitted to Defendants on Your behalf.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff lacks sufficient knowledge or information to answer this request, and on that basis it is specifically denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "court," "ruled," "propriety" and "notifications of claimed infringement" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent it requires that Plaintiff search all court records to be able to provide an answer and is therefore overly broad, unduly burdensome and harassing.

## REQUEST FOR ADMISSION NO. 8

Admit that You have no evidence that any court has ever ruled on the propriety of any notifications of claimed infringement that Rightscorp submitted to Defendants on Your behalf.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff admits that it is not specifically aware that any court has ruled on the propriety of any notifications of claimed infringement that Rightscorp submitted

to Defendants on Plaintiff's behalf; but Plaintiff lacks sufficient knowledge or information to confirm or deny whether a court has done so.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "court," "ruled," "propriety" and "notifications of claimed infringement" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.  Plaintiff further objects to this request to the extent it requires that Plaintiff search all court records to be able to provide an answer and is therefore overly broad, unduly burdensome and harassing.

**REQUEST FOR ADMISSION NO. 9**

Admit that no court has held that the notifications of claimed infringement that Rightscorp submitted to Defendants on Your behalf establish infringement.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff lacks sufficient knowledge or information to answer this request, and on that basis it is specifically denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "court," "held," "notifications of claimed infringement" and "establish infringement" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.  Plaintiff further

objects to this request to the extent it requires that Plaintiff search all court records to be able to provide an answer and is therefore overly broad, unduly burdensome and harassing.

## REQUEST FOR ADMISSION NO. 10

Admit that You have no evidence that any court has ever held that any notifications of claimed infringement that Rightscorp submitted to Defendants on Your behalf established infringement.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff admits that it is not specifically aware that any court has held that any notifications of claimed infringement that Rightscorp submitted to Defendants on Plaintiff's behalf established infringement; but Plaintiff lacks sufficient knowledge or information to confirm or deny whether a court has done so.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "court," "held," "notifications of claimed infringement" and "established infringement" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent it requires that Plaintiff search all court records to be able to provide an answer and is therefore overly broad, unduly burdensome and harassing.

## REQUEST FOR ADMISSION NO. 11

Admit that all notifications of claimed infringement that Rightscorp submitted to Defendants on your behalf contained language regarding settlement.

- 10 -

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "notifications of claimed infringement" and "language regarding settlement" are undefined, vague and ambiguous. Plaintiff further objects to this request on the ground that it is overly broad, unduly burdensome and harassing; Rightscorp submitted millions of infringement notices to Defendants on Plaintiffs' behalf, whether or not the notifications contained language regarding settlement is equally available to Defendants.

**REQUEST FOR ADMISSION NO. 12**

Admit that You have no evidence that any notifications of claimed infringement that Rightscorp submitted to Defendants on Your behalf did not contain language regarding settlement.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "notifications of claimed infringement" and "language regarding settlement" are undefined, vague and ambiguous. Plaintiff further objects to this request on the ground that it is overly broad, unduly burdensome and harassing; Rightscorp submitted millions

of infringement notices to Defendants on Plaintiffs' behalf, whether or not the notifications contained language regarding settlement is equally available to Defendants.

**REQUEST FOR ADMISSION NO. 13**

Admit that all notifications of claimed infringement that Rightscorp submitted to Defendants on Your behalf during or before December 2011 contained language regarding settlement.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "notifications of claimed infringement" and "language regarding settlement" are undefined, vague and ambiguous. Plaintiff further objects to this request on the ground that it is overly broad, unduly burdensome and harassing; Rightscorp submitted millions of infringement notices to Defendants on Plaintiffs' behalf, whether or not the notifications contained language regarding settlement is equally available to Defendants.

**REQUEST FOR ADMISSION NO. 14**

Admit that You have no evidence that any notifications of claimed infringement that Rightscorp submitted to Defendants on Your behalf during or before December 2011 did not contain language regarding settlement.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "notifications of claimed infringement" and "language regarding settlement" are undefined, vague and ambiguous.  Plaintiff further objects to this request on the ground that it is overly broad, unduly burdensome and harassing; Rightscorp submitted millions of infringement notices to Defendants on Plaintiffs' behalf, whether or not the notifications contained language regarding settlement is equally available to Defendants.

## REQUEST FOR ADMISSION NO. 15

Admit that there is no industry or legal consensus as to what constitutes an appropriate notification for purposes of 28 U.S.C. § 512(a).

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Plaintiff lacks sufficient knowledge or information to admit or deny this request, and on that ground this request is specifically denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "industry," "legal," "consensus," "constitutes," and "appropriate notification" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent it calls for a legal conclusion or expert opinion to answer this request.  Plaintiff objects to this request as beyond the reasonable requirements of Federal Rule of Civil Procedure 36(a)(1) and is unduly burdensome and unreasonable.

## REQUEST FOR ADMISSION NO. 16

Admit that Defendants accommodate and do not interfere with technical measures that are used by copyright owners to identify or protect copyrighted works and have been developed pursuant to a broad consensus of copyright owners and service providers in an open, fair, voluntary, multi-industry standards process, are available to any person on reasonable and nondiscriminatory terms, and do not impose substantial costs on service providers or substantial burdens on their systems or networks.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff lacks sufficient knowledge or information to admit or deny this request, and on that ground this request is specifically denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "accommodate," "interfere," "technical measures," "developed pursuant to a broad consensus of copyright owners and service providers," "open, fair, voluntary, multi-industry standards process," "reasonable," "nondiscriminatory," "terms," "substantial costs," and "substantial burdens" are undefined, vague and ambiguous. Plaintiff also objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished. Plaintiff further objects to this request on the ground that Defendants' activities are known by Defendants. Plaintiff further objects to this request as compound.

## REQUEST FOR ADMISSION NO. 17

Admit that You had knowledge, during or before December 2011, that Cox was not accepting or otherwise processing any notification of claimed infringement that Rightscorp

submitted to Defendants on Your behalf.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "knowledge," "accepting," "processing" and "notification of claimed infringement" are undefined, vague and ambiguous. Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished.

**REQUEST FOR ADMISSION NO. 18**

Admit that You had knowledge, during or before December 2011, that Cox was not accepting or otherwise processing any notification of claimed infringement that Rightscorp submitted to Defendants on Your behalf that contained language regarding settlement.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "knowledge," "accepting," "processing," "notification of claimed infringement" and "language regarding settlement" are undefined, vague and ambiguous. Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished.

**REQUEST FOR ADMISSION NO. 19**

Admit that You had knowledge, during or before July 2012, that Cox was not accepting or otherwise processing any notification of claimed infringement that Rightscorp submitted to Defendants on Your behalf.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "knowledge," "accepting," "processing" and "notification of claimed infringement" are undefined, vague and ambiguous.  Plaintiff further objects to this request to the extent the facts it assumes are inaccurate and/or unestablished.

**REQUEST FOR ADMISSION NO. 20**

Admit that You had knowledge, during or before July 2012, that Cox was not accepting or otherwise processing any notification of claimed infringement that Rightscorp submitted to Defendants on Your behalf that contained language regarding settlement.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "knowledge," "accepting," "processing," "notification of claimed infringement" and "language regarding settlement" are undefined, vague and ambiguous.

- 16 -

Plaintiff further objects to this request to the extent the facts it assumes are inaccurate and/or unestablished.

**REQUEST FOR ADMISSION NO. 21**

Admit that You are not a party to any common interest agreement, whether oral or written, with the National Music Publishers' Association.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "party," and "common interest agreement" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent that it calls for a legal conclusion. Plaintiff further objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.

**REQUEST FOR ADMISSION NO. 22**

Admit that You are not a party to any common interest agreement, whether oral or written, with the National Music Publishers' Association relating to this Litigation.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on

the ground that the terms "party" and "common interest agreement" are undefined, vague and

ambiguous.  Plaintiff objects to this request to the extent that it calls for a legal conclusion.

Plaintiff further objects to this request to the extent that it seeks information that is protected by

the attorney-client privilege, work product doctrine, common interest privilege, or other

applicable privilege, from disclosure.

**REQUEST FOR ADMISSION NO. 23**

Admit that You are not a party to any common interest agreement, whether oral or

written, with the National Music Publishers' Association relating to Cox.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below,

Round Hill responds as follows:  Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections,

Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on

the ground that the terms "party," and "common interest agreement" are undefined, vague and

ambiguous.  Plaintiff objects to this request to the extent that it calls for a legal conclusion.

Plaintiff further objects to this request to the extent that it seeks information that is protected by

the attorney-client privilege, work product doctrine, common interest privilege, or other

applicable privilege, from disclosure.

**REQUEST FOR ADMISSION NO. 24**

Admit that You are not a party to any joint representation agreement, whether oral or

written, with the National Music Publishers' Association.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Admitted.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "party," and "joint representation agreement" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent that it calls for a legal conclusion.  Plaintiff further objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.

**REQUEST FOR ADMISSION NO. 25**

Admit that You are not a party to any joint representation agreement, whether oral or written, with the National Music Publishers' Association relating to this Litigation.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Admitted.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "party," and "joint representation agreement" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent that it calls for a legal conclusion.  Plaintiff further objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.

**REQUEST FOR ADMISSION NO. 26**

Admit that You are not a party to a joint representation agreement, whether oral or written, with the National Music Publishers' Association relating to Cox.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Admitted.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "party," and "joint representation agreement" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent that it calls for a legal conclusion. Plaintiff further objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.

**REQUEST FOR ADMISSION NO. 27**

Admit that You are not a party to any agreement, whether oral or written, with the National Music Publishers' Association relating to this Litigation.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "party," and "agreement" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent that it calls for a legal conclusion. Plaintiff further

objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.

## REQUEST FOR ADMISSION NO. 28

Admit that You are not a party to any agreement, whether oral or written, with the National Music Publishers' Association relating to Cox.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "party," and "agreement" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent that it calls for a legal conclusion.  Plaintiff further objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.

## REQUEST FOR ADMISSION NO. 29

Admit that the National Music Publishers' Association has documents in its possession, custody, or control concerning planning, strategy, tactics, conduct, encouragement, promotion, deliberations, financing, support, suggestions, counsel, or witnesses in connection with the Litigation.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Plaintiff lacks sufficient knowledge or information to admit or deny this request and therefore specifically denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "planning," "strategy," "tactics," "conduct," "encouragement," "promotion," "deliberations," "financing," "support," "suggestions," "counsel," and "witnesses" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent that it requests information that is not in Plaintiff's possession or control.  Plaintiff further objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or agreement, from disclosure.

**REQUEST FOR ADMISSION NO. 30**

Admit that You have provided or exchanged documents with the National Music Publishers' Association concerning planning, strategy, tactics, conduct, encouragement, promotion, deliberations, financing, support, suggestions, counsel, or witnesses in connection with the Litigation.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Admitted.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on

the ground that the terms "planning," "strategy," "tactics," "conduct," "encouragement,"
"promotion," "deliberations," "financing," "support," "suggestions," "counsel," and "witnesses"
are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent that it requests
information that is not in Plaintiff's possession or control.  Plaintiff further objects to this request
to the extent that it seeks information that is protected by the attorney-client privilege, work
product doctrine, common interest privilege, or other applicable privilege or agreement, from
disclosure.

## REQUEST FOR ADMISSION NO. 31

Admit that Rightscorp has provided or exchanged documents with the National Music
Publishers' Association concerning planning, strategy, tactics, conduct, encouragement,
promotion, deliberations, financing, support, suggestions, counsel, or witnesses in connection
with the Litigation.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below,
Round Hill responds as follows:  Plaintiff lacks sufficient knowledge or information to admit or
deny this request and therefore specifically denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections,
Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on
the ground that the terms "planning," "strategy," "tactics," "conduct," "encouragement,"
"promotion," "deliberations," "financing," "support," "suggestions," "counsel," and "witnesses"
are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent that it requests
information that is not in Plaintiff's possession or control.  Plaintiff further objects to this request
to the extent that it seeks information that is protected by the attorney-client privilege, work

product doctrine, common interest privilege, or other applicable privilege or agreement, from

disclosure.

### REQUEST FOR ADMISSION NO. 32

Admit that You have had communications with the National Music Publishers'

Association and/or its agents.

### RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below,

Round Hill responds as follows:  Admitted.

Notwithstanding the foregoing response, in order to preserve its applicable objections,

Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request to

the extent that it seeks information that is protected by the attorney-client privilege, work product

doctrine, common interest privilege, or other applicable privilege or agreement, from disclosure.

### REQUEST FOR ADMISSION NO. 33

Admit that You have had communications, which are not subject to any privilege, with

the National Music Publishers' Association and/or its agents relating to the Litigation.

### RESPONSES:

Without waiving any of its General Objections, Round Hill responds as follows:

Admitted.

### REQUEST FOR ADMISSION NO. 34

Admit that You have had communications, which are not subject to any privilege, with

the National Music Publishers' Association and/or its agents relating to Cox.

- 24 -

RESPONSES:

Without waiving any of its General Objections, Round Hill responds as follows:

Admitted.

REQUEST FOR ADMISSION NO. 35

Admit that Rightscorp is not providing legal services to You.

RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below,

Round Hill responds as follows:  Plaintiff specifically admits that Rightscorp is not and has

never acted as Plaintiff's legal counsel; Plaintiff, otherwise specifically denies this request

because the term "providing legal services" is vague and ambiguous and Plaintiff cannot

understand what this request is asking.

Notwithstanding the foregoing response, in order to preserve its applicable objections,

Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on

the ground that the term "providing legal services" is undefined, vague and ambiguous.  Plaintiff

objects to this request to the extent that it seeks information that is protected by the attorney-

client privilege, work product doctrine, common interest privilege, or other applicable privilege

or agreement, from disclosure.

REQUEST FOR ADMISSION NO. 36

Admit that You are not providing legal services to Rightscorp.

RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below,

Round Hill responds as follows:  Plaintiff admits that it is not and has never provided legal

counsel for Rightscorp outside of their agency relationship with Plaintiff; Plaintiff, otherwise

specifically denies this request because the term "providing legal services" is vague and ambiguous and Plaintiff cannot understand what this request is asking.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the term "providing legal services" is undefined, vague and ambiguous. Plaintiff objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or agreement, from disclosure.

## REQUEST FOR ADMISSION NO. 37

Admit that You and Rightscorp are not related as attorney and client or as client and attorney.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff admits that it is not and has never provided legal counsel for Rightscorp outside of their agency relationship with Plaintiff and that Rightscorp has never provided Plaintiff any form of legal counsel; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the term "related" is undefined, vague and ambiguous. Plaintiff objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or agreement, from disclosure.

**REQUEST FOR ADMISSION NO. 38**

Admit that You authorized Rightscorp to detect, monitor, and investigate infringements associated with Cox Internet service accounts.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "authorized," "detect," "monitor," "investigate," and "associated" are undefined, vague and ambiguous.

**REQUEST FOR ADMISSION NO. 39**

Admit that You authorized Rightscorp to threaten litigation by You to enforce Your rights in copyrights.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "threaten litigation," "your rights" and "copyrights" are undefined, vague and ambiguous. Plaintiff further objects to this request to the extent the facts it assumes are inaccurate and/or unestablished, to the extent that it is prefaced on a legal assumption and/or calls for a legal conclusion. Plaintiff further objects to this request to the extent that copyrights are not specified.

**REQUEST FOR ADMISSION NO. 40**

Admit that You authorized Rightscorp to negotiate settlements of claims of infringement of Your rights in copyrights.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "negotiate settlements of claims of infringement," "your rights" and "copyrights" are undefined, vague and ambiguous. Plaintiff further objects to this request to the extent the facts it assumes are inaccurate and/or unestablished, to the extent that it is prefaced on a legal assumption, and/or calls for a legal conclusion. Plaintiff further objects to this request to the extent that copyrights are not specified.

- 28 -

**REQUEST FOR ADMISSION NO. 41**

Admit that You authorized Rightscorp to settle claims of infringement of Your rights in copyrights.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Admitted.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "settle claims of infringement," "your rights" and "copyrights" are undefined, vague and ambiguous.  Plaintiff further objects to this request to the extent the facts it assumes are inaccurate and/or unestablished, to the extent that it is prefaced on a legal assumption and/or calls for a legal conclusion.  Plaintiff further objects to this request to the extent that copyrights are not specified.

**REQUEST FOR ADMISSION NO. 42**

Admit that You authorized Rightscorp to release persons of claims of copyright infringement on Your behalf.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Admitted.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "release," "persons" and "claims" are undefined, vague and ambiguous.

Plaintiff further objects to the extent the facts it assumes are inaccurate and/or unestablished, to the extent that it is prefaced on a legal assumption and/or calls for a legal conclusion.

## REQUEST FOR ADMISSION NO. 43

Admit that You authorized Rightscorp to issue invoices to alleged infringers for amounts due for alleged infringement of Your rights in copyrights.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "authorized," "issue," "invoices," "amounts due," "your rights" and "copyrights" are undefined, vague and ambiguous. Plaintiff further objects to this request to the extent the facts it assumes are inaccurate and/or unestablished, to the extent that it is prefaced on a legal assumption and/or calls for a legal conclusion. Plaintiff further objects to this request to the extent that copyrights are not specified.

## REQUEST FOR ADMISSION NO. 44

Admit that You authorized Rightscorp to collect payments by persons in connection with allegations of infringement of Your rights in copyrights.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "authorized," "collect payments," "your rights" and "copyrights" are undefined, vague and ambiguous. Plaintiff further objects to this request to the extent the facts it assumes are inaccurate and/or unestablished, to the extent that it is prefaced on a legal assumption and/or calls for a legal conclusion. Plaintiff further objects to this request to the extent that copyrights are not specified.

**REQUEST FOR ADMISSION NO. 45**

Admit that You authorized Rightscorp to advise persons accused of copyright infringement of their obligations and liabilities under copyright law.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "authorized," "advise," "accused," "obligations," "liabilities" and "copyright law" are undefined, vague and ambiguous.  Plaintiff also objects to this request on the ground that it is unbounded by time, relevant subject matter or location and is therefore unreasonably vague and unduly burdensome.  Plaintiff further objects to this request to the extent the facts it assumes are inaccurate and/or unestablished, to the extent that it is prefaced on a legal assumption and/or calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 46**

Admit that You approved the telephone script for Rightscorp telephone agents as shown in Exhibit 2 of the deposition of Christopher Sabec for use in enforcing Your copyrights.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the term "approved" is undefined, vague and ambiguous.  Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished.

**REQUEST FOR ADMISSION NO. 47**

Admit that You never instructed Rightscorp that it could not omit settlement demand or offer language from notifications of claimed copyright infringement on Your behalf.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Plaintiff denies this request because it is unintelligible.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "instructed," "could not omit settlement demand," "offer language from notifications" and "notifications of claimed copyright infringement" are undefined, confusing, vague, and ambiguous and Plaintiff cannot understand what this request seeks. Plaintiff also objects to this request on the ground that it is unbounded by time, relevant subject matter or location and is therefore unreasonably vague and unduly burdensome.

**REQUEST FOR ADMISSION NO. 48**

Admit that You instructed Rightscorp that it must include settlement demands or offers in notifications of claimed copyright infringement on Your behalf.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Denied.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "instructed," "settlement demands," "offers" "notifications of claimed copyright infringement" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.  Plaintiff also

objects to this request on the ground that it is unbounded by time, relevant subject matter or location and is therefore unreasonably vague and unduly burdensome.

## REQUEST FOR ADMISSION NO. 49

Admit that You authorized Rightscorp to indicate to Internet subscribers that they might lose Internet service unless they settled claims of infringement of Your rights in copyrights.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "authorized," "indicate," "lose" "your rights" and "copyrights" are undefined, vague and ambiguous.  Plaintiff further objects to this request on the ground that it does not specify which "Internet subscribers" "Internet service" or "copyrights" the request applies to.  Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.  Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished.

## REQUEST FOR ADMISSION NO. 50

Admit that You authorized Rightscorp to indicate to Internet subscribers that they might lose Internet service until they settled claims of infringement of Your rights in copyrights.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "authorized," "indicate," "lose," "your rights" and "copyrights" are undefined, vague and ambiguous. Plaintiff further objects to this request on the ground that it does not specify which "Internet subscribers" "Internet service" or "copyrights" the request applies to. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished.

**REQUEST FOR ADMISSION NO. 51**

Admit that You authorized Rightscorp to initiate transmissions to itself or its agents of sound recordings from computers associated with Cox subscriber accounts.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that

- 35 -

identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "authorized," "initiate," "transmissions," "sound recordings" and "computers associated with Cox subscriber accounts" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished.

## REQUEST FOR ADMISSION NO. 52

Admit that You authorized Rightscorp to receive transmissions to itself or its agents of sound recordings from computers associated with Cox subscriber accounts.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "authorized," "receive," "transmissions," "sound recordings" and "computers associated with Cox subscriber accounts" are undefined, vague and ambiguous.

Plaintiff objects because "to itself" is vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished.

## REQUEST FOR ADMISSION NO. 53

Admit that You authorized Rightscorp to store files of sound recordings received by transmission from computers associated with Cox subscriber accounts.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "authorized," "store files," "sound recordings," "transmission" and "computers associated with Cox subscriber accounts" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished.

**REQUEST FOR ADMISSION NO. 54**

Admit that You authorized Rightscorp to store sound recordings received by transmission from computers associated with Cox subscriber accounts.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff specifically admits that it authorized Rightscorp to identify infringement of its copyrighted works, send infringement notices related to that identification, handle settlements on its behalf, and carry out the tasks necessary for those functions; Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "authorized," "store," "sound recordings" and "transmission" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished. Plaintiff further objects to this request to the extent that it is vague as to a timeframe. Plaintiff further objects to this request to the extent it seeks information in the possession or control of a third party.

**REQUEST FOR ADMISSION NO. 55**

Admit that Rightscorp bases notices of claimed copyright infringement upon a determination that a computer at the IP address at the time that the notices specify stores portions of a torrent payload, not necessarily all of a torrent payload.

- 38 -

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Plaintiff lacks sufficient knowledge or information to admit or deny this request, and on this basis it hereby denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "bases," "determination," "stores portions of a torrent payload, not necessarily all of a torrent payload" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure. Plaintiff further objects to this request to the extent that the facts it assumes are inaccurate and/or unestablished.  Plaintiff also objects to this request as compound.

**REQUEST FOR ADMISSION NO. 56**

Admit that, at the time Rightscorp has submitted notifications of claimed copyright infringement on Your behalf with respect to a Cox account, neither You nor Rightscorp whether the account holders were the persons engaging in the allegedly infringing activity.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Plaintiff denies this request because it is unintelligible.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "notifications of claimed copyright infringement," "account holders" and "infringing activity" are undefined, vague and ambiguous.  Plaintiff objects to this request on

the ground that it seeks information in the possession or control of a third party. Plaintiff further objects to this request to the extent that it is not limited temporally or by subject matter. Plaintiff objects to this request on the ground that it is unintelligible.

## REQUEST FOR ADMISSION NO. 57

Admit that You engaged in discussions or other communications with Rightscorp in the planning of this lawsuit against Cox.

## RESPONSES:

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows: Plaintiff admits that it has had communications and other discussions with Rightscorp from the time Plaintiff engaged Rightscorp as its agent until the present; to the extent that these discussions were for the purpose of facilitating legal advice or were in anticipation of litigation, those discussions or other communications are privileged. Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds: Plaintiff objects to this request on the ground that the terms "engaged in discussions," "communications" and "planning of this lawsuit" are undefined, vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.

## REQUEST FOR ADMISSION NO. 58

Admit that You engaged in discussions or other communications with Rightscorp with regard to the timing of the filing of this lawsuit against Cox.

**RESPONSES:**

Without waiving any of its General Objections or the specific objections set forth below, Round Hill responds as follows:  Plaintiff admits that it has had communications and other discussions with Rightscorp from the time Plaintiff engaged Rightscorp as its agent until the present; to the extent that these discussions were for the purpose of facilitating legal advice or were in anticipation of litigation, those discussions or other communications are privileged. Plaintiff otherwise denies this request.

Notwithstanding the foregoing response, in order to preserve its applicable objections, Round Hill objects to this Request on the following grounds:  Plaintiff objects to this request on the ground that the terms "engaged in discussions," "communications" and "timing of the filing of this lawsuit" are undefined, vague and ambiguous.  Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, from disclosure.

Dated: August 13, 2015

/s/ Jeremy D. Engle

Jeremy D. Engle (VSB #72919)
Paul Gennari (VSB # 46890)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902

Walter D. Kelley, Jr. (VSB# 21622)
HAUSFELD LLP
1700 K Street, NW
Suite 650
Washington, DC 20006

*Attorneys for Round Hill Music LP*

Of Counsel:

Michael J. Allan
William G. Pecau
John M. Caracappa
Stephanie L. Roberts
Elizabeth McKenzie
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia  30601
Tel. (706) 548-0970
Fax: (706) 369-8869

**CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing was served via e-mail on the 13th

day of August 2015, upon counsel of record.

Dated: August 13, 2015

/s/ Jeremy D. Engle
Jeremy D. Engle