UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP <br><br> Plaintiffs, <br><br> v. <br><br> COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., COXCOM, LLC <br> Defendants. | Case No. 1:14-cv-1611(LOG/JFA) |

**PLAINTIFFS' EMERGENCY MOTION TO STRIKE DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' BRIEF IN SUPPORT**

Plaintiffs BMG Rights Management (US) LLC and Round Hill Music LP ("Plaintiffs") respectfully request that this Court strike Defendants Cox Communications, Inc., and CoxCom, LLC's ("Cox") Memorandum in support of its Motion for Summary Judgment.[1]  Cox, in its memorandum, violated the requirement of this Court's Rules that briefs be double spaced in a surreptitious attempt to evade the page limitations for summary judgment.  Cox instead compressed the line spacing in order to substantially increase the length of its brief, evade the Rules' 30-page limit on briefs, and gain an unfair advantage on summary judgment.  The Court should not countenance Cox's behavior and should strike Cox's Memorandum in Support of its Motion for Summary Judgment (Dkt No. 306) for failure to comply with the Local Rules.  In support of its motion, Plaintiffs state the following:

---

[1] Plaintiffs move on an emergency basis because of the summary judgment briefing schedule. Opposition briefs are due on October 13.

1

1. Local Rule 7(f)(3) requires that, "[e]xcept for good cause show *in advance of filing*, opening and responsive briefs . . . shall not exceed thirty (3) 8/12 x 11 inch pages *double-spaced* . . . ." (emphasis added). The Rule also provides that "[a]ll briefs, including footnotes, shall be written in 12 point Roman style or 10 pitch Courier style with one inch margins."

2. The Court's March 11, 2015 Rule 16(B) order requires that "all motions must adhere to the page limits and font requirements set forth in Local Civil Rule 7(F)(3)." Dkt No. 49 ¶ 5.

3. In an August 5, 2015 consent motion regarding the pre-trial schedule, the parties promised to "meet and confer . . . in advance of the final pretrial conference" regarding "enlarg[ing] the number of pages for summary judgment briefing" and "present their positions to the Court at that time." Dkt No. 178 ¶ 5.

4. Cox did not raise enlargement of the page limits for summary judgment briefing at the August 20, 2015 pre-trial conference.

5. On September 4, 2015, approximately 2 weeks before the summary judgment briefs were due, counsel for Cox asked Plaintiffs if they would join Cox in asking for an increase in the page limits for summary judgment. *See* Ex. 1 (Email from Andrew Bridges to Michael Allan and Walter Kelley, September 4, 2015, ". . . we propose an increase of 50% across the board in page limits for our upcoming MSJ . . . Will you join us in asking the Court for this?").

6. Plaintiffs responded that they "do not agree to a page limit extension for summary judgment briefing." As counsel for Plaintiffs explained, the Parties had agreed (and promised the Court) "to confer on any possible summary judgment page limit enlargements prior to the [August 20] final pretrial conference and to present any such proposal at that time." By September 4, Plaintiffs "ha[d] been working to prepare their submissions within the page limits

set forth in the local rules," making it "simply too late to change the limits as you have requested." *Id.*

7.  Rather than ask the Court for additional pages, Cox took matters into its own hands. Cox filed a brief that appeared to be within the thirty-page limit. However, Cox compressed the line spacing in order to evade the page limit. While not quite so obvious as adding extra pages, Cox's clandestine tactic is equally against the Rules. *See* Local Rule 7(f)(3) ("thirty (30) 8/12 x 11 inch pages *double-spaced*") (emphasis added).

8.  Cox properly used full double spacing for many previous filings in this litigation. *See, e.g.*, Dkt No. 191. And the double-spacing requirement appears within the same sentence as the 30-page limit in the Local Rules.

9.  Cox substantially increased the length of its brief with its tactic. A document in double-spaced Times New Roman 12 point font and printed on 8.5 x 11 inch paper with one inch margins will contain 23 lines of text per page (unless affected by footnotes or headings). *See* Pls.' Mem. Supp. Mot. Partial SJ (Dkt No. 324) at 22; *P.G. ex rel. D.G. v. City Sch. Dist. of New York*, No. 14 CIV. 1207 KPF, 2015 WL 787008, at *1 n. 2 (S.D.N.Y. Feb. 25, 2015) ("Plaintiffs' counsel abused the page limit and violated the Local Rules by reducing the line spacing to slightly less than double-spaced. This meant that rather than having 23 lines per page, Plaintiffs had 27 lines per page."). Cox's brief contains 27 lines of text on pages without headings or footnotes. *See* Defs.' Mem. Supp. Mot. SJ (Dkt No. 306) at 20.

9.  Compressing the line spacing allowed Cox to include an additional four lines of text per page – or more than five additional pages worth of content in a thirty page brief. Though both Plaintiffs and Cox submitted 30-page briefs in support of their motions for summary judgment, Cox's brief included more than 1,300 extra words. Cox's memorandum (from

introduction to conclusion, including footnotes) contains 11,025 words. By contrast, Plaintiffs' memorandum (from introduction to conclusion, including footnotes) contains 9,721 words.

10. By altering the spacing in its memorandum, Cox violated the Local Rules to gain an advantage on summary judgment, without seeking leave of Court or obtaining Plaintiffs' consent.

11. Cox's deliberate disregard for the Rules prejudices Plaintiffs and cannot be remedied by a supplemental filing. Accordingly, Cox's Memorandum in Support of its Motion for Summary Judgment should be stricken.

12. Plaintiffs were selective in addressing the many issues in this case on summary judgment as a result of the page limitation. By contrast, Cox's over-length brief allows it to address more issues, to which Plaintiffs will not have the same amount of space to respond. Allowing Cox to have more space for briefing is fundamentally unfair.

13. Nor would it be fair to permit Cox to make a supplemental filing compliant with the Rules. Cox should not be given extra time to revise and tailor its Memorandum in Support of its Motion for Summary Judgment nor the advantage of reviewing Plaintiffs' summary judgment motion in drafting its own. Giving Cox a re-do at this stage would be unfair to Plaintiffs.

14. Moreover, the briefing schedule is already set, with Plaintiffs' responses due in less than three weeks. Allowing Cox to file a revised brief will substantially cut into Plaintiffs' time to respond. Conversely, extending Plaintiffs' deadline will push it into the middle of the one week that Plaintiffs' have to draft a reply in support of their own summary judgment motion.

15. Striking Cox's Memorandum in Support of its Motion for Summary Judgment properly holds Cox responsible for its misconduct without prejudicing Plaintiffs. Cox intentionally and clandestinely sought to evade this Court's Rules regarding the length of briefs

in order to award itself an extension of pages that it did not seek from the Court and to which Plaintiffs did not agree. It should not be permitted to profit from that behavior.

16. Should the Court be unwilling to strike Cox's Memorandum, Plaintiffs respectfully request that the Court require Cox to promptly file a double-spaced, thirty-page memorandum that contains no revisions or additions to the text of its existing memorandum. In other words, Cox should be required to do nothing but delete language from its existing memorandum without making any changes to the text or arguments to remain. This is essential to prevent Cox from profiting from its conduct by obtaining extra time to revise its non-compliant brief. Any modification should be limited strictly to the deletion of text.

\*   \*   \*

For the foregoing reasons, Plaintiffs request that this Court strike Cox's Memorandum in Support of its Motion for Summary Judgment or, in the alternative, require Cox to meet the pleading limits of Rule 7(f)(3) by deleting text from their current memorandum.

Respectfully submitted,

/s/ Jeremy D. Engle
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
Paul Gennari (VSB No. 46890)
pgennari@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Walter D. Kelley, Jr. (VSB No. 21622)
HAUSFELD, LLP
1700 K Street, NW
Washington, DC 20006
Tel: (202) 540-7157

Fax: (202) 540-7201

*Of Counsel*
Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Roger E. Warin (admitted *pro hac vice*)
Jeffrey M. Theodore (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia 30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

/s/ *Jeremy D. Engle*
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902