**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP, <br><br> Plaintiff, <br><br> v. <br><br> COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., and COXCOM, LLC, <br><br> Defendants. | Case No. 1:14-cv-1611 (LOG/JFA) |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO STRIKE**

**INTRODUCTION**

On September 21, 2015, Cox filed its motion for summary judgment (Doc. 305) and memorandum in support (Doc. 306). Plaintiffs have now moved to strike Cox's summary judgment memorandum because Cox's brief is uses Exactly 24-point spacing, rather than "double-spaced." (Doc. 331.) As explained further below, Cox was not acting surreptitiously or trying to evade the page-limit. Cox has filed several other briefs in this case using Exactly 24-point spacing, and none drew objections. Moreover, in the federal courts where Cox's lead counsel (Fenwick & West) typically practice, the local rules equate Exactly 24-point spacing and double-spaced, and so it is Fenwick's standard practice to draft briefs with Exactly 24-point spacing. Cox's counsel had no intention to evade the page limitations in the local rules.

Nevertheless, Cox recognizes that this Court might interpret the term "double-spaced" in Local Civil Rule 7(F)(3) to preclude the use of Exactly 24-point spacing. If so, Cox, its lead counsel, and its local counsel, all apologize. If Cox has erred, however, it respectfully submits

1

that Plaintiffs' motion can be reasonably addressed in one of two ways: (1) Plaintiffs can be allowed three-to-four additional pages for their brief in opposition to Cox's motion, or (2) Cox can promptly will file a 30-page, double-spaced brief that only removes, and does not add, substance. Under either of those two scenarios, Plaintiffs will suffer no prejudice.

## ARGUMENT

Fenwick has taken the lead on all of the substantive briefing in this case, including the summary judgment brief. In the federal courts where Fenwick's lawyers most frequently practice, briefs are prepared and filed using Exactly 24-point spacing and, under the local rules in those courts, that spacing constitutes "double-spacing." *See, e.g.,* U.S. District Court for the Northern District of California Civil Local Rule 3-4(a)(c)(2) ("Text must appear on one side only and must be ***double-spaced with no more than 28 lines per page*** …") (emphasis added); U.S. District Court for the Central District of California Local Rule 11-3.2 ("All documents shall be formatted for 8 ½ x 11inch paper, and shall be numbered on the left margin ***with not more than 28 lines per page***. The lines on each page shall be ***double-spaced*** and numbered consecutively with line 1 beginning at least one inch below the top edge of the paper.") (emphasis added); U.S. District Court for the Western District of Washington Local Civil Rule10(e)(1) ("The text of any typed or printed brief must be 12 point or larger and must, with the exception of quotations, be double spaced") Rule10(e)(5) ("Each pleading, motion or other filing shall bear line numbers in the left margin …"; local Washington practice is that pleading paper has 26-28 numbered lines of text). Thus, many federal courts — including those where Fenwick's lawyers most frequently appear — equate "double-spacing" with Exactly 24-point spacing, which results in 26 to 28 lines per page to match the line-numbering in the margin.

Plaintiffs assert that "[a] document in double-spaced Times New Roman 12 point font and printed on 8.5 x 11 inch paper with one inch margins will contain 23 lines of text per page (unless affected by footnotes or headings)." But, as noted above, that is not a universal standard. Rather, it is a function of the "Double" spacing default-setting in Microsoft Word. That default-setting actually results in 15% more space between lines than is required to double-space 12-point type.[1] Because there is no standard or universal understanding that "double-spaced" for 12-point font type means 24-point *plus 15%*, as in Microsoft Word, Cox respectfully submits that this Court's local rules should not be interpreted as strictly as Plaintiffs now contend.

Moreover, contrary to Plaintiffs' claims, Cox was not acting in a "surreptitious" or "clandestine" manner. To be sure, as Plaintiffs point out, some of Cox's prior briefs used the Microsoft Word default double-spacing (*e.g.*, Doc. 191) — but others used Exactly 24-point. For example, several recently filed briefs (*e.g.*, Doc. 243, 249, 270 & 273) used Exactly 24-point spacing. Neither Plaintiffs nor the Court raised any objection regarding those filings.

Cox concedes that, by using 27 lines per page, its summary judgment brief has more lines (and words) than a 30-page brief using the Microsoft Word "Double" spacing default-setting. That spacing difference adds between three and four pages of text (depending on the placement of headings, footnotes, etc.). But Cox respectfully submits that the issues in this extraordinary case would justify a longer brief.

To exceed the page-limits set forth in the local rules, a party must make a showing of good cause. *DAG Petrol. Suppliers, LLC v. BP P.L.C.*, 1:05cv1323 (JCC), 2006 WL 2345908,

---

[1] *See, e.g.*, "Typograph For Lawyers: One Space, Double Spacing, And Other Good Ideas," *Bluegrassroots.org* (May 19, 2012) ("The court's requirement to double space your briefs does not mean, however, that you just go into Microsoft Word and pound the 'double space' button. True double spacing for a 12-point font means setting your line spacing at 'Exactly' 24 points. Using Microsoft Word's default 'double space' will give you line spacing greater than 24 points– about 15% greater, in fact.").

*1 (E.D. Va., Aug. 9, 2006). To be sure, this showing cannot be perfunctory: "conclusory references to the complexity of the case are an utterly insufficient basis to waive the page limitations imposed by the local rules." *Id*. at *4-5. It cannot be gainsaid that this case is complex and substantial. What is more, it presents novel theories of secondary copyright infringement liability. Indeed, the parties made a *joint request* to enlarge the pretrial period because of their "mutual recognition of the complexity of the legal and factual issues." (Doc. 42 at 1) ("a 60-day extension of the discovery period has been sought based upon the parties' mutual recognition of the complexity of the factual and legal issues in this copyright infringement case, which became apparent during the parties' Rule 26(f) planning conference"). The Court agreed and granted the extension requested. (Doc. 48.) The same "complexity of legal and factual issues" exists now, and would justify the slight enlargement of Cox's opening brief—albeit retroactively.

     Cox respectfully submits that there are no compelling grounds for striking Cox's brief, or certainly for any sanction terminating Cox's summary judgment motion.[2] As explained above, there was no intent to evade the page-limit. But if Cox erred and used the wrong line-spacing, then the question is the appropriate remedy.

---

[2] Plaintiffs' suggest that the Court should strike Cox's summary judgment *motion* because the memorandum arguably had a technical deficiency. That would be an unfair and unreasonable sanction. Nor is there any legal support for such a result. Even in the one case cited by Plaintiffs, *P.G. ex rel. D.G. v. City Sch. Dist. of New York*, No. 14 CIV. 1207 KPF, 2015 WL 787008, *1 n. 2 (S.D.N.Y. Feb. 25, 2015), the Court did nothing more than admonish the party for its tactics without any further penalty. *Accord McNair v. Maxwell & Morgan PC*, No. CV-14-00869-PHX-DGC, 2015 WL 5561297, *1 n.1 (D. Ariz., Sep. 22, 2015) ("Striking Plaintiff's motion [for summary judgment] is too harsh a remedy for these violations [including failure to double-space], but Plaintiff's counsel is admonished to follow the case management order and local rules in the future."); *Wright v. Monroe Community Hosp.*, No. 09–CV–6593, 2011 WL 3236224, *1 n.1 (W.D.N.Y., Jul. 28, 2011) ("While Defendant did not double space its [motion to dismiss] brief, I do not find the mistake warrants the harsh sanction of striking its memorandum. However, Defendant should double-space future submissions in accordance with Local Rule 10(a).").

Cox submits that two other remedies are better-suited than striking Cox's brief. *First*, the Court can accept Cox's memorandum as filed, and can allow Plaintiffs an equivalent amount of extra space (three to four pages) for their opposition brief. *Second*, and alternatively, the Court could order Cox to immediately file a replacement 30-page memorandum using Microsoft Word's default "Double" spacing. Plaintiffs suggest this alternative, as well. (Doc. 331, ¶ 16.) While Cox does not believe that the second alternative is a necessary or the most appropriate remedy, Cox respects that the Court may think otherwise. If the Court were to order that remedy, of course, Cox would only *remove* substance from its memorandum, and not add any substance. Cox further notes that Plaintiffs' opposition brief is not due until October 13, so there is ample time for Plaintiffs to respond to Cox's revised brief (if ordered) without disrupting the briefing schedule.

## **CONCLUSION**

As explained above, Cox's counsel did not intend any violation of the local rules. Nevertheless, if the Court interprets the local rule as precluding Exactly 24-point spacing, Cox, its lead counsel, and its local counsel apologize for having failed to comply with the local rule's line-spacing requirements. Furthermore, assuming that relief is due to Plaintiffs, Cox respectfully submits that Plaintiffs' concerns may be addressed by the alternatives outlined above, either of which will prevent any prejudice to Plaintiffs.

Dated: September 24, 2015                                    Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL:   (703) 549-5354
FAX:   (703) 549-5355
E-MAIL: craig.reilly@ccreillylaw.com

*Counsel for Defendants*

*Of Counsel for Defendants*

Andrew P. Bridges (*pro hac vice*)
David L. Hayes (*pro hac vice*)
Jedediah Wakefield (*pro hac vice)*
Guinevere L. Jobson (*pro hac vice*)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel:  (415) 875-2300
Fax:  (415) 281-1350
Email:    abridges@fenwick.com
             gjobson@fenwick.com

Brian D. Buckley (*pro hac vice*)
Fenwick & West LLP
1191 2nd Avenue, 10th Floor
Seattle, WA  98101
Tel: (206) 389-4510
Fax:  (206) 389-4511
Email:    bbuckley@fenwick.com

Armen N. Nercessian (*pro hac vice*)
Ronnie Solomon (*pro hac vice*)
Ciara Mittan (*pro hac vice*)
Fenwick & West LLP
801 California Street
Mountain View, CA  94041
Tel:  (650) 988-8500
Fax:  (650) 938-5200
Email:    anercessian@fenwick.com
             rsolomon@fenwick.com
             cmittan@fenwick.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2015, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users:

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Defendants*