UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BMG RIGHTS MANAGEMENT )<br>(US) LLC, and ROUND HILL )<br>MUSIC LP )<br>   )<br>   Plaintiffs, )<br>   )<br>   v.   )<br>   )<br>COX ENTERPRISES, INC., )<br>COX COMMUNICATIONS, INC., )<br>COXCOM, LLC )<br>   Defendants.   )<br>_____) | Case No.  1:14-cv-1611(LOG/JFA) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
EMERGENCY MOTION TO STRIKE DEFENDANTS' MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs respectfully submit this reply to Cox's opposition to their motion to strike Cox's summary judgment brief.

Cox claims that it compressed the line spacing in its summary judgment brief not in order to evade the page limit but as in accordance with its counsel's "standard practice to draft briefs with Exactly 24-point spacing" under the California local rules. Opp. at 1. The record contradicts this assertion. From the filing of this lawsuit until the end of August, Cox's lawyers – who practice nationally and are associated with experienced local counsel – filed properly double-spaced papers. *See* Dkt Nos. 1-237. Then, on August 28, Cox filed three discovery motions. The brief in support of the first was six pages and was properly double spaced. *See* Dkt. No. 238. The brief in support of the second was a full thirty pages and had compressed line spacing. *See* Dkt. No. 243. The brief in support of the third also had compressed line spacing, though it was not full length. *See* Dkt. No. 249. The other motion papers were all properly

1

double spaced. *See* Dkt Nos. 237, 239-42, 244-48, 250-51. In Cox's summary judgment filing, Cox again compressed the line spacing of the brief. This time it conformed all of the summary judgment papers, except one declaration that had been executed three days before. *See* Dkt Nos. 305, 306, 311, 313-22. In other words, Cox knew and followed the Rules – until recently, when it ran up against the page limits.

Cox also "respectfully submits that the issues in this extraordinary case would justify a longer brief." Opp. at 3. But the time to ask for additional pages was at the pre-trial hearing, consistent with the Parties' representation to the Court, *see* Dkt No. 178 ¶ 5, or at least after Plaintiffs declined Cox's later proposal to enlarge the briefs. Instead, Cox took more than five additional pages.[1] Allowing Cox several additional pages now (and expanding Plaintiffs' opposition) gives Cox the relief it has desired from the start but did not move for "in advance of filing," as required by Local Rule 7(F)(3). It would also deprive Plaintiffs of a corresponding opportunity to raise additional issues that they dropped from their summary judgment motion for page reasons. The Court should not reward Cox's gamesmanship.[2]

Nor is it fair to give Cox extra time to revise its memorandum, with the only restriction that Cox "not add any substance" – Cox's alternative proposal. Opp. at 5. Cox should not have additional days to wordsmith its brief to meet the page limit, especially with that time taken from Plaintiffs' time to respond. Cox's sophisticated lawyers knew how to comply with the Rules, as they did for eight months until the end of August. Cox – not Plaintiffs – should suffer the

---

[1] Cox's suggestion of 3-4 pages, Opp. at 5, is not correct. Cox obtained an additional four lines on thirty pages, or an extra 120 lines. That is more than five additional 23-line pages.

[2] Cox also suggests that, since it is double 12 point text height, 24-point spacing is true double spacing. Not so. Single spacing includes small amounts of space above and below each line of text so that letters do not run into each other. Double spacing doubles the layout of single spaced text, while 24-point spacing substitutes 12 points of space for the small gaps between single-spaced lines.

consequences of its counsel's attempt to break the Rules for strategic advantage, and striking Cox's summary judgment brief is an appropriate remedy. If, however, Cox is to file an amended brief, any changes should be strictly limited to deletion of text – the simplest way being to strike everything on pages 26-30.

Respectfully submitted,

/s/ Jeremy D. Engle
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
Paul Gennari (VSB No. 46890)
pgennari@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Walter D. Kelley, Jr. (VSB No. 21622)
HAUSFELD, LLP
1700 K Street, NW
Washington, DC 20006
Tel: (202) 540-7157
Fax: (202) 540-7201

*Of Counsel*
Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Roger E. Warin (admitted *pro hac vice*)
Jeffrey M. Theodore (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks

297 Prince Avenue, Suite 24
Athens, Georgia 30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 24, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

                                                    /s/ *Jeremy D. Engle*
                                                    Jeremy D. Engle (VSB No. 72919)
                                                    jengle@steptoe.com
                                                    STEPTOE & JOHNSON, LLP
                                                    1330 Connecticut Ave, NW
                                                    Washington, DC 20036
                                                    Tel.: (202) 429-3000
                                                    Fax: (202) 429-3902