

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., and COXCOM, LLC, <br><br> Defendants. | Civil No. 1:14-cv-1611 <br><br> Hon. Liam O'Grady |

## ORDER

Public Knowledge and the Electronic Frontier Foundation ("EFF") move for leave to file an *amicus curiae* brief in opposition to plaintiffs' motion for summary judgment. (Dkt. No. 405). Plaintiffs filed an opposition (Dkt. No. 420), and Public Knowledge and EFF have replied (Dkt. No. 445). The Court heard argument on the motion on October 23, 2015.

District courts have "broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*."[1] *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). Non-party participation is permitted at the district court level "where [it] provides helpful analysis of the law, [there is] a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Id.* (internal quotation marks omitted). At bottom, the

---

[1] There is no federal rule of procedure governing motions for leave to appear as *amicus curiae* in district court. In exercising their discretion, district courts often look to Federal Rule of Appellate Procedure 29, which controls *amicus* briefs filed in the United States Courts of Appeals. *See Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (noting that the district court's "inherent authority to appoint or deny *amici* . . . derive[s] from Rule 29").

participation of an *amicus curiae* is "only for the benefit of the Court," *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008), and therefore should not be permitted where the information or analysis is not useful to the court, *see Tafas*, 511 F. Supp. 2d at 659.

Having reviewed the proposed brief, the Court discerns no potential benefit to be gained from receiving the brief. This is not a situation where defendants lack competent representation. Nor have Public Knowledge and EFF persuaded the Court that they have a sufficiently special interest in the outcome of this litigation to warrant consideration of their viewpoint.[2] Accordingly, the motion for leave to file an *amicus curiae* brief is **DENIED**.

October 27, 2015
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

---

[2] Even assuming that the brief checked any of these boxes, the Court would nonetheless be dissuaded from exercising its discretion to grant leave. Although there is no hard rule against evenly patently partisan *amicus* briefs, "the partiality of an *amicus* is a factor to consider in deciding whether to allow participation." *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). Here, there was a lack of candor regarding the pre-existing relationship between EFF and counsel of record for defendants. *See* 3B C.J.S. Amicus Curiae § 11 (2015) ("Full and honest disclosure of the interest of amici is crucial to the fairness and integrity of the . . . process."). In the Court's view, the failure to disclose the relationship amplifies any concerns that might ordinarily accompany the consideration of a partisan *amicus* brief. *See, e.g., Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) ("[A]micus briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs . . . ."); *see also* 16AA Charles Alan Wright et al., Federal Practice and Procedure § 3975 (2015) ("[A]n amicus ought to add something distinctive to the presentation of the issues, rather than serving as a mere conduit for the views of one of the parties.").