```
                                                              1
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division




---------------------------------:
                                 :
                                 :
BMG RIGHTS MANAGEMENT (US) LLC,  :
et al.,                          :
            Plaintiffs,          :
                                 : Case No. 1:14-cv-1611
     vs.                         :
                                 :
                                 :
COX ENTERPRISES, INC., et al.,   :
            Defendants.          :
---------------------------------:




                        HEARING ON MOTIONS

                        October 23, 2015

              Before:  Liam O'Grady, USDC Judge





APPEARANCES:

Walter D. Kelley, Jr., Counsel for the Plaintiffs

Andrew P. Bridges and Craig C. Reilly,
Counsel for the Defendants

Charles Duan and William J. Dinkin,
Counsel for Amici Curiae




                           Norman B. Linnell  OCR-USDC/EDVA  (703)549-4626
```

```
 1              THE CLERK:  Civil action 1:14-cv-1611, BMG Rights
 2   Management LLC, et al. versus Cox Communications, Inc., et al.
 3   Counsel identify themselves for the record, please.
 4              MR. KELLEY:  Walter Kelley on behalf of plaintiffs.
 5              THE COURT:  Are you here on BMG, Mr. Dolan, or
 6   Volkswagen?
 7              MR. DOLAN:  Actually, Your Honor, I was wondering
 8   around in the halls and they invited me in.
 9              THE COURT:  All right.
10              MR. REILLY:  Good morning, Your Honor.  Craig Reilly
11   and Andrew Bridges on behalf of the defendants.  And we've
12   consented to the motion that is now before the Court.
13              THE COURT:  I'm sorry, consented to what motion
14   before the Court?
15              MR. REILLY:  The motion to appear as amicus.
16              THE COURT:  All right.  Thank you, Mr. Reilly.
17              Mr. Dolan.
18              MR. DOLAN:  Good morning, Your Honor.  William Dolan
19   on behalf of plaintiffs in 1225.  And I am here also -- oh, I
20   beg your pardon.  Kelley is doing two cases, Judge.
21              MR. KELLEY:  I am the pied piper, and I think I led
22   him astray.
23              THE COURT:  You did.
24              MR. DOLAN:  Which is a frequent occurrence.
25              THE COURT:  I am sure he will forgive you.
```

1        MR. DOLAN:  I apologize, but I do look forward to
2   coming back.
3        THE COURT:  That motion will be granted.
4        MR. DINKIN:  Good morning, Judge.  I'm Bill Dinkin,
5   and I am here with Mr. Charles Duan representing Public
6   Knowledge and Electronic Frontier Foundation.  I am local
7   counsel.  Mr. Duan will be handling argument on behalf of the
8   two proposed amicus.
9        THE COURT:  Thank you, Mr. Dinkin.
10       Anybody else here?  Is Mr. Bridges here?  Good
11  morning, Mr. Bridges.
12       MR. BRIDGES:  Good morning, Your Honor.
13       THE COURT:  You are just an observer with Mr. Reilly?
14       MR. BRIDGES:  I am here to answer the Court's
15  questions if you have any for me or my clients.
16       THE COURT:  You will get the opportunity.  Thank you,
17  sir.
18       All right.  This comes on Public Knowledge and
19  Electronics Frontier Foundation's motion seeking to file an
20  amicus curiae brief.  And I have read the pleadings and looked
21  at the relevant case law.
22       And I guess I will hear anything you would like to
23  say at this time in addition, sir.
24       MR. DUAN:  Thank you, Your Honor.  And may it please
25  the Court --

```
 1              THE COURT:  Who do you represent?
 2              MR. DUAN:  I represent Public Knowledge and the
 3   Electronic Frontier Foundation, the proposed --
 4              THE COURT:  Both of them?
 5              MR. DUAN:  Yes, I am representing both of them.
 6              THE COURT:  Okay.
 7              MR. DUAN:  I am an attorney with Public Knowledge,
 8   but I am acting in a representative capacity for the Electronic
 9   Frontier Foundation in this case.
10              THE COURT:  Okay.  All right, slow down a little bit.
11              MR. DUAN:  Sorry.
12              THE COURT:  Tell me what you would like to tell me.
13              MR. DUAN:  Your Honor, I think the arguments that we
14   presented in the motion papers provide all of the arguments
15   that we found necessary to grant the motion.  In fact, I think
16   we are willing to waive oral argument on this.
17              But, you know, I think if Your Honor would like, I am
18   happy to provide a brief summary of the arguments.
19              THE COURT:  Who had the discussions with Mr. Gregory
20   about filing this amicus brief?
21              MR. DUAN:  With Mr. Gregory?
22              THE COURT:  Mr. Gregory.
23              MR. BRIDGES:  Mr. Bridges.
24              THE COURT:  I am sorry, Mr. Bridges.  I apologize.
25              MR. DUAN:  I participated in some of those
```

1   discussions, not all of those discussions.

2            THE COURT:  All right.  And are you a full-time

3   employee of Electronic --

4            MR. DUAN:  Public Knowledge.  I am a full-time

5   employee of Public Knowledge.

6            THE COURT:  All right.  And who wrote the brief?

7            MR. DUAN:  The brief was entirely written by myself,

8   my colleagues at Public Knowledge, and an attorney at the

9   Electronic Frontier Foundation.  We received no inputs on the

10  content of the brief from either party, from Mr. Bridges or

11  from anybody outside.

12           THE COURT:  All right.

13           MR. DUAN:  The brief represents I think the interests

14  of our specific organizations as demonstrated in our

15  long-standing interest in copyright policy that we've presented

16  before before numerous courts, in fact before this court.  Your

17  Honor is probably familiar with the Megaupload case.  And the

18  Electronic Frontier Foundation is representing a third party

19  interest in that case.

20            I think that is further demonstration of the fact

21  that our two organizations represent a substantial public

22  interest in intellectual property policy, which I think is

23  relevant for this case.

24           THE COURT:  Mr. Kelley on behalf of BMG believes that

25  you should have identified the fact that the Electronic

1   Frontier Foundation was approached by Mr. Bridges, who is a
2   member of the advisory staff, about filing an amicus brief and
3   you should have let the Court know that.
4           What's your response to that?
5           MR. DUAN:  Your Honor, I have filed numerous amicus
6   briefs, and it is very common practice for parties to consult
7   with -- for amicus parties to consult with the party that
8   they're supporting, for a number of reasons.  To make sure that
9   they aren't duplicating the arguments that the parties already
10  presented so they don't overburden the Court with unnecessary
11  information.  To ensure that the arguments are useful and
12  relevant to the subject matter of the case.
13          In fact, as I cited in our reply brief, and as I
14  found in numerous other articles, it is strongly recommended
15  that amicus parties consult with counsel.
16          THE COURT:  Well, there are two different issues
17  here, aren't there?  One is -- I mean, no one believes that an
18  amicus filer is impartial.  That's the whole reason why you
19  file a brief, is you are an advocate for a position.
20          The issue is do you identify the fact that you've had
21  this relationship and from where you generated the idea to file
22  it, and that in fact in this case that Mr. Bridges is lead
23  counsel for Cox, the defendant in this just so the Court
24  understands the background.
25          MR. DUAN:  Certainly.  Your Honor, in none of the

1  rules for amicus brief filings that I have seen in any other
2  court is a disclosure --
3          THE COURT:  Well, how about Federal Rule of Appellate
4  Procedure 29?
5          MR. DUAN:  That requires that we disclose whether or
6  not there were any financial interests or writing assistance
7  provided.  And neither of those --
8          THE COURT:  Did you check and see whether Mr. Bridges
9  has given money to the EFF over the years?  He certainly has
10 provided services on behalf of -- as a member of the advisory
11 staff, hasn't he?
12         MR. DUAN:  The Federal Rule of Appellate Procedure 29
13 excludes members from the financial disclosures.  So to the
14 extent that Mr. Bridges is a member, I think that he would be
15 excluded as well from that.
16         And as a general matter, I don't think that EFF or --
17 that the Electronic Frontier Foundation or Public Knowledge is
18 receiving any substantial amount of financial support from
19 either Mr. Bridges or from Cox.  Certainly not enough that it
20 would sway our opinions in any form in this case or in any
21 other case.
22         As we presented in our briefs, the Public Knowledge
23 and Electronic Frontier Foundation have opposed Cox on numerous
24 occasions.  It seems very difficult to believe that for some
25 reason in this case we would take a position simply because Cox

8

1   told us to when we have clearly opposed them on Cox's own
2   business decisions in the past.
3           THE COURT:  Okay.  Thank you, sir.
4           MR. DUAN:  Thank you, Your Honor.
5           THE COURT:  Mr. Kelley, do you want to be heard?
6           MR. KELLEY:  Yeah.  This is really rather remarkable.
7   Essentially Mr. Bridges has gone out and recruited himself
8   through the Electronic Frontier Foundation to act as his own
9   amen chorus for the arguments that he makes.
10          Far from being some neutral organization, this is
11  essentially just parroting the line and coming in and repeating
12  the same things that he has argued.  And I don't see, we don't
13  see where they add anything.
14          This is really not a particularly remarkable case.
15  It's got an aspect to it with the DMCA affirmative defense,
16  it's a little bit novel.  But this is a vicarious liability,
17  contributory infringement case.  It involves well-established
18  doctrines about what it is that someone has to do who profits
19  and enables copyright infringement.
20          So this is not a situation where they add anything
21  where we are dealing with some cutting edge issue like you
22  might see in the Supreme Court.
23          So for that reason, we don't see the need for an
24  amicus.  It is simply duplicative.  If you look at the brief,
25  it is indeed duplicative of what it is that Cox is already

9

1  trying to do.
2            THE COURT:  All right, thank you.
3            Mr. Bridges.
4            MR. BRIDGES:  Your Honor, if I may speak since --
5            THE COURT:  I was just about to invite you to.
6            MR. BRIDGES:  Your Honor, yes, I am on the Advisory
7  Board of the Electronic Frontier Foundation.  I am proud of
8  that, it's an important organization.  I think that means --
9            THE COURT:  Did you tell them they should have let me
10 know that you went to them and asked them to file an amicus
11 brief?  Did you think that was important?
12           MR. BRIDGES:  No, Your Honor, I didn't because I'm
13 not -- because over many cases that I have observed, counsel
14 for parties regularly ask organizations that may be interested
15 to consider participating with an amicus brief.  So that to me
16 is entirely ordinary.
17           THE COURT:  Does it matter whether you're on the
18 Board or not?
19           MR. BRIDGES:  No, Your Honor, it doesn't because I'm
20 not on the Board of Directors.  I am on an Advisory Board that
21 meets --
22           THE COURT:  Advisory Board.
23           MR. BRIDGES:  Advisory Board.  They haven't actually
24 sought my advice on the Advisory Board.  I think I have been to
25 one meeting in three years.  And I don't even know who else is

10

1 on the Advisory Board. My name is on a list. I do get invited
2 once a year for a meeting, but I don't know when I've last
3 attended one.
4      I think I remember one other person on the Advisory
5 Board apart from my Partner, David Hayes, and we were in
6 different firms when we were both on the Advisory Board, and
7 that is Craig Newmark, the founder of Craigslist. So it's not
8 a decision-making governance board in any way.
9      I have a long track record in copyright law, and
10 Electronic Frontier Foundation has a long track record in
11 copyright law, and it was sort of natural that I might be on
12 that Advisory Board.
13      Nor is that anything that is obscure or occult. It's
14 on the EFF Web site. This was not something behind the scenes.
15      I have no similar relationship with Mr. Duan's
16 organization, Public Knowledge. And Public Knowledge largely
17 wrote the brief, as I understand.
18      I saw one draft of the brief in order to give consent
19 because I don't give consent for a client without seeing a
20 draft of the brief.
21      THE COURT: Okay.
22      MR. BRIDGES: But that brief does not reflect our
23 writing, our analysis, our input. I didn't see the final brief
24 until it came through with ESF -- sorry, ECF.
25      THE COURT: Well, you talked to Mr. Dinkin, as I

1  understand it, on multiple occasions, right, and told him about
2  the case?  How did the information that went into the brief
3  about the case -- how much of that did you provide?
4          MR. BRIDGES:  I believe I had a one-hour meeting with
5  Mr. Duan.  And I believe that there was -- and that was Public
6  Knowledge in Washington.
7          I had probably a 15-minute call two months earlier
8  with Electronic Frontier Foundation.
9          But, Your Honor, it is typically the case with amicus
10 briefs that counsel of record explain to potential amici what
11 the case is about.
12         As a matter of fact, Your Honor, I had envisioned and
13 was suggesting that these organizations file a brief in support
14 of our summary judgment motion.  They didn't do that.  They
15 didn't file a brief in support of our motion.  They made their
16 own decision about what to do.  I was not a part of that
17 decision.  And they decided, apparently, that they would file a
18 brief opposing the plaintiffs' motion for summary judgment.
19         So if we break the question down, number one, is
20 there anything improper about counsel of record soliciting
21 amicus briefs?  I think the general answer is no.  There was no
22 financial contribution towards an amicus brief.  We did not
23 draft any part of the brief.  So that's that part.
24         Was there something untoward by not disclosing that
25 with one of two amici I had a position on an Advisory Board?  I

1   don't believe that was any lack of candor, Your Honor.  That
2   has been on the Web site, certainly the other side brought it
3   up.  I just don't think that that reflects a lack of candor.
4           If it comes to the question, Your Honor, of do these
5   amici have something important to say, absolutely, Your Honor.
6   And that's why it occurred to me that they may wish to
7   participate.
8           And that goes to the structure of this case.  This is
9   a secondary liability case against an intermediary.  What does
10  it mean that Cox Communications is an intermediary?  In this --
11          THE COURT:  I don't want you to argue the case.  We
12  are going to be talking about that next week.  I understand
13  your position.
14          MR. BRIDGES:  I will just confine the point, if I
15  may, Your Honor, to it is intermediary between copyright
16  holders and the alleged infringers, the public.  And Cox is
17  certainly representing its interests, but it's not representing
18  the public's interest.
19          THE COURT:  Yeah, I read the brief.  All right.
20          MR. BRIDGES:  Thank you, Your Honor.
21          THE COURT:  Well, I don't know where you spend most
22  of your time practicing, Mr. Bridges, but the duty of candor
23  here is a whole lot more significant to the Court that you
24  understand.
25          The problem isn't that you went to EFF and solicited

13

1 their input and talked to them about whether they were
2 interested in filing an amicus brief. It's that you didn't
3 disclose it. And you are close enough to this action as lead
4 counsel where there is absolutely no question that you should
5 have encouraged Public Knowledge or Electronic Frontier
6 Foundation from identifying -- just a footnote. Say, we spoke
7 with Mr. Bridges, who is on our Advisory Board, about this.
8 That's all it took. But you didn't do it.
9      And that is, in my belief, disappointing and
10 deceptive. Amicus are obviously friends of the court. And I
11 think with that, there comes an obligation to tell the Court of
12 relationships that they have with a party to an action. You
13 chose not to do it. And I think it's really unfortunate.
14      Combined with the fact that you had at best a lame
15 excuse for adding words to each page by changing pagination to
16 your briefing in an effort to get more text into your
17 pleadings.
18      Now it's twice you've done things which I think are
19 inappropriate. And I will tell you right up front, if it
20 happens a third time, you will not be counsel who appears at
21 the podium any longer on behalf of your client. Somebody else
22 will be up here and I will revoke your pro hac vice and you
23 won't be trying this case.
24      We try things here honestly. And our duty of candor
25 to the Court is a whole lot higher than your estimation of it.

1                As to the merits of this motion, I read the brief.
2    It adds absolutely nothing helpful at all.  It is a combination
3    of describing the horrors that one endures from losing the
4    Internet for any length of time.  Frankly, it sounded like my
5    son complaining when I took his electronics away when he
6    watched YouTube videos instead of doing homework.  And it's
7    completely hysterical.
8                And combined with a brief talking about what the
9    entities wish the law was instead of what it is today, and
10   that's not suitable for a District Court where we're obligated
11   with following the law.  It is much better suited to the FCC or
12   to legislative aides who are considering future legislation.
13               So I am going to deny the motion to file the amicus
14   brief.  And I will issue an order.
15               Thank you, gentlemen.
16               MR. BRIDGES:  Your Honor, if I may just say, I take
17   the comments the Court said.  I apologize to the Court.
18               Obviously, I made a misjudgment in light of the
19   Court's standards, and I wish to say I do heartily apologize to
20   the Court.
21               THE COURT:  Thank you, Mr. Bridges.
22   ---------------------------------------------------
23
24               I certify that the foregoing is a true and
         accurate transcription of my stenographic notes.
25
                         /s/ Norman B. Linnell
                   Norman B. Linnell, RPR, CM, VCE, FCRR