UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP, <br><br> Plaintiff, <br><br> v. <br><br> COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., and COXCOM, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:14-cv-1611 (LOG/JFA) |

MEMORANDUM IN SUPPORT OF COX'S
MOTION *IN LIMINE* NO. 1:

(RIGHTSCORP'S NOTICES ARE INADMISSIBLE HEARSAY)


INTRODUCTION

Pursuant to Federal Rules of Evidence 802 and 403, Cox respectfully moves *in limine* to preclude Plaintiffs from (1) introducing Rightscorp's notices of alleged infringement to Cox, (2) offering those notices as evidence or proof that infringements occurred, or (3) testifying or arguing that those notices show that Cox or its account holders infringed any copyrights. The Rightscorp notices are inadmissible hearsay, and any marginal relevance the notices might have is substantially outweighed by the risk of prejudice and confusion.

Plaintiffs claim that they "hired Rightscorp to identify instances of infringement, to send out notices of that infringement to individual infringers and to internet service providers, and to negotiate settlements with infringing users." Dkt. No. 386 (opposition to Cox's summary judgment motion) at 3. Plaintiffs assert that "[e]ach of those notices *established* that an infringing

work had been obtained by a Cox user and was being offered via BitTorrent at the Cox IP address stated." *Id.* at 6 (emphasis added). Plaintiffs thus propose to rely on the notices that Rightscorp prepared, and the statements therein, as "evidence" of infringement.

The statements in Rightscorp's notices are inadmissible hearsay because they are out-of-court statements that Plaintiffs seek to offer for their truth. FED. R. EVID. 801(C). Moreover, as a matter of law, mere notices prove nothing about underlying conduct. That would be true even if the notices were otherwise reliable, but they are not.

Judge Anderson entered a spoliation order finding that Rightscorp intentionally destroyed all historical versions of its technological systems — the same systems that purportedly generated the notices to Cox — prior to July 2015. *See* Dkt. No. 447 ("Spoliation Order"). Consequently, it is impossible for Plaintiffs or Rightscorp to establish how any of the notices were generated, what those notices purport to reflect, or even that those notices were in fact sent to Cox. As Judge Anderson noted, "the primary focus should be on the accuracy of the system generating those notices." *Id.* at 5. But Cox cannot test, and Plaintiffs cannot establish, that Rightscorp's systems were accurate. Consequently, the notices are unreliable and inadmissible, and any marginal probative value is outweighed by the risk of prejudice to Cox and confusion for the jury.

## ARGUMENT

### I. THE RIGHTSCORP NOTICES ARE INADMISSIBLE HEARSAY.

Hearsay includes any statement that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(C). Hearsay is not admissible unless the Federal Rules of Evidence, other rules that the U.S. Supreme Court has prescribed, or a federal statute provides otherwise. FED. R. EVID. 802.

Plaintiffs admit that they have no evidence that specific Cox account holders engaged in actual direct infringements.  *See* Dkt. No. 311 (Bridges Decl. in support of Cox's summary judgment motion) ¶ 8.h., 8.i., 8.k. (testimony of Rightscorp's lead developer, Gregory Boswell); ¶ 10.b. (testimony of Rightscorp's CEO, Christopher Sabec, that Rightscorp does not have any identifying information about alleged infringers until they call Rightscorp); ¶¶ 5.i., 7.a. (testimony of Plaintiffs' corporate representatives that Round Hill and BMG do not have evidence that any Cox subscriber distributed their copyrighted works to anyone).  As Rightscorp's lead developer testified, Rightscorp has no knowledge of an ISP subscriber's actual activity.  Dkt. No. 311, Ex. 29 at 129:8-130:19.  Moreover, Plaintiffs do not intend to prove direct infringement by any specific Cox account holder or any particular person accessing the Internet over the Cox network.

Instead, Plaintiffs seek to use the flawed, biased, and inaccurate Rightscorp notices to persuade the jury that infringements occurred on the Cox network, as the notices claim.  *See, e.g.*, Dkt. No.  356, Ex. A at 46, 52, 54-55, 144-290 (list of notices as Plaintiffs' proposed exhibits 1307-08, 1393-94, 1419-20, 1440-42, 2601-4064); Dkt. No. 389, Exs. 15-16, 22-23, 47-48 (notices that Plaintiffs submitted in opposition to Cox's summary judgment notices).  Plaintiffs list the Rightscorp notices on their trial exhibit list (*see, e.g.*, Dkt. No. 356, Ex. A at 46, 52, 54-55, 144-290), and filed them as exhibits in their summary judgment briefing, claiming that the notices "*established* that an infringing work had been obtained by a Cox user" (Dkt. No. 386 at 6) (emphasis added); *see also* Dkt. No. 510 (transcript of October 30, 2015 summary judgment hearing) at 31:19-22 ("And in every single one of the notices of infringement that Rightscorp sent to Cox, in that it said … this is what this person is doing").

Rightscorp's notices plainly are inadmissible to prove the truth of the acts of alleged infringement set out in those notices.  The mere fact that Rightscorp claims it observed infringing

activity over the Cox network proves nothing.  *See, e.g.*, *Capitol Records, Inc. v. MP3tunes, LLC*, 821 F. Supp. 2d 627, 639 (S.D.N.Y. 2011) (DMCA "notices themselves are not evidence of blatant infringement  . . . .").  If Plaintiffs rely on the notices to "establish" the infringements those notices supposedly reflect, that is the essence of hearsay.  FED. R. EVID. 801(C).  Therefore, those notices would be inadmissible even if they were reliable but, as discussed in the following subsection, they are not.

## II.    RIGHTSCORP'S NOTICES ARE UNRELIABLE.

In his Spoliation Order, Judge Anderson found that Plaintiffs and Rightscorp intentionally spoliated every historical version (prior to July 15, 2015) of the "technological systems" that Rightscorp purportedly used to observe infringements over the Cox network and send notices to Cox with respect to those infringements.  Dkt. No. 447 at 2.  On November 5, 2015, Cox filed a motion with this Court to enforce the Spoliation Order and either dismiss this case or impose severe evidentiary sanctions.  *See* Dkt. No. 526.

As set forth in more detail in Cox's motion to enforce the Spoliation Order, Judge Anderson found that Plaintiffs' spoliation of the Rightscorp code makes it impossible for Cox or the jury to know how Rightscorp's systems historically operated.  More to the point, with respect to Rightscorp's notices, it is impossible for Cox or the jury to assess "the accuracy of the system generating those notices."  Dkt. No. 447 at 5.  And without evidence of the Rightscorp's systems allegedly used to send the notices, there is no way for Plaintiffs to establish how any of those notices were generated, what those notices purportedly represent, or even that the notices in fact went to Cox.  *See* Dkt. No. 526 at 12-13.  As such, the notices are utterly unreliable and should not be admitted for any purpose,

But even if Plaintiffs and Rightscorp had not spoliated the source of the notices, on their faces the notices are unreliable and certainly do not prove infringements over the Cox network.

4

The notices (1) did not specifically and definitively identify infringements; (2) did not identify allegedly infringed musical compositions (the works at issue), only sound recordings; and (3) frequently lacked statements that Rightscorp was acting on behalf of the owner of an infringed right.  *See* Dkt. No. 16 ¶¶ 2, 14 (amended complaint); Dkt. No. 311 ¶¶ 4.a., 5.b. (testimony of Round Hill's president Neil Gillis); Dkt. No. 311, Exs. 19, 38 (form of notices from Rightscorp); ¶ 7.e. (testimony from BMG's corporate representative, Keith Hauprich, that sound recordings are not at issue).  Furthermore, the notices do not indicate, nor could Rightscorp possibly know, whether the Cox account holder associated with an IP address was responsible for the acts of alleged infringement, as opposed to another person accessing the Internet through that same Cox IP address.

In spite of these fatal deficiencies, the notices undeservedly suggest an air of authority "that the information contained in the notice is both true and accurate."  *See, e.g.*, Dkt. No. 389, Exh. 15.  Rightscorp's imprecise and inaccurate statements that "musical compositions" (not sound recordings) "are being downloaded, uploaded, and/or offered for upload" are certain to confuse the jury.  *See id.*  Similarly, the seemingly authoritative wording in the notices, such as "[u]nder penalty of perjury," "[w]e further certify," and "Rightscorp, Inc. … is authorized to act in matters involving the infringement of the compositions" (*see id.*), is likely to mislead the jury, particularly because Rightscorp admitted that no human being reviews the millions of notices before Rightscorp sends them.  Dkt. No. 311 ¶ 13.j.

The notices improperly make conclusions about the alleged infringements that are the central issue in this case.  Because Rightscorp prepared these notices "for purposes of litigation," they are "lacking in trustworthiness."  *See Paddack v. Dave Christensen, Inc.*, 745 F. 2d 1254, 1259 (9th Cir. 1984) (excluding audit reports); *see also Trouble v. Wet Seal, Inc.*, 179 F. Supp. 2d

291, 299–300 (S.D.N.Y. 2001) (excluding "confusion logs" that plaintiff created to document instances of trademark infringement).  Moreover, not all of the 2.5 million notices that Rightscorp claims it sent to Cox even pertain to Plaintiffs, who are the only copyright holders in this case. Notices that Rightscorp issued for other clients have no relevance here.  *See Capitol Records v. Mp3tunes, LLC*, No. 07-9931, 2014 U.S. Dist. LEXIS 11218, at *20–21 (S.D.N.Y. Jan. 29, 2014) (excluding "[e]vidence pertaining to the infringement of copyrights Plaintiffs do not own") (citing *Viacom Int'l v. YouTube, Inc*., 676 F.3d 19, 34 (2d Cir. 2013).

Accordingly, aside from being inadmissible hearsay, the statements in the Rightscorp notices are inherently unreliable, prejudicial, and misleading, and the Court should exclude them. *See* FED. R. EVID. 403.

## III.    A LIMITING INSTRUCTION IS NOT SUFFICIENT TO PREVENT CONFUSION.

The Supreme Court has noted that even a limiting instruction may fail to dampen the "reverberating clang" of hearsay declarations. *Shepard v. United States*, 290 U.S. 96, 103-04 (1933).  Research reinforces that limiting instructions are at best "relatively ineffective" and may actually backfire by emphasizing certain evidence.  *See, e.g.*, Joel D. Lieberman & Jamie Arndt, *Understanding the Limits of Limiting Instructions: Social Psychological Explanations for the Failures of Instructions to Disregard Pretrial Publicity and Other Inadmissible Evidence*, 6 PSYCHOL. PUB. POL'Y & L. 677, 677 (2000).

If they are otherwise permitted to do so (in light of the Spoliation Order), Plaintiffs can offer testimony about the *process* of notifying Cox of the alleged infringements over its network. But Rightscorp's hearsay notices themselves prove nothing, yet create the risk of confusing the jury into believing there is validity to the claims in those notices.

# CONCLUSION

For all the reasons above, the Court should exclude the Rightscorp notices from use at trial.  Alternatively, if the Court permits Plaintiffs to offer the notices for a different, proper purpose, Plaintiffs should be precluded from (1) offering those notices as evidence or proof that infringements occurred, or (2) testifying or arguing that those notices show that Cox or their account holders infringed any copyrights.

Respectfully submitted,

Dated:  November 6, 2015

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB No. 20942)
111 Oronoco Street
Alexandria, VA  22314
Tel:  (703) 549-5354
Fax:  (703) 549-5355
Email:  craig.reilly@ccreillylaw.com

*Counsel for Defendants*

*Of Counsel for Defendants*

Andrew P. Bridges (*pro hac vice*)
David L. Hayes (*pro hac vice*)
Jedediah Wakefield (*pro hac vice*)
Guinevere L. Jobson (*pro hac vice*)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel:  (415) 875-2300
Fax:  (415) 281-1350
Email:   abridges@fenwick.com
         dhayes@fenwick.com
         jwakefield@fenwick.com
         gjobson@fenwick.com

Brian D. Buckley (*pro hac vice*)
Fenwick & West LLP
1191 2nd Avenue, 10th Floor
Seattle, WA  98101
Tel:  (206) 389-4510
Fax:  (206) 389-4511
Email:   bbuckley@fenwick.com

Armen N. Nercessian (*pro hac vice*)
Ronnie Solomon (*pro hac vice*)
Ciara Mittan (*pro hac vice*)
Nicholas A. Plassaras (*pro hac vice*)
Fenwick & West LLP
801 California Street
Mountain View, CA  94041
Tel:  (650) 988-8500
Fax:  (650) 938-5200
Email:    anercessian@fenwick.com
              rsolomon@fenwick.com
              cmittan@fenwick.com
              nplassaras@fenwick.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2015, the foregoing was filed and served

electronically by the Court's CM/ECF system upon all registered users.

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB No. 20942)
111 Oronoco Street
Alexandria, VA  22314
Tel:  703-549-5354
Fax:  (703) 549-5355
Email:  craig.reilly@ccreillylaw.com

*Counsel for Defendants*