# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP, <br><br> Plaintiff, <br><br> v. <br><br> COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., and COXCOM, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 1:14-cv-1611 (LOG/JFA) |

## MEMORANDUM IN SUPPORT OF COX'S
## MOTION *IN LIMINE* NO. 2:

## (PLAINTIFFS MAY NOT REFER TO MERE USE OF BITTORRENT OR AMOUNT OF BITTORRENT ACTIVITY AS PROOF OF INFRINGEMENT)

### INTRODUCTION

Pursuant to Federal Rules of Evidence 402, 403, 801, and 802, Cox respectfully moves *in limine* to preclude Plaintiffs from (1) testifying or arguing that mere use of BitTorrent is proof of infringement, (2) introducing or referring to documents stating that BitTorrent's primary use is for infringement, or (3) introducing or referring to documents stating what proportion of data traffic on Cox's network is BitTorrent traffic.

Plaintiffs seek to introduce testimony and third-party hearsay — with inflammatory statements such as "File-Sharing Is Really About Piracy" — as proof that BitTorrent use equates to the existence of infringement. *See, e.g.*, Dkt. No. 356, Ex. A at 62, 65-68 (Plaintiffs' proposed trial Exhibit Nos. 1547, 1575-76, 1585-1607). Once they have argued that BitTorrent use is

automatically infringing, Plaintiffs seek to introduce other testimony and documents showing that some proportion of data traffic on Cox's network is associated with BitTorrent in order to mislead the jury into thinking that Cox knew or should have known about the infringement that Plaintiffs allege. *See, e.g.*, Dkt. No. 356, Ex. A at 59-60, 65-68, 82-83, 104, 132 (Plaintiffs' proposed trial Exhibit Nos. 1491, 1498, 1499, 1505, 1508, 1579-84, 1589, 1736-43, 2082, 2429).

Plaintiffs are free to try to prove that specific BitTorrent users on Cox's network *actually* infringed Plaintiffs' copyrights, but the Court should preclude Plaintiffs from relying on mere innuendo that BitTorrent inherently allows individuals to infringe Plaintiffs' copyrights. Plaintiffs have no evidence that most or all use of BitTorrent, which is simply a communication protocol, constitutes infringement of Plaintiffs' copyrights. Plaintiffs's attempt to equate BitTorrent use with infringement of their copyrights would mislead the jury, and any marginal relevance about people's general use of BitTorrent is substantially outweighed by the risk of prejudice and confusion. The Court should thus preclude it under Federal Rule of Evidence 403. Furthermore, statements in Plaintiffs' proposed exhibits about BitTorrent are inadmissible hearsay because they are out-of-court statements that Plaintiffs seek to offer for their truth. FED. R. EVID. 801(c).

## BACKGROUND

Plaintiffs claim that alleged infringers on the Cox network used software that communicates over the Internet using the BitTorrent protocol. Dkt. No. 16 ¶¶ 2, 22. BitTorrent allows computers to exchange files with one another. Dkt. No. 313 (Rucinski Decl.) ¶ 8. To receive a file, a given computer receives different portions of the file from many computers instead of receiving all portions of the file from a single computer. *Id.* In order to download or upload particular files using the BitTorrent protocol, a user can find or create a *.torrent* file. *Id.* The *.torrent* file identifies a set of files that can be shared using that *.torrent file* and a tracker

that can facilitate that sharing.  *Id.* ¶ 9.  The *.torrent* file itself does not contain any data from the files that can be shared using that .torrent file; it only contains metadata about them.  *Id.*

To be clear, setting up a *.torrent* file is not, by itself, an exchange of files.  As a mere protocol, BitTorrent can be used for any exchange of files, not only files that infringe Plaintiffs' copyrights.  Plaintiffs' own expert explained, "It is important to note that BitTorrent is a file sharing protocol [that] does not attempt to distinguish the type of information being shared, or whether the Peers offering to share content are … entitled to provide copies under copyright law."  Dkt. No. 394, Ex. 2 (Report of Barbara Frederiksen-Cross) ¶ 33.

## ARGUMENT

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Under Rules 801 and 802, hearsay, a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement," is generally inadmissible.  Here, the risk of confusing issues and misleading the jury substantially outweighs any probative value of evidence about BitTorrent use generally or the amount of BitTorrent activity not specific to Plaintiffs' copyrights. In addition, the out-of-court statements that Plaintiffs seek to introduce about BitTorrent in general are inadmissible hearsay.

## I.   THE COURT SHOULD PRECLUDE PLAINTIFFS FROM EQUATING BITTORRENT USE WITH INFRINGEMENT OF PLAINTIFFS' COPYRIGHTS.

The ability to use BitTorrent for uses that have nothing to do with Plaintiffs' copyrights has not deterred Plaintiffs from using a broad brush to tar all BitTorrent activity as infringement. For example, Plaintiffs cite an article to argue that a significant proportion of content on

BitTorrent is infringing and that "BitTorrent is a file sharing protocol that has become the major channel for theft of copyrighted music and film."  Dkt. No. 386 at 2; Dkt. No. 441 at 16 (citing article entitled "NetNames Piracy Analysis: Sizing the piracy universe," Dkt. No. 389, Ex. 29). Other articles and Internet postings that Plaintiffs seek to introduce similarly state a belief that BitTorrent is primarily or solely for infringing activity.  *See, e.g.*, Dkt. No. 356, Ex. A at 65-68 (Plaintiffs' proposed trial Exhibit Nos. 1575-76, 1585-1607); Dkt. No. 490, Ex. B ¶ 33. In addition, under the guise of putative "expert" opinion, Plaintiffs have taken the position that Cox could have monitored its network for that BitTorrent activity, with the unsupported assumption that such activity inherently is infringing.  Dkt. No. 489 at 7.[1]

Cox disputes Plaintiffs' characterization of BitTorrent — it is demonstrably not true that there are no legitimate uses for BitTorrent.  But in all events, regardless of what users might theoretically do with the BitTorrent protocol, the only relevant issue is what users did on the Cox network with respect to Plaintiffs' copyrighted works at issue in this suit.  Plaintiffs cannot escape their burden to prove specific infringements of their copyrighted works on Cox's network by using BitTorrent activity as a proxy for infringement.

Furthermore, since general BitTorrent activity does not signify infringement of Plaintiffs' copyrights, the Court should preclude Plaintiffs from arguing or introducing evidence about what proportion of data traffic on Cox's network might be BitTorrent activity.  Plaintiffs' putative expert William Lehr, for example, opined that "BitTorrent does constitute a large and significant volume of traffic[,] nearly 27 percent of upstream peak traffic and nearly 3 percent of downstream traffic in North America, or nearly 5 percent of aggregate traffic."  Dkt. No. 490,

---

[1]  That opinion was offered by Plaintiffs' expert Terrence P. McGarty.  Cox has filed a *Daubert* motion to exclude Dr. McGarty's opinions and testimony.  Dkt. No. 489.

Ex. B ¶ 32.[2]  Plaintiffs have repeatedly pointed to general BitTorrent activity on Cox's network as evidence that Cox should have known of infringement of Plaintiffs' copyrights.  *See, e.g.*, Dkt. No. 386 at 5; Dkt. No. 389, Ex. 46 (third party Procera's "Network Activity Report").  The danger that these general observations about BitTorrent, devoid of any association with infringement of Plaintiffs' copyrights, will mislead and confuse the jury substantially outweighs any potential probative value.

## II.   DOCUMENTS THAT PURPORT TO QUANTIFY BITTORRENT ACTIVITY OR EQUATE BITTORRENT WITH INFRINGEMENT ARE INADMISSIBLE HEARSAY.

The Court should also preclude Plaintiffs from introducing or relying on out-of-court documents and statements about the significance or prevalence of BitTorrent activity, because such statements are inadmissible hearsay.  Plaintiffs plainly rely on those statements for their truth.  For example, Plaintiffs offer network activity reports from third party Procera as evidence that BitTorrent accounted for a significant percentage of the data transmitted over Cox's network.  *See, e.g.*, Dkt. No. 386 at 5.  Plaintiffs cite statements in a report from third party Sandvine as evidence of the "popularity" of BitTorrent.  Dkt. No. 490, Ex. B ¶ 32 n.53.  Plaintiffs also seek to introduce numerous third party articles for their statements that BitTorrent use is primarily or almost entirely infringing.  *See, e.g.*, Dkt. No. 356, Ex. A at 62, 65-68 (Plaintiffs' proposed trial Exhibit Nos. 1547, 1575-76, 1585-1607).  As discussed, such statements have little or no probative value because they do not pertain to copyright infringement, let alone infringement of Plaintiffs' works.  But to the extent those documents are offered to prove the *fact* of certain volumes of BitTorrent traffic, or the *actual* uses and popularity of BitTorrent, they are inadmissible hearsay.

---

[2]  Cox has filed a *Daubert* motion to exclude Dr. Lehr's opinions and testimony.  Dkt. No. 389.

## CONCLUSION

For all the reasons above, the Court should preclude Plaintiffs from testifying or arguing that mere use of BitTorrent is proof of infringement, introducing or referring to documents stating that BitTorrent's primary use is for infringement, or introducing or referring to documents stating what proportion of data traffic on Cox's network is BitTorrent traffic.

Respectfully submitted,

Dated:  November 6, 2015

/s/ Craig C. Reilly
Craig C. Reilly (VSB No. 20942)
111 Oronoco Street
Alexandria, VA  22314
Tel:  (703) 549-5354
Fax:  (703) 549-5355
Email:  craig.reilly@ccreillylaw.com

*Counsel for Defendants*

*Of Counsel for Defendants*

Andrew P. Bridges (*pro hac vice*)
David L. Hayes (*pro hac vice*)
Jedediah Wakefield (*pro hac vice*)
Guinevere L. Jobson (*pro hac vice*)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel:  (415) 875-2300
Fax:  (415) 281-1350
Email:   abridges@fenwick.com
         dhayes@fenwick.com
         jwakefield@fenwick.com
         gjobson@fenwick.com

Brian D. Buckley (*pro hac vice*)
Fenwick & West LLP
1191 2nd Avenue, 10th Floor
Seattle, WA  98101
Tel:  (206) 389-4510
Fax:  (206) 389-4511
Email:    bbuckley@fenwick.com

Armen N. Nercessian (*pro hac vice*)
Ronnie Solomon (*pro hac vice*)
Ciara Mittan (*pro hac vice*)
Nicholas A. Plassaras (*pro hac vice*)
Fenwick & West LLP
801 California Street
Mountain View, CA  94041
Tel:  (650) 988-8500
Fax:  (650) 938-5200
Email:    anercessian@fenwick.com
            rsolomon@fenwick.com
            cmittan@fenwick.com
            nplassaras@fenwick.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2015, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

/s/ Craig C. Reilly
Craig C. Reilly (VSB No. 20942)
111 Oronoco Street
Alexandria, VA  22314
Tel:  703-549-5354
Fax:  (703) 549-5355
Email:  craig.reilly@ccreillylaw.com

*Counsel for Defendants*