# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  1:14-cv-1611(LO/JFA) |
| **COX COMMUNICATIONS, INC., COXCOM, LLC** | ) ) ) | |
| Defendants. | ) ) ) | |

**[REDACTED]**
**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 7 TO PRECLUDE COX AND ITS EXPERTS FROM USING DECEPTIVE NOTICE AND WARNING STATISTICS TO ARGUE THAT ITS "GRADUATED RESPONSE" IS <u>HIGHLY EFFECTIVE AT CURBING INFRINGEMENT</u>**

Plaintiffs BMG Rights Management (US) LLC and Round Hill Music LP respectfully submit this Memorandum in Support of their Motion *in Limine* to preclude Cox and its experts from using deceptive notice and warning statistics to argue that its graduated response is highly effective at curbing infringement.

As the Court knows from the Parties' summary judgment briefing, Cox operates a "graduated response" procedure whereby it issues a series of warnings and suspensions to subscribers whose IP addresses are identified in notices of copyright infringement. ███████



███████ *See* Dkt No. 397, October 13, 2015 Declaration of Jason Zabek ¶ 9.

1

However, as the Court also knows, Cox does not take these actions in response to the vast majority of notices.  First, Cox blacklists senders whose notices contain settlement offers and does not accept their notices.  Second, Cox imposes ████████████████████████ notices a day, ████████████████████████████████████████████████ ████████████████████████████████████████  ████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████  *See* Dkt. No. 397, October 13, 2015 Declaration of Jason Zabek ¶¶ 9, 32-33; Dkt. No. 387, October 13, 2015 Declaration of Brent Beck ¶¶ 8-12, 17-18.  As a result of these and other related policies, Cox takes customer-facing actions on only ██ percent of copyright infringement notices sent by entities *other than Rightscorp*.  All of Rightscorp's notices and ████ of notices sent by other copyright holders result in no warning, suspension, or other customer-facing actions.  *See* Dkt. No. 317, Declaration of Jeffry M. Theodore Ex. 41 at 12-16 & Ex. 39 at 25-27.

Ignoring its own notice-handling procedures, Cox seeks to introduce statistics about the number of warnings it has sent to its customers in order to make deceptive claims about their infringing conduct and the effectiveness of its graduated response procedure.  For example, Cox's expert William Rosenblatt relies on the following graphic to opine that ████████████████ ████████████████████████████████████████████



*See* Roberts Decl., Ex. 1, Rosenblatt Report ¶ 107 (citing Roberts Decl. Ex. 11

COX_BMG00008555).  This is the sole support Mr. Rosenblatt offers for his opinion that Cox's

graduated response is effective at curbing infringement.  *Id.*

      But this and similar graphics regarding the purported effectiveness of Cox's procedure

are highly misleading.  The graphic simply shows that ████████████████████████████

████████████████████.  It does not show that ████████████████████████████████████

indeed, show anything about Cox subscriber behavior.  Instead, the slide simply reflects the

number of warnings that Cox sends to its customers.  In turn, that reflects the effectiveness of

Cox's procedures to limit that number by blocking, deleting or ignoring notices.  Because Cox

filters ████ of infringement notices (excluding Rightscorp's), the number of warnings a customer

receives bears little relationship to their actual history of infringement.  For example, the Cox

customer with ████████████████ never progressed past the warning stage though he was

the subject of at least ███ notices of infringement, even excluding those from blacklisted senders.

*See* Dkt. No. 371, Theodore Decl. Ex. 35.  Other subscribers had a similar experience.  *See, e.g.*,

Dkt. No. 371, Theodore Decl. Ex. 51 (noting that a subscriber with ██████████████

███████████████████████████████████████ based on Cox's

graduated response and notice-handling procedures); Roberts Decl,. Ex. 12,

COX_BMG00103797 (subscriber with more than ███ infringement notices never progressed past

the warning stage).

Customers may continue to infringe on the Cox network and not receive another notice

because they are not caught by copyright holders, because subsequent infringement notices

directed at their IP address happen to ████████████████ or because their ████████

████████ Allowing Cox or its experts to present their own warning data as evidence of

subscriber behavior is highly misleading and improper – ████████████████████████

███████████████████████████ *See Holowecki v. Fed. Express*

*Corp.*, 644 F. Supp. 2d 338, 360-61 (S.D.N.Y. 2009) (rejecting statistics that do not actually map

onto the alleged events they purport to describe).

In particular, Cox should not be permitted to give these misleading statistics the sheen of

expert authority.  Mr. Rosenblatt identified the ████ figure as "[s]tatistics from CATS data" but

knows nothing more about the source of this information.  These statistics were not prepared by

Mr. Rosenblatt but were taken from a powerpoint prepared by Cox's in-house legal department.

*See* Roberts Decl. Ex. 1, Rosenblatt ¶ 107 (citing Roberts Decl. Ex. 13 Cadenhead Tr. at 255:7-

256:12).  Rosenblatt's reliance on this data is entirely conjectural and an improper effort to apply

a veneer of expert authority to misleading statistics prepared by Cox's own counsel.  That is

improper and should be excluded.  *See Capital Concepts, Inc. v. Mountain Corp.*, 936 F. Supp.

2d 661, 672 (W.D. Va. 2013) ("An expert cannot simply parrot his client's findings or calculations and then pass that data off as his own expert opinion.").

Neither Mr. Rosenblatt nor any of Cox's other experts prepared their own analysis of Cox's warning and suspension data.  Nor did Cox's experts investigate the data set underlying the ███████████████████  Mr. Rosenblatt does not discuss the data set, timescale, or source of information.  Because there is no reason to think that this or similar statistics have anything to do with subscriber behavior and every reason to think that they do not, they should be excluded and confusing, misleading, and prejudicial.

For the foregoing reasons, Cox and its experts should be precluded from using statistics regarding warnings and notices Cox sends to its subscribers to argue that its graduated response is effective at curbing infringement.


November 6, 2015

                                        Respectfully submitted,

                                        /s/ *Jeremy D. Engle*
                                        Jeremy D. Engle (VSB No. 72919)
                                        jengle@steptoe.com
                                        Paul Gennari (VSB No. 46890)
                                        pgennari@steptoe.com
                                        STEPTOE & JOHNSON, LLP
                                        1330 Connecticut Ave, NW
                                        Washington, DC 20036
                                        Tel.:  (202) 429-3000
                                        Fax:  (202) 429-3902

                                        Walter D. Kelley, Jr. (VSB No. 21622)
                                        HAUSFELD, LLP
                                        1700 K Street, NW
                                        Washington, DC 20006
                                        Tel:  (202) 540-7157
                                        Fax:  (202) 540-7201

                                        *Of Counsel*
                                        Michael J. Allan (admitted *pro hac vice*)

William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Roger E. Warin (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia  30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

William J. Dinkin
Bill.dinkin@gmail.com

/s/ *Jeremy D. Engle*
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902