UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT )<br>(US) LLC, and ROUND HILL )<br>MUSIC LP )<br>)<br>      Plaintiffs, )<br>)<br>  v. )<br>)<br>COX COMMUNICATIONS, INC., )<br>COXCOM, LLC )<br>)<br>      Defendants. )<br>_____ ) | Case No. 1:14-cv-1611(LO/JFA) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE ARGUMENT THAT COX IS NOT LIABLE FOR INFRINGEMENT OVER ITS NETWORK BY USERS OTHER THAN NAMED ACCOUNT HOLDERS**

Plaintiffs BMG Rights Management (US) LLC and Round Hill Music LP respectfully submit this Reply Memorandum in Support of their Motion *in Limine* No. 6 to preclude Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox") from arguing that they are not liable for copyright infringement occurring on the Cox network because Plaintiff's cannot identify the name of the alleged infringer. Specifically, Cox intends to defend against liability for the rampant infringement on its network by arguing that direct infringer may not be a Cox subscriber, but instead, may be another member of the same household, (*i.e.* a child, spouse, nanny, etc.), or an unauthorized third parties using an unsecured wireless connection.

First, in making this argument, Cox ignores the law. The name of the direct infringer is irrelevant. What is relevant is that the alleged infringement occurs on the Cox network. Second, and as set forth in more detail in Plaintiffs' Opposition to Defendants' Motion *In Limine* No. 3 (Dkt. No. 625), it is for this exact reason that Cox's intentional destruction of the DCHP log is

1

relevant. Cox cannot argue that this information is case dispositive and at the same time, withhold from the jury the fact that this information was intentionally destroyed. For at least this reason, Cox should be precluded from offering legally irrelevant arguments regarding whether Plaintiffs can identify the name of the alleged infringer.

### I. Argument

Cox is liable for the infringement occurring on the Cox network. It is irrelevant whether the direct infringer is the named account holder, or another third party. Under the law, Cox is secondarily liable for the infringements occurring over its network, regardless of whether the account holder or another network user is infringing. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013); *In re Aimster Copyright Litig.*, 334 F.3d 643, 646 (7th Cir. 2003) (finding secondary liability where direct infringers could conceal their true identity); *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 423-24 (S.D.N.Y. 2011) (evidence of downloads from "LimeWire users" established direct infringement); *Sega Enters., Ltd. v. MAPHIA*, 857 F. Supp. 679, 686-87 (N.D. Cal. 1994) (direct infringement where "unknown users" uploaded Sega games).

This is confirmed by Cox's own acceptable use policy, which holds each subscriber responsible for infringement on the Cox network, regardless of whether the infringement is performed by a Cox subscriber, or another third party on the Cox network associated with that subscriber. Dkt. No. 317, Ex. 10 at 2. Cox does not get a pass on enabling infringement because

the infringer's internet account happened to be in the name of a different household member or that Cox's subscriber did not secure their WiFi. The cases Cox cites do not change this fact.[1]

Second, Cox is doing exactly what Plaintiffs expected. It is attempting to use the absence of information that it destroyed to further its own position. As Judge Anderson has already ruled, this is entirely inappropriate. (*See* Dkt. No. 381.) And further demonstrates the relevance of the DCHP information, as set forth in Plaintiffs' Opposition to Defendants' Motion *In Limine* No. 3 (Dkt. No. 625).

Finally, Cox's suggestion that non-subscribers are responsible for the infringements at issue is not only irrelevant, in at least one of the instances, it is wrong. Specifically, Cox points to a letter from a service member in the Navy wherein this service member stated that he did not was on military deployment from August 24, 2014 – April 10, 2015. Dkt. No. 612 at 5. What Cox fails to bring to this Court's attention is that this service member held IP address 174.68.109.242 in April, 2015. Dkt. No. 88 at 14. But Plaintiffs, through Rightscorp, never alleged that infringement occurred at this IP address on that date. Instead, Rightscorp identified infringements occurring on IP address 174.68.109.242 from September 16, 2014-October 14, 2014. Cox is the one that misidentified this subscriber, not Rightscorp. Rightscorp identified the subscriber that had this IP address six months prior to the service member.

## II. Conclusion

For the foregoing reasons and the reasons set forth in Dkt. No. 560, the Court should prohibit Cox from arguing that Cox is not liable because Cox network users other than named Cox account holders are responsible for the infringements at issue.

---

[1] The cases that Cox cites for the proposition that "IP address by itself does not identify specific users who might have infringed," are easily distinguishable from this case. Dkt. No. 612 at 4-5. These cases are all against the direct infringer – not an ISP for secondary liability – and do not change the fact that Plaintiffs do not need to prove that the named subscriber is the infringer.

November 17, 2015

Respectfully submitted,

/s/ *Jeremy D. Engle*
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
Paul Gennari (VSB No. 46890)
pgennari@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Walter D. Kelley, Jr. (VSB No. 21622)
HAUSFELD, LLP
1700 K Street, NW
Washington, DC 20006
Tel: (202) 540-7157
Fax: (202) 540-7201

*Of Counsel*
Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Roger E. Warin (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia 30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 17, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

William J. Dinkin
Bill.dinkin@gmail.com

                                        /s/ *Jeremy D. Engle*
                                        Jeremy D. Engle (VSB No. 72919)
                                        jengle@steptoe.com
                                        STEPTOE & JOHNSON, LLP
                                        1330 Connecticut Ave, NW
                                        Washington, DC 20036
                                        Tel.:  (202) 429-3000
                                        Fax:  (202) 429-3902