## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  1:14-cv-1611(LO/JFA) |
| **COX COMMUNICATIONS, INC., COXCOM, LLC** | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' [PROPOSED] JURY INSTRUCTIONS

**TABLE**

| Instruction No. | Instruction |
|---|---|
| Introductory | General Preliminary Instruction |
| 1 | What is Evidence |
| 2 | What in Not Evidence |
| 3 | Credibility of Witnesses |
| 4 | Nature of Action |
| 5 | Burden of Proof |
| 6 | Conduct of the Jury |
| 7 | Taking Notes |
| 8 | Course of the Trial |
| 9 | Judging the Evidence |
| 10 | Evidence Received in the Case – Stipulations, Judicial Notice & Inferences Permitted |
| 11 | Rejected and Stricken Evidence |
| 12 | Direct and Circumstantial Evidence |
| 13 | Inferences from the Evidence |
| 14 | Jury Recollection Controls |
| 15 | Questions are not Evidence |
| 16 | Court's Questions to Witnesses |
| 17 | Use of Depositions as Evidence |
| 18 | Credibility of Witnesses – Generally |
| 19 | Expert Witness |
| 20 | Impeachments – Inconsistent Statement of Conduct |
| 21 | Evidence Admitted for a Limited Purpose Only |
| 22 | Answers to Interrogatories |
| 23 | BMG's Burden of Proof |
| 24 | Cox's Burden of Proof |
| 25 | Preponderance of the Evidence |
| 26 | Exhibits During Deliberations |
| 27 | Copyright Define |
| 28 | BMG's Claim |
| 29 | The Court's Prior Determinations |
| 30 | Direct Infringement |
| 31 | Direct Infringement – Elements |
| 32 | Inference from Making Available to the Public |
| 33 | Contributory Infringement – Elements |
| 34 | Contributory Infringement – Knowledge |
| 35 | Knowledge – Constructive Knowledge |
| 36 | Knowledge – Willful Blindness |
| 37 | Contributory Infringement – Material Contribution |
| 38 | Vicarious Infringement – Elements |
| 39 | Vicarious Liability – Supervision |

| 40 | Vicarious Infringement – Financial Benefit |
|----|---------------------------------------------|
| 41 | Effect of Instruction as to Damages |
| 42 | Damages – Generally |
| 43 | Statutory Damages – Generally |
| 44 | Statutory Damages – Willfulness |
| 45 | BMG's Agent's Did Not Use Version Control Software |
| 46 | Cox's Failure to Maintain Records of Its Subscribers' IP Addresses |

**PRELIMINARY INSTRUCTIONS**

<u>General Preliminary Instruction</u>

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors.  These are preliminary instructions.  I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts.  It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

**Authority:**  *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 1.1 (2013) (unmodified).

**Plaintiffs' Proposed Jury Instruction No. 1**

<u>What Is Evidence</u>

You must decide the case on only the evidence presented in the courtroom.  Evidence comes in many forms.  It can be testimony about what someone saw, heard, or smelled.  It can be an exhibit or a photograph.  It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**Authority:**  *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 1.1 (unmodified).

**Plaintiffs' Proposed Jury Instruction No. 2**

<u>What Is Not Evidence</u>

During the trial, you'll hear certain things that are not evidence and you must not consider them. First, the lawyers' statements and arguments aren't evidence.  In their opening statements and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence.  But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence.  Don't decide that something is true just because a lawyer's question suggests that it is.  For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?"  That question is not evidence of what the witness saw or what Mr. Jones did— unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it.  If I overrule the objection, then the witness may answer the question or the court may receive the exhibit.  If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit.  When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it.  That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose.  When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**Authority:**  *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 1.1 (unmodified).

**Plaintiffs' Proposed Jury Instruction No. 3**

<u>Credibility of witnesses</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or  know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**Authority:**  Eleventh Circuit, Civil Pattern Jury Instructions No. 1.1 (2013) (unmodified).

**Plaintiffs' Proposed Jury Instruction No. 4**

<u>Nature of the Action</u>

This is a copyright infringement case.  A "copyright" is a set of legal rights that the law gives to someone who owns an original work of authorship.  This case involves one kind of original work of authorship, namely "musical compositions," which include music and lyrics. The owner of the copyright to a musical composition is the only one permitted to copy or distribute the musical composition, or to authorize someone else to copy or distribute the musical composition.  The term "owner" includes the author of the work, an assignee, and an exclusive licensee.

If someone does not have authorization from the copyright owner to copy or distribute a musical composition, the copyright laws prohibit that person from copying or distributing it. If that person nonetheless proceeds to copy or distribute a musical composition without authorization, that conduct is called "copyright infringement" and is against the law.

In addition, a company may be liable for copyright infringement even though it has not infringed the protected copyrighted work directly.  A company will be liable for contributory infringement if it knows of, or should have known of, and materially contributes to another person's copyright infringement of a copyrighted work. Also, a company will be liable for vicarious infringement if it has the right and ability stop or limit another person's copyright infringement and obtains a direct financial benefit from that infringement.

The plaintiff in this case is BMG Rights Management (US) LLC. BMG is a music publishing company.  BMG has already established that it is the owner of 1,398 musical composition works registered with the United States Copyright Office. BMG has also established that its copyright in each of these 1,398 copyrighted works is valid.

There are two Defendants in this case—Cox Communications, Inc. and CoxCom, LLC. I will refer to them together simply as "Cox."

BMG contends that Cox is contributorily and vicariously liable for the infringement of 1,398 BMG copyrighted musical works infringed by users of Cox's internet service.  I will refer to BMG's copyrighted musical compositions at issue in this case as BMG Copyrighted Works. Cox denies BMG's claim.

You may hear some testimony from witnesses and see a number of documents that refer to the Digital Millennium Copyright Act, commonly known as the DMCA. The DMCA provides that an internet service provider (commonly referred to as an "ISP") like Cox might have a defense to liability for contributory or vicarious copyright infringement arising from the use of its services for infringement by its subscribers. However, this DMCA defense, called a safe harbor, requires an ISP to "adopt[] and reasonably implement[]" a policy of "terminat[ing] . . . repeat infringers" in "appropriate circumstances."  Cox raised this defense; however, I have found that as a matter of law Cox did not adopt and reasonably implement such a policy and, therefore, Cox is not able to rely on the DMCA as a defense to copyright infringement.  As a result, you are not to consider the DMCA as a defense to BMG's claims against Cox.

**Authority:**  17 U.S.C. §§ 102 (subject matter), 106 (exclusive rights); Copyright Office Circular 56A, *Copyright Registration of Musical Compositions and Sound Recordings* (definition of "musical composition), http://copyright.gov/circs/circ56a.pdf; *CoStar Group v. LoopNet*, 373 F.3d 544, 549–550 (4th Cir. 2004); *Gershwin Publishing Corp. v. Columbia Artists Management*, 443 F. 2d 1159, 1161–62 (2d Cir. 1971); Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* §§ 160:01, 160:40 (6th ed. updated 2015) ("Nature of the Action" and definition of "owner") (modified); 17 U.S.C. § 512(i)(1)(A); Dkt. 675 (Nov. 19, 2015 Summary Judgment Order).

**Plaintiffs' Proposed Jury Instruction No. 5**

<u>Burden of proof</u>

BMG has the burden of proving its case by what the law calls a "preponderance of the evidence." That means BMG must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring BMG and the evidence favoring Cox on opposite sides of balancing scales, BMG needs to make the scales tip to its side. If BMG fails to meet this burden, you must find in favor of Cox.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them.  After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**Authority:**  *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 1.1 (unmodified).

**Plaintiffs' Proposed Jury Instruction No. 6**

<u>Conduct of the jury</u>

While serving on the jury, you may not talk with anyone about anything related to the case.  You may tell people that you're a juror and give them information about when you must be in court.  But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations.  You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial.  Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, and the internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law.  Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case.  The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it.  It's very important that you understand why these rules exist and why they're so important.  You must base your decision only on the testimony and other evidence presented in the courtroom.  It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom.  For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors

can decide a verdict in this case. The law sees only you as fair, and only you have promised to be

fair—no one else is so qualified.

**Authority:**  *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 1.1 (unmodified).

**Plaintiffs' Proposed Jury Instruction No. 7**

<u>Taking Notes</u>

If you wish, you may take notes to help you remember what the witnesses said.  If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.  Don't let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room.  Whether or not you take notes, you should rely on your own memory of the testimony.  Your notes are there only to help your memory.  They're not entitled to greater weight than your memory or impression about the testimony.

**Authority:**  *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 1.1 (unmodified).

**Plaintiffs' Proposed Jury Instruction No. 8**

<u>Course of the Trial</u>

Let's walk through the trial. First, each side will make an opening statement.  Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, BMG will present its witnesses and ask them questions. After BMG questions the witness, Cox may ask the witness questions—this is called "cross-examining" the witness.  Then Cox will present its witnesses, and BMG may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Authority:**  *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 1.1 (unmodified).

# GENERAL INSTRUCTIONS

## Plaintiffs' Proposed Jury Instruction No. 9

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

**Authority**:  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions Criminal* § 12.02 (6th ed. updated 2015).

**Plaintiffs' Proposed Jury Instruction No. 10**

<u>Evidence Received in the Case—Stipulations, Judicial Notice & Inferences Permitted</u>

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.  Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.  You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

**Authority**:  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 103:30 (6th ed. updated 2015) (modified to conform with final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)).

**Plaintiffs' Proposed Jury Instruction No. 11**

<u>Rejected and Stricken Evidence</u>

You must not consider any matter that was rejected or stricken by the Court.  It is not evidence and should be disregarded.

**Authority:**  *1-2 Virginia Model Jury Instructions—Civil Instruction No. 2.170* (2014) (unmodified).

**Plaintiffs' Proposed Jury Instruction No. 12**

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 104:05 (6th ed. updated 2015) (modified to conform with final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)); *1-2 Virginia Model Jury Instructions—Civil Instruction No. 2.100* (2014) (same).

**Plaintiffs' Proposed Jury Instruction No. 13**

<u>Inferences from the Evidence</u>

Inferences are simply deductions or conclusions which reason and common sense lead

the jury to draw from the evidence received in the case.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 104:20 (6th ed. updated 2015) (modified to conform with final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)); *Federal Civil Jury Instructions of the Seventh Circuit*, No. 1.11 (2009) (same).

**Plaintiffs' Proposed Jury Instruction No. 14**

<u>Jury's Recollection Controls</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions Criminal* § 12.07 (6th ed. updated 2015).

**Plaintiffs' Proposed Jury Instruction No. 15**

<u>Questions Are Not Evidence</u>

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

**Authority:**  *Ninth Circuit Manual of Model Jury Instructions*, No. 1.7 (2007) (modified to conform with final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)).

**Plaintiffs' Proposed Jury Instruction No. 16**

<u>Court's Questions to Witnesses</u>

During the court of a trial, I may occasionally ask questions of a witness.  Do not assume

that I hold any opinion on the matters to which my questions may relate.  The Court may ask a

question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

**Authority:**  *Federal Civil Jury Instructions of the Seventh Circuit*, No. 1.02 (modified to
conform with final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-
cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)).

**Plaintiffs' Proposed Jury Instruction No. 17**

<u>Use of Depositions as Evidence</u>

During the trial, certain testimony has been presented to you by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witnesses in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath, or on a videotape.

Such testimony is entitled to the same consideration and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 105:02 (6th ed. updated 2015) (unmodified).

**Plaintiffs' Proposed Jury Instruction No. 18**

<u>Credibility of Witnesses—Generally</u>

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 105:01 (6th ed. updated 2015); *1-2 Virginia Model Jury Instructions—Civil Instruction No. 2.020* (2014), and cases cited therein (modified to conform with final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)).

**Plaintiffs' Proposed Jury Instruction No. 19**

<u>Expert Witness</u>

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

**Authority:**  *1-2 Virginia Model Jury Instructions—Civil Instruction No. 2.040* (2014) (modified to conform with final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)).

**Plaintiffs' Proposed Jury Instruction No. 20**

<u>Impeachments—Inconsistent Statement or Conduct</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's current testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such weight, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of the witness or give it such weight as you may think it deserves.

An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 105:04 (6th ed. updated 2015) (modified to conform with final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.), and to change "credibility" to "weight" in paragraphs two and three).

**Plaintiffs' Proposed Jury Instruction No. 21**

<u>Evidence Admitted for a Limited Purpose Only</u>

Sometimes evidence may be admitted for a particular purpose and not generally for all purposes.  You will recall that during the court of this trial I instructed you that I admitted certain evidence for a limited purpose.  You must consider this evidence only for the limited purpose for which it was admitted.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 102:40 (6th ed. updated 2015) (6th ed. 2011) (modified to conform with final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)).

**Plaintiffs' Proposed Jury Instruction No. 22**

<u>Answers to Interrogatories</u>

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party.  A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers.  The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 104:72 (6th ed. updated 2015).

**Plaintiffs' Proposed Jury Instruction No. 23**

<u>BMG's Burden of Proof</u>

As I instructed you at the beginning of trial, BMG has the burden to prove the essential

elements of each of its claims by a preponderance of the evidence.  If BMG should fail to

establish any essential element of any particular claim by a preponderance of the evidence, you

should find for Cox as to that particular claim.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 104:01 (6th ed.
updated 2015) (modified to conform with final instruction in *Reynolds Consumer Products v.
Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady,
J.)); *Federal Civil Jury Instructions of the Seventh Circuit*, No. 1.27 (2009) (same).

## Plaintiffs' Proposed Jury Instruction No. 24

<u>Cox's Burden of Proof</u>

Cox asserts the affirmative defenses of _____.  Cox has the burden of proving each element of its affirmative defenses by a preponderance of the evidence.  If Cox does not prove any element of an affirmative defense by a preponderance of the evidence, then it cannot prevail on that defense.

**Authority:**  *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 3.7.2 (modified for consistency with instruction regarding BMG's Burden of Proof).

**Plaintiffs' Proposed Jury Instruction No. 25**

<u>Preponderance of the Evidence</u>

The term "preponderance of the evidence" does not necessarily mean the greater number

of witnesses, but means the greater weight of all the evidence.  It is the evidence that is most

convincing and satisfactory to the minds of the jury.  The testimony of one witness in whom the

jury has confidence may constitute a preponderance.

**Authority:**  Ronald J. Bacigal & Margaret Ivey Bacigal, *Virginia Practice Jury Instruction*
§ 11.1 (2015) ("Preponderance of the evidence").

**Plaintiffs' Proposed Jury Instruction No. 26**

<u>Exhibits During Deliberations</u>

I am sending the exhibits which have been received in evidence during the trial with you as you retire for your deliberations.

**CASE-SPECIFIC JURY INSTRUCTIONS**

**Plaintiff's Proposed Jury Instruction No. 27**

<u>Copyright Defined</u>

The term "copyright" is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others.  The term is derived from the fact that such an author has the exclusive right to copy the work, and therefore may exclude others from copying the work.

The term "author" generally is used to refer to a writer. The author of a copyrighted work is the owner of the copyright in that work.  The term "owner" also includes any person to whom the author may assign, sell, lease, or otherwise transfer the copyright.

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright.

This case involves one kind of original work of authorship, namely "musical compositions," which include music and lyrics.

**Authority:**  *Modern Federal Jury Instructions-Civil*, P 86B.01 (2015) (modified to exclude inapplicable matter); 17 U.S.C. §§ 101, 106; 17 U.S.C. §§ 102 (subject matter), 106 (exclusive rights); Copyright Office Circular 56A, *Copyright Registration of Musical Compositions and Sound Recordings* (definition of "musical composition), http://copyright.gov/circs/circ56a.pdf.

**Plaintiff's Proposed Jury Instruction No. 28**

<u>BMG's Claim</u>

In this case, BMG contends that Cox is contributorily and vicariously liable for the infringement of 1,398 BMG copyrighted musical works infringed by users of Cox's internet service.

**Plaintiff's Proposed Jury Instruction No. 29**

<u>The Court's Prior Determinations</u>

BMG has already established that it is the owner of the 1,398 musical composition works at issue in this case. BMG has also established the copyright in each of these 1,398 works is valid. I will refer to BMG's 1,398 works as the BMG Copyrighted Works.

You have heard some testimony and seen some documents that refer to the Digital Millennium Copyright Act, commonly known by its initials "DMCA." The DMCA provides that an internet service provider (commonly referred to as an "ISP") like Cox may have a defense to liability for contributory or vicarious copyright infringement arising from the use of its services for infringement by its subscribers. This defense is often referred to as a "safe harbor." However, this DMCA safe harbor defense is available only if an ISP adopts and reasonably implements a policy of terminating repeat infringers in appropriate circumstances.

I have already found that Cox is not entitled to the DMCA safe harbor defense because Cox did not adopt or reasonably implement a policy for the termination of repeat infringers in appropriate circumstances. Therefore, you may not consider the DMCA safe harbor defense as a defense available to Cox in your deliberations.

**Authority:** 17 U.S.C. §§ 102 (subject matter), 106 (exclusive rights), Copyright Office Circular 56A, Copyright Registration of Musical Compositions and Sound Recordings (definition of "musical composition); CoStar Group v. LoopNet, 373 F.3d 544, 549–550 (4th Cir. 2004); *Gershwin Publishing Corp. v. Columbia Artists Management*, 443 F. 2d 1159, 1161-62 (2d Cir. 1971); Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* §§ 160.01, 160.40 (6th ed. updated 2015) ("Nature of the Action" and definition of "owner") (modified); 17 U.S.C. § 512(i)(1)(A); Dkt. 675 (Nov. 19, 2015 Summary Judgment Order).

**Plaintiffs' Proposed Jury Instruction No. 30**

<u>Direct Infringement</u>

In order to prove contributory or vicarious copyright infringement, BMG first must

establish by a preponderance of the evidence that users of Cox's internet service infringed BMG

Copyrighted Works.  BMG is not required to prove the specific identities of the infringing users.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* §§ 160:28, 160.29 (6th ed. updated 2015) ("vicarious infringement" and "contributory infringement") (modified to omit ownership and validity, which are established); *Columbia Pictures Industries v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013) (Plaintiff "had to adduce evidence of actual infringement by users of [Defendant's] services."); *In re Aimster Copyright Litigation*, 334 F.3d 643, 646 (7th Cir. 2003) (finding secondary liability where direct infringers could conceal their true identity); *Arista Records v. Lime Group*, 784 F. Supp. 2d 398, 423-24 (S.D.N.Y. 2011) ("evidence that establishes that the Recordings were downloaded by LimeWire users without authorization"); *Sega Enterprises v. MAPHIA*, 857 F. Supp. 679, 686-87 (N.D. Cal. 1994) (uploads by "unknown users").

**Plaintiffs' Proposed Jury Instruction No. 31**

<u>Direct Infringement - Elements</u>

A copyright owner's exclusive right to distribute and copy its copyrighted work is infringed by the downloading or uploading of the copyrighted work without authorization or by making the copyrighted work available to the public for uploading or downloading.

If you find that users of Cox's internet service uploaded or downloaded or made BMG Copyrighted Works available for uploading or downloading, then BMG has established that users of Cox's internet service have infringed BMG Copyrighted Works.

**Authority:**  *Columbia Pictures Industries v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013); *Hotaling v. Church of Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997); *Sony BMG Music Entertainment v. Doe*, No. 5:08-CV-109-H, 2009 WL 5252606, at *4 (E.D.N.C. Oct. 21, 2009); *Universal Studios Production v. Bigwood*, 441 F. Supp. 2d 185, 190 (D. Me. 2006); *Arista Records v. Greubel*, 453 F. Supp. 2d 961, 970–71 (N.D. Tex. 2006*); Warner Bros. Records v. Payne*, No. W-06-CA-051, 2006 WL 2844415, at *3 (W.D. Tex. Jul. 17, 2006).

**Plaintiffs' Proposed Jury Instruction No. 32**

<u>Inference from Making Available to the Public</u>

If you find that users of Cox's internet service made BMG Copyrighted Works available

to the public for copying, you may but are not required to infer that that those users of Cox's

internet service actually uploaded the works and therefore infringed BMG's exclusive

distribution rights.


**Authority:**  *Atlantic Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 983–84 (D. Ariz. 2008);
*London-Sire Records v. Doe I*, 542 F. Supp. 2d 153, 169 (D. Mass. 2008); *Hotaling v. Church of
Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997).

**Plaintiffs' Proposed Jury Instruction No. 33**

<u>Contributory Infringement—Elements</u>

If you find that Cox users infringed BMG's copyrights, you should proceed to consider BMG's claims for contributory and vicarious infringement.  I will first explain the elements of contributory infringement.

BMG claims that Cox contributed to Cox users' infringement of BMG's copyrights.  To succeed on its claim of contributory infringement, BMG must prove the following by a preponderance of the evidence:

1.  Cox knew or had reason to know of its users' infringing activity; and

2.  Cox materially contributed to its users' infringing activity.

I will explain what I mean by these terms.

If you find that BMG has proved each of these things by a preponderance of the evidence, then you must find for BMG.  However, if BMG did not prove each of these things by a preponderance of the evidence, then you must find for Cox.

**Authority:**  *Federal Civil Jury Instructions of the Seventh Circuit*, No. 12.6.2; *Ninth Circuit Manual of Model Jury Instructions*, No. 17.21; *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 9.20; Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 160:29 (6th ed. updated 2015); *CoStar Group v. LoopNet*, 373 F.3d 544, 550 (4th Cir. 2004) ("Under a theory of contributory infringement, one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another is liable for the infringement."); *Humphreys & Partners Architects v. Lessard Design*, 43 F. Supp. 3d 644, 663 (E.D. Va. 2014) ("[U]nder a contributory infringement theory, 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another' is also liable for the infringement."); *Gershwin Publishing Corp. v. Columbia Artists Management*, 443 F.2d 1159, 1162 (2d Cir. 1971) ("[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer.").

**Plaintiffs' Proposed Jury Instruction No. 34**

<u>Contributory Infringement—Knowledge</u>

Knowledge means that Cox knew, strongly suspected, or had reason to know of its users' infringing activity.

**Authority:** *Federal Civil Jury Instructions of the Seventh Circuit*, No. 12.6.2; *Ninth Circuit Manual of Model Jury Instructions*, No. 17.21; *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 9.20; Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 160:29 (6th ed. updated 2015); *Gershwin Publishing Corp. v. Columbia Artists Management*, 443 F.2d 1159, 1162 (2d Cir. 1971) ("could each be held liable as a 'contributory' infringer if it were shown to have had knowledge, or reason to know, of the infringing nature of the records"); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) ("We have interpreted the knowledge requirement for contributory copyright infringement to include both those with actual knowledge and those who have reason to know of direct infringement."); *see also id*. at 1077; *A&M Records v. Napster*, 239 F.3d 1004, 1020 (9th Cir. 2001) ("Contributory liability requires that the secondary infringer know or have reason to know of direct infringement.").

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 35**

Knowledge—Constructive Knowledge

In copyright law, Cox is considered to have knowledge of its users' infringing activity if it was put on notice of that infringing activity or should have been on notice of that infringing activity.

**Authority:** *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) ("Because . . . should have been on notice of infringing activity we conclude that a reasonable trier of fact could find that AOL had reason to know of potentially infringing activity occurring within its USENET network."); *ALS Scan v. RemarQ Communities*, 239 F. 3d 619, 622–26 (4th Cir. 2001) (finding notice sufficient for knowledge in the DMCA context); *Perfect 10 v. Cybernet Ventures*, 213 F. Supp. 2d 1146, 1168–69 (C.D. Cal. 2002) (emails notifying the defendant of copyright infringement on its system established knowledge of infringement); *Capitol Records v Escape Media Group*, 2015 WL 1402049, at *43 (S.D.N.Y. Mar. 25, 2015) ("[T]he evidence demonstrates that Escape had knowledge of the infringing activity" based on "DMCA takedown notices of infringement it received.").

**Plaintiffs' Proposed Jury Instruction No. 36**

<u>Knowledge—Willful Blindness</u>

In copyright law, willful blindness is considered to be knowledge.  Cox acted with willful blindness if it was aware of a high probability that Cox users were infringing BMG's copyrights but consciously avoided confirming that fact.

**Authority:**  *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) ("willful blindness is knowledge, in copyright law"); *Viacom International v. YouTube*, 676 F.3d 19, 35 (2d Cir. 2012) ("A person is willfully blind or engages in conscious avoidance amounting to knowledge where the person was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.").

**Plaintiffs' Proposed Jury Instruction No. 37**

<u>Contributory Infringement—Material Contribution</u>

Cox materially contributed to its users' infringing activity if it provided the site and

facilities for the infringing activity or the means for its users to access infringing copies of

BMG's copyrighted works.


**Authority:**  *A&M Records v. Napster*, 239 F.3d 1004, 1022 (9th Cir. 2001) ("Napster provides
the site and facilities for direct infringement."); *Fonovisa v. Cherry Auction*, 76 F.3d 259, 264
(9th Cir. 1996) ("[P]roviding the site and facilities for known infringing activity is sufficient to
establish contributory liability."); *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004)
("providing the groups' users with access to those copies"); *Perfect 10 v. Amazon*, 508 F.3d
1146, 1172 (9th Cir. 2007) ("assists a worldwide audience of users to access infringing
materials").

## Plaintiffs' Proposed Jury Instruction No. 38

### Vicarious Infringement—Elements

If you find that Cox users infringed BMG's copyrights, you should also consider BMG's claim for vicarious infringement.  I will now explain the elements of vicarious infringement.

BMG claims that Cox is vicariously liable for Cox users' infringement of BMG's copyrights.  To succeed on its claim of vicarious infringement, BMG must prove the following by a preponderance of the evidence:

1.  Cox possessed the right and ability to supervise its users' infringing activity; and

2.  Cox possessed a direct financial interest in the infringing activity.

I will explain what I mean by each of these terms.

If you find that BMG has proved each of these things by a preponderance of the evidence, then you must find for BMG.  However, if BMG did not prove each of these things by a preponderance of the evidence, then you must find for Cox.

**Authority:**  Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 160:28 (6th ed. updated 2015); *CoStar Group v. LoopNet*, 373 F.3d 544, 550 (4th Cir. 2004) ("Under a theory of vicarious liability, a defendant who has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities is similarly liable."); *A&M Records v. Napster*, 239 F.3d 1004, 1022 (9th Cir. 2001) ("[V]icarious liability extends . . . to cases in which a defendant has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities."); *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004) ("A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity."); *Shapiro, Bernstein & Co. v. HL Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963) ("When the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials . . . the purposes of copyright law may be best effectuated by the imposition of liability upon the beneficiary of that exploitation."); *see also Federal Civil Jury Instructions of the Seventh Circuit*, No.12.6.1; *Ninth Circuit Manual of Model Jury Instructions*, No. 17.20; *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 9.21; *MGM v. Grokster*, 545 U.S. 913, 930 (2005) ("One . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.")

**Plaintiffs' Proposed Jury Instruction No. 39**

Vicarious Liability—Supervision

You should find that Cox has the right and ability to supervise its users' infringing

activity if you find that it has the right and ability to terminate their accounts because they

engage in that infringing activity.

**Authority:**  *A&M Records v. Napster*, 239 F.3d 1004, 1023 (9th Cir. 2001) ("The ability to
block infringers' access to a particular environment for any reason whatsoever is evidence of the
right and ability to supervise."); *id*. ("right to refuse service and terminate accounts"); *Fonovisa
v. Cherry Auction*, 76 F.3d 259, 262 (9th Cir. 1996) ("Cherry Auction had the right to terminate
vendors for any reason whatsoever and through that right had the ability to control the activities
of vendors on the premises."); *Viacom Int'l v. YouTube*, 676 F.3d 19, 37 (2d Cir. 2012).

## Plaintiffs' Proposed Jury Instruction No. 40

### Vicarious Infringement—Financial Benefit

You should find that Cox obtains a direct financial benefit from its subscribers'
infringing activity if you find that BMG has shown at least one of the following by a
preponderance of the evidence:

1. The opportunity to engage in infringing activity acts as a "draw" for some subscribers
   to Cox's internet service, for example by enhancing the value of Cox's internet
   service to those customers.  The "draw" need not be substantial or the primary draw.
   It need only be a draw;

2. Cox reaps financial benefits from fees paid by Cox subscribers who want to upload or
   download infringing copies of BMG's copyrighted works; or

3. Cox has an economic incentive to tolerate infringing activity by its subscribers.

If you find that BMG has proved one or more of these things by a preponderance of the
evidence, then you must find that BMG has satisfied the direct financial benefit element of
vicarious infringement.  However, if BMG did not any of these things by a preponderance of the
evidence, then you must find for Cox on the direct financial benefit element of vicarious
infringement.

**Authority:**  *A&M Records v. Napster*, 239 F.3d 1004, 1023 (9th Cir. 2001) ("Financial benefit
exists where the availability of infringing material acts as a 'draw' for customers."); *Capitol
Records v. Escape Media Group*, No. 12-CV-6646 AJN, 2015 WL 1402049, at *42 (S.D.N.Y.
Mar. 25, 2015) (quoting *Arista Records v. Usenet.com*, 633 F. Supp. 2d 124, 157 (S.D.N.Y.
2009)) ("[T]he 'draw' of infringement need not be the primary, or even a significant, draw—
rather, it need only be 'a' draw."); *Fonovisa v. Cherry Auction*, 76 F.3d 259, 263 (9th Cir. 1996)
("imposing vicarious liability" where infringing activity "enhance[s] the attractiveness of the
venue to potential customers"); *id.* ("[D]efendants reap substantial financial benefits from
admission fees, concession stand sales and parking fees, all of which flow directly from
customers who want to buy the counterfeit recordings at bargain basement prices."); *Ellison v.
Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004) ("There is no requirement that the draw be
substantial."); *Arista Records v. Flea World*, No. CIV.A. 03-2670(JBS), 2006 WL 842883, at
*12-13 (D.N.J. Mar. 31, 2006); *Escape Media Group*, 2015 WL 1402049, at *42 ("[E]vidence of
financial gain is not necessary to prove vicarious liability as long as the service provider has an
economic incentive to tolerate infringing conduct."); *Capitol Records. v. MP3tunes*, No. 07 CIV.
9931 WHP, 2013 WL 1987225, at *10 (S.D.N.Y. May 14, 2013) ("direct financial benefit does

not require earned revenue, so long as the defendant has economic incentives for tolerating unlawful behavior") (quoting *A&M Records v. Napster*, 114 F. Supp. 2d 896, 921 (N.D. Cal. 2000)).

**Plaintiffs' Proposed Jury Instruction No. 41**

<u>Effect of Instructions as to Damages</u>

I will now instruct you as to the proper measure of damages.  You should not consider the fact that I am about to instruct you as to damages as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are for your guidance only in the event that you find in favor of BMG according to the instructions I have given you regarding contributory or vicarious liability.

**Authority:**  Modified from final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)

**Plaintiffs' Proposed Jury Instruction No. 42**

<u>Damages—Generally</u>

If you find that Cox is liable for contributory infringement or if you find that Cox is liable for vicarious infringement, then you should consider the amount of money to award to BMG.  If you find that Cox is neither liable for contributory infringement nor liable for vicarious infringement, then you should not consider this issue.

**Authority:**  Modified from final instruction in *Reynolds Consumer Products v. Handi-Foil Corp.*, No. 1:13-cv-214, 2014 WL 3615853, *1 (E.D. Va July 18, 2014) (O'Grady, J.)

**Plaintiffs' Proposed Jury Instruction No. 43**

Statutory Damages—Generally

BMG seeks an award of statutory damages under the United States Copyright Act.

"Statutory damages" are damages that are established by Congress in the Copyright Act because

actual damages in copyright cases are often difficult to establish with precision.  The purposes

are to compensate the copyright owner, penalize the infringer, and deter future copyright-law

violations.

The amount awarded must be between $750 and $30,000 for each copyrighted work that you

found to be infringed.  If BMG proves that proves that Cox acted willfully in contributorily or

vicariously infringing BMG's copyrights you may, but are not required to, increase the statutory

damage award to a sum as high as $150,000 per copyrighted work.

You should award as statutory damages an amount that you find to be fair under the

circumstances.  In determining the appropriate amount to award, you may consider the following

factors:

- The expenses Cox saved because of the infringement
- The profits Cox earned because of the infringement
- The revenues that BMG lost because of the infringement
- The difficulty of proving BMG's actual damages
- The circumstances of the infringement
- Whether Cox acted willfully or intentionally in contributorily or vicariously infringing BMG's copyrights
- Deterrence of future infringement

You should award statutory damages whether or not there is evidence of the actual damage

suffered by BMG, and your statutory damage award need not be based on the actual damages

suffered by BMG.  In addition, you may also consider any evidence that the Cox has a history of

copyright infringement; Cox's wealth and profits; any evidence that the Cox is apparently

impervious to either deterrence or rehabilitation; the extent of Cox's knowledge of the copyright

laws; any misleading or false statements made by the Cox; and any factor which you believe

show that Cox knew, had reason to know, or recklessly disregarded the copyright infringement.


**Authority:**  *Federal Civil Jury Instructions of the Seventh Circuit*, No. 12.8.4; *Ninth Circuit Manual of Model Jury Instructions*, No. 17.25; *Eleventh Circuit, Civil Pattern Jury Instructions*, No. 9.32; 17 U.S.C. § 504(c); S*uperior Form Builders v. Chase Taxidermy Supply Co*., 74 F.3d 488, 496 (4th Cir. 1996) (rejecting the argument that "statutory damages must bear some reasonable relationship to the amount of actual damages"); *id.* (approving instruction that jury may base statutory damages award on "any evidence that the defendants have a history of copyright infringement; any evidence that the defendants are apparently impervious to either deterrence or rehabilitation; the extent of the defendant's knowledge of the copyright laws; any misleading or false statements made by the defendants; . . . and any factor which the jury believes evidences the defendants knew, had reason to know, or recklessly disregarded the fact that its conduct constituted copyright infringement") (ellipsis in original); *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991) (reason for statutory damages is that "actual damages . . . are often virtually impossible to prove"); *Lowry's Reports v. Legg Mason*, 302 F. Supp. 2d 455, 459 (D. Md. 2004) ("Because statutory damages are an alternative to actual damages, there has never been a requirement that statutory damages must be strictly related to actual injury."); *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952) (allowing statutory damages "[e]ven for uninjurious and unprofitable invasions of copyright"); *Lowry's Reports*, 302 F.Supp.2d at 460 ("Statutory damages are appropriate even when actual damages cannot be proven."); *id*. at 461 ("The wealth of the defendant has been widely recognized as relevant to the deterrent effect of a damages award.").

**Plaintiffs' Proposed Jury Instruction No. 44**

<u>Statutory Damages—Willfulness</u>

Cox's infringement for contributory or vicarious infringement is considered willful if BMG proves by a preponderance of the evidence that Cox had knowledge that its subscribers' actions constituted infringement of Plaintiff's copyrights, acted with reckless disregard for the infringement of BMG's copyrights, or was willfully blind to the infringement of BMG's copyrights.

**Authority:**  *Federal Civil Jury Instructions of the Seventh Circuit*, No. 12.8.4; *Island Software & Computer Service v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) ("To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights.").

**Plaintiffs' Proposed Jury Instruction No. 45**

<u>BMG's Agent's Did Not Use Version Control Software</u>

[BMG does not believe that any instruction is necessary regarding Rightscorp's not using version control software.  Nonetheless, BMG provides the following proposed instruction should the Court decide that one is appropriate.]


Version control software allows changes to source code to be tracked and saved.  In this case, BMG's agent, Rightscorp, did not user version control software to track and save changes to the source code.  As such, Cox was unable to explore all the changes made to the Rightscorp code to contest the testimony you have heard at trial concerning whether any changes were made to Rightscorp's source code during the relevant timer period.


**Authority:**  Nov. 20, 2015 Hr'g Tr. at 66; Dkt. 447 (Oct. 22, 2015 Order by Magistrate Judge John F. Anderson) at 6.

**Plaintiffs' Proposed Jury Instruction No. 46**

Cox's Failure to Maintain Records of Its Subscribers' IP Addresses

Cox assigns each of its subscribers an IP address through which the subscriber accesses the internet. Only Cox has the information necessary to match an IP address with a particular subscriber's name.

Cox did not maintain the records identifying its subscribers' IP addresses during the time of the alleged infringement in this case. Thus, Cox could not provide to BMG the name of its subscribers associated with the IP addresses that BMG identified as IP addresses through which its copyrights were infringed. The specific names of the alleged infringing subscribers are not relevant to the issues in this case.

**Authority:** Dkt. 381 (Oct. 9, 2015 Order by Magistrate Judge John F. Anderson); *Columbia Pictures Industries v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013) (Plaintiff "had to adduce evidence of actual infringement by users of [Defendant's] services."); *In re Aimster Copyright Litigation*, 334 F.3d 643, 646 (7th Cir. 2003) (finding secondary liability where direct infringers could conceal their true identity); *Arista Records v. Lime Group*, 784 F. Supp. 2d 398, 423-24 (S.D.N.Y. 2011) ("evidence that establishes that the Recordings were downloaded by LimeWire users without authorization"); *Sega Enterprises v. MAPHIA*, 857 F. Supp. 679, 686-87 (N.D. Cal. 1994) (uploads by "unknown users").

November 24, 2015                    Respectfully submitted,

                                     /s/ *Jeremy D. Engle*
                                     Jeremy D. Engle (VSB No. 72919)
                                     jengle@steptoe.com
                                     Paul Gennari (VSB No. 46890)
                                     pgennari@steptoe.com
                                     STEPTOE & JOHNSON, LLP
                                     1330 Connecticut Ave, NW
                                     Washington, DC 20036
                                     Tel.:  (202) 429-3000
                                     Fax:  (202) 429-3902

                                     Walter D. Kelley, Jr. (VSB No. 21622)
                                     HAUSFELD, LLP
                                     1700 K Street, NW
                                     Washington, DC 20006
                                     Tel:  (202) 540-7157
                                     Fax:  (202) 540-7201

                                     *Of Counsel*
                                     Michael J. Allan (admitted *pro hac vice*)
                                     William G. Pecau (admitted *pro hac vice*)
                                     John M. Caracappa (admitted *pro hac vice*)
                                     Roger E. Warin (admitted *pro hac vice*)
                                     Jeffrey M. Theodore (admitted *pro hac vice*)
                                     Stephanie L. Roberts (admitted *pro hac vice*)
                                     Elizabeth A. McKenzie (admitted *pro hac vice*)
                                     STEPTOE & JOHNSON, LLP
                                     1330 Connecticut Avenue, NW
                                     Washington, DC 20036
                                     Tel.: (202) 429-3000
                                     Fax: (202) 429-3902

                                     Michael O. Crain
                                     Crain Law Group, LLC
                                     The Bottleworks
                                     297 Prince Avenue, Suite 24
                                     Athens, Georgia  30601
                                     Tel. (706) 548-0970
                                     Fax: (706) 369-8869

                                     *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

/s/ *Jeremy D. Engle*
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902