UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP<br><br>    Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., COXCOM, LLC<br>    Defendants. | Case No. 1:14-cv-1611(LO/JFA) |

**[Plaintiffs' Proposed] Verdict Form**

We the jury, in the above captioned action, answer the questions submitted to us as follows:

**Question 1:  Direct infringement:**

>Did BMG prove by a preponderance of the evidence that users of Cox's internet services infringed the BMG Copyrighted Works?

*Answer*:      Yes _____            No_____


If you answered yes to Question 1, you should proceed to Question 2.

**Question 2: Knowledge of infringement:**

    (a) Did BMG prove by a preponderance of the evidence that Cox knew, strongly suspected, or had reason to know of infringement of the BMG Copyrighted Works using its internet service?

*Answer*:   Yes _____   No_____

If you answered yes to Question 2(a), you should proceed to Question 3. If you answered no to question 2(a), you should answer Question 2(b).

    (b) Did BMG prove by a preponderance of the evidence that Cox was on notice of infringement of the BMG Copyrighted Works using its internet service?

*Answer*:   Yes _____   No_____

If you answered yes to Question 2(b), you should proceed to Question 3. If you answered no to question 2(b), you should answer Question 2(c).

    (c) Did BMG prove by a preponderance of the evidence that Cox was willfully blind to infringement of the BMG Copyrighted Works using its internet service?

*Answer*:   Yes _____   No_____

If you answered yes to any part (a, b, or c) of Question 2, you should proceed to Question 3. If you answered no to all parts of Question 2 (a, b, and c), you should proceed to Question 4.

**Question 3: Material contribution:**

        Did BMG prove by a preponderance of the evidence that Cox materially contributed to its users' infringement of the BMG Copyrighted Works?

*Answer*:     Yes _____          No_____

You should proceed to Question 4.

**Question 4: Right and ability to supervise:**

>Did BMG prove by a preponderance of the evidence that Cox had the right and ability to supervise its users infringing activity?

*Answer*:       Yes _____              No_____

If you answered yes to question 4, you should proceed to Question 5. If you answered no to Question 4, you should proceed to Question 6.

**Question 5:  Financial benefit:**

        Did BMG prove by a preponderance of the evidence that Cox obtained a direct financial benefit from its subscribers' infringing activity?

*Answer*:  Yes _____    No_____

You should proceed to Question 6.

You should answer Question 6 if you answered yes to:

    (a) Question 1 and any part of Question 2 (a, b, or c) and Question 3; or

    (b) Question 1 and Question 4 and Question 5

If neither of those is the case, you do not need to answer Question 6 or 7.

**Question 6: Willfulness:**

    Did BMG prove by a preponderance of the evidence that Cox's alleged violations were willful?

    (a) Contributory infringement (Questions 2 – 3)

*Answer*:    Yes _____           No_____

    (b) Vicarious infringement (Questions 4 – 5)

*Answer*:    Yes _____           No_____

If you answered no to **both** Questions 6(a) and 6(b), you should answer Question 7(a). If you answered yes to **either** Question 6(a) or 6(b), you should answer Question 7(b).

**Question 7: Damages:**

    (a) If you answered no to both questions 6(a) and 6(b), enter the amount of statutory damages that BMG should be awarded per copyrighted work infringed. The amount must be between $750 and $30,000 per copyrighted work:

*Amount of statutory damages per copyrighted work infringed:* $_____

    (b) If you found willfulness by answering yes to either question 6(a) or 6(b), you may, but are not required to, increase the amount to a sum as high as $150,000 per copyrighted work:

*Amount of statutory damages per copyrighted work infringed:* $_____

November 24, 2015

Respectfully submitted,

/s/ *Jeremy D. Engle*

Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
Paul Gennari (VSB No. 46890)
pgennari@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Walter D. Kelley, Jr. (VSB No. 21622)
HAUSFELD, LLP
1700 K Street, NW
Washington, DC 20006
Tel: (202) 540-7157
Fax: (202) 540-7201

*Of Counsel*
Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Roger E. Warin (admitted *pro hac vice*)
Jeffrey M. Theodore (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia 30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 24, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

                /s/ *Jeremy D. Engle*
                Jeremy D. Engle (VSB No. 72919)
                jengle@steptoe.com
                STEPTOE & JOHNSON, LLP
                1330 Connecticut Ave, NW
                Washington, DC 20036
                Tel.: (202) 429-3000
                Fax: (202) 429-3902