**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP, <br><br> Plaintiff, <br><br> v. <br><br> COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., and COXCOM, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 1:14-cv-1611 (LOG/JFA)

## COX'S PROPOSED JURY INSTRUCTIONS

Defendants Cox Communications, Inc. and Coxcom, LLC ("Cox"), submit these proposed jury instructions.  Cox reserves the right and requests the opportunity to supplement these proposed jury instructions with additional instructions in the event that issues arise in pretrial rulings or during trial and for all other purposes contemplated by the Local Rules and Federal Rules of Civil Procedure.

# TABLE OF CONTENTS

**Page**

Cox's Proposed Preliminary Instructions to the Jury ............................................................ 1

Claims in this Case................................................................................................................. 1

Procedures............................................................................................................................. 3

      Order of Trial ............................................................................................................. 3

      Opening Statements ................................................................................................... 3

      Presentation of the Evidence..................................................................................... 3

      Closing Argument...................................................................................................... 3

      Instructions on the Law............................................................................................. 4

      Deliberations ............................................................................................................. 4

      Rules of Conduct for Jurors ...................................................................................... 5

1.  General Introduction ....................................................................................................... 8

2.  Burden of Proof............................................................................................................... 9

3.  Evidence in the Case ....................................................................................................... 10

4.  Direct and Circumstantial Evidence ............................................................................... 11

5.  Credibility of Witnesses.................................................................................................. 12

6.  Use of Depositions as Evidence...................................................................................... 14

7.  Inferences........................................................................................................................ 15

8.  Opinion Evidence, Expert Witnesses.............................................................................. 16

9.  Statistical Evidence......................................................................................................... 17

10.  Impeachment – Insistent Statement or Conduct ............................................................. 18

11.  REMOVED...................................................................................................................... 19

12.  BMG's Intentional Destruction of Evidence .................................................................. 20

**TABLE OF CONTENTS**
**(Continued)**

Page

13. Direct Verses Secondary Liability ........................................................................... 22

14. Direct Infringement by Reproduction of Copyrighted Works in Copies
    or Phonorecords ................................................................................................ 23

15. REMOVED ............................................................................................................ 24

16. Contributory Infringement ................................................................................... 25

17. Vicarious Liability for Copyright Infringement ................................................... 27

18. Digital Millennium Copyright Act ........................................................................ 28

19. Agency .................................................................................................................. 29

20. REMOVED ............................................................................................................ 30

21. BMG's Failure to Mitigate .................................................................................... 31

22. REMOVED ............................................................................................................ 32

23. Statutory Damages ................................................................................................ 33

24. Innocent Infringement .......................................................................................... 35

25. Willful Infringement ............................................................................................. 36

26. Final Instructions .................................................................................................. 37

## COX'S PROPOSED PRELIMINARY INSTRUCTIONS TO JURY

Members of the jury, we are about to begin the trial of the case you heard about during the selection of the jury.  I will now give you instructions that will help you to understand what will happen in the trial and the process that you will use to reach a verdict.

During the trial you will hear me use a few terms that you may not have heard before.  Let me briefly explain some of the most common to you.  The party who sues is called the plaintiff. The party being sued is called the defendant.  In this action, the plaintiff is a company called BMG Rights Management (US), LLC and the defendants are a company called Cox Communications, Inc. and its subsidiary CoxCom, LLC.  I may collectively refer to the defendants as "Cox", meaning both defendants.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."  When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted or received.  When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

You will decide disputed issues of fact in a decision called a "verdict." I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

## CLAIMS IN THIS CASE

This is a case that a music publisher, BMG Rights Management, brought against a cable Internet provider, Cox Communications, alleging that Cox is liable for copyright infringement.

BMG alleges that users of Cox's Internet service infringed BMG's copyright rights in certain songs.  The songs are also called "works."  BMG alleges that Cox is legally responsible for infringement by people who used Cox's Internet service.  BMG seeks statutory damages under the Copyright Act.  BMG has the burden of proof for its claims.

Cox denies BMG's claims.  First, Cox denies that BMG can prove through evidence that persons actually engaged in actions that constitute infringement of BMG's copyright rights at issue in this case while they were using the Cox Internet service.  Second, Cox denies that BMG can prove that Cox is legally liable for alleged infringement by account holders or other people who accessed the Internet through Cox Internet service.

Cox also asserts legal defenses of a failure to mitigate damages and unclean hands.  Cox alleges that BMG failed to take reasonable steps to stop or reduce the damages it claims to have suffered and that this failure reduces or bars BMG's claims for monetary relief.  If established, Cox's defense prevents BMG from recovering any damages or reduces the amount of damages to which BMG is entitled.

[Cox also alleges that BMG and its agent have what is called "unclean hands" by engaging in fraud, deceit, bad faith, or unconscionable conduct that directly relates to BMG's claims against Cox.  If established, this defense prevents BMG from obtaining any remedies in this case].

Cox has the burden of proof for its defenses.

## PROCEDURES

### Order of Trial

The order of the trial of this case will be in four stages:

(1)     Opening statements;

(2)     Presentation of the evidence;

(3)     Final argument; and

(4)     Instructions of law.

After the conclusion of final argument, I will instruct you concerning your deliberations.

You will then go to your jury room, deliberate, and arrive at your verdict.

### Opening Statements

BMG's attorney may make an opening statement outlining BMG's case.  Then Cox's

attorney may make an opening statement.  Neither side is required to do so.  What is said in the

opening statements is not evidence, but is simply an outline to help you understand what each party

expects the evidence to show.

### Presentation of the Evidence

After the opening statements, BMG will present evidence in support of its claims and

attorneys for Cox may cross-examine any witnesses.  At the conclusion of Cox's case, Cox may

introduce evidence and lawyers for BMG may cross-examine the witnesses.  BMG may then

present rebuttal evidence.

### Closing Argument

Once the parties have presented their evidence and I have instructed you on the law, then

the attorneys may make their closing arguments.  BMG's attorney will argue first, Cox's attorney

may argue next, and BMG's attorney may close in rebuttal.  The closing arguments are simply

statements of what the attorneys believe the evidence has shown.  What is said in the closing

arguments is not evidence.

## Instructions on the Law

Members of the jury, your function in the trial of this case is to reach a unanimous verdict

that is based solely on the evidence and the instructions of law.  After all the evidence has been

presented and the attorneys have made closing arguments, I will instruct you on the law that you

are to apply in reaching your verdict.  It is your duty to follow all those instructions and apply them

to the evidence presented at trial.  I must stress that you are required to accept the rules of law that I

give you, whether or not you agree with them.  No statement or ruling or remark that I may make

during the course of the trial is intended to indicate my opinion as to what the facts are.  It is the

function of you, the jury, to consider the evidence and determine the facts in this case.

## Deliberations

The evidence that you are to consider consists of testimony of witnesses, any exhibits

admitted into evidence, and any facts agreed upon between the parties and presented to you in the

form of a stipulation.  The admission of evidence in court is governed by rules of law.  From time

to time, it may be the duty of the attorneys to make objections and my duty as judge to rule on

those objections and decide whether or not you can consider certain evidence.  You must not

consider testimony or exhibits to which an objection was sustained or which had been ordered

stricken.  If an objection is overruled, then you may consider that evidence together with all other

evidence in the case.  The opening statements and closing arguments of the attorneys are intended

to help you in understanding the evidence and in applying the law, but remember that their

statements and arguments are not evidence.

4

In your determination of what the facts are, you alone must determine the credibility of the witnesses and the weight of the evidence.  You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.  You should not arbitrarily disregard believable testimony of a witness.  After you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.  You should use your common sense in considering the evidence, and you may draw reasonable inferences from that evidence; but in doing so, you should not indulge in guesswork or speculation.  From consideration of these things and all the other circumstances of the case, you should determine which witnesses are more believable and weight their testimony accordingly.  Once your deliberations commence, then you must discuss the case only in the jury room and only when all the members of the jury are present.

### Rules of Conduct for Jurors

Finally, members of the jury, to insure fairness for the litigants, it is important that you adhere to the following rules:

1.      There will be occasional recesses during the trial.  Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to deliberate and decide your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended, you have rendered your verdict, and you have been discharged as

jurors.  Anyone else includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

      3.     Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until you have been discharged as jurors.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

      4.     During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If you pass the lawyers in the hall or on the street outside, please note that they will not talk to you, even to say "hello" or make polite conversation.  They are not being rude.  They just have to follow these rules.

      5.     Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  Do not post anything about this case or read anything about it on any social media, like Facebook or Twitter.

      6.     Do not do any research, such as checking the Internet, or make any investigation about the case on your own.

      7.     Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

      8.     If you need to tell me something, please give a signed note to the clerk who will give it to me.

On behalf of the court and the litigants, we appreciate your giving your complete attention to the case as it is presented.  The faithful and proper performance by you of your duty is vital to the administration of justice.  Thank you.

**Defendant's Proposed Jury Instruction No. 1**

**General Introduction**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it.  You must apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  Do not be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Authority**:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.).

**Defendant's Proposed Jury Instruction No. 2**

**Burden of Proof**

Except where I or the verdict form instructs you otherwise, BMG has the burden of proving each element of its case by what is called a preponderance of the evidence. That means that BMG has to produce evidence that, considered in light of all the facts, leads you to believe that what BMG claims is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it. If BMG fails to meet this burden, the verdict must be for Cox.

**Authority**:  Adapted from O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. §§ 104:01, 104:04 (6th ed.).

## Defendant's Proposed Jury Instruction No. 3

### Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.  Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**Authority**:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.).

## Defendant's Proposed Jury Instruction No. 4

### Direct and Circumstantial Evidence

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

**Authority:**  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 101:42 (6th ed.).

## Defendant's Proposed Jury Instruction No. 5

### Credibility of Witnesses

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**Authority**:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.).

**<u>Defendant's Proposed Jury Instruction No. 6</u>**

**Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in a written transcript of the deposition or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**<u>Authority</u>**:  Adapted from O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 105:02 (6th ed.).

### Defendants' Proposed Jury Instruction No. 7

**Inferences**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**Authority**: O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.).

**Defendants' Proposed Jury Instruction No. 8**

**Opinion Evidence, Expert Witnesses**

Some witnesses, because of skill, knowledge, education, training, or experience, are permitted to state expert opinions and the reasons for those opinions.  Expert opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the reasons given for the opinion, the witness's skill, knowledge, education, training, and experience, and all the other evidence in the case.

**Authority**:  Fed. R. Evid. 602, 701 – 705; *Pollard v. Metro. Life Ins. Co.*, 598 F.2d 1284, 1288 (3d Cir. 1979).

**Defendants' Proposed Jury Instruction No. 9**

**Statistical Evidence**

Statistics should be considered with care.  They are not irrefutable, and, like any other

kind of evidence, they may be rebutted.

**Authority**:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 104:43 (6th ed.); *Iturbe v. Wandel & Golterman Techs., Inc.*, 23 F.3d 401 (4th Cir. 1994); *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1258 (10th Cir. 1988).

**Defendants' Proposed Jury Instruction No. 10**

**Impeachment—Inconsistent statement or conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**Authority**:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.).

**Defendants' Proposed Jury Instruction No. 11**

**REMOVED**

## Defendant's Proposed Jury Instruction No. 12

### BMG's Intentional Destruction of Evidence

BMG's claims for damages are based on the premise that the Rightscorp system accurately identified infringers of BMG's copyrighted works from February 2012 through November 24, 2014.  Changes were made to the source code underlying the operation of the Rightscorp system from February 2012 through July 15, 2015, but Rightscorp did not preserve historical versions of the Rightscorp system.  By altering the source code, deleting portions of the source code, and by overwriting portions of the source code without maintaining a record of those alterations, deletions, or overwrites, material information was intentionally destroyed by Rightscorp and it was not lost through inadvertence or mistake.

BMG and Rightscorp had a duty to preserve information that is material to the claims made in this case, the operation of the Rightscorp system starting in February 2012 through November 2014 is material information, and BMG and Rightscorp failed to preserve that material information.  Even if you find that BMG has presented evidence sufficient to establish how the Rightscorp system operated in July 2015, you must not assume that the Rightscorp system operated in the same manner during the relevant time period (February 2012 through November 2014).  You must find that BMG presented sufficient evidence for you to make a determination as to whether the Rightscorp system accurately identified infringements of BMG's copyrighted works, and generated accurate notices to Cox based on those identified infringements, during the relevant time period (February 2012 through November 2014).

In considering the evidence that BMG has presented concerning the operation of the Rightscorp system, you should take into consideration that BMG failed to comply with its

obligations to preserve material evidence by documenting the changes made to the Rightscorp

systems during the relevant time period (February 2012 through November 2014).

**Authority:** Order on Cox's Motion for Evidentiary Sanctions Based on Spoliation of Rightscorp Source Code and Other Evidence, (Dkt. 447).

## Defendant's Proposed Jury Instruction No. 13

### Direct Versus Secondary Liability

BMG does not claim in this case that Cox is directly liable for infringements of BMG's copyrighted works.  The automatic copying, storage, and transmission of copyrighted materials, when instigated by others, does not render an ISP strictly liable for copyright infringement under the Copyright Act.  An ISP, however, can become liable indirectly upon a showing of additional involvement sufficient to establish a contributory or vicarious violation of the Copyright Act.

In order to prove contributory or vicarious copyright infringement, BMG first must establish by a preponderance of the evidence that users of Cox's Internet service used that service to infringe BMG's copyrighted works.

**Authority**:  *Costar Grp. Inc. v. Loopnet, Inc.*, 373 F.3d 544 (4th Cir. 2004) ("[W]e hold that the automatic copying, storage, and transmission of copyrighted materials, when instigated by others, does not render an ISP strictly liable for copyright infringement under §§ 501 and 106 of the Copyright Act.  An ISP, however, can become liable indirectly upon a showing of additional involvement sufficient to establish a contributory or vicarious violation of the Copyright Act.").

**<u>Defendant's Proposed Jury Instruction No. 14</u>**

**Direct Infringement of Copyrighted Works**

BMG claims that persons committed direct infringement of BMG's copyrighted works using Cox's Internet Service.  For each of the works that BMG asserts in this case, BMG has the burden of proving by a preponderance of the evidence that a person using Cox's Internet service, either:

(1)      reproduced BMG's copyrighted works in copies, or

(2)      distributed copies of BMG's copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending,

without authorization from the copyright owner.

**<u>Authority</u>**:  17 U.S.C. § 106.

## Defendant's Proposed Jury Instruction No. 15

**REMOVED**

## Defendant's Proposed Jury Instruction No. 16

### Contributory Infringement

To establish contributory infringement, BMG must prove by a preponderance of the evidence that:

(1)    There was direct infringement of BMG's copyrighted works by persons using Cox's Internet service: and

(2)    Cox knew or had reason to know of such direct infringement; and

(3)    Cox induced, caused, or materially contributed to that infringement.

Inducement occurs when one provides a service with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps to foster infringement.

It is not a material contribution to provide a product or service that is capable of substantial non-infringing uses.

**Authority**:  *Costar Grp. Inc., v. Loopnet, Inc.* 373 F.3d 544, 550 (4th Cir. 2004) ("Under a theory of contributory infringement, 'one who with knowledge of the infringing activity induces, causes, or materially contributes to the infringing conduct of another' is liable for the infringement, too."); *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,* 443 F.2d 115, 1162 (2d. Cir. 1971) (footnote omitted).); *Costar Grp. Inc. v. Loopnet Inc.*, 164 F.Supp.2d 688, 702 (D. Md. 2001) ("As will be seen, proof that LoopNet had knowledge of and induced the infringements are necessary elements of CoStar's contributory infringement claim."); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919 (2005) ("We hold that one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties."); *Metro-Goldwyn-Mayer  Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 937, 942 (2005) ("Accordingly, just as Sony did not find intentional inducement despite the knowledge of the VCR manufacturer that its device could be used to infringe, 464 U.S., at 439, n. 19, mere knowledge of infringing potential or of actual infringing uses would not be enough here to subject a distributor to liability.  Nor would ordinary acts incident to product distribution, such as offering customers technical support or product updates, support liability in themselves."); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 942 (2005) (Ginsburg, J., concurring) ("Liability under our jurisprudence may be predicated on actively encouraging (or inducing) infringement through specific acts (as the Court's opinion develops) or on distributing a product distributees use to infringe copyrights, if the product is not capable of "substantial" or "commercially significant" noninfringing uses.  *Sony,* 464 U.S. at 442; *see also* 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 12.04[A][2] (2005).

## **Defendant's Proposed Jury Instruction No. 17**

### **Vicarious Liability for Copyright Infringement**

To establish vicarious liability, BMG must prove by a preponderance of the evidence that:

(1)     There was direct infringement of BMG's copyrighted works by persons using

Cox's Internet service: and

(2)     Cox had a right and ability to supervise users' infringing conduct; and

(3)     Cox possessed an obvious and direct financial interest in that infringing conduct.

**Authority:**  *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 513 (4th Cir. 2002) ("In order to establish vicarious liability, a copyright owner must demonstrate that the entity to be held so liable:  (1) possessed the right and ability to supervise the infringing activity; and (2) possessed an obvious and direct financial interest in the exploited copyrighted materials.").

**Defendants' Proposed Jury Instruction No. 18**

**Digital Millennium Copyright Act**

During this case, you have heard references to the Digital Millennium Copyright Act, or the DMCA. The DMCA is a law that offers online service providers "safe harbors" from certain remedies for copyright infringement. The DMCA's safe harbor provisions are optional.

The DMCA is not at issue in this case. The DMCA is irrelevant to determining whether Cox is liable in this case.

**Authority**: 17 U.S.C. § 512(l); *Costar Grp. Inc. v. Loopnet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004) ("Thus, the DMCA is irrelevant to determining what constitutes a prima facie case of copyright infringement.").

## Defendants' Proposed Jury Instruction No. 19

### Agency

Rightscorp is BMG's agent.  Any act or omission of Rightscorp within the scope of authority is considered to be an act or omission of BMG.

**Authority**: O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 108:01 (6th ed.)(adapted).

### Defendant's Proposed Jury Instruction No. 20

**REMOVED**

**Defendant's Proposed Jury Instruction No. 21**

**BMG's Failure to Mitigate**

If you find Cox liable for infringement of BMG's copyrighted works under a theory of contributory infringement or vicarious liability, you must determine whether BMG or its agent failed to take actions that would have mitigated or reduced any damages or harm to BMG stemming from that infringement.

Cox has the burden of proving by a preponderance of the evidence:

(1)     that BMG or its agent could have taken reasonable actions to reduce, or avoid entirely, any damages or harm flowing from Cox's infringement; and

(2)     that BMG or its agent did not take such actions.

If you find for Cox on Cox's failure to mitigate defense, you must make a determination of the amount of harm, in the form of monetary loss, that BMG or its agent could reasonably have avoided but for the failure to mitigate damages.  You may find that all of the harm BMG suffered was reasonably avoidable.  Once you have determined an amount of harm that was reasonably avoidable, you must take this amount into consideration when determining an appropriate statutory damages award.

**Authority**:  *Bossalina v. Lever Bros.*, No. 0086-02158, 1988 WL 60572, at *2 (D. Md. May 31, 1988); *Malibu Media,* No. 1:14-cv-0544, 2015 WL 4603065, at *5 (E.D. Va. July 28, 2015); *UMG Recordings, Inc. v. Escape Media Grp., Inc.,* No. 11 CIV. 8407, 2015 WL 1873098, at *8 (S.D.N.Y. Apr. 23, 2015).

**Defendant's Proposed Jury Instruction No. 22**

**REMOVED**

### Defendant's Proposed Jury Instruction No. 23

#### Statutory Damages

If you find Cox liable for infringement of BMG's copyrighted works, you must then decide the amount of damages that Cox owes to BMG for this infringement.

BMG seeks statutory damages for Cox's infringement.  This means you are to determine the appropriate amount of monetary damages to award BMG within certain statutory ranges.  To calculate the amount, you must first determine the number of copyrighted works that Cox infringed.  BMG is entitled to only one award of statutory damages for each of BMG's copyrighted works that Cox infringed.  All the parts of a compilation (such as an album of songs) constitute one work.  Damages are not based on the number of infringements.  They are based on the number of works infringed.  For purposes of calculating statutory damages, BMG has the burden of proof in establishing damages, including establishing the number of works for which damages are appropriate.

You must then determine the amount of each damage award.  In deciding those amount(s), you may consider whatever factors you deem just, including but not limited to the following:

(1)     Revenues lost by BMG (if any) as a result of Cox's infringement;

(2)     Expenses saved and profits earned by Cox (if any) as a result of Cox's infringement;

(3)     Cox's state of mind, including whether its conduct was willful or innocent;

(4)     The conduct of the parties;

(5)     Deterrence;

(6)     The difficult of proving actual damages; and

(7)     the amount of harm, in the form of monetary loss, that BMG could reasonably have

avoided but for the failure to mitigate damages, if you find that BMG did fail to

mitigate.

Taking these factors into account, you may award an amount that you feel is just under the

circumstances, provided that the amount awarded for each infringed work is between $750 and

$30,000, unless you find that Cox's conduct was either innocent or willful.

Your total award of statutory damages must bear some relation and be proportional to the

actual damages BMG suffered in the form of lost profits and revenues, which BMG would

otherwise have realized but for Cox's infringing conduct.

**Authority:**  17 U.S.C. § 504(c); *New Line Cinema Corp. v. Russ Berrie & Co*., 161 F. Supp. 2d 293, 303 (S.D.N.Y. 2001)*; Seoul Broad. Sys. Int'l, Inc. v. Young Min Ro*, No. 1:09CV433 LMB/IDD, 2011 WL 3207024, at *6 (E.D. Va. July 27, 2011); *Dae Han Video Productoin, Inc. v. Chun,* No. CIV. A. 89-1470-A, 1990 WL 265976, at *7 (E.D. Va. June 18, 1990).  *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (statutory damages inquiry can take into account conduct of both parties); *Oppenheimer v. Holt*, No. 1:14-CV-000208-MR, 2015 WL 2062189, at *2 (W.D.N.C. May 4, 2015) (same).

**<u>Defendant's Proposed Jury Instruction No. 24</u>**

**Innocent Infringement**

If you find Cox's infringement was innocent, you may award a sum as low as $200 per each infringed work.  Cox's infringement is innocent if Cox proves by a preponderance of the evidence that it was not aware of and had no reason to believe that its acts constituted an infringement of BMG's copyrights.

**<u>Authority:</u>**  17 U.S.C. § 504.

**Defendant's Proposed Jury Instruction No. 25**

**Willful Infringement**

If you find Cox's infringement was willful, you may award a sum of up to but not more than $150,000 for each infringed work.

**Authority:**  17 U.S.C. § 504.

### Defendant's Proposed Jury Instruction No. 26

### Final Instructions

Now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to the case.  [A copy of these instructions will be available to you in the jury room if you need to refer to them.]

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislike, opinions, prejudices or sympathy.  That means you must decide this case solely on the evidence before you.  You will recall that you took an oath promising to do that at the beginning of this case.  Following my instructions, you must follow all of them and not a single one in particular.  They are all equally important.  You must not read into these instructions or into anything the Court may have said or done any suggestion as to what verdict you should return.  That is a matter entirely up to you.  You are the sole judges of the credibility of the witnesses and the weight of their testimony.

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.  Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.  Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be.  That is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Authority**:  Adapted from 3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* § 103.50 (6th ed. 2001).

Dated:  December 14, 2015

Respectfully submitted,

/s/ Craig C. Reilly

Craig C. Reilly (VSB No. 20942)
111 Oronoco Street
Alexandria, VA  22314
TEL:        (703) 549-5354
FAX:        (703) 549-5355
E-MAIL:  craig.reilly@ccreillylaw.com

Counsel for Defendants

Of Counsel for Defendants

Andrew P. Bridges (pro hac vice)
David L. Hayes (pro hac vice)
Jedediah Wakefield (pro hac vice)
Guinevere L. Jobson (pro hac vice)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel:  (415) 875-2300
Fax:  (415) 281-1350
Email:    abridges@fenwick.com
            dhayes@fenwick.com
            jwakefield@fenwick.com
            gjobson@fenwick.com

Brian D. Buckley (pro hac vice)
Fenwick & West LLP
1191 2nd Avenue, 10th Floor
Seattle, WA  98101
Tel:  (206) 389-4510
Fax:  (206) 389-4511
Email:    bbuckley@fenwick.com

Armen N. Nercessian (pro hac vice)
Ronnie Solomon (pro hac vice)
Ciara Mittan (pro hac vice)
Nicholas A. Plassaras (pro hac vice)
Fenwick & West LLP
801 California Street
Mountain View, CA  94041
Tel:  (650) 988-8500
Fax:  (650) 938-5200
Email:    anercessian@fenwick.com
            rsolomon@fenwick.com
            cmittan@fenwick.com
            nplassaras@fenwick.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2015, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

/s/ Craig C. Reilly
Craig C. Reilly (VSB No. 20942)
111 Oronoco Street
Alexandria, VA 22314
TEL: (703) 549-5354
FAX: (703) 549-5355
E-MAIL: craig.reilly@ccreillylaw.com

Counsel for Defendants

39