## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP,    ) | |
|                        Plaintiff,    ) | Case No. 1:14-cv-1611 (LOG/JFA) |
|     v.    ) | |
| COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., and COXCOM, LLC,    ) | |
|                  Defendants.    ) | |

## COX'S PROPOSED SPECIAL VERDICT FORM

Defendants Cox Communications, Inc. and Coxcom, LLC ("Cox"), pursuant to Federal Rule of Civil Procedure 49(a), submit the following proposed special verdict form. Cox reserves the right to supplement this proposed special verdict form in the event that issues arise during trial that were not reasonably anticipated and for all other purposes contemplated by the Federal Rules of Civil Procedure and the Local Rules.

**<u>VERDICT FORM</u>**

In answering these questions, you are to follow all of the instructions previously given to you.  "Plaintiff" and "BMG" means BMG Rights Management LLC, and "Defendants" or "Cox" means Cox Communications, Inc. and Coxcom, LLC.

You must reach a unanimous decision for each of the following questions.

**<u>Plaintiff BMG's Claim for Copyright Infringement</u>**

**<u>Direct Infringement</u>**

**<u>Question No. 1</u>**

Did BMG prove by a preponderance of the evidence that a third party using Cox's Internet service violated BMG's copyrights by reproducing the copyrighted works in copies or phonorecords, without authorization from the copyright owner?

_____ Yes     \_\_\_\_\_ No

**<u>Question No. 2</u>**

Did BMG prove by a preponderance of the evidence that a third party using Cox's Internet service violated BMG's copyrights by distributing, without authorization from the copyright owner, a copy or phonorecord of the work to the public by sale or other transfer of ownership, or by rental, lease or lending?

_____ Yes     \_\_\_\_\_ No

*If you answered "no" to Question 1 and Question 2, you do not need to answer the remaining questions, and you should sign and return the verdict form.  If you answered "yes" to either Question 1 or Question 2, go to the next question.*

## **Contributory Infringement**

### **Question No. 3**

Did BMG prove by a preponderance of the evidence that Cox provided its service with the object of promoting its use to infringe copyrights, as shown by clear expression or other affirmative steps to foster infringement?

_____ Yes      \_\_\_\_\_ No

### **Question No. 4**

Did BMG establish by a preponderance of the evidence that Cox's service is not capable of substantial or commercially significant noninfringing uses?

_____ Yes      \_\_\_\_\_ No

*Go to the next question.*

## **Vicarious Liability**

### **Question No. 5**

Did BMG prove by a preponderance of the evidence that Cox possessed the right and ability to supervise the infringing activity of its account holders?

_____ Yes      \_\_\_\_\_ No

*If you answered no, skip question 6 and follow the instructions below.*

### **Question No. 6**

Did BMG prove by a preponderance of the evidence that Cox possessed an obvious and direct financial interest in the exploited copyrighted works?

_____ Yes      \_\_\_\_\_ No

*If you reached and answered "yes" to Questions 3 or 4, please answer the remaining questions.  If you reached and answered yes to Questions 6 and 7, please answer the remaining questions.*

3

*If you reached and answered "no" to Questions 3 and 4, and if you reached and answered "no" to Questions 5 or 6, you do not need to answer the remaining questions and you should sign and the verdict form.*

### Damages

### Question No. 7

If you find that Cox is liable for infringement, what is the total amount of damages you award to BMG?

$_____

### Cox's Defenses

### Question No. 8

Did Cox prove by a preponderance of the evidence that BMG or its agent failed to take reasonable steps to mitigate BMG's claimed damages?

_____ Yes      _____ No

*If you answer no, skip to question 10.  If you answered yes, go to the next question.*

### Question No. 9

How much would BMG have saved if BMG or its agent had taken reasonable steps to mitigate BMG's claimed damages?

$_____.

### Question No. 10[1]

Did Cox prove by a preponderance of the evidence that BMG of its agent engaged in or committed fraud, deceit, bad faith or unconscionable conduct, including but not limited to by

---

[1] Cox includes the unclean hands defense here in the event the Court wishes to seek an advisory verdict as to the elements of this defense.

causing copyright infringement, seeking to profit from infringement, or refusing to assist in addressing infringement?

_____ Yes   _____ No

*If you answer no, you do not need to answer the remaining question.  If you answered yes, go to the next question.*

## Question No. 11

Did Defendant prove by a preponderance of the evidence that the conduct of BMG or its agent relates to BMG's claims against Cox in this lawsuit?

_____ Yes   _____ No

Dated:  November 24, 2015                    Respectfully submitted,

                                             */s/ Craig C. Reilly*
                                             Craig C. Reilly (VSB No. 20942)
                                             111 Oronoco Street
                                             Alexandria, VA  22314
                                             TEL:        (703) 549-5354
                                             FAX:        (703) 549-5355
                                             E-MAIL:  craig.reilly@ccreillylaw.com

                                             *Counsel for Defendants*

*Of Counsel for Defendants*

Andrew P. Bridges (*pro hac vice*)
David L. Hayes (*pro hac vice*)
Jedediah Wakefield (*pro hac vice*)
Guinevere L. Jobson (*pro hac vice*)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel:  (415) 875-2300
Fax:  (415) 281-1350
Email:    abridges@fenwick.com
              dhayes@fenwick.com
              jwakefield@fenwick.com
              gjobson@fenwick.com

Brian D. Buckley (*pro hac vice*)
Fenwick & West LLP
1191 2nd Avenue, 10th Floor
Seattle, WA  98101
Tel:  (206) 389-4510
Fax:  (206) 389-4511
Email:    bbuckley@fenwick.com

Armen N. Nercessian (*pro hac vice*)
Ronnie Solomon (*pro hac vice*)
Ciara Mittan (*pro hac vice*)
Nicholas A. Plassaras (*pro hac vice*)
Fenwick & West LLP
801 California Street
Mountain View, CA  94041
Tel:  (650) 988-8500
Fax:  (650) 938-5200
Email:    anercessian@fenwick.com
              rsolomon@fenwick.com
              cmittan@fenwick.com
              nplassaras@fenwick.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2015, the foregoing was filed and served

electronically by the Court's CM/ECF system upon all registered users.

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB No. 20942)
111 Oronoco Street
Alexandria, VA  22314
TEL:  (703) 549-5354
FAX:  (703) 549-5355
E-MAIL:  craig.reilly@ccreillylaw.com

*Counsel for Defendants*