# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP, <br><br> Plaintiffs, <br><br> v. <br><br> COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., and COXCOM, LLC, <br><br> Defendants. | Case No. 1:14-cv-1611 (LO/JFA) |

**DEFENDANT COXCOM, LLC'S NOTICE OF**
**ISSUANCE OF SUBPOENA TO RIGHTSCORP, INC.**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Procedure 45, Defendant Coxcom, LLC will serve a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. A copy of the subpoena is attached.

Dated: February 6, 2015

/s/ Andrew P. Bridges
Andrew P. Bridges (*pro hac vice*)
Fenwick & West LLP
555 California Street
San Francisco, CA 94104
Tel: 415-875-2300
Fax: 415-281-1350
Email: abridges@fenwick.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| BMG Rights Management, LLC et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:14-CV-1611-LO-JFA |
| Cox Enterprises, Inc., Cox Communications, Inc., and Coxcom, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Rightscorp, Inc., c/o CT Corporation System (Agent)
818 West Seventh St. 2nd Floor, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Veritext<br>707 Wilshire Boulevard, Suite 3500<br>Los Angeles, CA 90017 | Date and Time:<br>02/23/2015 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/06/2015

*CLERK OF COURT*

OR

_____      _Andrew P. Bridges/cR_
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, Coxcom, LLC                                                                                , who issues or requests this subpoena, are:

Andrew P. Bridges, 555 California St. 12th Fl, San Francisco, CA 94104; Tel:415-875-2300; abridges@fenwick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:14-CV-1611-LO-JFA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "Plaintiffs" means plaintiff BMG Rights Management (US) LLC and plaintiff Round Hill Music LP, their parents, subsidiaries, divisions, successors, affiliates, including any present or former officers or directors, trustees, employees, agents, representatives, attorneys, or all other persons acting or purporting to act on its behalf.

2. "Rightscorp," "you" or "your" refers to Rightscorp, Inc., its parents, subsidiaries, divisions, successors, affiliates, including any present or former officers or directors, trustees, employees, agents, representatives, attorneys, or all other persons acting or purporting to act on its behalf.

3. "Defendants" or "Cox" means defendants Cox Enterprises, Inc.; Cox Communications, Inc.; Coxcom, LLC; and/or Coxcom, Inc. d/b/a Cox Communications of Northern Virginia, and their parents, subsidiaries, divisions, successors, affiliates, including any present or former officers or directors, trustees, employees, agents, representatives, attorneys, or all other persons acting or purporting to act on their behalf.

4. "Individual" means a natural Person.

5. "Person(s)" includes any individual, any corporate or other business entities, and all other forms of legal entities, including divisions, subsidiaries, departments, and other units therein. Examples of entities that are "Persons" are corporations, partnerships, joint ventures, voluntary or unincorporated associations, business organizations, trade organizations, standards organizations, governmental entities (including commissions, bureaus and departments), trusts, estates, sole proprietorships and all other entities similar to any of these examples.

6. "Complaint" means the Complaint (Attachment 1 to this subpoena), the First Amended Complaint (Attachment 2 to this subpoena), and any further amended or supplemental complaint in this Action.

7. "Concerning" means constituting, comprising, referring to, regarding, evidencing, reflecting, relating to, and pertaining to.

1

## INSTRUCTIONS

The following instructions shall apply to each of the categories belowherein:

1. Respond to each category by affirmatively stating in writing the full extent to which you will produce materials. Promptly after production, confirm in writing that you have produced all materials that you could locate after a diligent search of all locations that might plausibly have such materials. You may not respond that you have produced or will produce "responsive" materials.

2. Furnish all available documents in the possession, custody, or control of any of Rightscorp's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents, or subsidiaries and persons under Rightscorp's control. You must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if the requested materials might plausibly exist there.

3. To the extent permitted and authorized by law, the subpoena shall be deemed continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of trial.

4. Produce electronic records and computerized information in an intelligible format, together with a description of the system from which they came, sufficient to permit rendering the records and information intelligible.

5. Select and number the documents with sufficient information to ensure identification of the source and sequence of each document.

6. Produce documents in file folders with tabs or labels or directories of files identifying the origin of the documents.

7. Do not separate documents attached to each other.

8. If you seek to withhold any information based on some limitation of discovery (including, but not limited to, a claim of privilege) applicable to any document, provide all parts of the document within the scope of the subpoena which are not privileged. For each item of

information contained in a document to which you claim privilege, provide at least the following:

    (a) the privilege you are asserting and the factual basis;

    (b) the names and positions of the author of the document and all other persons participating in the preparation of the document;

    (c) the name and position of each individual or other person who received the information in the document;

    (d) the date of the document;

    (e) a description of any accompanying material transmitted with or attached to such document;

    (f) the number of pages in the document;

    (g) the particular category to which the document is responsive;

    (h) whether the document has any discussion of business or non-legal matters; and

    (i) the steps you took to ensure the confidentiality of the document.

For email or message threads that contain multiple emails/messages, provide the above information for each email/message.

    9.    If Rightscorp's response to a particular categoryis a statement that you lack the ability to furnish documents in that category, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Rightscorp's possession, custody, or control, in which case identify the name and address of any person or entity you know or believe to have possession, custody, or control of that information or category of information.

    10.    If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please identify the document and state the details concerning the loss of such document.

11.     If, in responding to this subpoena, you claim there is any ambiguity in either a particular category or a Definition or an Instruction, explain as part of your response the language you deem ambiguous and your interpretation in responding to the particular category.

12.     If you have a good faith objection to any category in the subpoena or any part of any category, state the specific nature of the objection and whether it applies to the entire category or to specific parts of a category.  If the objection relates to only part or parts of a category, then identify the objectionable part or parts and identify or produce any and all documents responsive to the remaining parts.

## DOCUMENTS TO BE PRODUCED

**CATEGORY NO. 1:**

All documents constituting or memorializing your appointment(s) to serve as agent for either Plaintiff.

**CATEGORY NO. 2:**

All documents and communications concerning any agreement between Rightscorp and either Plaintiff, including but not limited to any agreement concerning any reasonable fixed fee or reasonable percentage split of any award to Plaintiffs for Plaintiffs' use of documentation or evidence supplied by Rightscorp for use in a legal proceeding.

**CATEGORY NO. 3:**

All documents constituting agreements between you and either Plaintiff.

**CATEGORY NO. 4:**

Copies of all draft of actual or proposed agreements, including unexecuted drafts and versions, between you and either Plaintiff.

**CATEGORY NO. 5:**

All documents concerning any agreement or proposed agreement between Rightscorp and Cox.

**CATEGORY NO. 6:**

Excluding documents responsive to categories Nos. 1 through 5 above that you have

produced, all documents concerning communications concerning Rightscorp's status as agent of either Plaintiff's agent.

**CATEGORY NO. 7:**

All documents concerning any actual or contingent ownership interest held by Rightscorp in the Copyrighted Musical Compositions as that phrase is defined in Plaintiffs' First Amended Complaint.

**CATEGORY NO. 8:**

All documents describing or identifying the work you have carried out for or on behalf of the Plaintiffs.

**CATEGORY NO. 9:**

All documents concerning communications between you and either Plaintiff concerning your private investigation services.

**CATEGORY NO. 10:**

All documents concerning communications between you and either Plaintiff regarding your qualifications (including, but not limited to, licenses) to provide private investigation services.

**CATEGORY NO. 11:**

Documents sufficient to identify your qualifications (including, but not limited to, licenses) to provide private investigation services.

**CATEGORY NO. 12:**

All documents concerning communications between you and either Plaintiff regarding legal representation of either Plaintiff.

**CATEGORY NO. 13:**

All documents concerning communications between you and either Plaintiff regarding your qualifications (including bar admissions) to provide legal services to either Plaintiff.

**CATEGORY NO. 14:**

All documents concerning any financial interest, whether actual or contingent, you have

in either Plaintiffs' copyrights.

**CATEGORY NO. 15:**

All documents concerning any financial interest, whether actual or contingent, you have in an actual or potential recovery by either Plaintiff in this case.

**CATEGORY NO. 16:**

All documents concerning compensation you have received, hope to receive, or expect to receive from any Person concerning your communications with Defendants.

**CATEGORY NO. 17:**

All documents concerning compensation you have received, hope to receive, or expect to receive from any Person concerning this case.

**CATEGORY NO. 18:**

All documents concerning communications between you and any of the Defendants.

**CATEGORY NO. 19:**

All documents concerning communications between you and either Plaintiff concerning any of the Defendants.

**CATEGORY NO. 20:**

All documents concerning communications between you and any Person(s), other than Plaintiffs and Defendants, concerning any of the Defendants.

**CATEGORY NO. 21:**

All documents concerning communications between you and any Person(s) concerning subscribers, account holders, or customers of any of the Defendants.

**CATEGORY NO. 22:**

All documents concerning this lawsuit.

**CATEGORY NO. 23:**

All documents concerning communications concerning this lawsuit.

**CATEGORY NO. 24:**

All documents concerning your solicitation or proposal of business or a relationship with

any Person for the purpose of asserting rights or claims against, or making demands from, any of the Defendants or their subscribers, account holders, or customers.

**CATEGORY NO. 25:**

All documents concerning findings or rulings by any court on which you based your statements that Persons who are or were subscribers or account holders of any of the Defendants' services are "repeat infringers."

**CATEGORY NO. 26:**

All documents concerning legal opinions you have, rendered, obtained, received, considered, or relied upon regarding infringement by Defendants, or by Defendants' subscribers, account holders or customers, of the Plaintiffs' copyrighted works.

**CATEGORY NO. 27:**

All documents concerning conclusions, other than legal opinions, you communicated to either Plaintiff concerning a determination by any Person of infringement by any of the Defendants, or by Defendants' subscribers, account holders or customers, of the Plaintiffs' copyrighted works.

**CATEGORY NO. 28:**

All documents concerning legal opinions you have rendered, obtained, received, considered, or relied upon concerning any Defendants' subscriber, account holder, or customer being a repeat infringer of any copyright rights.

**CATEGORY NO. 29:**

All documents concerning communications concerning conclusions, other than legal opinions, regarding a determination that any subscriber, account holder, or customer of any of the Defendants is a repeat infringer of copyrights and has infringed any copyright rights of Plaintiffs.

**CATEGORY NO. 30:**

Documents sufficient to identify all Persons whom you have determined, concluded, alleged, or stated to be subscribers, account holders, or customers of any of the Defendants and

7

to be repeat infringers of Plaintiffs' copyrights.

**CATEGORY NO. 31:**

All documents which you considered or relied on in determining, concluding, alleging or stating that subscribers, account holders, or customers of any of the Defendants are repeat infringers who have infringed upon Plaintiffs' works.

**CATEGORY NO. 32:**

Documents sufficient to identify all works in which Plaintiffs claim a copyright right that you have determined, concluded, alleged or stated that subscribers, account holders, or customers of any of the Defendants' services have infringed.

**CATEGORY NO. 33:**

Documents sufficient to identify all Persons who are subscribers, account holders, or customers of any of the Defendants' services whom you have determined, concluded, alleged, or stated to have infringed upon the copyrights of Plaintiffs.

**CATEGORY NO. 34:**

For each instance that you have determined, concluded, alleged, or stated to be an infringement of a copyright right that a Plaintiff owns by a subscriber, account holder, or customer of any of the Defendants, documents sufficient to identify (a) the individual engaging in the direct infringement, (b) the work at issue in the copyright infringement, (c) the specific actions of that individual that you have determined to be infringements, and (d) all other facts on which you based your determination that the individual was engaged in the infringement.

**CATEGORY NO. 35:**

All documents concerning communications between you and any subscriber, account holder, or customer of any of the Defendants.

**CATEGORY NO. 36:**

All documents concerning web pages you have created or provided for subscribers, account holders, or customers of any of the Defendants.

**CATEGORY NO. 37:**

8

All documents concerning information you seek or collect from Persons who visit your website with respect to a possible settlement of copyright infringement claims.

**CATEGORY NO. 38:**

All documents constituting or containing any version of the "dashboard" that the First Amended Complaint refers to.

**CATEGORY NO. 39:**

All documents constituting reproductions, compilations, summaries, or analyses of information available in any version of the "dashboard" that the First Amended Complaint refers to.

**CATEGORY NO. 40:**

All documents evidencing use by any of Defendants of the "dashboard" that the First Amended Complaint refers to.

**CATEGORY NO. 41:**

All documents evidencing access by any of the Defendants to the "dashboard" that the First Amended Complaint refers to.

**CATEGORY NO. 42:**

All documents concerning information available to you or to Plaintiffs concerning use (including navigation) by any Person of the "dashboard" that the First Amended Complaint refers to.

**CATEGORY NO. 43:**

All documents concerning terms or conditions of service or access to the "dashboard" that the First Amended Complaint refers to.

**CATEGORY NO. 44:**

Documents sufficient to identify all Persons who authored, or whose effort or communications contributed to authorship of, the "dashboard" that the First Amended Complaint refers to.

**CATEGORY NO. 45:**

9

Documents sufficient to identify all Persons who authored, or whose effort or communications contributed to authorship of, the software system that Plaintiffs' First Amended Complaint mentions at Paragraph 22.

**CATEGORY NO. 46:**

One copy of each version of the software system that Plaintiffs' First Amended Complaint mentions at Paragraph 22.

**CATEGORY NO. 47:**

All documents concerning communications concerning the software system that Plaintiffs' First Amended Complaint mentions at Paragraph 22.

**CATEGORY NO. 48:**

All documents concerning actual, potential, or alleged problems with or flaws in the software system that the First Amended Complaint mentions at Paragraph 22.

**CATEGORY NO. 49:**

A copy of each program, database or other analytical tool you used with respect to any of the Defendants or their subscribers, account holders, or customers.

**CATEGORY NO. 50:**

A copy of all marketing materials, manuals, whitepapers, product specifications, slide deck presentations and other product literature that describe the features, functions, operations and expected results of software programs, databases or other analytical tools used by you with respect to any of the Defendants or their subscribers, account holders, or customers.

**CATEGORY NO. 51:**

All documents evidencing human decision making or review with respect to claims of copyright infringement of Plaintiffs' copyrights by subscribers, account holders, or customers of any of the Defendants.

**CATEGORY NO. 52:**

All documents evidencing your efforts to confirm the accuracy of statements that certain subscribers, account holders, or customers of Defendants were repeat copyright infringers.

**CATEGORY NO. 53:**

All documents evidencing your efforts to confirm the accuracy of statements that certain subscribers, account holders, or customers of Defendants were infringers of Plaintiffs' copyrights.

**CATEGORY NO. 54:**

All documents or communications concerning any allegation or statement by any Person that you made false or inaccurate statements, allegations or claims of infringement with respect to any of the Defendants or their subscribers, account holders, or customers.

**CATEGORY NO. 55:**

For each subscriber, account holder, or customer of Defendants that you determined, concluded, alleged, or stated was a repeat infringer, all documents concerning facts that were avilable for the purposes of that determination, conclusion, allegation, or statement, including but not limited to facts tending to support or undermine that determination, conclusion, allegation or statement.

**CATEGORY NO. 56:**

For each instance where you determined, concluded, alleged or stated that a subscriber, account holder, or customer of any of the Defendants infringed copyrights owned by Plaintiffs, all documents concerning facts that pertain to the determination, conclusion, allegation, or statement, including but not limited to facts tending to support or undermine the determination, conclusion, allegation, or statement that the subscriber, account holder, or customer (and not some other Person) was in fact the individual who engaged in the infringing conduct.

**CATEGORY NO. 57:**

All documents evidencing actual knowledge by Defendants of infringements by Defendants' subscribers, account holders, or customers of Plaintiffs' copyrighted works.

**CATEGORY NO. 58:**

All documents concerning actions that Defendants could take for the benefit of Plaintiffs after gaining actual knowledge of specific infringements.

11

**CATEGORY NO. 59:**

Documents sufficient to identify the business and professional licenses that you possess in any state where you, any Plaintiff, or any Defendant does business, or in which any repeat infringer, whom you have stated to have infringed upon Plaintiffs' copyrights, resides.

**CATEGORY NO. 60:**

All documents and communications related or referring to your compliance with state and federal debt collection laws including, but not limited to, the Fair Debt Collection Practices Act.

**CATEGORY NO. 61:**

All documents concerning governmental investigations of your business or operations.

**CATEGORY NO. 62:**

Copies of all business plans, prospectuses, marketing materials, investor materials, white papers, websites or other materials that describe your processes and procedures for monitoring Peer-to-Peer file sharing networks to seek out and find infringing digital materials.

**CATEGORY NO. 63:**

All documents constituting articles about your service and settlement offers or demands.

**CATEGORY NO. 64:**

All documents concerning communications with any Person regarding suspension or termination of ISP service.

**CATEGORY NO. 65:**

All documents constituting, comprising, or evidencing your policies for document management, preservation, storage, indexing, and disposal.