# EXHIBIT 10

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP,<br><br>   Plaintiffs,<br><br>   v.<br><br>COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., and COXCOM, LLC,<br><br>   Defendants. | Case No. 1:14-cv-1611 (LO/JFA) |

## DEFENDANT COXCOM, LLC'S NOTICE OF ISSUANCE OF SUBPOENA TO RIGHTSCORP, INC.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Procedure 45, Defendant Coxcom, LLC will serve a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. Copies of the subpoena and document requests are attached.

Dated: June 16, 2015

/s/ Andrew P. Bridges
Andrew P. Bridges (*pro hac vice*)
Fenwick & West LLP
555 California Street
San Francisco, CA 94104
Tel: 415-875-2300
Fax: 415-281-1350
Email: abridges@fenwick.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| BMG Rights Management, LLC et al. )<br>*Plaintiff* )<br>v. )<br>Cox Enterprises, Inc., Cox Communications, Inc., )<br>and Coxcom, LLC )<br>*Defendant* ) | Civil Action No. 1:14-CV-1611-LO-JFA |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Rightscorp, Inc., c/o CT Corporation System (Agent)
818 West Seventh St. 2nd Floor, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Veritext<br>707 Wilshire Boulevard, Suite 3500<br>Los Angeles, CA 90017 | Date and Time:<br>06/26/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/16/2015

*CLERK OF COURT*                                          OR

_____                          /s/ Andrew P. Bridges
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, Coxcom, LLC, who issues or requests this subpoena, are:

Andrew P. Bridges, 555 California St. 12th Fl, San Francisco, CA 94104; Tel: (415) 875-2300; abridges@fenwick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:14-CV-1611-LO-JFA

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT A**

## **DEFINITIONS**

1. "Plaintiffs" means plaintiff BMG Rights Management (US) LLC and plaintiff Round Hill Music LP, their parents, subsidiaries, divisions, successors, affiliates, including any present or former officers or directors, trustees, employees, agents, representatives, attorneys, or all other persons acting or purporting to act on its behalf.

2. "Rightscorp," "you" or "your" refers to Rightscorp, Inc., its parents, subsidiaries, divisions, successors, affiliates, including any present or former officers or directors, trustees, employees, agents, representatives, attorneys, or all other persons acting or purporting to act on its behalf.

3. "Defendants" or "Cox" means defendants Cox Enterprises, Inc.; Cox Communications, Inc.; Coxcom, LLC; and/or Coxcom, Inc. d/b/a Cox Communications of Northern Virginia, and their parents, subsidiaries, divisions, successors, affiliates, including any present or former officers or directors, trustees, employees, agents, representatives, attorneys, or all other persons acting or purporting to act on their behalf.

4. "Individual" means a natural Person.

5. "Person(s)" includes any individual, any corporate or other business entities, and all other forms of legal entities, including divisions, subsidiaries, departments, and other units therein. Examples of entities that are "Persons" are corporations, partnerships, joint ventures, voluntary or unincorporated associations, business organizations, trade organizations, standards organizations, governmental entities (including commissions, bureaus and departments), trusts, estates, sole proprietorships and all other entities similar to any of these examples.

6. "Complaint" means the Complaint (Attachment 1 to this subpoena), the First Amended Complaint (Attachment 2 to this subpoena), and any further amended or supplemental complaint in this Action.

7. "Concerning" means constituting, comprising, referring to, regarding, evidencing, reflecting, relating to, and pertaining to.

## INSTRUCTIONS

The following instructions shall apply to each of the categories herein:

1. Respond to each category by affirmatively stating in writing the full extent to which you will produce materials. Promptly after production, confirm in writing that you have produced all materials that you could locate after a diligent search of all locations that might plausibly have such materials. You may not respond that you have produced or will produce "responsive" materials.

2. Furnish all available documents in the possession, custody, or control of any of Rightscorp's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents, or subsidiaries and persons under Rightscorp's control. You must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if the requested materials might plausibly exist there.

3. To the extent permitted and authorized by law, the subpoena shall be deemed continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of trial.

4. Produce electronic records and computerized information in an intelligible format, together with a description of the system from which they came, sufficient to permit rendering

the records and information intelligible.

5. Select and number the documents with sufficient information to ensure identification of the source and sequence of each document.

6. Produce documents in file folders with tabs or labels or directories of files identifying the origin of the documents.

7. Do not separate documents attached to each other.

8. If you seek to withhold any information based on some limitation of discovery (including, but not limited to, a claim of privilege) applicable to any document, provide all parts of the document within the scope of the subpoena which are not privileged. For each item of information contained in a document to which you claim privilege, provide at least the following:

(a) the privilege you are asserting and the factual basis;

(b) the names and positions of the author of the document and all other persons participating in the preparation of the document;

(c) the name and position of each individual or other person who received the information in the document;

(d) the date of the document;

(e) a description of any accompanying material transmitted with or attached to such document;

(f) the number of pages in the document;

(g) the particular category to which the document is responsive;

(h) whether the document has any discussion of business or non-legal matters; and

(i) the steps you took to ensure the confidentiality of the document.

For email or message threads that contain multiple emails/messages, provide the above information for each email/message.

9. If Rightscorp's response to a particular category is a statement that you lack the ability to furnish documents in that category, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Rightscorp's possession, custody, or control, in which case identify the name and address of any person or entity you know or believe to have possession, custody, or control of that information or category of information.

10. If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please identify the document and state the details concerning the loss of such document.

11. If, in responding to this subpoena, you claim there is any ambiguity in either a particular category or a Definition or an Instruction, explain as part of your response the language you deem ambiguous and your interpretation in responding to the particular category.

12. If you have a good faith objection to any category in the subpoena or any part of any category, state the specific nature of the objection and whether it applies to the entire category or to specific parts of a category.  If the objection relates to only part or parts of a category, then identify the objectionable part or parts and identify or produce any and all documents responsive to the remaining parts.

## **DOCUMENTS TO BE PRODUCED**

**CATEGORY NO. 1:**

To the extent you have not previously produced them, all documents available to

Rightscorp's telephone agents, including scripts and employee manuals, with respect to their activities.

**CATEGORY NO. 2:**

To the extent you have not previously produced them, all documents evidencing communications between Rightscorp and recipients of Rightscorp notices, other than the initial notices themselves, including call logs of its telephone agents and their supervisors.

**CATEGORY NO. 3:**

To the extent you have not previously produced them, all documents evidencing communications with any person regarding business or professional licensing or registration, or allegations of an obligation to have a business or professional license or registration, of Rightscorp or any of its employees or consultants.

**CATEGORY NO. 4:**

All documents in existence as of June 11, 2015, evidencing authorization of Rightscorp to make reproductions of sound recordings in its business operations, and in particular sound recordings of performances of musical compositions in which Plaintiffs claim copyright rights.

**CATEGORY NO. 5:**

All documents reflecting the number of times Rightscorp has obtained a transmission of any sound recordings from each person Rightscorp has identified to Defendants as repeat infringers, and the details regarding those transmissions (including identification of the sound recordings, recording artist, the underlying musical composition, date and time of transmission, and the IP addresses associated with the transmissions).

**CATEGORY NO. 6:**

To the extent you have not previously produced them, all documents concerning

5

Rightscorp's criteria for determining an Internet Service Provider's subscriber to be a "repeat infringer."

**CATEGORY NO. 7:**

All documents concerning evidence of the sale, other transfer of ownership, rental, lease, or lending of anything, and in particular musical compositions, sound recordings, files, copies, or phonorecords, by any of Defendants' customers to Rightscorp.

**CATEGORY NO. 8:**

To the extent you have not previously produced them, all documents, including files received by transmission, concerning uses of, and activities conducted through, the IP addresses during the indicated times in Exhibit 4 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Identities of Direct Infringers.

**CATEGORY NO. 9:**

To the extent you have not previously produced them, all documents concerning communications between Rightscorp and any attorneys for any Internet Service Provider's subscriber to whom Rightscorp has directly or indirectly sent any notice of infringement.