**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | Civil No. 1:14-cv-1611 |
| v. | ) ) | Hon. Liam O'Grady |
| COX ENTERPRISES, INC. *et al.*, | ) ) | |
| *Defendants*. | ) ) ) | |

## **ORDER**

This matter comes before the Court on Defendants' Motion to Allow Expert Testimony of Dr. Kevin C. Almeroth (Dkt. 913). The Court has received and considered the pleadings, and has determined that oral argument would not assist its resolution of this matter.

This civil dispute is again before the Court for trial as the United States Court of Appeals for the Fourth Circuit vacated the verdict issued in the previous trial. It did so because a jury instruction for contributory infringement permitted the jury to consider "too low a standard" by using the formulation "should have known," which reflects negligence. *See* Dkt. 893 at 30. The Court of Appeals also went on to provide important and appreciated guidance on BMG's burden in any retrial, instructing that the "contributory infringement instruction should require that Cox knew of specific instances of infringement or was willfully blind to such instances." *Id.* at 32. The Court of Appeals also directed that the instruction for willful blindness "should similarly require a conclusion that Cox consciously avoided learning about specific instances of infringement." *Id.* at 33. Cox argues that these refined burdens of proof require expert testimony

1

narrowly tailored to assist the jury in making its findings in retrial. BMG argues that the evidence already addressed in the original trial is sufficient and requires no supplementation.

This case was one of first impression, and both parties committed great resources to rigorously litigate the case. The parties conducted significant discovery and carefully chose their fact witnesses, experts, and theories of the case. Cox in particular litigated the case strenuously. Cox had every opportunity to engage Dr. Almeroth for the first trial, but chose not to. Therefore, the parties' many tactical decisions should not be disturbed for retrial absent a compelling reason to do so. Notwithstanding Cox's arguments to the contrary, there is no cause to do so here for several reasons.

First, and importantly, this is not a case where an expert is necessary to testify to issues that were not otherwise known or readily accessible at the time of the first trial. If the Court of Appeals believed that issues unaddressed during the first trial required a reopening of discovery on remand, the Court of Appeals had the ability to say so. *See Hall v. Tawney*, 621 F.2d 607, 614 n.8 (4th Cir. 1980) (explaining that "[u]pon remand it would be quite appropriate to reopen the record for discovery and other pre-trial procedures looking to development of the issues presented by the substantive due process claim in light of this opinion"); *see also Kennedy v. Joy Techs., Inc.*, No. 2:05-cv-00030, 2008 WL 1985231, at *2 (W.D. Va. May 7, 2008) (noting that the court of appeals "had the ability to expressly permit the taking of additional evidence," and explaining that "[w]hile the defendant naturally would like to bolster its position now with its hindsight benefited by this Court's earlier opinion and that of the court of appeals, free permission of this practice would result in endless litigation") (internal citations omitted).

Further, BitTorrent and Cox's system and notice requirements were all testified about extensively at the first trial, and there is no need for new testimony on these points. BMG's

2

expert Barbara Frederikson-Cross gave the jury an extensive explanation of BitTorrent. *See* Dkt. 916 at 5. She discussed file sharing and the role of the Internet Service Provider ("ISP"), both issues on which Cox now seeks to have Dr. Almeroth testify. *Id.* at 6-8. Ms. Frederikson-Cross testified competently at trial, and the Court is simply not persuaded by Cox's argument that she "lacks the expertise necessary" to explain the relevant technological functions. *See* Dkt. 914 at 8. Cox's experts Christopher Rucinski and William Rosenblatt also testified about how BitTorrent works, and have the knowledge to testify about the relevant issues. *See* Dkt. 916 at 6 (noting that Mr. Rucinski testified about the role of Rightscorp, another issue on which Cox now proposes Dr. Almeroth should testify).

Several fact witnesses were also highly knowledgeable about topics Cox suggests Dr. Almeroth would address. For example, Matt Carothers was Cox's Rule 30(b)(6) designee regarding "the effect, results, or impact of actions Cox has taken in response to Infringement Notices." *Id.* at 9. Mr. Carothers and Cox's other witnesses (*e.g.*, Jason Zabek, Joseph Sikes and Roger Vredenburg) have the capacity to testify regarding Cox's ISP system and Cox's ability to track and respond to infringement notices. *See id.* Given the number of knowledgeable witnesses capable of testifying on these issues, Dr. Almeroth's testimony would be at best duplicative.

Moreover, the Court finds that BMG would be prejudiced by reopening of discovery. BMG would be required to incur additional costs by having to designate an expert of its own to rebut Cox's expert, as well as to incur costs reviewing Dr. Almeroth's opinion and taking his deposition. *See Yeoman v. Ikea U.S.A. West, Inc.*, No. 11-cv-701, 2013 WL 3467410, at *5 (S.D. Cal. July 10, 2013). Preparing for Dr. Almeroth would also draw counsel's time and attention away from other trial preparation duties, an unfair burden to impose on BMG before the August trial.

Finally, the Court turns to the question of manifest injustice. The parties press different standards on the Court. BMG argues that "additional witnesses and relevant proof are appropriate only where the court perceives manifest injustice in limiting evidentiary proof at a new trial." Dkt. 916 at 3 (internal quotations omitted). BMG characterizes this as a "high threshold," and argues that the Court should permit the proposed testimony only if it is "essential" to avoid manifest injustice. *Id.* at 3, 5.

Cox counters that manifest injustice is not the appropriate standard, and that the Court should focus instead on its "broad discretion" to admit additional witnesses. Dkt. 918 at 2. Even if manifest injustice were the standard, Cox argues, the Court should be guided by "considerations of fairness," and should assess the circumstances in light of the four factors identified in *Hoffman v. Tonnemacher*, No. 04-5714, 2007 WL 2318099 (E.D. Cal. Aug. 10, 2007), *aff'd* 362 F. App'x 839 (9th Cir. 2010). *Id.* at 2. The court in *Hoffman* considered: (1) the degree of prejudice or surprise to the non-moving party; (2) the ability of the non-moving party to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification. *See Hoffman*, 2007 WL 2318099, at *2.

The Court need not decide which standard is the correct one, because the Court finds that under either standard, there is no injustice in excluding Dr. Almeroth's testimony. As explained above, permitting Cox to engage Dr. Almeroth would prejudice BMG. Reopening discovery at this late hour would interfere with the orderly and efficient conduct of the trial. And while the Court does not find bad faith on Cox's part, the Court concludes that Dr. Almeroth's testimony is unnecessary, and that excluding his testimony is consistent with considerations of fairness and justice.

4

For these reasons and for good cause shown, the Court hereby **DENIES** Defendants'

Motion (Dkt. 913).

It is **SO ORDERED.**

June 20 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge

5