UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, *et al*.,<br><br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al*.,<br><br>*Defendants*. | Case No. 1:14-cv-01611-LO-JFA |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S COUNSEL FROM MAKING ARGUMENTATIVE AND INFLAMMATORY STATEMENTS AND LEGAL CONCLUSIONS DURING OPENING STATEMENTS**

**INTRODUCTION**

Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") respectfully submit this Memorandum of Law in Support of their Motion *in Limine* to Preclude Plaintiff's Counsel From Making Argumentative and Inflammatory Statements and Legal Conclusions During Opening Statements.

The Fourth Circuit has held that "the very purpose of an opening statement is to inform the jury how the case developed, its background and what will be attempted to be proved." *United States v. Locust*, 95 F. App'x 507, 514 (4th Cir. 2004) (quoting *Butler v. United States,* 191 F.2d 433, 435 (4th Cir. 1951)). However, "the risk of unfair prejudice is more distinct in opening statements" because improper statements "may have a stronger effect on the jury's evaluation of the evidence and arguments of counsel if made before evidence is presented." *Pegg v. Herrnberger*, No. 5:13CV173, 2016 WL 7033171, at *1 (N.D.W. Va. Dec. 1, 2016).

During the first trial, BMG Rights Management (US) LLC's ("BMG") counsel repeatedly claimed during his opening statement that Cox had engaged in "stealing," "illegal conduct,"

"unlawful conduct," and "illegal infringement," and that Cox "aided and abetted" this behavior. Moreover, BMG's counsel often delved into pure argument, untethered from any admissible evidence, to paint pictures for the jury that were not only prejudicial but confusing and oftentimes erroneous, including, for example:

- The argument that terminated pursuant to the DMCA is "shorthand for copyright infringement";

- BMG's counsel's personal view of the evidence, such as "[t]his is an example of a customer that I consider to be a habitual abuser";

- BMG's counsel's prejudicial view that Cox's statement to BMG that it sent too many notices was the equivalent of asking a parent to neglect his or her child;

- BMG's counsel prejudicial aside that *he* found "it interesting that [PirateBay] would use the symbol pirate with the skull and crossbones, and I would like to point out to you that the two people that [sic] founded it were criminally convicted four or five years ago outside the United States";

- BMG's counsel's personal opinion of Cox's purported profit motive: "[t]he profit motive for not doing what was right was the reason Cox violated its own policy by continuing to tolerate what it knew was illegal conduct going on by its subscribers on its network"; and

- Extensive recitations of the law, from the determinations of liability, to the calculations of damages, and other issues, which is always prejudicial but particularly so when the recitations are simply erroneous.

Cox requests that the Court preclude BMG's counsel from making purely argumentative statements, like those outlined above, which prejudice Cox and risk confusing the jury. Cox also

requests an Order that requires BMG's counsel to refer to the alleged conduct as an "alleged violation of the Copyright laws," "alleged infringement of BMG's Copyright rights," or something similar—not "stealing," "illegal conduct," "unlawful conduct," or "illegal infringement."

**ARGUMENT**

**I.    COX SEEKS AN ORDER PRECLUDING BMG'S COUNSEL FROM USING INFLAMMATORY AND DEROGATORY STATEMENTS DURING OPENING STATEMENTS**

During the first trial, BMG's counsel repeatedly indicted Cox with inflammatory statements such that it "aided and abetted," Trial Tr. at 107:16, and was engaged in "stealing," "illegal conduct," "unlawful conduct," "illegal infringement," and other various permutations of those terms. *See, e.g.*, *id.* at 99, 100, 102-107, 109-111, 125, 128.

Following the parties' opening statements, the Court acknowledged that the use of the word "stealing" by counsel for BMG was inappropriate. *See id.* 157:1-2 ("You referenced how they were stealing everything in sight …."). The Court added that it was important for the parties to "stay within the orders that we have issued." *Id.* at 157:6. Prior to the first trial, Cox did not have a basis to believe that BMG's counsel would use these inflammatory terms, so it then had no need to seek an *in limine* ruling precluding that behavior. Based on the existing record, however, Cox now has reason to believe that BMG's counsel will indeed engage in the same improper practice and thus seeks a preemptive order restricting BMG's counsel from doing so.

As the Court previously observed, these comments should be precluded because they are inflammatory. Moreover, because no evidence of the conduct at issue will have been admitted at the time of opening statements, it would be improper for BMG's counsel to make claims that Cox "aided and abetted" any "illegal conduct." *C.f. Tunnell v. Ford Motor Co.*, No. 4:03-CV-00074, 2005 WL 3776353, at *2 (W.D. Va. Apr. 18, 2005) (denying a motion *in limine* to preclude counsel

-3-

from using inflammatory terms during opening argument, as a preventative motion was not warranted based on the record, but noting that any inflammatory characterizations during opening arguments would be prohibited due to a lack of an evidentiary basis). Cox therefore requests the Court Order BMG's counsel to refer to the alleged conduct as an "alleged violation of the Copyright laws," "alleged infringement of BMG's Copyright rights," or something similar.

## II.   COX REQUESTS THE COURT TO PRECLUDE BMG'S COUNSEL FROM ENGAGING IN PURE ARGUMENT, BOTH LEGAL AND FACTUAL, DURING OPENING STATEMENTS

### A.   BMG's counsel should be precluded from arguing the law.

BMG's counsel also engaged in a lengthy explanation of *his* view of the Copyright Act and the law more generally, which is improper and should also be precluded on re-trial. *See, e.g.*, *Newman ex rel. Newman v. McNeil Consumer Healthcare*, No. 10 C 1541, 2013 WL 4460011, at *6 (N.D. Ill. Mar. 29, 2013) (noting that it is improper for either party to argue the applicable law to the jury during opening argument); *United States v. Reulet*, No. 14-40005-DDC, 2016 WL 126355, at *7 (D. Kan. Jan. 11, 2016), *on reconsideration in part*, No. 14-40005-DDC, 2016 WL 191883 (D. Kan. Jan. 14, 2016) (noting the black letter law that legal argument is impermissible during opening statement); *Icon Enterprises Int'l, Inc. v. Am. Prods. Co.*, No. CV 04-1240 SVW PLAX, 2004 WL 5644805, at *10 (C.D. Cal. Oct. 7, 2004) (preluding "used in commerce" from an opening statement because it is "a legal argument that has no place in an opening statement.").

For example, counsel opined:

> Under law, once it has been established that infringement of BMG's songs have taken place on the Cox network, even if Cox itself wasn't the one doing it, under the law Cox will be liable for damages if BMG can show that Cox was either contributorily – guilty of contributory infringement or is liable for vicarious infringement. And I am going to walk through those to explain why it is that under the law Cox is liable for the activities, the repeat activities of its subscribers.

> The evidence we believe will clearly establish that Cox is liable for both, both contributory infringement and vicarious infringement.

Trial Tr. at 104:17-105:3.  And BMG's counsel did not stop there.  He also stated:

> [T]he reason they would have to do it is because there is a federal statute that says that if they actually have a reasonable policy for terminating repeat infringers, they have a safe harbor, they're immune from liability.
>
> Well, that is not an issue in this case.  Cox is not immune from liability because it did not engage in what was required in order to have that safe harbor protection.  If it had, we wouldn't be here today.

Trial Tr. at 131:8-20; *see also id.* 132:19-133:1 ([T]he law makes it clear if you are guilty of contributory infringement or vicarious infringement, you are liable to the same extent as the people that are actually doing the illegal copying….Cox is guilty of both contributory infringement and vicarious infringement.").  BMG's counsel addressed other legal issues as well.  *See id.* at 107 (willful blindness and material contribution); *id.* at 122, 133-134 (statutory penalties); *id.* at 133 (willful infringement).  BMG's also discussed vicarious liability, *id.* at 105, 108, which should be precluded from re-trial for the independent reason that it is no longer relevant.  Statements such as these are plainly improper and should be precluded from BMG's counsel's opening statement at re-trial.

### B. BMG's counsel should be precluded from making improper, inflammatory, and argumentative statements.

Separate from the improper legal rhetoric outlined above, BMG's counsel's opening statement was often more like a closing argument and delved into the purely argumentative.  Counsel additionally improperly offered his own personal opinion of BMG's case and the purported evidence in support thereof.  Such statement, as outlined below, should be precluded on retrial, as courts in this Circuit consider "the risk of unfair prejudice is more distinct in opening statements" because improper statements "may have a stronger effect on the jury's evaluation of

the evidence and arguments of counsel if made before evidence is presented." *Pegg*, 2016 WL 7033171, at *1 (ruling that inflammatory statements are not permissible in opening statements but deferring ruling on motion *in limine* until opening statements are given); *Tunnell*, No. 4:03-CV-00074, 2005 WL 3776353, at *2 (similar). Indeed, courts should preclude from opening statements "those arguments that are always improper, including vouching, bolstering, misstating the evidence, inciting the passions of the jury, advancing racial stereotypes or prejudices, and making legal arguments during opening statements." *See, e.g.*, *United States v. Lyons*, No. CR 17-1630 RB, 2017 WL 4736724, at *2 (D.N.M. Oct. 18, 2017).

For example, BMG's counsel interjected *his* personal view of the evidence, including: "[t]his is an example of a customer that I consider to be a habitual abuser." Trial Tr. at 128:11-12. BMG's counsel also gave *his* opinion on Cox's profit motive, arguing "[t]he profit motive for not doing what was right was the reason Cox violated its own policy by continuing to tolerate what it knew was illegal conduct going on by its subscribers on its network." *Id.* at 129:23-130:1.

Separately, BMG's counsel made the confused, and legally and factually infirm, argument that terminated pursuant to the DMCA is "shorthand for copyright infringement." Trial Tr. at 124:12-14. He also claimed to the jury that Cox's statement to BMG that it sent too many notices was the equivalent of asking a parent to neglect his or her child. *Id.* at 105-106. Putting aside the inappropriateness of this analogy, it is factually inaccurate and not based on any evidence. Additionally, in an attempt to explain BMG's decision to utilize Rightscorp, BGM's counsel argued that BMG had limited resources and it could not sue thousands of infringers. *Id.* at 110. But this statement too is factually inaccurate and not based on any evidence.

BMG's counsel further made the bizarre, and inappropriate aside, that *he* found "it interesting that [PirateBay] would use the symbol pirate with the skull and crossbones, and I would

like to point out to you that the two people that [sic] founded it were criminally convicted four or five years ago outside the United States." Trial Tr. at 113:14-18.

The foregoing is a selection of the types of comments riddled throughout BMG's counsel's opening statement. They are plainly inappropriate, prejudicial to Cox, and likely to confuse the jury. Statements of this type should be excluded on retrial.

## CONCLUSION

Based on the foregoing, Cox respectfully requests an *in limine* ruling requiring BMG's counsel to comply with blackletter law with respect to what is and is not appropriate behavior in open arguments and other colloquies before the jury. Cox requests a ruling that requires BMG's counsel to refer to the alleged conduct as an "alleged violation of the Copyright laws," "alleged infringement of BMG's Copyright rights," or something similar—not stealing, theft, or any other related term. Cox also requests that the Court preclude BMG's counsel from making purely argumentative statements, including legal arguments, that prejudice Cox and risk confusing the jury.

Dated: July 20, 2018

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

Case 1:14-cv-01611-LO-JFA   Document 941   Filed 07/20/18   Page 8 of 9 PageID# 25227

*Of Counsel for Defendants*

MICHAEL S. ELKIN (*pro hac vice*)
THOMAS PATRICK LANE (*pro hac vice*)
SETH E. SPITZER (*pro hac vice*)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
Email: melkin@winston.com
Email: tlane@winston.com
Email: sspitzer@winston.com

JENNIFER A. GOLINVEAUX (*pro hac vice*)
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000
Email: jgolinveaux@winston.com

-9-

## CERTIFICATE OF SERVICE

I certify that on July 20, 2018, a copy of the foregoing Defendants' Memorandum of Law in Support of Their Motion *in Limine* to Preclude Plaintiff's Counsel from Making Argumentative and Inflammatory Statements and Legal Conclusions During Opening Statements was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*