**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC, *et al.*, <br><br> *Defendants*. | Civil No. 1:14-cv-1611 (LO/JFA) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO PRECLUDE THE PARTIES FROM REFERRING TO THE PRIOR TRIAL**

**INTRODUCTION**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Cox respectfully moves *in limine* to preclude the parties from referring to the prior trial, including, but not limited to, by making references to the prior trial's verdict and damages award. To the extent that testimony from the prior trial is used solely for impeachment purposes, which may be appropriate, Cox requests that the parties be precluded from mentioning that the testimony was made *during a prior trial*; rather, Cox proposes that the parties simply refer to the testimony as "prior sworn testimony" or "prior statements made under oath."

**ARGUMENT**

Under Rule 401, evidence is relevant if it has the tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Rule 402 states that "[i]rrelevant evidence is not admissible." And under Rule 403, even

where evidence is relevant, "[t]he court may exclude [it] if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## I. The Court Should Preclude References to the Prior Trial As Irrelevant to the Retrial.

There is just one claim before the Court on remand: contributory infringement. And insofar as that claim is concerned, the Fourth Circuit's decision mooted any reason to refer to the first trial other than for impeachment purposes. *See Maryland Casualty Co. v. Armco Inc.,* 822 F.2d 1348, 1355 (4th Cir. 1987); *Zeneca Ltd. v. Novopharm Ltd.*, 919 F. Supp. 193, 196 (D. Md. 1996) ("As a general rule, a vacated judgment and the factual findings underlying it have no preclusive effect; the judgment is a legal nullity.") (citing *S-1 By and Through P-1 v. State Bd. Of Educ.*, 6 F.3d 160, 169 (4th Cir. 1993)). Since the factual findings of the first trial are vacated insofar as they relate to Plaintiffs' contributory infringement claim, any reference thereto would be unnecessary and improper; the same is true of the vacated judgment, which is now a "legal nullity." *Zeneca Ltd.*, 919 F. Supp. at 196. A previous jury's consideration of the same issues is immaterial to the new jury's deliberations. Accordingly, references to the prior trial should be prohibited as irrelevant.

## II. References to the Prior Trial Would Result in Unfair Prejudice to Cox.

References to the prior trial should also be barred on the basis that they would lead to prejudicial disclosures to the jury. *See* Fed. R. Evid. 403. Specifically, improper references would likely confuse the jury as to the reasons for a retrial and induce them to speculate about the prior verdict. *See United States v. Benkahla*, 2006 WL 2871234, at *9 (E.D. Va. Oct. 2, 2006) (explaining that introducing the prior verdict would only "beg[] the jury to speculate, as any reasonable

juror necessarily would," and that the appropriate solution was to preclude any such references as confusing and misleading under Rule 403).

Between the wide availability of the Internet and the highly publicized nature of the first trial, allowing such references unnecessarily risks having the jury learn about prior findings, which are irrelevant. *Id*. And should the jury find out that Cox was previously found liable for contributory infringement, the integrity of the retrial would be beyond repair—Cox would be unfairly prejudiced in putting on its case. This is a risk that the Court need not take, especially since, as explained above, the results of the first trial have no probative value. *United States v. Lam*, 2010 WL 3397452, at *2 (E.D. Va. Aug. 23, 2010) ("Improper references would lead to the risk of confusion, resulting in a potential for prejudice to both sides. The fact of a prior trial and/or the results of the same are inappropriate for comment or argument by counsel.").

Ultimately, this is a fairly simple proposition. Plaintiffs would similarly agree that, if they had been unsuccessful in proving contributory infringement during the first trial, allowing references to the prior result would only serve to poison the jury. To avoid such prejudice, the parties should couch any proper references to the first trial in terms of a "prior proceeding."

## CONCLUSION

For all the reasons above, the Court should preclude the parties from referring to the prior trial, including, but not limited to, references to the prior trial's verdict and damages award.

-4-

Dated: July 20, 2018

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

MICHAEL S. ELKIN (*pro hac vice*)
THOMAS PATRICK LANE (*pro hac vice*)
SETH E. SPITZER (*pro hac vice*)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
Email: melkin@winston.com
Email: tlane@winston.com
Email: sspitzer@winston.com

JENNIFER A. GOLINVEAUX (*pro hac vice*)
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000
Email: jgolinveaux@winston.com

## **CERTIFICATE OF SERVICE**

I certify that on July 20, 2018, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE PARTIES FROM REFERRING TO THE PRIOR TRIAL was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*