UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| **BMG RIGHTS MANAGEMENT (US) LLC and ROUND HILL MUSIC LP**<br><br>Plaintiffs,<br><br>v.<br><br>**COX COMMUNICATIONS, INC. and COXCOM, LLC**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  1:14-cv-1611(LO/JFA)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO PRECLUDE REFERENCE TO CHANGES AFTER THE RELEVANT TIME PERIOD**

BMG Rights Management (US) LLC ("BMG") moves to exclude any reference by Defendants Cox Communications, Inc. and Coxcom, LLC ("Defendants" or "Cox") to changes or developments in their practices for handling infringement subsequent to the time period at issue.  BMG also seeks to exclude testimony or evidence of any alleged subsequent changes to the music infringement and economic environment.  Subsequent developments are irrelevant to the issues to be tried, which involve Cox's willful conduct during the pre-2015 timeframe and its impact on infringement during that period.  Moreover, there has been no discovery regarding any changes to Cox's system for handling infringement, and Cox's witnesses should not be able to make claims about supposed revised practices that have not been tested in discovery.  Similarly, there has been no disclosure of testimony or evidence regarding changes to the infringement landscape, and Cox should not be able to have its experts offer any such testimony for the first

time at trial. Testimony regarding later developments is irrelevant and prejudicial, will waste time, and will only serve to distract the jury from the claims at issue.

## LEGAL STANDARD

Only relevant evidence is admissible at trial, Fed. R. Evid. 402. Even relevant evidence may be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an expeditious trial, and focus on the issues the jury will consider. *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). Evidence may be excluded when its admission would lead to litigation of collateral issues, "thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *United States v. Dennis*, 625 F.2d 782, 797 (8th Cir. 1980). The decision to grant a motion *in limine* excluding evidence as irrelevant, prejudicial, confusing, or otherwise inadmissible under the Rules is within the Court's discretion. *See United States v. White,* 405 F.3d 208, 212 (4th Cir. 2005).

## ARGUMENT

The Court should exclude testimony or evidence regarding any changes to Cox's practices for handling infringement on its network after the relevant pre-2015 time period. BMG has brought claims for infringement up through November 26, 2014 and is not seeking to hold Cox liable for any infringement on its network after those dates. Any subsequent changes that Cox made as a result of the jury verdict (or the filing of the Complaint) are not relevant to its conduct during the time period at issue and would only serve to confuse the jury and distract

from the infringement and conduct actually at issue. There is no reason to broaden the scope of trial beyond the timeframe at issue and for which discovery was conducted.

For these reasons, courts regularly exclude evidence that relates to time periods subsequent to the time period at issue in the case. *See, e.g., Int'l Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1400 (8th Cir. 1993) (upholding exclusion of study on relevance grounds "because it dealt with a time subsequent to the events involved in this case"); *Scott v. Turner Indus. Grp.*, 2011 WL 5023842, *10 (M.D. La. Oct. 19, 2011) (striking emails sent and referencing events outside the actionable time period); *Wallace v. Heartland Cmty. Coll.*, 48 F. Supp. 3d 1151, 1161-62 (C.D. Ill. 2014) (excluding additional evidence of discrimination occurring outside the timeframe indicated in the plaintiff's discrimination charge); *McNett v. Hardin Cmty. Fed. Credit Union,* No. 3:02-CV-7576, 2006 WL 2473000, at *5 (N.D. Ohio Aug. 24, 2006) (excluding evidence of defendant's lending practices after plaintiff's termination because it would confuse the jury).

Indeed, the Court applied this exact principle in ruling on evidentiary issues at the first trial. Trial Tr. at 510:20-22 ("THE COURT: I think the relevant time period has got to be during the period where Cox is accused of infringing the works through the customers."). And Judge Anderson applied it in ordering Cox to disclose the identities of infringers on its network from the pre-November 2014 timeframe[1] but not from after the Complaint was filed. Dkt. 80 (May 15, 2015 Hearing Tr.) at 30:21-23 ("I'm not convinced that the 250 [top infringers for the period] after the lawsuit was filed really has any significance to the case."). For the same reasons, Cox's later abuse practices are irrelevant as well.

---

[1] Of course, Cox later revealed that all of the pre-November 2014 DHCP logs linking subscribers to infringing IP addresses had been destroyed by the time of Judge Anderson's ruling.

Evidence of any changes to Cox's abuse practices after the relevant time period should also be excluded because they have not been the subject of discovery.  Cox should not be permitted to put witnesses on the stand to give a rose-colored view of its practices and procedures when BMG has had no opportunity to test those claims via discovery.  *See Wozniak v. Coatesville Area Sch. Dist.*, No. CIV.A. 05-4552, 2006 WL 5116701, at *1 (E.D. Pa. June 19, 2006) ("The Court will also exclude evidence regarding matters on which Defendant withheld discovery.").

As the Court has observed of Cox's pre-2015 abuse practices on which BMG did take discovery, "if you drew upon the public statements that Cox made, you would think that they had a wonderful policy and that they had a very structured review of when terminations would occur. And the numbers belie that." 10.30.15 Hearing Tr. at 50:17-20.  Cox should not have the opportunity to make similarly Panglossian statements to the jury about subsequent changes to its abuse practices without producing any of the evidence that may well belie its claims.

For similar reasons, the Court should also exclude testimony or evidence regarding supposed changes to the infringement landscape.  The re-trial continues to concern the period up to November 26, 2014, which is the timeframe in which the relevant infringement occurred and for which damages are to be awarded.  Subsequent developments are not relevant.  Moreover, no such evidence or testimony has been disclosed.  No expert has made a supplemental disclosure on these points, and neither BMG nor Cox has produced updated financial data.  There is no evidentiary basis to introduce evidence of later developments in the infringement landscape.

## CONCLUSION

For the reasons set forth above, BMG respectfully requests that the Court grant its motion *in limine* and exclude evidence and argument related to Defendants' post-Complaint practices for

handling infringement on its network and changes to the music infringement and economic environment after the filing of the Complaint.

Dated: July 20, 2018

Respectfully submitted,

/s/ Scott Richey
Scott Richey (VSB No. 83313)
SRichey@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Walter D. Kelley, Jr. (VSB No. 21622)
HAUSFELD, LLP
1700 K Street, NW
Washington, DC 20006
202-540-7200

*Of Counsel*

Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Jeffrey M. Theodore (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia 30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for BMG Rights Management (US) LLC*