UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-1611(LO/JFA) |
| COX COMMUNICATIONS, INC., COXCOM, LLC | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE IRRELEVANT INFORMATION ABOUT RIGHTSCORP'S ALLEGED SPOLIATION OF ITS SOURCE CODE**

Plaintiff BMG Rights Management (US) LLC ("BMG") respectfully submits this Memorandum in Support of its Motion *in Limine* to Exclude Introduction of Irrelevant Information about Rightscorp, Inc.'s ("Rightscorp") Alleged Spoliation of its Source Code. BMG requests an order prohibiting Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox" or "Defendants") from referencing any alleged spoliation of Rightscorp's source code and respectfully submits that no instruction should be given to the jury at the retrial regarding the alleged spoliation of Rightscorp's source code.

In the run-up to and during the first trial, Cox forced the Parties and the Court to engage in a long-running side litigation regarding the supposed spoliation of the Rightscorp source code. The premise of this was that the complete, produced version of the 2015 code was inadequate to show the Rightscorp system as it operated during the pre-November 2014 time period in dispute. But it turns out that this entire strand of litigation was a sham: Cox knew all along that "the system has remained the same." Tr. at 510:7. Cox should not be permitted to waste yet another

jury's time with an irrelevant and confusing sideshow that is based on a premise – that the system materially changed between 2013 and 2015 – Cox knows to be false.

## LEGAL STANDARD

The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an expeditious trial, and focus on the issues the jury will consider. *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ("The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court ... all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures-including motions *in limine* in order to narrow the issues remaining for trial and to minimize disruptions at trial."). The decision to grant a motion *in limine* is within the Court's discretion. *See United States v. White,* 405 F.3d 208, 212 (4th Cir. 2005) ("We review rulings concerning the admission of evidence for abuse of discretion."). Such motions serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury.

Only relevant evidence is admissible at trial, Fed. R. Evid. 402, and the Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001).

## ARGUMENT

Cox should not be permitted to assert a spoliation argument based on a premise that it knows – and its counsel acknowledges – to be false. Cox's claim that the supposed spoliation of

2

the Rightscorp code matters is based on its assertion that "it is literally impossible . . . to know how the Rightscorp systems functioned at any point prior to July 2015 (when the current version of the Rightscorp code was finally all produced)." Dkt. 243 at 1. But Cox knows how the system functioned prior to July 2015, and it knows that "the system has remained the same." Trial Tr. at 510:7-8. Because the system has fundamentally remained the same, the alleged spoliation of earlier versions of the code is an irrelevant distraction that can only confuse the jury.

The heart of the Rightscorp system for detecting infringement consists of two code modules. Infringement Finder identifies internet users who make available and distribute copyrighted works. SampleIt2 downloads a full copy of the infringed work from infringers. Along with the complete 2015 code, BMG produced historical versions from 2013 of both Infringement Finder and SampleIt2. Rightscorp's sole developer, Greg Boswell, also testified extensively at two depositions and then again at trial about the Rightscorp code. He described how the revisions made to the code did not affect the manner in which the system finds infringements. Trial Tr. at 883:23-884:12.

Mr. Boswell's testimony is consistent with the testimony of both BMG and Cox's technical experts. See Trial Tr. (Rucinski) at 1600:17-25 (Q: "And then in your supplemental report, again noting some differences, you state that RC1 and RC2 operate in substantially the same way as RC current, right?" A: "Yes."); Trial Tr. (Frederiksen-Cross) at 357:24-358:3 ("The essential portions of the sampling logic, the part that goes out and does the handshake with the peer to see if it's offering the work or the part that downloads a particular file from the peer has not changed very much at all. Those have essentially been the same throughout."). Based on

this evidence, Cox was able to determine – as its own counsel asserted – that "the system has remained the same." Trial Tr. at 510:7-8.

Because the Rightscorp system has fundamentally remained the same, the alleged spoliation has no probative significance and any reference to it will only serve to confuse the jury and prejudice BMG. There is no need for a sideshow regarding spoliation and the accompanying expenditure of time at trial when the underlying premise by which it was supposed to matter has been disclosed to be false by the admission of Cox's prior counsel.

Yet, in four rounds of briefing and at trial, Cox claimed that the 2015 code was materially different from earlier versions of the Rightscorp system. Cox sought sanctions, including the adverse inference instruction that ultimately issued in more limited form, based on the claim that it had "no way to understand, test, or evaluate those apparent differences, because it is impossible to reliably establish how Rightscorp's systems historically operated." Dkt. 243 at 20. When Judge Anderson identified the critical issue as "whether the heart of the [Rightscorp] system was the same based on what you have in 2013 and the version that was produced for July of 2015," Dkt. 347 at 1, Cox did not acknowledge what it knew – that the system "remained the same." Instead, it responded that "there is no direct evidence that Rightscorp's systems historically functioned as they do now and many reasons to conclude that they did not." Dkt. 347 at 3.

This should not continue. Because "the system has remained the same," the 2015 code and Mr. Boswell's testimony is sufficient to establish how the Rightscorp system operated during the relevant time period. Cox should not be permitted to waste time and confuse the jury with a spoliation argument whose premise it knows to be false.

In the alternative, if Cox is allowed to present its spoliation case to the jury, the Court should not issue the adverse inference instruction that Judge Anderson recommended based on Cox's misrepresentation that "it is impossible to reliably establish how Rightscorp's systems historically operated" and that "there is no direct evidence that Rightscorp's systems historically functioned as they do now and many reasons to conclude that they did not." Dkt. 243 at 20; Dkt. 347 at 3. In addition, BMG should be permitted to put into evidence the admission by Cox's counsel that "the system remained the same." Trial Tr. at 510:7-8. That statement is an admissible opposing party statement under Rule 801(d)(2). It is to be offered against Cox and was made by Cox's lead trial counsel, who is "a person whom [Cox] authorized to make a statement on the subject," Cox's "agent" speaking "on a matter within the scope of that relationship and while it existed," and was entitled to speak on behalf of Cox in a "representative capacity." Rule 801(d)(2) (A), (C), (D).

## CONCLUSION

For the reasons set forth above, Cox should be precluded from referencing any supposed spoliation by Rightscorp and the jury instruction regarding the supposed spoliation of Rightscorp's code should not be submitted to the jury.

Dated: July 20, 2018                                Respectfully submitted,

/s/  Scott Richey
Scott Richey (VSB No. 83313)
SRichey@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-6436
Fax:  (202) 429-3902

Walter D. Kelley, Jr. (VSB No. 21622)
HAUSFELD, LLP
1700 K Street, NW
Washington, DC 20006
202-540-7200

*Of Counsel*

Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Jeffrey M. Theodore (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia  30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for BMG Rights Management (US) LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Thomas M. Buchanan (VSB No. 21530)
tbuchanan@winston.com

/s/ Scott Richey
Scott Richey (VSB No. 83313)
SRichey@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-6436
Fax: (202) 429-3902