**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, *et al.*,<br>            *Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC, *et al.*,<br>            *Defendants*. | Civil No. 1:14-cv-1611 (LO/JFA) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
*IN LIMINE* TO PRECLUDE EVIDENCE AND TESTIMONY
CONCERNING PLAINTIFF'S VICARIOUS INFRINGEMENT CLAIM**

**I.     INTRODUCTION**

Pursuant to Fed. R. Evid. 402 and 403, Cox respectfully moves *in limine* to preclude Plaintiff BMG from re-litigating the settled issue of vicarious infringement, which the last jury decided in Cox's favor.  BMG chose not to appeal that adverse verdict, and the Court's judgment on the issue is now definitively settled.  It is hornbook law that "[a]n appellant must raise every issue that he wishes to press in his opening brief.  If the appellant fails to address an issue there, then [courts of the Fourth Circuit] will deem the issue waived or abandoned."  *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015).  Indeed, the Fourth Circuit "ha[s] repeated this rule so often that it might rightfully be termed the best-established rule in appellate procedure."  *Id*.

Notwithstanding the jury's verdict, the Fourth Circuit's decision, and the overwhelming weight of authority, BMG has announced that it will seek to re-litigate vicarious infringement.  For the reasons set forth below, the Court should preclude BMG from doing so, and from attempting to introduce evidence or argument that is irrelevant to the issues that remain in this case.

## II.  PROCEDURAL HISTORY

Plaintiffs BMG and Round Hill Music LP[1] sued Cox on November 26, 2014, and filed their operative First Amended Complaint on December 10, 2015. ECF 1, 16. The First Amended Complaint asserted separate claims for "contributory and vicarious copyright infringement," reciting the distinct elements of each claim. ECF 16, ¶ 5. Plaintiffs' Claim I ("Contributory Infringement of Copyright") alleged both that Cox had been "provided with actual knowledge of … direct infringements" and that it "materially contribute[d] to" the alleged direct infringements. *Id.* ¶¶ 37, 38. Separately, Plaintiffs' Claim II ("Vicarious Infringement of Copyright") alleged that Cox "had … the right and ability to supervise and/or control the infringing conduct of its subscribers and account holders," and that Cox "derived … substantial and direct financial benefit from the infringements." *Id.* ¶¶ 47, 48.

On September 21, 2015, the parties filed cross-motions for summary judgment. Among other things, Cox separately sought summary judgment as to Plaintiffs' contributory and vicarious infringement claims. ECF 305 (Motion), 306 (Memorandum of Law). In opposition, Plaintiffs acknowledged that "requiring knowledge of and material contribution to infringement … has become the controlling test for contributory infringement." ECF 386 at 21. Separately, Plaintiffs acknowledged that "[a] defendant may be vicariously liable where it possessed the right and ability to supervise the infringing activity and had an obvious and direct financial interest in the infringement." *Id.* at 28 (quotation marks and citation omitted) (arguing that "the doctrine … cover[s] any circumstance involving the necessary combination of supervision and financial interest").

On December 17, 2018, after a two-week trial, the jury returned a verdict in which it expressly found that BMG had failed to prove that Cox was vicariously liability for infringement of

---

[1] The Court subsequently held on summary judgment that Round Hill lacked standing to bring suit, since it failed to prove that it owned any of the copyrights it alleged. ECF 703.

BMG's alleged works.  ECF 754 (Question 3: Vicarious Liability).  BMG filed its Renewed Motion for Judgment as a Matter of Law for Vicarious Infringement on January 26, 2016.  ECF 759 (Motion), 761 (supporting Memorandum of Law).  The Court denied that motion.  ECF 794.

Cox timely appealed, filing its opening brief in November 2016.  Case No. 16-1972, ECF 25 (4th Cir.).  Cox's appeal raised three issues: first, whether an ISP like Cox could be held contributorily liable for alleged infringements by its users; second, whether the District Court had erred in holding, on summary judgment, that Cox was not entitled to safe harbor under the DMCA; and third, whether the District Court had erred in instructing the jury on damages. *Id.* at 4.  BMG did not file an appeal.

On February 1, 2018, the Fourth Circuit affirmed this Court's grant of summary judgment on the DMCA safe harbor defense, but "reverse[d] in part, vacate[d] in part, and remand[ed] for a new trial because of certain errors in the jury instructions." 881 F.3d 293, 298 (4th Cir. 2018).  BMG petitioned for rehearing on February 15, 2018.  Case No. 16-1972, ECF 118.  Here again, BMG made no mention of vicarious liability; did not argue that Cox received a financial benefit from the alleged infringement; and did not argue that Cox had either the right or the ability to control its subscribers. *Id.*  The Fourth Circuit denied rehearing, and mandate issued on March 7, 2018.  Case No. 16-1972, ECF 123 (order denying Petition), 124 (Mandate).

Notwithstanding BMG's own treatment of vicarious and contributory infringement as separate and distinct claims, the jury's verdict, the Court's denial of both parties' JMOL motions, and BMG's failure to raise vicarious liability at any point on appeal, BMG has since announced that it intends to re-open the issue at the re-trial.  In a July 18, 2018 email, BMG's counsel memorialized BMG's "disagreement as to whether vicarious [infringement] is still at issue in the case."  Declaration of Thomas M. Buchanan (Buchanan Dec.) ¶ 2 & Ex. A.  Although BMG acknowledged that

the Fourth Circuit's order requires re-trial only as to "issues that are not 'distinct and separable,'" BMG argued that because "vicarious and contributory are deeply interwoven theories of secondary liability, and the issues and evidence relevant to each substantially overlap," re-trial of one but not the other would be "improper." *Id.* Cox replied to BMG's email on July 19, 2018, pointing out that it was "well settled that vicarious and contributory liability are distinct theories with distinct elements," reminding BMG that the Fourth Circuit had previously admonished BMG for attempting to conflate vicarious and contributory liability, and asking BMG to reconsider its position. *Id.* The parties met and conferred by telephone on July 20, 2018, but were unable to reach agreement on this issue. *Id.* ¶ 3.

### III.   ARGUMENT

BMG's position that contributory and vicarious liability are so "deeply interwoven" that retrial of one without the other would be "improper" is indefensible. The overwhelming weight of authority confirms that contributory and vicarious liability are distinct, well-defined, and separate claims. In fact, BMG's own claims and arguments in this litigation point to that conclusion— as do the conduct of the first trial, the Court's jury instructions, the verdict form, the parties' arguments post-trial and on appeal, and the Fourth Circuit's decision. By failing to appeal vicarious liability, or even raise it in opposition to Cox's appeal, BMG has waived the issue, and the "rule of mandate" precludes raising it on retrial.

### A.   It is well established that vicarious and contributory liability are distinct and separable claims.

Case after case—including the Fourth Circuit's opinion in this case—confirms that contributory and vicarious liability are separate and distinct claims with different elements. *See, e.g.*, 881 F.3d at 310 (noting whether "the defendant can 'control the use of copyrighted works by others' … is an element of vicarious liability, but not of contributory infringement"). Indeed, the

Fourth Circuit admonished BMG when it improperly attempted to conflate the two theories. *Id.* (noting that BMG's substitution of the word "vicarious" for "contributory," in an altered quotation from the Supreme Court's *Sony* decision, "misreads *Sony*").

The Supreme Court's decision in *Grokster*, which the Fourth Circuit cited, likewise distinguishes between the two theories: "One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 US 913, 930 (2005). Indeed, in a footnote to this sentence, the Court in *Grokster* acknowledged its earlier statements in *Sony* that "'the lines between direct infringement, contributory infringement and vicarious liability are not clearly drawn,'" and that analyzing the theories may call for considering "arguments and case law" relevant to both "labels," but having found potential liability under an inducement theory of contributory liability, concluded that "there is no need to analyze separately MGM's vicarious liability theory." *Id.* at 930 n.9 (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 n.17 (1984)).

Not surprisingly, then, the lower courts uniformly recognize that contributory and vicarious liability are distinct claims with distinct elements and provide separate grounds for liability. *See, e.g.*, *Demetriades v. Kaufmann*, 690 F. Supp. 289, 292 n.5 (S.D.N.Y. 1988) ("Harking back to fundamental concepts of tort law—the genesis of copyright liability doctrine—the plain distinctions between vicarious and enterprise liability in tort make clear that vicarious and contributory infringement must indeed be understood as two separate and distinct theories of third-party liability."); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) ("[w]e recognize three doctrines of copyright liability: direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement"); *Louis Vuitton Malletier, S.A. v. Akanoc Sol., Inc.*, 591 F. Supp.

2d 1098, 1103 n. 6 (N.D. Cal. 2008) ("contributory and vicarious copyright infringement [claims] are distinct theories of secondary liability"); *Ranieri v. Adirondack Dev. Grp., LLC*, 164 F. Supp. 3d 305, 349 (N.D.N.Y. 2016) (noting that "cases treat these theories of liability as two distinct causes of action," and dismissing putative claim for vicarious infringement that was "not asserted in Plaintiff's Amended Complaint"); *Galiano v. Harrah's Operating Co.*, 2004 WL 1057552, at *10 (E.D. La. May 10, 2004) ("direct infringement, contributory infringement and vicarious liability are separate causes of action and each requires separate elements of proof"). Under BMG's view, the approach of the Supreme Court and these lower courts was "improper."

Finally, as discussed above (at pp. 2-4), the parties and the Court have consistently treated the two claims separately and distinctly throughout this case. For example:

- Contributory and vicarious liability were separate claims in BMG's complaint. ECF 16, ¶ 5; *id.* ¶¶ 37-38 (Claim I for "Contributory Infringement of Copyright"); *id.* ¶¶ 47-48 (Claim II for "Vicarious Infringement of Copyright").

- The Court instructed the jury separately on the two theories, and spelled out the distinct elements of each. *See* Jury Instr. 26 & 27 (contributory infringement and willful blindness, stating elements of Cox's knowledge and material contribution); Jury Instr. 28 (vicarious infringement, stating elements of financial interest and "right and ability to supervise" any infringing activity).

- The Verdict Form contained separate questions for the jury for contributory infringement and vicarious infringement. Jury Question 2 asked, "Did BMG prove by a preponderance of the evidence that Cox *is liable for contributory infringement* of BMG copyrighted works?" while Jury Question 3 asked, "Did BMG prove by a preponderance of the evidence

that Cox *has vicarious liability for infringement* of BMG copyrighted works?" (emphases added).

- BMG's post-trial motion challenged only the vicarious liability verdict, but that motion was denied (ECF 794) and not appealed.

### B. BMG waived the issue of vicarious liability by failing to raise it on appeal.

It is black-letter law—and has been "repeated … so often that it might rightfully be termed the best-established rule in appellate procedure"—that "[a]n appellant must raise every issue that he wishes to press in his opening brief" or the courts "will deem the issue waived or abandoned." *Nucor Corp.*, 785 F.3d at 923; *accord Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network*, 722 F.3d 591, 602 n. 13 (4th Cir. 2013) (challenge to copyright ownership raised for the first time in reply brief was waived); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 472 n. 4 (4th Cir. 2012) (failure to challenge dismissal of claims seeking declaratory, injunctive, and mandamus relief in opening brief resulted in waiver); *A Helping Hand, LLC v. Balt. Cnty.*, 515 F.3d 356, 369 (4th Cir. 2008) (contentions not raised in argument section of opening brief are abandoned); *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n. 6 (4th Cir. 1999) (state law claims not raised in opening brief were abandoned).[2]

In *Omni Outdoor Advertising, Inc. v. Columbia Outdoor Advertising, Inc.*, for example, the Fourth Circuit rejected a plaintiff's attempt to obtain a new trial on antitrust claims that it failed to raise on appeal. 974 F.2d 502 (4th Cir. 1992). In the district court, the plaintiff (Omni) had initially raised a conspiracy to restrain trade in violation of Section 1 of the Sherman Act, monop-

---

[2] Other circuits have taken a similar approach. *See, e.g., Pandrol USA, LP v. Airboss Railway Prods., Inc.*, 320 F.3d 1354, 1366 n.3 (Fed. Cir. 2003) ("An issue not raised by an appellant in its opening brief … is waived. Thus, the inequitable conduct defense is not open on remand.").

olization and attempted monopolization claims under Section 2, and a state-law unfair trade practices claim. Omni obtained a favorable jury verdict on all three counts, but the district court granted the defendants judgment notwithstanding the verdict (JNOV). Omni then "appealed the judge's issuance of jnov," but "disputed only the district court's interpretation of the law of antitrust conspiracy. No appeal was taken from the district court's failure to grant a new trial based upon the claim against COA of monopolization or attempted monopolization." *Id*. at 505.

The Fourth Circuit reversed on all three counts and reinstated the verdict, but the case was then appealed to the Supreme Court, which reversed and remanded. The Supreme Court held that the defendants were entitled to certain immunities from liability, remanding for a determination of whether a new trial was justified on the theory that one defendant was engaged in certain anticompetitive activity and instructing the Fourth Circuit "to examine whether 'the evidence was sufficient to sustain a verdict on the basis of these other actions alone' and whether 'this theory of liability has been properly preserved.'" *Id*. at 504.

The Fourth Circuit thus considered that question on remand. And even though the earlier panel had reversed on all three counts and reinstated the verdict, the court concluded that the plaintiff "waived th[e] argument" for a new trial on "monopolization and attempt to monopolize." *Id*. at 505. Although "the jury was instructed on the monopolization and attempt to monopolize" and "returned a general verdict which left open the possibility that the jury believed COA was liable on these two charges," "in its initial appeal to this court, Omni chose to focus exclusively on the conspiracy aspects of the case." *Id*. "Now that Omni has lost on those grounds," the court explained, "it cannot turn back the clock and resuscitate the monopolization and attempt to monopolize theories that it earlier chose not to pursue." *Id*. As the Court elaborated:

> It was certainly open to Omni to argue that it was entitled to a new trial on the monopolization and attempt to monopolize theories even if the remaining part of that count, conspiracy to monopolize, was deemed unavailable. Omni, however, chose to focus its argument regarding this count exclusively on the questions relating to the conspiracy to monopolize. Monopolization on the part of COA, apart and distinct from the allegations of conspiracy, was never properly brought before this court. In the "Questions Presented" section of its opening brief in that first appeal, Omni makes no mention of this theory of liability or a new trial based upon it. Indeed, nowhere in that opening brief or the subsequent reply brief did Omni indicate to this court that a new trial was justified on this ground. While Omni did make a few fleeting references in those briefs to the monopolization and attempt to monopolize theories, those scattered references in no way constituted an argument that Omni was entitled to a new trial on that basis. For whatever reason, Omni did not avail itself of the opportunity to raise the monopolization theory when it was appropriate to do so. The argument is thus waived.

*Id.* Thus, even though the "conspiracy to monopolize" claim and the "monopolization and attempt to monopolize" claims were antitrust claims arising out of the same general course of conduct, they were "distinct" for purposes of waiver doctrine and Omni was obligated to "avail itself of the opportunity to raise the monopolization theory when it was appropriate"—in its opening brief in the first appeal. *Id.* So too here.

Indeed, this is a much clearer case of waiver than in *Omni*: The plaintiff there at least appealed the adverse ruling of the district court, and the first Fourth Circuit panel to consider its appeal reversed on all three counts despite Omni's failure to press the monopolization theories. Neither is true here. *See also Ackermann v. U.S.*, 340 U.S. 193, 198 (1950) (party that makes "a considered choice not to appeal ... cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong.").

In sum, having failed to appeal the jury's finding of no vicarious liability, BMG "cannot turn back the clock and resuscitate the … theor[y] that it earlier chose not to pursue." *Omni*, 974 F.2d at 505.

### C. The Fourth Circuit's Mandate does not open the door for a new trial on the settled issue of vicarious liability.

"[F]ew legal precepts are as firmly established as the doctrine that the mandate of a higher court is controlling as to matters within its compass." *S. Atl. Ltd. P'ship of Tennessee, LP v. Riese*, 356 F.3d 576, 583 (4th Cir. 2004) (citations omitted). "The mandate rule does not simply preclude a district court from doing what an appellate court has expressly forbidden it from doing. Under the mandate rule, a district court cannot reconsider issues the parties failed to raise on appeal; [and] the court must attempt to implement the spirit of the mandate." *Id.* at 584 (citations omitted); *accord Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (the "mandate rule" "restricts the district court's authority on remand from the court of appeals"; "any issue that could have been but was not raised on appeal is waived and thus not remanded"). Other circuits agree. *See, e.g.*, *Repola v. Morbark Indus., Inc.*, 980 F.2d 938, 943 (3d Cir. 1992) ("When an opinion is silent as to the scope of the retrial, the district court should assume as a general rule that only the issues … on appeal are included, especially when the nonappealing party has a favorable jury verdict that might be upset on retrial."); *U.S. v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) ("any issue that could have been but was not raised on appeal is waived and thus not remanded," collecting cases); *U.S. v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (same).

### IV. CONCLUSION

For the foregoing reasons, the Court should preclude BMG from arguing that Cox should be held liable for vicarious infringement, and from offering evidence or argument—including without limitation evidence concerning Cox's right and ability to control alleged infringement, and evidence concerning a financial benefit that Cox allegedly obtained from such infringement—that is not relevant to any theory of liability remaining in this case.

Dated: July 25, 2018

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

MICHAEL S. ELKIN (*pro hac vice*)
THOMAS PATRICK LANE (*pro hac vice*)
SETH E. SPITZER (*pro hac vice*)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
Email: melkin@winston.com
Email: tlane@winston.com
Email: sspitzer@winston.com

JENNIFER A. GOLINVEAUX (*pro hac vice*)
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000
Email: jgolinveaux@winston.com

## **CERTIFICATE OF SERVICE**

I certify that on July 25, 2018, a copy of the foregoing **Memorandum of Law in Support of Defendants' Motion *in Limine* to Preclude Evidence and Testimony Concerning Plaintiff's Vicarious Infringement Claim** was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*