**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  1:14-cv-1611(LO/JFA) |
| | ) | |
| COX COMMUNICATIONS, INC., COXCOM, LLC | ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO. 2**
**TO EXCLUDE IRRELEVANT INFORMATION ABOUT**
**RIGHTSCORP'S ALLEGED SPOLIATION OF ITS SOURCE CODE**

Plaintiff BMG Rights Management (US) LLC ("BMG") respectfully submits this Reply in Support of its Motion *in Limine* No. 2 to Exclude Introduction of Irrelevant Information about Rightscorp, Inc.'s ("Rightscorp") Alleged Spoliation of its Source Code (Dkt. 949).

## INTRODUCTION

Cox argues that its counsel's clear statement that Rightscorp's system remained the same between 2013 and 2015 was misinterpreted and that he really meant Rightscorp's system was flawed, or alternatively that his statement was taken out of context.  Neither interpretation holds up.  While Cox would prefer that its prior lead counsel had not made this admission, read in context, it is clear.  Cox's counsel admitted that Rightscorp's system remained the same over time.  And because it was such a clear admission and so directly contradicted Cox's litigation positions, that BMG counsel's response evoked laughter.  Cox's attempt to re-interpret its counsel's clear statement three years later is not credible.

1

Cox's continued allegation of spoliation falls flat.  Cox was provided with the evidence needed to evaluate whether Rightscorp's system detects infringements and downloads evidence of those infringements from Cox's subscribers.  All of the evidence and testimony at the first trial established that between 2013 and 2015 that Rightscorp's system detected infringements and downloaded evidence of those infringements in substantially the same way.  Cox's own expert witnesses admitted this, and it is consistent with the testimony of BMG's technical expert witness and Rightscorp's sole developer.  Because the Rightscorp system has remained substantially the same, the alleged spoliation has no probative significance and any reference to it will only serve to confuse the jury and prejudice BMG.

## ARGUMENT

I.    **Cox Misrepresents Its Own Counsel's Statement in a Blatant Attempt to Distract From the Clear Admission**

Cox's counsel's statement about Rightscorp's system was clear.  Cox's counsel admitted that Rightscorp's system remained the same during the relevant time period.  Trial Tr. 510:7-8.  Cox attempts to discount what its own counsel said by inserting additional words and arguing that it was taken out of context.  Cox argues that what its counsel meant was that "the Rightscorp system has always worked in the same (flawed) way."  Opp'n (Dkt. 960) at 2.  Even if that is what Cox's counsel "meant" to say – and Cox is unable even to offer a declaration from the statement's author to substantiate this claim – the result is the same.  Cox's counsel admitted that Rightscorp's system worked the same way during the relevant period of time.  There is no actual dispute over that, and it undermines the entire premise of Cox's spoliation argument.

Cox also argues that the laughter after this statement was due to the remark being taken out of context.  Opp'n at 3.  That is not correct.  Of course, the remark was made outside the context of a discussion on spoliation.  Otherwise, Cox's counsel would likely have thought better

of such an admission.  But the meaning of the admission is not affected by the fact that it was made during a discussion of a different issue, and Cox does not even attempt to contest the fact that the admission directly contradicts the essential premise of its spoliation claim.  The laughter was due to this truth, which everyone at the sidebar recognized immediately.  Neither Mr. Bridges nor his co-counsel attempted to correct the statement, much less offered the alternative reading that Cox suggests now.  And Cox's current pleading is not supported by a declaration. Mr. Bridges' statement was clear, and it squarely contradicts Cox's claim that the 2015 code is inadequate.

## II.    The Evidence Established That Rightscorp's System Functioned Substantially the Same Way During the Relevant Time

In addition to Cox counsel's admission, Cox's technical expert (Christopher Rucinski), BMG's technical expert (Barbara Frederiksen-Cross), and Rightscorp's sole developer of the system (Greg Boswell), all testified that the core portions of the Rightscorp code, which detected infringement and downloaded evidence of the infringement, operated substantially the same way in 2013 and 2015.  *See*, Trial Tr. 1600:17-25 (Rucinski), 883:23-884:12 (Boswell), 357:24-358:3 (Frederiksen-Cross).  On the basis of this evidence of the Rightscorp system, the first jury had no trouble finding direct infringement.

Cox attempts to sidestep this point by arguing that it had inadequate evidence to evaluate Rightscorp's code.  Opp'n at 4.  But Cox was provided with historical and current versions of the module that detects infringement.  Cox was also provided with historical and current versions of the module that downloaded samples of the songs to further evidence the infringement by Cox's subscribers.  There is no dispute that Cox had the ability to analyze whether Rightscorp's system detected infringements and collected evidence of those infringements in both 2013 and 2015 – and concluded it did so in substantially the same way.  Trial Tr. 1600:17-25 (Rucinski); Trial Tr.

at 510:7-8 (Bridges).  Accordingly, Cox's argument that it did not have enough evidence to analyze whether Rightscorp can detect infringements occurring on Cox's network is without merit.

### III.     At a Minimum, BMG Should Be Able to Introduce the Admission by Cox's Counsel

If Cox is permitted to put on a spoliation case, Cox does not dispute that BMG should be permitted to introduce the admission by Cox's counsel.  The admission is relevant, probative, has adequate foundation, is not hearsay, and is not prejudicial.  It should come into evidence if Cox's spoliation case is allowed to go forward.

### CONCLUSION

For the reasons set forth above and in BMG's Memorandum in Support of its Motion *in Limine* No. 2 (Dkt. 950), Cox should be precluded from referencing any alleged spoliation by Rightscorp and the jury instruction regarding the alleged spoliation of Rightscorp's code should not be submitted to the jury.

Dated: July 31, 2018                              Respectfully submitted,

                                                          /s/  Scott Richey
                                                          Scott Richey (VSB No. 83313)
                                                          SRichey@steptoe.com
                                                          STEPTOE & JOHNSON, LLP
                                                          1330 Connecticut Ave, NW
                                                          Washington, DC 20036
                                                          Tel.:  (202) 429-6436
                                                          Fax:  (202) 429-3902

                                                          Walter D. Kelley, Jr. (VSB No. 21622)
                                                          HAUSFELD, LLP
                                                          1700 K Street, NW
                                                          Washington, DC 20006
                                                          202-540-7200

                                                          *Of Counsel*

4

Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Roger Warin (admitted *pro hac vice*)
Jeffrey M. Theodore (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel.:  (202) 429-3000
Fax:  (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia  30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for BMG Rights Management (US) LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2018, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Thomas M. Buchanan (VSB No. 21530)
tbuchanan@winston.com

/s/  Scott Richey
Scott Richey (VSB No. 83313)
SRichey@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-6436
Fax:  (202) 429-3902