UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, *et al.*,<br>                *Plaintiffs*,<br>     v.<br>COX COMMUNICATIONS, INC, *et al.*,<br>                *Defendants*. | Civil No. 1:14-cv-1611 (LO/JFA) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND TESTIMONY CONCERNING PLAINTIFF'S VICARIOUS INFRINGEMENT CLAIM**

**I.     INTRODUCTION**

When the last jury rejected its vicarious liability claim, BMG sought judgment as a matter of law solely on that issue (Dkt. 759, 761), yet failed to file a cross-appeal challenging the Court's denial of that motion. BMG now seeks to excuse this failure by asserting that it "had no standing to pursue a cross-appeal" because its vicarious liability claim "would have provided alternative grounds to support the same award of statutory damages but would not have enlarged BMG's rights." Opp. 2. BMG does not explain how, if it did not suffer any injury that enabled the Fourth Circuit to decide a cross-appeal, this Court nonetheless would have had jurisdiction to grant JMOL based on the same injury and argument. But even setting that aside, federal law provides a procedure for BMG's supposed predicament—a *conditional* cross-appeal. Under "the consensus of circuit authority," because a party "could have filed a 'protective' or 'conditional' cross-appeal of the adverse [findings]," a "decision not to cross-appeal the jury's [adverse] findings … prevent[s] [the party] from raising the same rejected … claims in the second district court proceeding." *ART Midwest Inc. v. Atl. Ltd. P'ship XII*, 742 F.3d 206, 212 (5th Cir. 2014). This principle holds "[e]ven

-1-

though [the party] prevailed on many of [its] claims in the first district court proceeding." *Id*. Thus, having failed to preserve its vicarious liability claim, BMG has waived it.

Seeking to avoid this result, BMG cites inapposite precedent involving "mistrials" and insists that its vicarious and contributory liability claims are so "deeply interwoven" factually that retrial of vicarious liability may not be denied without causing "injustice." Opp. 1. As a threshold matter, BMG does not even attempt to explain how any injustice will result from leaving undisturbed the jury's reasoned verdict on vicarious liability, entered after a full trial on the merits. Nor could it. Further, BMG cannot deny that these claims were pled separately here, have distinct elements, and are routinely treated as "distinct and separable" by courts including the Fourth Circuit in this very case and the Supreme Court in *Grokster*.[1]

Nor is there any merit to BMG's suggestion that, if the Court bars retrying its vicarious liability claim, "the same logic" should apply to "direct infringement." Opp. 11. The Fourth Circuit's infringement standard compels the jury to decide anew whether BMG can prove direct infringement of the *specific* BMG works at issue—"infringement … occurring somewhere on [Cox's] network" is not enough. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 311 (4th Cir. 2018). Further, that direct infringement may be "an independent [] cause of action with independent elements" in *some* cases (Opp. 11) cannot change the fact that BMG never pled it as such here. In *this* case, direct infringement is (as BMG later admits) merely "an *element* of vicarious liability." *Id*. (emphasis added). BMG cites no authority holding that courts may (let alone must) carve up the elements of claims, retrying only those elements that were the basis for

---

[1] BMG suggests that it is *Cox's* burden both to "deny … that a partial trial will result in 'injustice'" *and* to "deny … that the underlying facts are deeply interwoven and overlapping." Opp. 6. BMG is wrong on the facts (Cox denied both) and wrong on the law (it is not Cox's burden). As discussed below, no authority support BMG's invented legal standard.

the circuit court's order of a new trial. That may explain why BMG commented (at the May 10, 2018 status conference) that it needed to file a successful Rule 56 motion if it wished to remove direct infringement from the case.

In any event, this Court should bar BMG from asserting a vicarious liability claim that the jury has rejected, and that BMG failed to preserve by filing a conditional cross-appeal.

## II.   ARGUMENT

### A.   BMG's suggestion that it could not have cross-appealed the adverse jury verdict on vicarious liability not only is inconsistent with its own conduct in seeking JMOL on that very question, but is foreclosed by the availability of a conditional or protective cross-appeal.

BMG's principal excuse for failing to cross-appeal the denial of its JMOL motion is that "it did not have grounds to appeal" because it "won a complete verdict" that "'caused [it] no injury,'" such that appealing "[v]icarious liability would have supplied an alternative ground for the same relief, but it would not have expanded BMG's rights or its recovery." Opp. 7 (citation omitted). That argument lacks merit.

As a preliminary matter, BMG misrepresents its leading (out-of-circuit) authority for the proposition that "[a] prevailing party does not have standing to appeal because it is assumed that the judgment has caused party no injury." Opp. 7 ((mis)quoting *Agripost, Inc. v. Miami-Dade County, ex rel. Manager and Bd. of Country Comm'rs*, 195 F.3d 1225, 1230 (11th Cir. 1999)). The Eleventh Circuit's decision actually says that "the prevailing party" "**[o]***rdinarily*" does not have standing to appeal "in such a case." *Agripost*, 195 F.3d at 1230. Remarkably, however, BMG omits from its quotation the word "*ordinarily*," drastically changing the decision's meaning—and then

compounds the error by further omitting that the court in *Agripost* found an *exception* to the rule and *allowed* the appeal.[2]

In any event, the fact that a party may "ordinarily" not be injured by a judgment that is favorable on one claim but rejects another is no excuse for failing to file a *conditional* or *protective* cross-appeal that the Court of Appeals may reach if it reverses the judgment. *Compare*, *e.g.*, *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 826 (4th Cir. 1999) (ordering a new trial and stating that, "[b]ecause we grant Signet some of the relief it seeks, we must consider BMO's conditional cross-appeals"), *with Button v. Chumney*, 619 F. App'x 239 (4th Cir. 2015) ("Because we affirm the district court's grant of summary judgment, we dismiss as moot Chesapeake's cross-appeal of the same order."). As Wright & Miller explain, "a party who won [below] has standing to file a conditional cross-appeal to challenge unfavorable findings, to protect against the risk that the findings may come to control if favorable findings are reversed." 15A Charles Alan Wright & Arthur R. Miller ("Wright & Miller"), Fed. Prac. & Proc. Juris. § 3902 (2d ed.) (Special Limits on Jurisdiction–Standing). And the failure to do so has consequences.

In *ART Midwest*, for example, the Fifth Circuit barred the plaintiffs from raising on remand a claim that they had not preserved by filing a conditional cross appeal in the wake of an earlier judgment. Specifically, the plaintiffs had asserted both a fraud claim and a claim for a declaratory judgment that they did not breach a contract with the defendant; for its part, the defendant counterclaimed for breach of contract. 742 F.3d at 209. The claims were heard by a jury, which sided

---

[2] BMG similarly misrepresents the Fourth Circuit's decision in *Reynolds v. Am. Nat'l Red Cross*: contrary to BMG's summary, that case (a) dismissed a defendant's cross-appeal seeking to uphold an *element* of a claim upon which defendant had prevailed, *and* (b) vacated the district court's holding *as to that same element*. 701 F.3d 143, 155-56 (4th Cir. 2012) (rejecting plaintiff's appeal, holding that defendant's "cross-appeal on whether the Chapter is an 'employer' is unnecessary," and vacating district court's holding as to that element).

-4-

with the plaintiffs on their contract claim, but with the defendants on their fraud claim. The defendant appealed the adverse contract verdict, but the plaintiffs did not conditionally cross-appeal their loss on the fraud claim. The Fifth Circuit then reversed on the contract claim, remanding for a new trial. *Id*. at 209-10.

On remand, the plaintiffs tried to resurrect their fraud claim, but the district court barred them from doing so, explaining that it "is undisputed that the jury found against the ART Entities on their independent fraud claims—a result which neither party appealed and which, therefore, remains decided against the ART Entities." *Id*. at 210. The plaintiffs later appealed that ruling, arguing "that '[t]here was no need to appeal'" the first verdict because "they 'won at the first trial on their breach of contract claims.'" *Id*. at 211. But the Fifth Circuit affirmed, noting that "other circuit courts have found that '[i]t is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.'" *Id*. (citations omitted). As the court held, the plaintiffs' "decision not to cross-appeal the jury's fraud findings in the first district court proceeding prevented them from raising the same rejected fraud claims in the second district court proceeding. Even though they prevailed on many of their claims in the first district court proceeding, the consensus of circuit authority supports that the [plaintiffs] could have filed a 'protective' or 'conditional' cross-appeal of the adverse fraud finding." *Id*. at 212.

The same reasoning that supported denying the plaintiffs' fraud defense on remand in *ART Midwest* supports barring BMG's vicarious liability claim here. There, as here, the plaintiff prevailed on one claim but not on another arising out of the same general facts. There, as here, the plaintiffs could have filed a conditional cross-appeal from the jury's adverse resolution of their other claim. There, as here, a ruling in the plaintiffs' favor on the other claim would have simply

preserved their victory, but on alternative grounds. And there, as here, "the [plaintiff's] decision not to cross-appeal the jury's adverse … findings in the first district court proceeding prevented them from raising the same rejected … claims in the second district court proceeding." *Id*. at 213. Other circuits agree. *E.g.*, *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995) ("appellate courts are precluded from revisiting not just prior *appellate* decisions but also those prior rulings of the *trial* court that could have been but were not challenged on an earlier appeal."); *Munoz v. Cty. of Imperial*, 667 F.2d 811, 817 (9th Cir. 1982) ("We need not and do not consider a new contention that could have been but was not raised on the prior appeal."); *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) ("It would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost."); *Kessler v. Nat'l Enters., Inc.*, 203 F.3d 1058, 1059 (8th Cir. 2000) ("The general rule is that, where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.") (citation omitted); *see also Seibert v. Jackson Cty., Mississippi*, 2017 WL 2818210, at *1 (S.D. Miss. June 29, 2017) ("because [defendant] could have filed a conditional cross-appeal on the issues of a new trial on the IIED claim, a remittitur, or a new trial on damages, his failure to do so constitutes a waiver of those arguments, and they may not be addressed by this Court on remand.").

Citing Wright & Miller, BMG says "[a] cross-appeal 'is not required to preserve the right to orderly disposition of issues that become relevant only because of reversal.'" Opp. 8 (quoting 15A Wright & Miller, Fed. Prac. & Proc. § 3904 (3d ed. 2004)). But BMG's vicarious liability claim did not "become relevant only because of reversal." It was relevant all along. The cases cited in Wright & Miller confirm this interpretation. *See, e.g.*, *U.S. Fidelity & Guar. Co. v. Concrete Holding Co.*, 168 F.3d 340, 342–43 (8th Cir. 1999) (third-party defendant was not required

to cross-appeal indemnification, since it became relevant only upon reversal of the order denying interest to the plaintiff). They do not support the notion that BMG was free to take its chances on appeal, and then reassert a claim rejected by the first jury that could have been conditionally cross-appealed or asserted as an alternative ground for affirmance.[3]

BMG attempts to distinguish *Omni Outdoor Advert., Inc. v. Columbia Outdoor Advert., Inc.*, 974 F.2d 502 (4th Cir. 1992), on the ground that the only reason that BMG had to cross-appeal vicarious liability was "*the possibility of a reversal*." Opp. 9 (emphasis added). But as the cases discussed above confirm, the "possibility of reversal" is precisely why a litigant, successful below, must file a conditional or protective cross-appeal. That BMG chose to *ignore* that routine possibility—after seeking JMOL on the vicarious liability claim, no less—cannot justify its eleventh-hour attempt to revive a claim rejected by the jury.

Finally, even if BMG could not have cross-appealed its loss on the vicarious liability issue—and it certainly could have—nothing prevented it from raising vicarious liability as an alternative ground for affirmance of the jury's verdict. *See Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 876 F.3d 119, 127 (5th Cir. 2017) (noting that defendant "was required to raise [its] arguments to avoid forfeiture," but that the requirement would be met if it had "simply raised them as alternate grounds for affirmance in its opposition brief."). BMG's appeal brief failed to do so, instead simply urging without reservation that "the decision below should be affirmed." ECF 44 (4th Cir. Case No. 16-1972) at 72.

Having failed to preserve the vicarious liability issue by any means, BMG has waived it.

---

[3] Those cases do establish, however, that Cox is free to seek the exclusion of evidence based on the Fourth Circuit's new standard for contributory infringement. ECF 936, 937.

### B. Theories of contributory liability and vicarious infringement are distinct and separable, and there is no injustice in permitting the jury's verdict on vicarious liability to stand.

Aware that its failure to file a protective or conditional cross-appeal leaves it subject to the usual rule on waiver, BMG relies heavily on assertions that many of the same facts that are relevant to contributory liability are also relevant to vicarious liability, ultimately asserting that the two theories are so "deeply interwoven" that retrial of vicarious liability may not be denied without causing "injustice." Opp. 1. BMG misstates the governing standard, and misapprehends what courts mean when they say that legal theories are "interwoven." Even taking BMG's erroneous standard at face value, however, BMG fails to demonstrate either that contributory infringement and vicarious liability are "inextricably intertwined," or that any "injustice" will result from excluding the moot issue of vicarious liability on re-trial.

#### 1. BMG repeatedly misstates and misrepresents governing legal standards.

The first authority cited in BMG's brief (Opp. 2) is a First Circuit decision that BMG quotes for the proposition that "[t]he general practice after a mistrial is a full retrial of all issues in the case." *Drumgold v. Callahan*, 707 F.3d 28, 46-47 (1st Cir. 2013). But the case before *this* Court does not involve a *mistrial*, which in *Drumgold* resulted from the fact that the jury "deadlocked on whether [a defendant's] failure to disclose … evidence had caused [the plaintiff's earlier criminal] conviction." *Id*. at 32. This case involves a verdict rendered on two separate and distinct copyright infringement claims.

Even if this case had involved a mistrial, however, or the Eleventh Circuit's standard governed here—neither of which is the case—BMG misreads *Drumgold*. Even a mistrial does not "require" a full retrial where "some issues have been properly and conclusively resolved," and it "clearly appears" that they are "so distinct and separable from the others that a trial of [them] alone

may be had without injustice." 707 F.3d at 46-47 (citation omitted). And here, the issue of vicarious liability is a separate and distinct issue that was "properly and conclusively resolved" by both the jury and the Court, which denied BMG's post-trial JMOL motion. ECF 794.

As the Fourth Circuit explained long ago, "[t]he propriety of directing a new trial to less than all of the issues of fact when they are separable has been recognized by the courts." *Atl. Coast Line R.R. Co. v. Bennett*, 251 F.2d 934, 938 (4th Cir. 1958). To be sure, the practice should be followed only where "the issue to be retried is so distinct and separable from the others that the trial of it alone may be had without injustice." 251 F.2d at 938. But Cox easily meets this test. Opening Mem. 4-7.

In an attempt to avoid the consequences of its own failure to appeal the settled issue of vicarious liability (or even to argue it as an alternative ground for affirmance), BMG says a "governing legal standard" requires that Cox both "deny … that a partial trial will result in 'injustice'," and "deny … that the underlying facts are deeply interwoven and overlapping." Opp. 6 (citing *Atl. Coast Line R.R. Co.*, 251 F.2d at 939). But BMG's argument lacks merit both as a matter of law (it is not Cox's burden to affirmatively "deny" either point) and fact (Cox denies both).

> **2. BMG makes no attempt to show that injustice would result if the jury's unchallenged verdict is permitted to stand, and it is well settled that vicarious liability and contributory liability are distinct and separable theories of secondary infringement.**

As noted above, "when a motion for a new trial is granted *at the instance of one of the parties* and it appears to the court that justice can be done by limiting the retrial to the area in which error occurred … the practice usually preserves *to the moving party* so much of the verdict as was in his favor and gives him an opportunity to try again the part which he has lost." 251 F.2d at 938. The issue to be retried need only be "so distinct and separable from the other that the trial of it alone may be had without injustice." 251 F.2d at 938. Here, BMG cannot show, and does

not even attempt to argue, that any injustice would result from retaining the jury's unchallenged verdict on vicarious liability. Because resulting *injustice*, not distinctness of issues in the abstract, is the touchstone, BMG's opposition fails on its face.

It is unsurprising that BMG has located a handful of cases where courts have found that injustice was likely to result from attempting to separate inseparable claims. None of them, however, is factually or legally similar to this case. Indeed, several of BMG's cases found that partial retrial was appropriate. *See, e.g.*, *Rice v. Cmty. Health Ass'n*, 203 F.3d 283, 290 (4th Cir. 2000) (holding, where two forms of available damages "not only require distinct elements of proof, but also focus on different time frames," that "a partial new trial on the consequential damages issue alone will not result in jury confusion and uncertainty," and a retrial of both "would endanger the latter award, one which [defendant] has forfeited its right to challenge."); *Norfolk S. R.R. Co. v. Ferebee*, 238 U.S. 269, 274 (1915) (upholding partial retrial on issues that were found to be "in fact separable, so that the splitting up the issues and granting a partial new trial did not … operate to deprive the defendant of a Federal right.").

It is well established, moreover, that vicarious liability and contributory infringement are both distinct and easily separable, notwithstanding that certain facts may be relevant to both theories. BMG's argument to the contrary is predicated largely on the mistaken belief that merely because some facts relevant to vicarious liability may also be relevant to other issues remaining in the case, this means that those other *issues* are "inextricably intertwined" with vicarious liability.

For example, BMG claims that vaguely characterized and unspecified "evidence of Cox's effort to tolerate infringement on its network in order to gain additional revenue from its subscribers" is "directly relevant both to … willful blindness … [and] vicarious liability." Opp. 1. BMG

also argues vaguely that Cox's role as a "gatekeeper" "underlies" both BMG's contributory infringement and vicarious liability theories. Opp. 1-2. From such general allegations, BMG leaps to the baseless claim that contributory infringement and vicarious liability "turn on the same set of facts and evidence" which are "not merely interwoven but … substantially identical," and that contributory infringement and vicarious liability have "fundamentally the same" factual basis. Opp. 3, 4. This sweeping claim is not made less absurd by BMG's recitation of a handful of areas where evidence is purportedly relevant to both contributory infringement and vicarious liability, or else willfulness and vicarious liability. *See* Opp. 4. Even if BMG's vague, generalized claims of a "conceptual and factual overlap between contributory infringement and vicarious liability" are taken at face value—which would not be appropriate—there is no support for the notion that such "overlap" makes them "inextricably intertwined." Opp. 5, 11. Still less do BMG's authorities show that any injustice will arise from leaving the jury's unchallenged verdict intact.

None of BMG's authorities undermine our showing—supported by BMG's own conduct throughout this case—that contributory infringement and vicarious liability are "distinct and separable." Citing *Grokster*, BMG says the "lines between direct infringement, contributory infringement and vicarious liability are not clearly drawn." Opp. 5 (citing *Grokster*, 545 U.S. at 930 n.9). But the very next sentence of the quoted footnote shows that the Court felt free to analyze only MGM's inducement theory of contributory liability, without addressing its vicarious liability theory (*id*. at 930 n.9), and other parts of the opinion confirm that the theories have distinct elements (*id*. at 930 ("One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise the right to stop or limit it.") (citations omitted)). Thus, while there may be some overlap between the theories—*e.g.*, direct infringement is a *required element* of both—there is no basis to conclude

that contributory infringement and vicarious liability are so "inextricably intertwined" that contributory liability cannot be tried without vicarious liability—let alone where the latter has been resolved by the jury in an earlier trial.[4]

In sum, there is no basis in law for BMG's radical argument that the longstanding, well-defined copyright doctrines of contributory infringement and vicarious liability are "inextricably intertwined" and cannot be tried separately. See also Opening Mem. 5-6.[5]

---

[4] BMG's other authorities fare no better. In *Casella v. Morris* (which predates *Grokster* by nearly two decades), the Eleventh Circuit expressed "war[iness]" of "sharp-edged delineations" between vicarious liability and contributory infringement, but "[n]evertheless" found that defendant's "actions more squarely fall under the contributory infringement label than under the vicarious liability standard, as those terms have come to be defined." 820 F.2d 362, 365 (11th Cir. 1987). BMG's only other authority, a general torts treatise that BMG selectively quotes, concededly offers only a "sketch[]" of the "broad outlines" of copyright law, and merely notes that certain facts "might be viewed" as "tending to support" either vicarious liability or contributory infringement. Opp. 5 (citing Dan B. Dobbs, et al., The Law of Torts § 741 (2d ed.)).

[5] BMG's extraordinary suggestion that "multiple claims raise the possibility of jury compromise, which is itself a reason for complete retrial," has no merit. Opp. 6. For starters, BMG has provided no "reason to think" that any such compromise may have occurred here, and there is none. Further, BMG's cases do not remotely suggest that a full retrial is needed based on the speculative "possibility" that compromise may have occurred. Indeed, even where there is *evidence* of compromise, courts require retrial only of the issues that were actually compromised. In *Schuerholz v. Roach*, a jury's "grossly unjust and inadequate" award of $625 for plaintiff's loss of an eye "[could] give rise only to the inference that it did not represent a fair estimate of the plaintiff's loss, but merely a difference of opinion among the jurors as to the defendant's liability and a compromise of the controversy at the expense of both litigants." 58 F.2d 32, 34 (4th Cir. 1932). The court ordered a new trial on both damages and liability, since the verdict "[spoke] with no greater authority on the one subject than on the other." *Id.*

None of BMG's other cases pertains to jury compromise. *See Atl. Coast Line R.R. Co.*, 251 F.2d at 938-39 (simply finding that issues of willful misconduct and primary negligence were "inextricably tied up" with each other and with the damages issue, where the trial court had improperly given a binding instruction on damages *and* the entire case had erroneously been tried under South Carolina law instead of Georgia law); *Ford v. County of Hudson*, 2016 WL 6304436, *15 (denying the plaintiffs' motion for a new trial on damages for the single employment discrimination claim (out of ten) that she had prevailed on, and defendants's cross-motion, since the single employment claim was not "separate and distinct" from the others, but simply "the issue on which defendants did not prevail"). And *Norfolk S. R.R. Co. v. Ferebee*, 238 U.S. 269, 274 (1915), not only involved no issue of jury compromise; it *upheld* a partial retrial on issues that were found to

### 3.     The Mandate Rule is applicable here.

Contrary to BMG's mischaracterization, the Fourth Circuit's mandate did not require a new trial on all issues: rather, the appellate court "remanded to the district court for further proceedings consistent with the court's decision." ECF 894 (final judgment of the Fourth Circuit); ECF 896 (mandate).  And as BMG concedes, pursuant to the mandate rule, a district court cannot address "any issue that could have been but was not raised on appeal." Opp. 10 (quoting *Chao*, 511 F.3d at 464-65). As discussed in detail above, BMG "could have" raised vicarious liability on appeal, either through the mechanism of a conditional cross-appeal, or at least by raising it as an alternative basis for affirming the verdict in response to Cox's appeal.  BMG did neither. Thus, the mandate rule confirms that BMG is barred from pressing the vicarious liability claim, which was rejected by the first jury, a second time.[6]

### 4.     There is no basis to the notion that, if BMG's separate and distinct claim for vicarious liability is not retried, the Court must preclude the jury from considering the direct infringement *element* of contributory liability.

Finally, there is no basis to BMG's extraordinary assertion—unsupported by any authority—that if the Court bars BMG from retrying its vicarious liability claim, "the same logic" should apply to the *element* of "direct infringement." Opp. 11.  For starters, the Fourth Circuit has held that a more stringent standard applies to this case than was applied at the first trial, expressly stating that "generalized knowledge" by Cox of "infringement … occurring somewhere on [Cox's] network … is exactly what falls short under *Sony*." 881 F.3d at 311. Thus, BMG's evidence of direct

---

be "in fact separable, so that the splitting up of the issues and granting a partial new trial did not … operate to deprive the defendant of a Federal right").

[6] Nor is there any basis to BMG's suggestion that "the mandate rule precludes Cox's motions in limine to allow testimony regarding the Copyright Alert System and the practices other ISPs, to exclude the Zabek/Sikes emails, and to issue a revised DMCA instruction at the outset of the case." See supra n.3 and accompanying text.

infringement will need to be tied to specific infringements of the specific BMG works at issue. The last jury's finding on direct infringement was not based on that standard.

Even if the governing legal standard had not changed, however, BMG's argument is foreclosed by the fact that BMG has never pled an independent claim of direct infringement; rather, direct infringement is merely an *element* of its other claims, including the remaining claim for contributory infringement. BMG ultimately admits, as it must, that direct infringement may be merely "an *element* of vicarious liability." Opp. 11 (emphasis added). And BMG cites no case holding that courts may (let alone must) carve up the *elements* of claims, retrying only those elements that were the basis for the circuit court's order of a new trial—let alone where the appellate court's decision requires that the jury apply a new legal standard that is tied to that element.

### III. CONCLUSION

For the foregoing reasons, and those stated in Cox's opening brief, the Court should bar BMG from arguing that Cox should be held liable for vicarious infringement, and from offering evidence or argument—including without limitation evidence concerning Cox's right and ability to control alleged infringement, and evidence concerning a financial benefit that Cox allegedly obtained from such infringement—that is not relevant to any theory of liability remaining in this case.

Dated: August 2, 2018

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
Steffen N. Johnson (*pro hac vice*)
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com
Email: sjohnson@winston.com

*Attorneys for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

MICHAEL S. ELKIN (*pro hac vice*)
THOMAS PATRICK LANE (*pro hac vice*)
SETH E. SPITZER (*pro hac vice*)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
Email: melkin@winston.com
Email: tlane@winston.com
Email: sspitzer@winston.com

MICHAEL L. BRODY (*pro hac vice*)
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL 60601
(312) 558-5600
Email: mbrody@winston.com

JENNIFER A. GOLINVEAUX (*pro hac vice*)
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000
Email: jgolinveaux@winston.com

## CERTIFICATE OF SERVICE

I certify that on August 2, 2018, a copy of the foregoing **Reply Memorandum of Law in Further Support of Defendants' Motion** *in Limine* **to Preclude Evidence and Testimony Concerning Plaintiff's Vicarious Infringement Claim** was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*