UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:14-cv-01611 (LO/JFA) |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY ROGER VREDENBURG'S MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENA**

**INTRODUCTION AND BACKGROUND**

Non-party Roger Vredenburg respectfully submits this memorandum of law in support of his Motion to Quash Plaintiff BMG Rights Management (US) LLC's ("BMG") June 29, 2018 subpoena to appear at trial in this matter, pursuant to Rule 45(d) of the Federal Rules of Civil Procedure.

A Court is required to quash or modify a subpoena when the subpoena would subject the person to "undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A).[1] Mr. Vredenburg is a non-party who retired from Cox more than two years ago and who resides more than 200 miles from the court. He also testified both by videotaped deposition and live at the first trial. In addition, he and his wife are scheduled to leave on a long planned month long trip beginning September 4, and will be

---

[1] A Court is required to quash or modify a subpoena that "(i) fails to allow a reasonably time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) required a disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A).

busy with preparations the prior week. Under these circumstances, it would impose an undue burden to require Mr. Vredenburg to testify again at the re-trial.

Mr. Vredenburg testified, through a videotaped deposition, for more than seven hours in connection with the first trial. *See* Declaration of Roger Vredenburg (Vredenburg Dec.), ¶3. BMG later served a subpoena on Mr. Vredenburg to testify at the first trial, which Cox moved to quash for untimeliness and lack of a witness fee. *See* Vredenburg Dec. ¶2, Ex. 1. The Court denied the Motion finding no "technical violations," (Dkt. No. 711), and Mr. Vredenburg testified extensively at the first trial. Vredenburg Dec., ¶3. BMG has now subpoenaed Mr. Vredenburg to testify at the re-trial,[2] despite the fact that it has the benefit of Mr. Vredenburg's prior videotaped deposition and trial testimony, he has been retired from Cox for more than two years, and he now lives in Virginia Beach, more than 200 miles from the courthouse. Vredenburg Dec., ¶¶3, 5, and 6. Mr. Vredenburg and his wife also have a long planned cross-country trip beginning September 4, and will be busy with preparations the prior week. *Id.*, ¶7. It would subject Mr. Vredenburg to undue burden to require him to drive more than eight hours to be available to testify again and to require him to put off his long planned trip. Under these circumstances, the Court should quash BMG's trial subpoena to Mr. Vredenburg in accordance with Fed. R. Civ. P. 45(d)(3)(A)(iv).

## ARGUMENT

I. **REQUIRING MR. VREDENBURG, A NON-PARTY WHO RETIRED FROM COX MORE THAN TWO YEARS AGO, TO TRAVEL MORE THAN EIGHT HOURS TO TESTIFY AGAIN WOULD SUBJECT HIM TO UNDUE BURDEN**

The Fourth Circuit recognizes that a non-party involuntarily embroiled in civil litigation should not be subjected to undue burden or significant expense merely by virtue of having received a subpoena. *See Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (Noting that "undue

---

[2] *See* Vredenburg Dec. at ¶1, Ex. 2, served on June 29, 2018.

burden," as specified in the Federal Rules, "encompasses situations where the subpoena seeks information . . . that would require a non-party to incur excessive expenditure of time or money. . . ."). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Requiring Mr. Vredenburg, a non-party who retired from Cox more than two years ago and who now lives in Virginia Beach[3] to travel more than 400 miles to again testify at trial in this action, would impose an undue and unnecessary burden.[4] The Court must balance the "burden thrust upon non-parties" against the needs of discovery, or testimony, placing special consideration as to whether the same testimony can be otherwise obtained. *See Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 (M.D.N.C. 2002); *see also Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed.Cir.1993) (a court may require discovery from a party before burdening a non-party); *see also Echostar Communications Corp. v. News Corp., Ltd.*, 180 F.R.D. 391, 394 (D.Colo.1998) (the status of being non-party is a factor in balancing competing needs); *see also In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010) (courts "consider one's status as a nonparty to be a significant factor in the undue-burden analysis"). Mr. Vredenburg was already deposed at length in this action and testified at the prior trial. *See* Vredenburg Dec., ¶3.

In similar circumstances, courts have granted motions to quash trial subpoenas to non-party witnesses who would have been forced to travel more than 100 miles and had already given videotaped depositions, finding undue burden. *See Mendez v. Unitrin Direct Prop. & Cas. Ins. Co.*, No. 8:06-CV-563T-24 MAP, 2007 WL 2726900, at *1 (M.D. Fla. Sept. 14, 2007) ("The

---

[3] Vredenburg Dec., ¶¶5, 6

[4] While a court may command a non-party like Mr. Vredenburg who resides more than 100 miles from the court but within the same state to attend a trial if he would not incur "substantial expense," Fed. R. Civ. P. 45(c)(b)(2), it still must quash the subpoena if, as here, it would subject the party to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv).

videotaped deposition, combined with the fact that Vaccaro is a non-party that would have to travel approximately 200 miles to testify, compels the Court to grant the motion to quash his subpoena."); *see also Reddick v. Dillard Store Services, Inc*., No. 08-844-CJP, 2010 WL 3025205, at *1 (S.D. Ill. Aug. 2, 2010) (holding that requiring the subject of the subpoena to travel over 100 miles for trial, "particularly when his deposition was videotaped—imposes undue burden and expense"); *see also Perera v. U.S. Fid. & Guar. Co.*, No. 8:02-CV-688-EAJ, 2007 WL 4247699, at *1 (M.D. Fla. Dec. 3, 2007) (quashing subpoena served on non-parties that resided over 100 miles from the Court and had previously been deposed because it subjected them to an undue burden and expense). BMG can utilize both Mr. Vredenburg's deposition and trial testimony without subjecting him to the undue burden and expense of traveling more than 400 miles to again testify at trial.

In addition, Mr. Vredenburg and his wife will be taking a month long cross-country trip and cruise to Alaska, which they have been planning for almost a year. *See* Vredenburg Dec., ¶7. They have a rental car reserved for pick up in Virginia Beach on Monday, September 3, 2018 and plan to leave at first light on the morning of September 4. *Id.* They have already booked lodging for each night of their road trip to Seattle, Washington, where they have booked and fully paid for an Alaskan cruise that departs on September 15, 2018. *Id*. Currently, BMG's subpoena requires Mr. Vredenburg to appear on August 29-31 and September 4, 2018. In preparation for his trip, Mr. Vredenburg is planning to spend the week of August 27 preparing for the trip, packing, organizing, and meeting with their house sitter. *Id*. He and his wife have invested a good deal of time and money planning the trip. *Id*. Requiring Mr. Vredenburg to postpone his long planned trip to be available to testify again in this action would also impose an undue burden.

## CONCLUSION

Requiring Mr. Vredenburg, a non-party who retired from Cox more than two years ago, and who has already provided testimony twice in this proceeding, to travel more than 400 miles and delay a long planned cross-country trip with his wife would impose an undue burden. BMG is free to use Mr. Vredenburg's prior testimony at the re-trial. Roger Vredenburg respectfully requests that the Court grant this motion and quash the trial subpoena BMG has served upon him.

Dated: August 3, 2018

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
Steffen N. Johnson (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com
Email: sjohnson@winston.com

*Attorneys for Roger Vredenburg*

*Of Counsel for Roger Vredenburg*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
Seth E. Spitzer (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
Email: melkin@winston.com
Email: tlane@winston.com
Email: sspitzer@winston.com

Michael L. Brody (*pro hac vice*)
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL 60601
(312) 558-5600
Email: mbrody@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000
Email: jgolinveaux@winston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2018, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF ROGER VREDENBURG'S MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENA was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Roger Vredenburg*