**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **BMG RIGHTS MANAGEMENT** | ) | |
| **(US) LLC, and ROUND HILL** | ) | |
| **MUSIC LP** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  1:14-cv-1611(LO/JFA) |
| | ) | |
| **COX COMMUNICATIONS, INC.,** | ) | |
| **COXCOM, LLC** | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFFS' [PROPOSED] JURY INSTRUCTIONS**

Plaintiff BMG Rights Management (US) LLC, respectfully submits its proposed jury

instructions for the re-trial.  BMG submits its proposed instructions in the form of a redline

showing changes against the Court's final instructions at the initial trial.  BMG has converted the

copy of the instructions that was distributed by the Court before they were read to the jury into a

word document and tracked its proposed changes.

BMG also submits three proposed preliminary instructions to be read to the jury at the

beginning of trial.  The three preliminary instructions are not in redline.

BMG's proposed verdict form, submitted in tandem with its proposed instructions, is

identical to the verdict form used by the Court at the initial trial.

PROPOSED FINAL INSTRUCTIONS

<u>Instruction No. 1</u>

General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers will refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Instruction No.2

Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

<u>Instruction No.3</u>

Questions Not Evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

Instruction No. 4

Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

Instruction No.5

Judge's Comments to Lawyer

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

Instruction No.6

Objections and Rulings

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

**Deleted:** the

Instruction No.7

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

<u>Instruction No.8</u>

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

<u>Instruction No.9</u>

Evidence Admitted for a Limited Purpose Only

Sometimes evidence may be admitted for a particular purpose and not generally for all

purposes. You will recall that during the course of this trial I instructed you that I admitted certain

evidence for a limited purpose. You must consider this evidence only for the limited purpose for

which it was admitted.

**Deleted:** t

Instruction No.10

Standard of Proof—Preponderance of the Evidence

Plaintiff BMG has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff BMG should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for Cox as to that claim.

The defendant Cox has the burden of establishing the essential elements of certain affirmative defenses.  I will explain this later.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

- 12 -

Instruction No. 11

Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

<u>Instruction No. 12</u>

Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Instruction No. 13

Credibility of Witnesses

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

- 15 -

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

<u>Instruction No. 14</u>

Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Instruction No. 15

Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

Deleted: give

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

- 18 -

Instruction No. 16

Use of Depositions as Evidence

During the trial, certain testimony has been presented to you by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witnesses in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath, or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

<u>Instruction No. 17</u>

Answers to Interrogatories

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

Instruction No. 18

Testimony and Documents by Lawyers

You have heard testimony in this case from certain witnesses who are lawyers: Ms. Trickey and Messrs. Hauprich, Mr. Cadenhead, and Mr. Sabec. You have also seen documents in this case that discuss and take different positions about the law. The law is what I tell you it is in these instructions. It is not what has been stated in any document from either party, in any testimony by any lay or attorney witness, or in any statements by the attorneys in this case.

- 21 -

Instruction No. 19

The Digital Millennium Copyright Act

You have heard some testimony and seen some documents that refer to the Digital Millennium Copyright Act, commonly known by its initials "DMCA."  The DMCA provides that an internet service provider (commonly referred to as an "ISP") like Cox may have a defense to liability for contributory or vicarious copyright infringement arising from the use of its services for infringement by its subscribers. This defense is often referred to as a "safe harbor."

The DMCA is not a defense in this case and must be disregarded.

Instruction No. 20

Spoliation

BMG sought Cox records identifying the Cox subscribers who had been assigned the IP addresses identified by Rightscorp. Cox did not save that information after this lawsuit was filed in November 2014. You may, but are not required to, consider Cox's failure to preserve this material evidence that would have allowed the parties to identify Cox customers who were assigned specific IP addresses.

NB:  BMG proposes the removal of this language per its MIL No.2, Dkt. 950.

**Deleted:** Cox sought information regarding historical versions of the Rightscorp source code that¶
were in place between February 2012 and November 2014. Those versions of Rightscorp source¶
code were not saved by Rightscorp.  Rightscorp was required to save those earlier versions because¶
it believed litigation was likely and the operation and accuracy of Rightscorp's system is material¶
evidence. You may, but are not required to, consider the absence of earlier versions of that code in¶
considering the issue of infringement.¶

- 23 -

<u>Instruction No. 21</u>

Exhibits During Deliberations

I am sending the exhibits that have been received in evidence during the trial with you as you retire for your deliberations.

<u>Instruction No. 22</u>

Copyright—Definition

A "copyright" is the exclusive right to copy. The owner of a copyright has the exclusive right to:

1.  Reproduce the copyrighted work.

2.  Prepare derivative works based upon the copyrighted work.

3.  Distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease, or lending.

4   Perform publicly a copyrighted literary work, musical work, dramatic work, choreographic work, pantomime work, or motion picture.

5.  Display publicly a copyrighted literary work, musical work, dramatic work, choreographic work, pantomime work, pictorial work, graphic work, sculptural work, or the individual images of a motion picture.

The term "owner" includes the author of the work, an assignee, and an exclusive licensee. This case involves one kind of authorship, namely "musical compositions," which include music and lyrics.

Instruction No. 23

BMG's Claim

In this case, BMG contends that Cox is contributorily and vicariously liable for the infringement of 1,397 BMG copyrighted musical works by users of Cox's internet service.

<u>Instruction No. 24</u>

The Court's Prior Determinations

BMG has already established that it is the owner of the 1,397 musical composition works at issue in this case. BMG has also established that the copyright in each of these 1,397 works is valid.

Instruction No. 25

Direct Infringement

In order to prove contributory or vicarious copyright infringement, BMG first must establish by a preponderance of the evidence that users of Cox's internet service used that service to infringe BMG's copyrighted works. BMG is not required to prove the specific identities of the infringing users.

A copyright owner's exclusive right to distribute, reproduce, and copy its copyrighted work is infringed by the downloading or uploading of the copyrighted work without authorization.

If you find that there were instances in which users of Cox's internet service uploaded or downloaded the BMG copyrighted works at issue, then BMG has established that users of Cox's internet service have infringed BMG's copyrighted works.

**Deleted:** 's

**NB**:  BMG makes these revisions to the instructions for direct infringement, contributory infringement, and willful blindness in light of the District Court's obligation to comply with *BMG Rights Management v. Cox Communications*, 881 F.3d 293 (4th Cir. 2018).  However, BMG continues to believe that the original instructions were proper and that the changes required by the Fourth Circuit are not a proper statement of the law.  BMG reserves the right to challenge the language required by the Fourth Circuit in further stages of this litigation.  In addition, BMG continues to believe that the "making available" of a copyrighted work amounts to copyright infringement.  *See Hotaling v. Church of Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997); Dkt. 386 at 11-13 (citing cases). While BMG has prepared this instruction in accordance with the District Court's ruling to the contrary, BMG preserves its objection to the omission of "making available" language as proposed in its instructions submitted prior to and during the initial trial and proposes the language found at Dkt. 735 at

**Authority**: *Columbia Pictures Industries v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013); *Hotaling v. Church of Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997); *Sony BMG Music Entertainment v. Doe*, No. 5:08-CV-109-H, 2009 WL 5252606, at *4 (E.D.N.C. Oct. 21, 2009); *Universal Studios Production v. Bigwood*, 441 F. Supp. 2d 185, 190 (D. Me. 2006); *Arista Records v. Greubel*, 453 F. Supp. 2d 961, 970–71 (N.D. Tex. 2006); *Warner Bros. Records v. Payne*, No. W-06-CA-051, 2006 WL 2844415, at *3 (W.D. Tex. Jul. 17, 2006).

- 28 -

Instruction No. 26

Contributory Infringement

A copyright may be infringed by contributory infringing. With certain exceptions, a person is liable for copyright infringement by another if the person knows or was willfully blind to the infringing activity and induces, causes, or materially contributes to the activity.

Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

First:  There were instances of direct infringement of the BMG copyrighted works at issue by users of Cox's internet service;

Second:  Cox knew or was willfully blind to those instances of direct infringement; and

Third:  Cox induced, caused, or materially contributed to the infringing activity.

**NB**:  BMG makes these revisions to the instructions for direct infringement, contributory infringement, and willful blindness in light of the District Court's obligation to comply with *BMG Rights Management v. Cox Communications*, 881 F.3d 293 (4th Cir. 2018).  However, BMG continues to believe that the original instructions were proper and that the changes required by the Fourth Circuit are not a proper statement of the law.  BMG reserves the right to challenge the language required by the Fourth Circuit in further stages of this litigation.

**Authority**: *BMG Rights Management v. Cox Communications*, 881 F.3d 293, 307-312 (4th Cir. 2018); Federal Civil Jury Instructions of the Seventh Circuit, No. 12.6.2; Ninth Circuit Manual of Model Jury Instructions, No. 17.21; Eleventh Circuit, Civil Pattern Jury Instructions, No. 9.20; Kevin F. O'Malley et al., Federal Jury Practice & Instructions § 160:29 (6th ed. updated 2015); *CoStar Group v. LoopNet*, 373 F.3d 544, 550 (4th Cir. 2004) ("Under a theory of contributory infringement, one who, with knowledge of the infringing activity, induces or materially contributes to the infringing conduct of another is liable for the infringement."); *Humphreys & Partners Architects v. Lessard Design*, 43 F. Supp. 3d 644, 663 (E.D. Va. 2014) ("[U]nder a contributory infringement theory, 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another' is also liable for the infringement."); *Gershwin Publishing Corp. v. Columbia Artists Management*, 443 F.2d 1159, 1162 (2d Cir. 1971) ("[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer.").

- 29 -

Deleted: should have known¶
of

Deleted: was

Deleted: 's

Deleted: should have known of such infringing activity

Deleted: such

Instruction No. 27

Contributory Infringement—Willful Blindness

In copyright law, willful blindness is considered to be knowledge. Cox acted with willful blindness if it was aware of a high probability that Cox users were infringing BMG's copyrights but consciously avoided learning about specific instances of infringement of BMG's copyrighted works.

> **Deleted:** confirming that fact

**NB**: BMG makes these revisions to the instructions for direct infringement, contributory infringement, and willful blindness in light of the District Court's obligation to comply with *BMG Rights Management v. Cox Communications*, 881 F.3d 293 (4th Cir. 2018). However, BMG continues to believe that the original instructions were proper and that the changes required by the Fourth Circuit are not a proper statement of the law. BMG reserves the right to challenge the language required by the Fourth Circuit in further stages of this litigation.

**Authority**: *BMG Rights Management v. Cox Communications*, 881 F.3d 293, 307-312 (4th Cir. 2018) ("[T]he court's willful blindness instruction should similarly require a conclusion that Cox consciously avoided learning about specific instances of infringement."); *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) ("willful blindness is knowledge, in copyright law"); *Viacom International v. YouTube*, 676 F.3d 19, 35 (2d Cir. 2012) ("A person is willfully blind or engages in conscious avoidance amounting to knowledge where the person was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.").

Instruction No. 28

Vicarious Infringement

A copyright may also be infringed by vicariously infringing. A person is liable for copyright infringement by another if the person profits from the direct infringement while declining to exercise a right to stop or limit it, whether or not the person knew of the infringement.

In order to prove vicarious copyright infringement, BMG has the burden of proving each of the following by a preponderance of the evidence:

First: There were instances of direct infringement of BMG's copyrighted works by users of Cox's internet service;

Second: Cox profited from the direct infringement; and

Third: Cox declined to exercise a right to stop or limit the infringing activity.

**Authority**: *MGM v. Grokster*, 545 U.S. 913, 930 (2005) ("One . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.")

- 31 -

Deleted: has a financial interest

Deleted: and the right and ability¶ to supervise the infringing activity

Deleted: was

Deleted: had a direct financial interest in such infringing activity

Deleted: had the right and ability to supervise such

<u>Instruction No. 29</u>

Agency

Rightscorp is BMG's agent.  Any act or omission of Rightscorp within the scope of Rightscorp's authority granted by BMG is considered to be an act or omission of BMG.

Instruction No. 30

Effect of Instruction as to Damages

The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

<u>Instruction No. 31</u>

Damages—Generally

If you find that Cox is liable for contributory infringement or if you find that Cox is liable for vicarious infringement, then you should consider the amount of money to award to BMG. If you find that Cox is neither liable for contributory infringement nor liable for vicarious infringement, then you should not consider this issue.

Instruction No. 32

Statutory Damages—Generally

BMG seeks an award of statutory damages under the United States Copyright Act. "Statutory damages" are damages that are established by Congress in the Copyright Act because actual damages in copyright cases are often difficult to establish with precision. The purposes are to compensate the copyright owner, penalize the infringer, and deter future copyright-law violations.

The amount awarded must be between $750 and $30,000 for each copyrighted work that you found to be infringed. If BMG proves that Cox acted willfully in contributorily or vicariously infringing BMG's copyrights you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work.

You should award as statutory damages an amount that you find to be fair under the circumstances. In determining the appropriate amount to award, you may consider the following factors:

- The profits Cox earned because of the infringement
- The expenses Cox saved because of the infringement
- The revenues that BMG lost because of the infringement
- The difficulty of proving BMG's actual damages
- The circumstances of the infringement
- Whether Cox acted willfully or intentionally in contributorily or vicariously infringing BMG's copyrights
- Deterrence of future infringement

You should award statutory damages whether or not there is evidence of the actual damage suffered by BMG, and your statutory damage award need not be based on the actual damages suffered by BMG.

**Deleted:** <#>The amount of harm, in the form of monetary loss, that BMG could reasonably have¶
avoided but for the failure to mitigate damages, if you find that BMG did fail to mitigate¶

- 35 -

<u>Instruction No. 33</u>

Statutory Damages—Willfulness

Cox's contributory or vicarious infringement is considered willful if BMG proves by a preponderance of the evidence that Cox had knowledge that its subscribers' actions constituted infringement of BMG's copyrights, acted with reckless disregard for the infringement of BMG's copyrights, or was willfully blind to the infringement of BMG's copyrights.

**Deleted:** Instruction No. 34¶
¶
Affirmative Defense—Standard of Proof¶
¶
In this case, Cox asserts the affirmative defense of failure to mitigate damages. Cox must¶
prove each element of this defense by a preponderance of the evidence.¶

**Deleted:** Instruction No. 34¶
¶
Damages—Failure to Mitigate¶
¶
The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means¶
to avoid or reduce damages.¶
The defendant has the burden of proving by a preponderance of the evidence:¶
1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and¶
2.  the amount by which damages would have been mitigated.¶

<u>Instruction No. 35</u>

Final Instructions

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone— including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this

case.  *[The form reads: [quote]].*  You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

PROPOSED PRELIMINARY INSTRUCTIONS

Instruction No. __

The Digital Millennium Copyright Act

You will hear some testimony and see some documents that refer to the Digital Millennium Copyright Act, commonly known as the DMCA. The DMCA provides that an internet service provider, commonly referred to as an "ISP," like Cox, may have a defense to liability for contributory or vicarious copyright infringement arising from the use of its services for infringement by its subscribers. This defense is often referred to as a safe harbor. The DMCA is not a defense in this case and must be disregarded.

**Authority**:  Dkt. 998 at 5-6.

Instruction No. __

Re-Trial

There was a previous trial of this case and you may hear references to a prior trial or proceeding as the evidence is presented to you.  It happens from time to time that cases are tried a second time, and you should not draw any inferences or any conclusions of any kind from the fact that this is the second trial of this case. You must decide this case solely on the evidence presented to you in this trial. The fact of a previous trial should have no bearing on your decision in this case.

**Authority**:  *Carsey v. United States*, 392 F.2d 810, 812 (D.C. Cir. 1967) ("We think the ultimate objective of a fair trial is most likely to be achieved if at the outset of a retrial the judge gives a cautionary instruction, as some judges in this circuit do, to the following effect: 'The defendant has been tried before. [If there has been a mistrial, so state.] You have no concern with that. The law charges you to render a verdict solely on the evidence in this trial.'"); *United States v. Hykel*, 461 F.2d 721, 726 (3d Cir. 1972) (affirming instruction given after mention during jury selection of previous mistrial; instruction cautioning jury that "[T]he fact that this is the second trial of this case should mean nothing to you. Do you understand that? No inference of any kind should be drawn from that.").

Instruction No. __

Testimony and Documents by Lawyers

You may hear testimony in this case from certain witnesses who are lawyers.  You may also see documents in this case that discuss and take different positions about the law. The law is what I tell you it is in the instructions that I will give you at the end of the case. It is not what has been stated in any document from either party, in any testimony by any lay or attorney witness, or in any statements by the attorneys in this case.

**Authority**:  Instruction No. 18.

August 21, 2018                    Respectfully submitted,

                                   /s/ *Scott M. Richey*
                                   Scott M. Richey (VSB No. 83313)
                                   SRichey@steptoe.com
                                   STEPTOE & JOHNSON, LLP
                                   1330 Connecticut Ave, NW
                                   Washington, DC 20036
                                   Tel.:  (202) 429-6436
                                   Fax:  (202) 429-3902

                                   Walter D. Kelley, Jr. (VSB No. 21622)
                                   HAUSFELD, LLP
                                   1700 K Street, NW
                                   Washington, DC 20006
                                   202-540-7200

                                   *Of Counsel*

                                   Michael J. Allan (admitted *pro hac vice*)
                                   Roger E. Warin (admitted *pro hac vice*)
                                   William G. Pecau (admitted *pro hac vice*)
                                   John M. Caracappa (admitted *pro hac vice*)
                                   Jeffrey M. Theodore (admitted *pro hac vice*)
                                   Stephanie L. Roberts (admitted *pro hac vice*)
                                   STEPTOE & JOHNSON, LLP
                                   1330 Connecticut Avenue, NW
                                   Washington, DC  20036
                                   Tel.:  (202) 429-3000
                                   Fax:  (202) 429-3902

                                   Michael O. Crain
                                   Crain Law Group, LLC
                                   The Bottleworks
                                   297 Prince Avenue, Suite 24
                                   Athens, Georgia  30601
                                   Tel. (706) 548-0970
                                   Fax: (706) 369-8869

                                   *Counsel for BMG Rights Management (US) LLC*

- 42 -

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2018, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Thomas M. Buchanan (VSB No. 21530)
tbuchanan@winston.com

/s/ *Scott M. Richey*
Scott M. Richey (VSB No. 83313)
SRichey@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.:  (202) 429-6436
Fax:  (202) 429-3902