**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, *et al.*,<br><br>　　　　　　　　*Plaintiffs*,<br><br>　　　v.<br><br>COX COMMUNICATIONS, INC, *et al.*,<br><br>　　　　　　　　*Defendants*. | Civil No. 1:14-cv-1611 (LO / JFA) |

## COX'S PROPOSED JURY INSTRUCTIONS

Defendants Cox Communications, Inc. and Coxcom, LLC ("Cox"), submit these proposed jury instructions. Cox reserves the right and requests the opportunity to supplement these proposed jury instructions with additional instructions in the event that issues arise in pretrial rulings or during trial and for all other purposes contemplated by the Local Rules and Federal Rules of Civil Procedure.

# TABLE OF CONTENTS

Page

Cox's Proposed Jury Instructions ........................................................................ 1

1.    General Introduction ................................................................................... 2

2.    Evidence in the Case ................................................................................... 3

3.    Questions Not Evidence .............................................................................. 4

4.    Judge's Questions to Witnesses .................................................................. 5

5.    Judge's Comments to Lawyer ...................................................................... 6

6.    Objections and Rulings ............................................................................... 7

7.    Judging the Evidence .................................................................................. 8

8.    Jury's Recollection Controls ....................................................................... 9

9.    Evidence Admitted for a Limited Purpose Only ....................................... 10

10.    Standard of Proof—Preponderance of the Evidence .................................. 11

11.    Direct and Circumstantial Evidence .......................................................... 12

12.    Inferences ................................................................................................... 13

13.    Credibility of Witnesses ............................................................................. 14

14.    Impeachment—Inconsistent Statement or Conduct ................................... 16

15.    Expert Witnesses ........................................................................................ 17

16.    Use of Depositions as Evidence ................................................................. 18

17.    Answers to Interrogatories ......................................................................... 19

18.    Testimony and Documents by Lawyers ...................................................... 20

19.    The Digital Millennium Copyright Act ..................................................... 21

20.    Spoliation ................................................................................................... 22

21.    Exhibits During Deliberations .................................................................... 23

22.    Copyright—Definition ................................................................................ 24

23.    BMG's Claim ............................................................................................. 25

24.  Direct Infringement ................................................................................ 26

25.  Contributory Infringement ...................................................................... 27

26.  Contributory Infringement—Willful Blindness ..................................... 29

27.  Agency ..................................................................................................... 30

28.  Effect of Instruction as to Damages ....................................................... 31

29.  Damages—Generally .............................................................................. 32

30.  Statutory Damages—Generally .............................................................. 33

31.  Statutory Damages—Willfulness ............................................................ 34

32.  Affirmative Defense—Standard of Proof ............................................... 35

33.  Damages—Failure to Mitigate ............................................................... 36

34.  Final Instructions .................................................................................... 37

**Defendant's Proposed Jury Instruction No. 1**

**General Introduction**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## Defendant's Proposed Jury Instruction No. 2

### Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

2

## Defendant's Proposed Jury Instruction No. 3

### Questions Not Evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**Defendant's Proposed Jury Instruction No. 4**

**Judge's Questions to Witnesses**

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

**<u>Defendant's Proposed Jury Instruction No. 5</u>**

**Judge's Comments to Lawyer**

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

## Defendant's Proposed Jury Instruction No. 6

### Objections and Rulings

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

## Defendant's Proposed Jury Instruction No.  7

### Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

## **Defendant's Proposed Jury Instruction No.  8**

### **Jury's Recollection Controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

## Defendant's Proposed Jury Instruction No. 9

### Evidence Admitted for a Limited Purpose Only

Sometimes evidence may be admitted for a particular purpose and not generally for all purposes. You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

### Defendant's Proposed Jury Instruction No. 10

### Standard of Proof—Preponderance of the Evidence

Plaintiff BMG has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff BMG should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for Cox as to that claim.

The defendant Cox has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

## Defendant's Proposed Jury Instruction No. 11

### Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## Defendant's Proposed Jury Instruction No. 12

### Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## Defendant's Proposed Jury Instruction No. 13

### Credibility of Witnesses

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

13

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## Defendant's Proposed Jury Instruction No. 14

### Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## Defendant's Proposed Jury Instruction No. 15

### Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

### Defendant's Proposed Jury Instruction No. 16

**Use of Depositions as Evidence**

During the trial, certain testimony has been presented to you by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witnesses in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath, or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

## Defendant's Proposed Jury Instruction No. 17

### Answers to Interrogatories

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

## **Defendant's Proposed Jury Instruction No. 18**

### **Testimony and Documents by Lawyers**

You have heard testimony in this case from certain witnesses who are lawyers: Mr. Hauprich, Mr. Cadenhead, and Mr. Sabec. You have also seen documents in this case that discuss and take different positions about the law. The law is what I tell you it is in these instructions. It is not what has been stated in any document from either party, in any testimony by any lay or attorney witness, or in any statements by the attorneys in this case.

**Defendant's Proposed Jury Instruction No. 19**

**The Digital Millennium Copyright Act**

As I indicated at the beginning of the case, you have heard some testimony and seen some documents that refer to the Digital Millennium Copyright Act, commonly known by its initials "DMCA." The DMCA provides that an internet service provider (commonly referred to as an "ISP") like Cox may have a defense to liability for contributory copyright infringement arising from the use of its services for infringement by its subscribers. This defense is often referred to as a "safe harbor."

The DMCA is not an affirmative defense in this case and must be disregarded.

## Defendant's Proposed Jury Instruction No. 20

### Spoliation

Cox sought information regarding historical versions of the Rightscorp source code that were in place between February 2012 and November 2014. Those versions of Rightscorp source code were not saved by Rightscorp. Rightscorp was required to save those earlier versions because it believed litigation was likely and the operation and accuracy of Rightscorp's system is material evidence. You may, but are not required to, consider the absence of earlier versions of that code in considering the issue of infringement.

BMG sought Cox records identifying the Cox subscribers who had been assigned the IP addresses identified by Rightscorp. Cox did not save that information after this lawsuit was filed in November 2014. You may, but are not required to, consider Cox's failure to preserve this material evidence that would have allowed the parties to identify Cox customers who were assigned specific IP addresses.

## Defendant's Proposed Jury Instruction No. 21

**Exhibits During Deliberations**

I am sending the exhibits that have been received in evidence during the trial with you as you retire for your deliberations.

**Defendant's Proposed Jury Instruction No. 22**

**Copyright—Definition**[1]

Owning a "copyright" for a work gives the owner certain exclusive rights. The exclusive rights that are relevant in this case are the rights to:

1.      Reproduce the copyrighted work, and

2.      Distribute copies or sound recordings of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease, or lending.

The copyrighted works in this case are musical compositions, which include melodies and lyrics.

---

[1] 17 U.S.C. § 106(1), (3); O'Malley, et al., 3B Fed. Jury Prac. & Instr. § 160:1 (6th ed.) (Nature of the action).

23

## Defendant's Proposed Jury Instruction No. 23

### BMG's Claim

BMG owns copyrights for the 1,397 musical compositions at issue in this case. BMG contends that Cox's subscribers infringed those copyrighted musical compositions, and seeks to hold Cox contributorily liable for the infringement by Cox's subscribers.

Cox challenges BMG's evidence of direct infringement by Cox's subscribers, and denies that Cox is contributorily liable for any such infringement.

**Defendant's Proposed Jury Instruction No. 24**

**Direct Infringement**

In order to hold Cox liable for contributory infringement, BMG first must establish by a preponderance of the evidence that subscribers to Cox's internet service used that service to infringe BMG's copyrighted works.  It is not enough for BMG to show that there was some infringement of its works; rather, BMG must prove specific instances of infringement of the works at issue.

A copyright owner's exclusive rights to reproduce and distribute its copyrighted work are infringed by the downloading of the copyrighted work without authorization.  However, merely making a copyrighted work available for downloading or uploading by others does not infringe the copyright.

If you find that subscribers to Cox's internet service downloaded the specific BMG copyrighted works at issue without authorization, then BMG has established that subscribers to Cox's internet service have infringed BMG's copyrighted works.  You must make this determination for each of BMG's 1,397 copyrighted works at issue.

## Defendant's Proposed Jury Instruction No. 25

### Contributory Infringement[2]

A copyright may be infringed by contributory infringement. With certain exceptions, a person is liable for copyright infringement by another if the person, acting with the intent to cause direct copyright infringement of specific works, materially contributes to such infringement.

You may presume that Cox acted with such intent if you find that BMG has proven each of the following by a preponderance of the evidence:

First: There was direct infringement of the specific BMG copyrighted works at issue by subscribers to Cox's internet service;

Second: Cox actually knew of those specific acts of direct infringement;

Third: Cox actually knew that those specific acts were infringing;[3] and

Fourth: Cox had knowledge of the specific instances of direct infringement and could have taken steps to prevent such infringement in the future, but failed to do so.

---

[2] *BMG Rights Mgt. (US) LLC v. Cox Comm's, Inc.*, 881 F.3d 293, 311-12 (4th Cir. 2018) ("the proper standard requires a defendant to have specific enough knowledge of infringement that the defendant could do something about it. On remand, therefore, the contributory infringement instruction should require that Cox knew of specific instances of infringement or was willfully blind to such instances."); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 933 (2005) (explaining that is insufficient in *Sony* that the defendant VCR manufacturer "kn[ew] [its VCRs were] in fact used for infringement"); 3 Nimmer on Copyright § 12.04[A][4][b] n.315 (2015) (for contributory "liability to follow under either *Sony* or *Grokster*, there must be intent").

[3] *See BMG*, 881 F.3d at 308-09 ("contributory patent infringement 'requires proof the defendant knew the acts were infringing'" (citing *Global-Tech*, 563 U.S. at 769-71, and quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928)); *BMG*, 881 F.3d at 309 ("the *Global-Tech* rule developed in the patent law context, which held that contributory liability can be based on willful blindness but not on recklessness or negligence, is a sensible one in the copyright context").

To establish contributory infringement, it is not sufficient for BMG to prove that Cox should have known of direct infringement of the specific BMG copyrighted works at issue.  It is also not sufficient for BMG to prove that Cox actually knew of direct infringement occurring generally on its network.

If Cox's service has substantial non-infringing uses, you may not hold Cox liable unless Cox promoted the use of its service in a way that infringed BMG's copyrights.[4]

---

[4] O'Malley et al., *Fed. Jury Practice & Instructions* § 160:29 n.4 (6th ed. 2015) (citing *Grokster*, 545 U.S. at 937 ("[M]ere knowledge of infringing potential or of actual infringing uses would not be enough here to subject a distributor to liability.  Nor would ordinary acts incident to product distribution … The inducement rule, instead, premises liability on purposeful, culpable expression and conduct, and thus does nothing to compromise legitimate commerce or discourage innovation having a lawful promise.")).

## Defendant's Proposed Jury Instruction No. 26

### Contributory Infringement—Willful Blindness

In copyright law, willful blindness is considered to be knowledge.  Cox acted with willful blindness if it was aware of a high probability that Cox subscribers were directly infringing the specific BMG copyrighted works at issue, but consciously avoided learning about those specific instances of direct infringement.[5]  To establish willful blindness, it is not sufficient for BMG to prove that Cox consciously avoided learning that Cox's subscribers were directly infringing BMG's copyrights in general.[6]

You have heard evidence concerning notices of alleged infringement and Cox's actions in blacklisting and blocking those notices.  Accordingly, you must decide whether, in blacklisting and blocking the notices, Cox was aware of a high probability that Cox subscribers were directly infringing the specific BMG copyrighted works at issue, but consciously avoided learning about those specific instances of direct infringement.

---

[5] *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011) (willful blindness requires "active efforts … to avoid" "clear evidence of critical facts").

[6] *BMG*, 881 F.3d at 312 ("Since we have held that contributory infringement requires knowledge of, or willful blindness to, *specific instances* of infringement, the court's willful blindness instruction should similarly require a conclusion that Cox consciously avoided learning about specific instances of infringement, not merely that Cox avoided confirming the fact that 'Cox users were infringing BMG's copyrights' in general.").

28

**<u>Defendant's Proposed Jury Instruction No. 27</u>**

**Agency**

Rightscorp is BMG's agent. Any act or omission of Rightscorp within the scope of its authority is considered to be an act or omission of BMG.

**Defendant's Proposed Jury Instruction No. 28**

**Effect of Instruction as to Damages**

The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## **Defendant's Proposed Jury Instruction No. 29**

### **Damages—Generally**

If you find that Cox is liable for contributory infringement, then you should consider the amount of money to award to BMG. If you find that Cox is not liable for contributory infringement, then you should not consider this issue.

### Defendant's Proposed Jury Instruction No. 30

### Statutory Damages—Generally

BMG seeks an award of statutory damages under the United States Copyright Act. "Statutory damages" are damages that are established by Congress in the Copyright Act because actual damages in copyright cases are often difficult to establish with precision. The purposes are to compensate the copyright owner, penalize the infringer, and deter future copyright-law violations.

The amount awarded must be between $750 and $30,000 for each copyrighted work that you found to be infringed. If BMG proves that Cox acted willfully in contributorily infringing BMG's copyrights you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work.

You should award as statutory damages an amount that you find to be fair under the circumstances. In determining the appropriate amount to award, you may consider the following factors:

- The profits Cox earned because of the infringement

- The expenses Cox saved because of the infringement

- The revenues that BMG lost because of the infringement

- The difficulty of proving BMG's actual damages

- The circumstances of the infringement

- Whether Cox acted willfully in contributorily infringing BMG' s copyrights

- Deterrence of future infringement

- The amount of harm, in the form of monetary loss, that BMG could reasonably have avoided but for the failure to mitigate damages, if you find that BMG did fail to mitigate.

32

## **Defendant's Proposed Jury Instruction No. 31**

### **Statutory Damages—Willfulness**

Cox's infringement for contributory or vicarious infringement is considered willful if BMG proves by a preponderance of the evidence that Cox had knowledge that its subscribers' actions constituted infringement of BMG's copyrights, acted with reckless disregard for the infringement of BMG's copyrights, or was willfully blind to the infringement of BMG's copyrights.

**<u>Defendant's Proposed Jury Instruction No. 32</u>**

**Affirmative Defense—Standard of Proof**

In this case, Cox asserts the affirmative defense of failure to mitigate damages. Cox must prove each element of this defense by a preponderance of the evidence.

**Defendant's Proposed Jury Instruction No. 33**

**Damages—Failure to Mitigate**[7]

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. BMG cannot recover for losses that BMG could have prevented if it had used reasonable efforts.

Cox has the burden of proving by a preponderance of the evidence:

1.     that BMG failed to use reasonable efforts to mitigate damages; and

2.     the amount by which BMG's damages would have been mitigated.

If you find Cox has proved that BMG failed use reasonable efforts to mitigate the harm to it from Cox's contributory infringement, then you should reduce the amount of BMG's damages by the amount BMG could have reduced such harm.

---

[7] O'Malley, *et al.*, 3B Fed. Jury Prac. & Instr. § 162:92 (6th ed.) (Securities Regulation, Section 11 of the Securities Act of 1933 (15 U.S.C.A. § 77k)).

## Defendant's Proposed Jury Instruction No. 34

### Final Instructions

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.

But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. *[The form reads: [quote]]*. You will take this form to the jury room, and when each of you

36

has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.


Dated: August 21, 2018

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
Steffen N. Johnson (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com
Email: sjohnson@winston.com

*Attorney for Cox Communications, Inc.
and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
Seth E. Spitzer (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
Email: melkin@winston.com
Email: tlane@winston.com
Email: sspitzer@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000
Email: jgolinveaux@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive

Chicago, IL 60601
(312) 558-5600
Email: mbrody@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, a copy of the foregoing Defendants' Proposed Jury Instructions were filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Defendants Cox Communications, Inc. and CoxCom, LLC*